IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE on behalf of himself and others similarly situated, | : : : |
| Plaintiff, | : Case No. 1:19-cv-02504 |
| v. | : : |
| CLUB EXPLORIA , LLC | : Judge John Z. Lee |
| Defendant. | : : |

**PLAINTIFF'S MOTION TO COMPEL
DISCOVERY FROM DEFENDANT CLUB EXPLORIA, LLC**

COMES NOW the Plaintiff George Moore, by and through his undersigned attorneys, and move the Court for an order compelling defendant Club Exploria, LLC ("Defendant") to provide responsive answers to certain Interrogatories served pursuant to Fed. R. Civ. P. 33, and to produce documents responsive to certain Requests for Production served pursuant to Fed. R. Civ. P. 34. In support hereof, Plaintiff states as follows:

**I.  Introduction**

Plaintiff alleges that Defendant and its agents engaged in an illegal telemarketing scheme to advertise Defendant's vacation resorts in the Orlando, Florida area via unsolicited and prerecorded telephone calls to persons who had no prior relationship with Defendant whatsoever (the "Telemarketing Campaign").

Plaintiff alleges these calls violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1), which was enacted in 1991 in response to widespread public outrage about the proliferation of automated and prerecorded telemarketing calls that Congress rightly

regarded as an invasion of privacy. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

Plaintiff brings this action on behalf of a class of persons who received the calls placed during the Telemarketing Campaign. The discovery requests at issue in this motion seek information that is highly relevant both to the merits and to identifying the class. Nevertheless, Defendant has produced little in the way of responsive documents or information, relying on a host of objections to stymy Plaintiff's discovery efforts. As demonstrated below, Defendant does not assert any valid objections to Plaintiff's requests and the Court should therefore compel its full compliance with the discovery requests.

**II.     Factual Allegations and Description of Claims**

Plaintiff alleges as follows:  In or around March 2018, Defendant decided to engage in a telemarketing campaign to promote its vacation properties in the Orlando, Florida area. Doc. 46-1 at ¶ 2. Defendant, or its agents, obtained the telephone numbers to be called from third party data brokers who sell the names, telephone numbers, and addresses of consumers for cash. *Id.* at ¶ 3.

To implement the Telemarketing Campaign, Defendant hired multiple vendors to place prerecorded calls on its behalf, including third parties Yodel Technologies, LLC, Acquis, LLC ("Acquis") and its predecessor GA Investments, LLC ("GAI"),[1] and Prospects DM, LLC ("Prospects DM), a subagent of Acquis/GAI. *Id.* at ¶ 4.

Each vendor used a similar prerecorded script to promote the same Orlando area resort properties of the Defendant and identified themselves in the script as the "Helping Hands

---

[1] Acquis changed its name from GAI to Acquis during the course of the Telemarketing Campaign.

Association." *Id.* at ¶ 5. After playing the prerecorded messages, representatives from Yodel, Acquis, and GAI would then transfer the call to Defendant to complete the process of signing up consumers for a stay at Defendant's resort. *Id.* at ¶¶ 6, 51.

Throughout the Telemarketing Campaign, Defendant maintained and exercised control over these vendors' actions on its behalf, including who was called, the precise language of the prerecorded script used during the calls, and the frequency of the calls. *Id.* at ¶ 6.

Plaintiff alleges he received two pre-recorded telemarketing calls on his cellphone from one of Defendant's vendors identifying itself as the "Helping Hands Association" and marketing Defendant's Orlando area resort property. *Id.* at ¶¶ 7, 26-29.

Plaintiff registered his cellular telephone number of the National Do Not Call Registry more than a decade ago, and moreover, did not provide prior express written consent to receive telemarketing calls from Defendant (or anyone else, for that matter). *Id.* at ¶¶ 24-25, 34. As such, the telemarketing calls ran afoul of the TCPA and ATDA. *See* 47 U.S.C. § 227(b)-(c).

Based on the foregoing, Plaintiff alleges that Defendant is vicariously liable for the calls. Vicarious liability in TCPA cases may be shown under theories of classical agency, apparent authority, and ratification. *See Braver v. NorthStar Alarm Services, LLC,* No. CIV-17-0383-F, 2019 U.S. Dist. LEXIS 118080, at *17 (W.D. Okla. July 16, 2019), citing *In re Joint Petition Filed by Dish Network, LLC, et al. for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574 (2013); *see also Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1254-55 (11th Cir. 2015).

Plaintiff seeks to represent two classes of persons who received calls placed by any of Defendant's vendors during the Telemarketing Campaign. Doc. 46-1 at ¶ 53.

### III. Procedural History

Plaintiff served Defendant with his first set of interrogatories ("Interrogatories") and requests for production of documents ("Requests") (collectively, "Discovery Requests") on August 5, 2019. A true and correct copy of the Discovery Requests is attached hereto as Exhibit A. Following an agreed extension on its response deadline, Defendant served its responses on September 18, 2019. True and correct copies of the responses to the Requests and Interrogatories are attached hereto as Exhibits B and C, respectively.

In its responses, Defendant refuses to provide any information or responsive documents regarding Yodel, even though Yodel was one of the vendors that placed calls for Defendant during the telemarketing campaign. In addition, Defendant asserts various groundless objections to providing information and responsive documents on other topics and is withholding relevant information and documents pursuant to those objections.

On October 14, 2019, Plaintiff's counsel issued an e-mail to Defendant's counsel outlining these deficiencies, and requested to meet and confer by phone. On October 15, 2019, the parties conducted a telephonic discovery conference and made a good faith attempt to resolve the dispute but were unable to reach an accord.

### IV. Argument

#### A. RFP # 1

This request for production seeks the written agreements between Defendant and the vendors who placed the calls at issue. Ex. B. In response, Defendant produced agreements with Acquis, with Acquis's predecessor GAI, and with Prospects DM. *Id.* Defendant however objects to producing its agreements with Yodel, the other company tasked with carrying out

4

the Telemarketing Campaign, simply because "Yodel has been dropped [as a defendant] from this case," and thus any documents or information "with respect to Yodel are irrelevant as a matter of law." *Id.* Not so.

It is well-settled that Defendant may be vicariously liable for any calls Yodel placed on its behalf. *See Bakov v. Consol. World Travel*, 2019 U.S. Dist. LEXIS 211399, * 15-21 (N.D. Ill. December 9, 2019) (finding defendant vicariously liable for prerecorded telemarketing calls); *Braver v. NorthStar Alarm Services, LLC,* No. CIV-17-0383-F, 2019 U.S. Dist. LEXIS 118080, at *17 (W.D. Okla. July 16, 2019) (same), citing *In re Joint Petition Filed by Dish Network, LLC, et al. for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574 (2013); *see also Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1254-55 (11th Cir. 2015). Thus, any information regarding Yodel's calls is directly relevant to the issue of vicarious liability, regardless of whether Yodel is named as a defendant.

Moreover, Plaintiff seeks class certification for persons called during the Telemarketing Campaign by any of Defendant's vendors, including Yodel. These vendors all used the same alias (the Helping Hands Association) to market the same Defendant resorts in the Orlando area in the same telemarketing campaign that was started in March of 2018. Accordingly, Defendant's objection to providing any information regarding Yodel is meritless. The Court should accordingly order Defendant to provide responsive documents concerning Yodel in response to RFP #1.

### B. RFP #s 2-4

RFP # 2 seeks documents reflecting billings and payments made pursuant to the vendor

contracts. Ex. B. RFP # 3 seeks the call data reflecting the calls Defendant's vendors made in the campaign. *Id.* And RFP # 4 seeks documents reflecting the prerecorded messages that were played in the telemarketing campaign. Id. In response, Defendant makes the same relevance objection as to Yodel, which has no merit for the reasons described above. Id.

In addition, whereas Defendant produced its agreement with GAI in response to RFP # 1, it has not produced any documents with respect to GAI in response to RFP #s 2-4. GAI is simply the predecessor name of Acquis, which changed during the course of the campaign, so documents pertaining to GAI are equally relevant and should be produced. Accordingly, the Court should order Defendant to provide responsive documents concerning Yodel and GAI in response to RFP #s 2-4.

### C. RFP # 5

This RFP seeks all of Defendant's communications with its vendors "regarding phone calls marketing Defendant's property or services during the relevant time period." Ex. B.

Defendant states again that it will only produce documents with respect to Acquis or Prospects DM, but has not produced any document with respect to Yodel or GAI. For the same reasons described above Court should order Defendant to also provide responsive documents concerning Yodel and GAI in response to RFP # 5.

In addition, even with respect to Acquis and Prospects DM, Defendant objects that the request is not tailored to the allegations of the complaint and states that it will only produce documents "subject to" that objection. This response is improper and incomplete for three reasons. First, the objection has no merit. The request does not ask for all communications regarding anything whatsoever; it is specifically tailored to calls marketing Defendant's

properties during the campaign it issue. It is thus narrowed to the allegations of the complaint.

Second, "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Defendant's response fails to comply with this rule.

Third, it is obvious that Defendant is in fact withholding relevant communications pursuant to its objection. Defendant has produced only three short email chains with Acquis. Discovery obtained from third parties, however, establishes that (consistent with Plaintiff's allegations), Defendant has hundreds of email communications with its telemarketing vendors throughout the Telemarketing Campaign concerning the volume of calls, revisions to the prerecorded script used in the calls, numbers that are not to be called, and other campaign specifics. *Id.* at ¶ 6. Such communications are directly relevant to issues of vicarious liability and cannot be withheld on the basis of Defendant's "tailoring" objection. *See Bakov*, 2019 U.S. Dist. LEXIS 211399, at *15-21; *Braver*, 2019 U.S. Dist. LEXIS 118080, at *17.

### D. RFP # 7

Request No. 7 asks Defendant to produce "[a]ll documents that identify the source of telephone numbers obtained for the purposes of telemarketing, all data associated with those telephone numbers that was obtained from that company, and all communications with that company." Ex. B at 7. Defendant refused to produce any responsive documents based on a slew of objections, none of which have merit.

First, Defendant's objection as to Yodel lacks merit as explained above. Second, Defendant objects, without any meaningful elaboration, that the information sought in Request No. 7 is "not relevant to the claims or defenses asserted." *Id*. Defendant is clearly mistaken,

7

as this information is relevant for numerous reasons. First, this evidence is critical to resolving Defendant's consent defense. *See* Answer [Docket No. 22] at 22. That is, Defendant cannot establish that it had consent to call the phone numbers at issue without demonstrating how it obtained those numbers in the first place. Moreover, a TCPA defendant TCPA case who asserts a consent defense must produce its evidence, if any, of consent; otherwise, it risks exclusion of the evidence both for purposes of class certification and for trial. *See* Fed. R. Civ. P. 37(c)(1); Fed. R. Civ. P. 26(e)(1); *Bellenger v. Accounts Receivable Mgmt.*, 2019 U.S. Dist. LEXIS 153672, at *16-17 (S.D. Fla. 2019); *Medina v. Enhanced Recovery Co., LLC*, 2017 U.S. Dist. LEXIS 186651, *22-23 (S.D. Fla. 2017) ("If ERC intends to proceed with this defense, it must produce the evidence on which it will rely"); *Whiteamire Clinic, P.A., Inc. v. Quill Corporation*, 2013 U.S. Dist. LEXIS 136819 at *9 (N.D. Ill. Sept. 24, 2013) ("the Court cannot permit Quill on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified.").

Third, Defendant offers no explanation as to why the information sought is irrelevant to the claims or defenses at issue. Ex. B at 7. For that reason, alone, Defendant's relevancy objection should be overruled. *See, e.g., Baires v. Blue Cross Blue Shield*, No. 16-CV-402-JPS, 2016 U.S. Dist. LEXIS 119155, at *14 (E.D. Wis. Sep. 2, 2016) ("State Farm's objections to the discovery requests are nothing more than boilerplate objections that provide no specific reasons as to why the requested discovery is improper. Boilerplate objections such as relevancy and 'not proportional' will not overcome this burden.").

Defendant also objects the Request is overbroad and disproportional to the needs of the case. Ex. B at 7. This, too, is a non-starter, as this Request is specifically tailored to elicit

8

information on how Defendant obtained the telephone numbers used in the telemarketing campaign. In any event, Defendant fails to provide any specific argument that could support this boilerplate objection, as required. *Baires*, 2016 U.S. Dist. LEXIS 119155, at *14.

In addition, Defendant objects that the term "source of the telephone numbers" is too vague to formulate a response, Ex. B at 7, but there is nothing remotely vague or ambiguous about this term. Presumably, that is why Defendant fails to explain why it cannot respond based upon the common understanding of these terms. Because this objection only serves to stymie routine discovery, it should be overruled.

Defendant also objects the request seeks information "in the possession of third parties over which [it] has no control." Ex. B at 7. While this may be true, it has no bearing on Defendant's obligation to provide responsive documents in its possession, custody, or control. Fed. R. Civ. P. 34. Hence, Defendant's objection is devoid of merit.[2]

Finally, Defendant objects on the basis of privilege, but fails to provide any privilege log or otherwise support this claim of privilege. Consequently, Defendant's privilege objection fails as a matter of law. *See* Fed. R. Civ. P. 26(b)(5)(A) ("when a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must . . . describe the describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself

---

[2] Defendant repeats this objection in response to several other Requests discussed in this Motion. Because those objections fail for the same reasons explained above, Plaintiff will not address each such objection separately.

privileged or protected, will enable other parties to assess the claim.").[3]

### E. RFP # 9

Request No. 9 asked Defendant to "[p]roduce all documents obtained, reviewed and/or used by you when you to ensure Yodel's legal compliance with the Telephone Consumer Protection Act." Ex. B. at 8. Defendant refuses to produce any documents in response to this Request based on numerous objections. *Id.* None are well taken. To begin, the objection as to Yodel lacks merit as explained above.

Defendant also objects that this request is "vague and ambiguous" because it contains a grammatical error that would require it to "speculate as to what is being requested." *Id.* Specifically, Request No. 9 requests the materials "used by you **when you** to ensure Yodel's legal compliance," *id.* (emphasis added), rather than "used by you to ensure." Yet Defendant cannot plausibly suggest that this minor scrivener's error precludes it from understanding Request No. 9. Thus, this objection should be overruled.

Defendant also objects that Request No. 7 is "not tailored" to the allegations of the Complaint. This objection is unavailing, as any documents Defendant reviewed to ensure compliance with the TCPA — or the lack thereof — is relevant to both vicarious liability and willfulness. *See, e.g., Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1076 (9th Cir. 2019) (defendant's lack of policies and procedures for ensuring that its vendors complied with the TCPA created triable issue as whether defendant ratified vendors' conduct through

---

[3] Much like its "documents in the possession of a third party" objection, Defendant raises its Privilege objection in responses to numerous other Requests raised in this Motion. Because each Privilege objection fails for the same reasons discussed above, Plaintiff will not address each subsequent instance separately.

willful ignorance); *Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 527 (E.D. Wis. 2014) (explaining that the "'willfullness' claim will ... depend on defendant's general practices or procedures, or lack thereof …..") (citations and quotations omitted). Accordingly, this objection should be overruled.

### F. RFP # 10

Request No. 10 seeks production of all documents, if any, reflecting any class member's consent to receive the pre-recorded telemarketing calls at issue. *See* Ex. B. at 8. Defendant objects to providing any documents based on its understanding that "certain third parties" will do so. Ex. at A at 9. Suffice it to say, this is not the way discovery works. The Federal Rules do not allow Defendant to shirk its discovery obligations simply because another entity may provide overlapping information. *See, generally,* Fed. R. Civ. P. 34. In addition, the objection as to Yodel lacks merit as explained above.

### G. RFP # 11

Request No. 11 seeks documents concerning the specific technology used in the telemarketing calls — *i.e.* "soundboard" or "avatar" technology, in which an agent presses buttons on a computer screen to play prerecorded messages to the called party during the call. Defendant objects to producing any documents in response to this Request. Ex. 1 at 9. Once again, Defendant's objections as to Yodel lacks merit as explained above.

Next, Defendant objects that Request No. 11 is "vague and ambiguous" because Plaintiff failed to provide a definition for the terms soundboard or avatar technology. Yet the meaning of these terms is evidenced from the Request itself, which confirms that they refer to particular technologies used to place calls that feature prerecorded messages. *Id.* As a result,

11

Defendant's objection should be overruled.

Defendant also objects that Request No. 11 is overbroad and disproportionate to the needs of the case. Not so. The requested documents may show how the technology works, and accordingly, whether it is regulated by the TCPA's provisions against the use of prerecorded voices. *See Bakov v. Consol. World Travel,* 2019 U.S. Dist. LEXIS 211399, * 10-14 (N.D. Ill. December 9, 2019) (addressing TCPA's coverage of the same technology); *Braver*, 2019 U.S. Dist. LEXIS 118080 at *16. Further, these documents may show Defendant's knowledge of the technology, which is relevant not only to vicarious liability, but also to determining whether the TCPA violations were committed "willfully or knowingly." *See* 47 U.S.C. § 227(b)(3); *see also Shapiro v. Dynamic Recovery Sols., LLC*, 2018 U.S. Dist. LEXIS 124938, *12-13 (S.D. Fla. 2018) (granting motion to compel discovery relevant to this issue in a TCPA case). Thus, the information sought here is plainly proportionate to the needs of the case. In any event, Defendant's objection fails to explain how the request is overbroad; the objection is therefore without merit. *Baires*, 2016 U.S. Dist. LEXIS 119155, at *14.

### H. RFP # 12

Request No. 12 generally seeks documents that evidence Defendant's knowledge regarding the illegality of its telemarketing campaign, such as documents relating to any prior legal demand letters, informal complaints, lawsuits, or governmental investigations into Defendant's telemarketing practices. Ex. B at 10. These documents are highly relevant to two issues. First, Defendant's knowledge of the illegality of its telemarketing campaign is relevant to the court's determination of whether Defendant's violations were committed "willfully or knowingly." *See* 47 U.S.C. § 227(b)(3); *Shapiro*, 2018 U.S. Dist. LEXIS 124938, *12-13

12

("[W]hile consumer complaints and internal investigation may not by themselves establish knowledge and willfulness at summary judgment, they are relevant—for purposes of discovery—to Plaintiff's claim that Defendant has knowingly and willfully violated [TCPA.]")

Second, Defendant's knowledge of the illegality generally, and its response to consumer complaints about the specific calls placed in the campaign, are relevant to the court's determination of Defendant 's vicarious liability via ratification. *See, e.g., Braver*, 2019 U.S. Dist. LEXIS 118080 at *31, citing *In re Joint Petition Filed by Dish Network, LLC, et al. for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 FCC Rcd. 6574, 6586-87, ¶ 34 (2013) ("[A] seller may be liable for the acts of another under agency principles if the seller ratifies those acts by knowingly accepting their benefits.").

Defendant refuses to produce any documents responsive to this Request. But once again, its objections are devoid of merit. For example, Defendant objects that the request is not tailored to the case, but they are reasonably tailored as just explained. In any event, Defendant provides zero argument or analysis that could substantiate this objection. *Baires*, 2016 U.S. Dist. LEXIS 119155, at *14.

And, while Defendant objects that "certain information regarding lawsuits filed against Defendant concerning telemarketing is publicly available," Ex. A at 10, courts routinely hold that this does not qualify as a valid objection. *See, e.g., Persinger v. Sw. Credit Sys., LP, No. 1:19-cv-00853-RLY-MJD*, 2019 U.S. Dist. LEXIS 188920, at *11 (S.D. Ind. Oct. 30, 2019) (granting motion to compel where "the burden of Defendant searching a limited universe of its own records is much smaller than the burden of Plaintiff searching through all publicly available information regarding lawsuits against Defendant")*; In re Dealer Mgmt. Sys.*

*Antitrust Litig.*, No. MDL No. 2817, 2018 U.S. Dist. LEXIS 197042, at *25 (N.D. Ill. Nov. 19, 2018) ("Dealership Plaintiffs must produce documents … even if those documents are in the public domain assuming the documents are in Plaintiffs' possession, custody, or control."); *Remy Inc. v. Tecnomatic, S.P.A.*, No. 1:11-cv-00991-SEB-MJD, 2013 U.S. Dist. LEXIS 45086, at *5 (S.D. Ind. Mar. 28, 2013) ("the fact that something is publicly available is not a proper basis for an objection."). The same result is warranted here. Accordingly, Defendant's objections to Request No. 12 should be overruled.

### I. Interrogatory No. 1

Interrogatory No. 1 asks Defendant to identify the individuals called during the Telemarketing Campaign. Ex. C. Defendant's objection as to the individuals called by Yodel has no merit as explained above.

Defendant also objects that the request is overbroad and disproportionate to the case because it "seeks information regarding each and every individual called by third parties without limitation." But this is simply false. The request is specifically tailored to the telemarketing campaign at issue in the complaint and identifies the vendors involved.

Defendant also objects that information identifying the proposed Class Members is "premature" prior to certification. Ex. C at 6. Not so. The production of classwide data is routinely compelled in TCPA cases where, as here, discovery has not been bifurcated. *Donnelly v. NCO Financial Systems*, 263 F.R.D. 500, 504 (N.D. Ill. 2009). Moreover, "[o]utbound call lists are relevant to prove the merits of a TCPA claim, and also to establish the numerosity and commonality requirements of Rule 23." *Bellenger,* 2019 U.S. Dist. LEXIS 153672, *15, citing *Medina v. Enhanced Recovery Co., LLC*, 2017 U.S. Dist. LEXIS 186651

(S.D. Fla. 2017); *see also*; *Stemple v. QC Holdings, Inc.*, No. 12-cv-1997, 2013 U.S. Dist. LEXIS 99582 at *6 (S.D. Cal. June 17, 2013) ("A request for an outbound dial list in a TCPA action is relevant to class certification issues, such as 'the number and ascertainability of potential class members.").[4]

### J. Interrogatory No. 7

This interrogatory asks Defendant to identify the total number of sales and total income received in the sales that resulted from the telemarketing calls. Ex. C. Defendant refuses to provide the information, claiming it is irrelevant to vicarious liability, but that is wrong. The requested information goes to ratification because it will evidence the <u>benefits</u> Defendant received from the telemarketing campaign. Knowing acceptance of the benefit of a transaction ratifies the act. Restatement (Third) of Agency §4.01 cmt. d. A person may ratify an act by receiving or retaining benefits the act generates if the person has knowledge of material facts and no independent claim to the benefit. *Id.* at §4.01 cmt. g.

WHEREFORE, Plaintiff respectfully requests the Court overrule Defendant's objections and order complete responses to RFP #s 1-5, 7, 9-12, and Rog #s 1 & 7.

---

[4] *See also Gaines v. Law Office of Patenaude & Felix, A.P.C.*, No. 13cv1556, 2014 U.S. Dist. LEXIS 110162 at *5 (S.D. Cal. June 12, 2014) ("the outbound dial list is relevant to the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a), and is therefore discoverable."); *Golan v. Veritas Entm't, LLC*, 2016 U.S. Dist. LEXIS 138103, *6 (E.D. Mo. 2016) (TCPA case compelling "electronic list of all people illegally called by Defendants" because "the discovery requested is needed to determine issues of typicality and commonality in class certification"); *In re Collecto, Inc.*, 2016 U.S. Dist. LEXIS 92619, *4-5 (D. Mass. 2016).

**Local Rule 37 Certification**

The undersigned certifies that he conferred with opposing counsel by telephone on October 15, 2019 in good faith to resolve this dispute without court action, but the parties were unable to reach an accord.

/s/ Timothy J. Sostrin
One of Plaintiffs' Attorneys

Dated: December 13, 2019

PLAINTIFFS, individually and on behalf of others similarly situated,

By:

**KEOGH LAW, LTD.**

*/s/ Timothy J. Sostrin*
Keith J. Keogh
Timothy J. Sostrin
KEOGH LAW, LTD.
Firm No. 30942
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Telephone: (312) 726-1092
keith@keoghlaw.com
tim@keoghlaw.com

*Attorneys for Plaintiff and the Putative Class*