## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GEORGE MOORE on behalf of himself
and others similarly situated,

      Plaintiff,

v.

CLUB EXPLORIA , LLC

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
/

Case No. 1:19-cv-02504

Magistrate Judge Harjani

District Judge Lee

### PLAINTIFF'S OPPOSED MOTION FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 7(b) and Local Rule 83.50, Plaintiff George Moore moves the Court to sanction Defendant's counsel Katten Muchin Rosenman LLP ("Katten") to address Katten's deliberate violation of this Court's Rules of Professional Conduct in directly communicating with Plaintiff regarding this action.

Katten knowingly placed a telephone call to Plaintiff's personal telephone number - the same telephone number on which Plaintiff received the robocalls that are the subject of this lawsuit. During this call, Katten attempted to conceal its identity by blocking the transmission of Caller ID information to Plaintiff's phone, failed to identify itself as counsel or disclose that it represented Defendant, and then questioned Plaintiff concerning the alleged use of the telephone number by an individual, unknown to plaintiff, named Don Jorgensen[1] – an issue that goes directly to Exploria's defense of this action. Indeed, Exploria did so approximately a month before Mr. Moore's deposition where it could have properly inquired about any issues related to their defense. This conduct is a blatant violation of ABA Model Rule 4.2 and merits sanctions.

---

[1] Defendant contends that an individual named Don Jorgensen consented to receive telemarketing calls on the telephone number at issue. Exhibit 1 at Rog. 1. However, Plaintiff has owned the telephone number for more than fourteen years. Moore Decl. at 3.

1

Specifically, Plaintiff requests the Court (1) disqualify Katten from representing Exploria in this action; and (2) order Katten to produce all of its work product concerning Don Jorgensen's alleged use or ownership of the Subject Telephone Number.

Prior to filing this motion, Plaintiff's counsel asked opposing counsel whether Exploria objected to the motion. As of the time of filing, Plaintiff's counsel has not received a response.

## I. Relevant Facts

In March 2018, Defendant Club Exploria, LLC hired multiple vendors, including Prospects DM, to obtain the telephone numbers of persons who might be interested in timeshares and then place prerecorded robocalls to those telephone numbers advertising Exploria's offerings. Doc. 55 at ¶¶ 2-4.

In September 2018 and October 2018, Plaintiff received two of these calls on a personal telephone number that belonged to him, (630)-699-XXXX (the Subject Telephone Number). Doc. 55 at ¶¶ 23, 26. Plaintiff has owned the Subject Telephone Number for more than fourteen years. Moore Decl. at ¶ 3. He registered it on the national do-not-call registry in March of 2006. *Id.* at ¶ 4.

Prior to filing this lawsuit, Plaintiff registered a complaint with Exploria about the calls and identified himself as the owner of the Subject Telephone Number and the recipient of the calls. Moore decl. at ¶ 5. Unsatisfied with Exploria's denial of responsibility, Plaintiff filed this action in April 2019, alleging that the calls violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and implementing FCC regulations, 47 C.F.R. 64.1200, because they were placed without his prior express written consent and because he is on the National Do-Not-Call List. Doc. 1; Doc. 55 (First Amended Complaint).

In May 2019, attorneys at Holland and Knight, LLP entered appearances as counsel for Exploria in this action. Docs. 15, 16.

In September 2019, Plaintiff provided Exploria and its counsel with sworn interrogatory answers stating unequivocally that Plaintiff is the owner of the Subject Telephone Number and has been since approximately January 2006. Moore Decl. at ¶ 7; Exhibit 2 at Rog 1. Plaintiff also produced recordings of the robocalls he received on the Subject Telephone Number. Moore Decl. at ¶ 6.

On January 31, 2020, Plaintiff served Exploria with the following interrogatory:

> "If You contend that Plaintiff provided consent to receive solicitation telephone calls to his cellular telephone, state all facts in support of that contention[.]"

Exhibit 1 at Interrogatory 1. In March 2020, Exploria answered this interrogatory by stating in relevant part that "Club Exploria understands through discovery that Prospects DM obtained information indicating that an individual, Donald Jorgensen, residing in Oswego, Illinois, provided consent to call the subject number through a webstie [sic]. This information is believed to have been provided to Prospects DM by a company known as Landfall 2, Inc., or one [sic] of its affiliates." *Ibid.*

Katten began to provide additional representation to Exploria in this matter at some point prior to October 7, 2020, although it is not yet clear exactly when.[2] Katten attorneys filed appearances on November 4, 2020. Docs. 101, 102.

On October 27, 2020 at 12:12pm CST, Katten attorney J. David Washburn called Plaintiff at the Subject Telephone Number. Moore Decl. at ¶ 9. Before placing the call, Washburn took some action to conceal the identity of the caller and cause Plaintiff's caller ID to

---

[2] Plaintiff's counsel first learned of Katten's representation of Exploria on October 7, 2020 during a pre-mediation conference call with Hon. Morton Denlow (Ret) of JAMS.

display "private number." *Id.* at ¶ 10. When Plaintiff answered, Washburn did not identify himself and stated he was trying to reach "Don." *Id.* at ¶ 11. Plaintiff responded that there is no one named Don at this number and asked who was calling. *Id.* at ¶ 12. In response, Washburn identified himself as "David Washburn," but never identified himself as an attorney and never stated that he was representing Exploria. *Id.* at ¶¶ 13, 23.

Unaware that Washburn represented Exploria, Plaintiff asked if this "Don" had recently provided Washburn with the Subject Telephone Number and Washburn answered affirmatively. *Id.* at ¶ 15. In response, Plaintiff informed Washburn that Plaintiff had owned the Subject Telephone Number for almost twenty years. *Id.* at ¶ 16. Washburn then asked Plaintiff to state his name. *Id.* at ¶ 17. Plaintiff responded by stating that his name is "George Moore" and asked Washburn what company he was with. *Id.* at ¶ 18. Washburn responded that he is not with any company and is just 'an individual.' *Id.* at ¶ 19. Plaintiff then asked Washburn again if he was sure that "Don" had provided Washburn with the Subject Telephone Number recently and Washburn again answered in the affirmative before terminating the call. *Id.* at ¶¶ 20-21.

Upon learning of this telephone call, Plaintiff's counsel asked Katten attorney Stuart Richter if Washburn had indeed contacted Plaintiff directly and if so, why?. Exhibit 3. Mr. Richter admitted Washburn had deliberately placed the call because Katten had just obtained an "expert report" contending that the Subject Telephone Number does not belong to Plaintiff but instead belongs to an individual named "Don." *Id.* Mr. Richter further stated that Washburn was "merely trying to verify the report we received that the number is associated with Don, not your client."[3] *Id.*

## II.  The Court Should Disqualify Katten from Representing Exploria in the Case

---

[3] Plaintiff's counsel have not seen this "expert report" nor do they have any understanding of the basis for its contentions.

"Courts have vital interests in protecting the integrity of their judgments, maintaining public confidence in the integrity of the bar, eliminating conflicts of interest, and protecting confidential communications between attorneys and their clients. To protect these vital interests, courts have the power to disqualify an attorney from representing a particular client." *Inorganic Coatings v. Falberg*, 926 F. Supp. 517, 519 (E.D. Pa. October 3, 1995),

"Disqualification motions require a two-step analysis. The court must consider (1) whether an ethical violation has actually occurred, and (2) if disqualification is the appropriate remedy." *Guillen v. City of Chicago*, 956 F. Supp. 1416, 1421 (N.D. Ill. 1997). In this district, the applicable ethical rules are the American Bar Association's Model Rules of Professional Conduct ("ABA Model Rules"). Local Rule 83.50. ABA model Rule 4.2 provides as follows:

> "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

ABA Model Rule 4.2. "This Rule contributes to the proper functioning of the legal system by protecting a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-lawyer relationship and the uncounseled disclosure of information relating to the representation." *Id.* at Comment [1].

In this case, Katten engaged in deliberate conduct violating this rule. It knowingly questioned Plaintiff about the subject of this litigation without his counsel present. The rule contains two elements that merit further discussion here. First, the rule prohibits communications "about the subject of [Katten's] representation" of Exploria. ABA Model Rule 4.2. The communication at issue clearly qualifies. Katten communicated with Plaintiff about

5

whether or not an individual named "Don" owned or used the telephone number - a factual contention that Exploria has set forth in its interrogatory responses to bolster its consent defense. Further, Katten admits that it did so in order to obtain corroborating evidence for an expert report it obtained in the course of this litigation, apparently in support of Exploria's defense that an individual named "Don" somehow consented for Exploria to call Plaintiff's telephone number. Thus, Katten directly communicated with Plaintiff about the subject of the representation.

Second, the rules prohibits such communications when they are made "with a person the lawyer knows to be represented by another lawyer in the matter." ABA Model Rule 4.2. Here too the communication at issue clearly qualifies. Katten knew that Plaintiff was represented by counsel in this matter, who made their appearances for Plaintiff more than a year ago. See Docs. 3, 4, 24.

To the extent Katten plans to contend that it did not know it was communicating with Plaintiff, the contention would be frivolous. Plaintiff filed this lawsuit because he received robocalls on the Subject Telephone Number. Doc. 1 at ¶ 21; Doc. 55 at ¶ 23. Before filing the lawsuit, Plaintiff registered a complaint with Exploria stating that he received the robocalls on the Subject Telephone Number. Moore Decl. at ¶ 5. His complaint and amended complaint identify the Subject Telephone Number as the number on which he received the robocalls. Doc. 1 at ¶ 21; Doc. 55 at ¶ 23. In discovery, Plaintiff not only produced recordings of the robocalls that were made to the Subject Telephone Number, but provided a sworn interrogatory answer stating unequivocally that he is the owner of the Subject Telephone Number. Moore Decl. at ¶ 7; Exhibit 2 – at Rog 1. Katten thus knew that it would be communicating with Plaintiff when it called the Subject Telephone Number.

Disqualification is the appropriate remedy for this ethical violation. "In ruling on a motion to disqualify, courts balance 'the sacrosanct privacy of the attorney-client relationship (and the professional integrity implicated by that relationship) and the prerogative of a party to proceed with counsel of its choice.'" *alfaCTP Sys. v. Nierman*, 2016 U.S. Dist. LEXIS 20496, 9-10 (N.D. Ill. 2016) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983)). In this case, Katten deliberately intruded into the sacrosanct privacy of the attorney-client relationship between Plaintiff and his attorneys, questioning Plaintiff over the phone without his counsel present in an attempt to obtain evidence for Exploria's defense of this action.

And while Plaintiff certainly respects the general prerogative of a party to proceed with counsel of its choosing, Exploria has been represented by Holland and Knight in this matter for over a year. Katten only recently became involved in this case, filing its appearances less than two weeks ago. Thus, Exploria's defense of this action cannot possibly be dependent upon Katten's intimate knowledge of the case. If Exploria no longer wishes to be represented by Holland and Knight, it can certainly find other counsel to represent it in this matter who will respect the Court's Rules of Professional Conduct, without suffering any undue prejudice.

Numerous courts have disqualified counsel for violations of ABA Model Rule 4.2 in similar circumstances. In *Inorganic Coatings*, 926 F. Supp. at 517, the court disqualified plaintiff's counsel (Halberstadt) for communicating with the defendant on the telephone even though it was the defendant that initiated the call to plaintiff's counsel. *Id.* at 518. As the court noted, "Halberstadt advised Falberg that it would be best if Halberstadt communicated with Falberg's counsel, but continued speaking with Falberg anyway." *Ibid.* Katten's violation in this case is much worse as Katten chose to initiate a communication to Plaintiff directly for the purpose of obtaining evidence to use against him.

Likewise, in *Weeks v. Independent Sch. Dist. No. I-89*, 230 F.3d 1201 (10th Cir. 2000), the court affirmed the district court's order disqualifying counsel after she had communicated with several employees of the defendant school district about the subject matter of the case, even though application of the rule was unclear because they were arguably "low level" employees with limited speaking authority to bind the defendant . *Id.* at 1204-05.  Here, Katten communicated directly with Plaintiff himself so Katten cannot credibly argue that it did not think the rule applied.

In *Logan v. Cooper Tire & Rubber Co.*, 2011 U.S. Dist. LEXIS 88622 (E.D. KY August 9, 2011), the court disqualified the law firm Farrar and Ball LLP for merely writing a letter to the defendant's general counsel, which *proposed* a private meeting to discuss settlement. *Id.* at 2. The law firm contended it did not believe Rule 4.2 applied because the communication was made to an attorney, but the court rejected the argument and disqualified the firm from representing the plaintiff in the case.  *Id.* at 8. In doing so, the court noted the plaintiff was not without representation since other co-counsel had been actively involved throughout the case. *Id.* at 10. The same is true here, as Holland and Knight has been representing Exploria for more than a year.

Similarly, in *Taylor v. Cook Cty. Sheriff's Office*, 2020 U.S. Dist. LEXIS 37146 (N.D. Ill. March 4, 2020), the court disqualified Kurtz Law Offices, Ltd. from representing the plaintiff because one of its attorneys had communicated with a former employee of the defendant Sheriff's office about the subject matter of the lawsuit. *Id.* at 3, 6-9.  In disqualifying the Kurtz firm, the court noted that the plaintiff had been represented be a different law firm in the case for years, and "until recently, Ms. Kurtz had minimal involvement in this case." *Id.* at 11.  Likewise, Katten has only recently become involved in this case.

In *Papanicolaou v. Chase Manhattan Bank, N.A.*, 720 F. Supp. 1080 (S.D. N.Y. August 15, 1989), the court disqualified the Milbank, Tweed, Hadley and McCloy law firm from representing the defendant in the case because one of its partners had communicated with the plaintiff about the merits of the case. *Id.* at 1081. Notably, the court did so even though the law firm had "spent almost seven thousand five hundred hours working on this case[.]" *Id.* at 1086. There is thus ample authority to support the sanction of disqualification in this case.

### III. The Court Should Order Katten to Produce Its Relevant Work Product

As an additional sanction, Plaintiff requests the Court order Katten to produce to Plaintiff all of its work product concerning Don Jorgensen's alleged use or ownership of the Subject Telephone Number.

"Courts have fashioned various remedies for violations of Rule 4.2" including "requiring the production of all work product related to or generated as a result of the prohibited contact." *Penda Corp. v. STK, L.L.C.*, 2004 U.S. Dist. LEXIS 13577, 19 (E.D. Pa. July 16, 2004). Thus, in *Goswami v. DePaul Univ.*, 8 F. Supp. 3d 1004 (N.D. Ill. 2014), the court found that plaintiff's counsel had improperly communicated with an employee of the defendant university and, as a sanction, ordered counsel to "produce immediately any notes or memoranda or recordings relating to any conversations or meetings with [the represented party]." *Id.* at 1019.

Likewise, the court in *Inorganic Coatings*, in addition to disqualifying counsel, ordered counsel to "produce all notes and memoranda related to the ex parte contact with Defendant Gregg Falberg." *Inorganic Coatings*, 926 F. Supp. at 521. Numerous cases are in accord. *See Haffer v. Temple University*, 115 F.R.D. 506, 515 (S.D. Pa. 1987) (ordering production of work product related to the ex parte communications with the represented parties); *C.H. v. Sch. Bd. Fla.*, 2020 U.S. Dist. LEXIS 151198, 28 (N.D. Fla. August 6, 2020) (ordering counsel to produce

9

counsel's notes related to the improper communication with the represented party); *United States v. Santiago-Lugo*, 162 F.R.D. 11 (D.P.R. Jun 6, 1995) (ordering counsel to produce notes related to communications with represented parties).

In this case, the production of Katten's work product concerning Don Jorgensen's alleged use or ownership of the Subject Telephone Number is an appropriate sanction because that is the issue about which Katten communicated with Plaintiff in violation of the Court's Rules of Professional Conduct.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (1) disqualifying Katten from representing Exploria in this action and (2) requiring Katten to produce all of its work product concerning Don Jorgensen's alleged use or ownership of the Subject Telephone Number.

Respectfully submitted,

By:     s/   Timothy J. Sostrin
Keith J. Keogh
Timothy J. Sostrin
KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, IL 60603
(312) 726-1092 (office)
(312) 726.1093 (fax)
TSostrin@KeoghLaw.com


Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o](617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com


*Attorneys for Plaintiff*

10