1  IN THE UNITED STATES DISTRICT COURT
2  FOR THE NORTHERN DISTRICT OF ILLINOIS
   EASTERN DIVISION

3

GEORGE MOORE on behalf of himself )   No. 19 C 2504
4  and others similarly situated,   )
                                    )
5              Plaintiff,           )
                                    )
6          v.                       )   Chicago, Illinois
                                    )   May 30, 2024
7  CLUB EXPLORIA, LLC,              )   9:15 a.m.
                                    )
8              Defendant.           )   Status Hearing

9

            TRANSCRIPT OF PROCEEDINGS
10   BEFORE THE HONORABLE HARRY D. LEINENWEBER

11  APPEARANCES:

12  For the Plaintiff:      KEOGH LAW, LTD.
                            55 West Monroe Street
13                          Suite 3390
                            Chicago, Illinois  60603
14                          BY:  MR. TIMOTHY J. SOSTRIN

15

16  For the Defendant:      TROUTMAN AMIN, LLP
                            400 Spectrum Center Drive
17                          Suite 1550
                            Irvine, California  92618
18                          BY:  MR. ERIC J. TROUTMAN
                                 MS. BRITTANY A. ANDRES

19

20

21

22

23          TRACEY DANA McCULLOUGH, CSR, RPR
                 Official Court Reporter
24             219 South Dearborn Street
                      Room 1232
25             Chicago, Illinois  60604
                   (312) 435-5570

1        (Proceedings held telephonically:)

2              THE CLERK:  19 C 2504, Moore versus Exploria.

3              MR. SOSTRIN:  Good morning, Your Honor.  Tim Sostrin

4    for the plaintiff and the class.

5              MR. TROUTMAN:  And good morning, Your Honor, Eric

6    Troutman and my colleague Brittany Andres for the defendant

7    Club Exploria.

8              MS. ANDRES:  Good morning, Your Honor.

9              THE COURT:  All right.  What, what's up this morning?

10             MR. SOSTRIN:  Your Honor, Tim Sostrin here.  So we

11   are working on class notice.  We've got a motion filed to

12   compel the telephone carrier T-Mobile's compliance with the

13   subpoena.  Again, that subpoena is seeking subscriber records

14   for the class members.  We'd ask that the Court set a date for

15   T-Mobile's response to that, to that motion so that the Court

16   can, can issue a ruling on that once it gets the, the briefing.

17             In addition, the plaintiff has filed a motion to

18   supplement the notice plan.  The carrier -- the carriers in

19   response to the subpoenas that we have issued, the data that

20   they've been able to provide is incomplete.  Our understanding

21   is that that's largely due to the fact that there are a

22   significant number of prepaid customers or reseller customers

23   for whom the carriers don't have the typical subscriber data.

24   And so we had proposed to supplement the notice plan by

25   performing a reverse lookup search to obtain the class members'

1   contact information for purposes of notice through the

2   supplemental method of reverse lookup.  That's motion doc 289.

3          The defendant filed a response to that motion last

4   night, and also filed a motion to decertify the class for

5   reasons related to the, to the notice plan.  So I think the

6   plaintiffs would request -- the plaintiff would request at this

7   point that we file our reply on the motion to supplement the

8   notice plan and our response to the motion to decertify within

9   21 days.  And that the Court also, as I, as I had mentioned

10  earlier, set a deadline for T-Mobile to respond to the motion

11  that we filed with respect to T-Mobile.

12         THE COURT:  You have a motion for a rule to show

13  cause against T-Mobile, right?

14         MR. SOSTRIN:  I believe it might have been -- it's

15  doc 288.  And I believe it's captioned as a motion to compel

16  compliance with subpoena.

17         THE COURT:  All right.  I'll order T-Mobile to

18  respond to your motion within two weeks.  And then I will order

19  whatever after that.  As far as the other matters are

20  concerned, what is the cost of this reverse dialing?  Is that

21  significant, or is it relatively minimal or what?

22         MR. SOSTRIN:  It's -- I wouldn't say it's minimal,

23  but it's not prohibitively expensive.  I think it's, I think

24  it's reasonable for the size of the class.  I think it's -- I

25  think it might be in -- and I apologize in advance if this ends

1  up being incorrect, but I believe it's around a dollar per

2  number.  Something like that.  So it's not, it's not a huge

3  amount.  I believe this class has 26,000 -- roughly 26,000

4  phone numbers at issue.

5          THE COURT:  So you're probably -- well, I don't --

6  you have any estimate of how many people you missed or how

7  much -- how many would be able to recover if they --

8          MR. SOSTRIN:  Yes, Your Honor.  So without T-Mobile's

9  response, I can't give you the complete number because we're

10  still -- that, that data set is still outstanding.  With

11  respect to the other carriers, they've been able to provide

12  subscriber information for roughly half of the numbers that are

13  at issue in their subpoenas.  So my, my understanding is that

14  the, the total number for which we would need to do a reverse

15  lookup will probably be in the 10 to $15,000 -- 10 to 15,000

16  number range, but that's just a rough estimate at this point.

17          THE COURT:  Exploria, do you want to respond?

18          MR. TROUTMAN:  Yes, Your Honor.  And this is Counsel

19  Troutman for Club Exploria.  The numbers that Counsel Sostrin

20  just provided are, are inconsistent with the latest information

21  that his office has provided us.  There was a total of 66,639

22  phone numbers purportedly in the class data at the time of the

23  original notice plan request.  And I'm going all the way back

24  to doc 250 for that to date.  And these numbers are reflected

25  in our latest filing on docket 282 back in February, which is

1   the last time we've received an update from plaintiff's

2   counsel.  There was 23,600 numbers that had been produced by

3   the carriers, which means that only about 35 percent of the

4   class had been identified through the notice plan that the

5   plaintiff had suggested and sought approval for.  That means,

6   of course, 65 percent of the class there was no data for,

7   again, as of the last update that our office has received.

8            In light of that, and then when we saw a motion to

9   supplement to do a reverse lookup, which Your Honor is a

10   famously inaccurate way to identify carrier information,

11   obviously we need to oppose that.  We have now provided a

12   supplemental declaration from our expert that lays out very

13   clearly why this is not an acceptable way to try to identify

14   class members or ascertain class member identity.  And there's

15   been absolutely no factual showing in the motion to permit

16   reverse lookup that there's any -- that these are even remotely

17   accurate.  And frankly, Your Honor, they're just not.

18            So in our view as Your Honor would expect, we're

19   looking at a, at a recent decision called Rowan versus Pierce.

20   That's CV 20 1648, 2024 Westlaw 1693859 out of the District of

21   Puerto Rico, April 19th, 2024, where a Court under very similar

22   circumstances just refused to certify a case because at the

23   close of discovery the plaintiff only had subscriber

24   information from one carrier, and yet was trying to certify a

25   class of everybody across the nation regardless of carrier.

1      And the Court said, no, you can't do that.  You only

2  have data for the one carrier, so you can only certify a case

3  as to that class, which we believe, Your Honor, is the exact

4  right path that the Court should take at this point,

5  recognizing that the data plan that was set forth in the

6  proposed motion to serve class notice as well as in the

7  certification papers addressing issues of superiority and

8  ascertainability that the plaintiff has submitted, all of that

9  has failed, Your Honor.  That's just -- we're at a state now

10  where we're six months into this process and we only have

11  35 percent of the data.

12      So this is a failed plan.  And the correct path to

13  speed things up and kind of get to it is to just modify the

14  class definition, which we'll agree to, to match the data set

15  that they have.  Send out notice, and we move on based upon the

16  new class definition, which, as we can tell, the plaintiff is a

17  member of the modified class because he was a subscriber to one

18  of the carriers that has produced data.  So this could work.

19  And this is what we would submit as part of our motion to

20  decertify and redefine the class to allow things to move

21  forward.

22      THE COURT:  My understanding that they received the

23  carrier information from all carriers but T-Mobile, is that

24  right?

25      MR. SOSTRIN:  Yes.  That's right, Your Honor.  This

1    is Tim Sostrin.

2           THE COURT:  What carriers are we talking about?

3           MR. SOSTRIN:  There are several.  Verizon, AT & T, US

4    Cellular, and then there are a number of other smaller ones as

5    well.  So -- and I, and I apologize.  I did misspeak earlier

6    when I, when I referenced 23,000 phone numbers.  I was looking

7    at the wrong number in the document.  Counsel is right.  It is

8    60, roughly 60,000 people in the, in the class.  But the notice

9    plan -- the request to supplement the notice plan with reverse

10   lookup is simple.  That doesn't take a long time to do the

11   reverse lookup search.

12          As soon as the, the motion to compel T-Mobile's

13   compliance with the subpoena is resolved and we get their data,

14   we can do the reverse lookup within a week or so and then send

15   out notice.  So this is not going to be a long process.

16          THE COURT:  All right.

17          MR. SOSTRIN:  Counsel's -- sorry, Your Honor.  Go

18   ahead.

19          THE COURT:  I was going to say I'll go along with

20   the -- we will eventually -- I'm sure you will get T-Mobile's

21   information.  You may have to pay more.  I haven't, you know,

22   ruled on it, so I haven't seen their response.  But you will

23   have their information, so it seems to me that the class,

24   60,000 is probably reasonably sized, but I'll authorize the

25   reverse lookup.

1          And anyway there's a motion to decertify the class.

2   How much time do you need to respond?

3          MR. SOSTRIN:  I'd request 21 days.

4          THE COURT:  All right.  21 days to respond.  And set

5   this case for status in 60 days.

6          MR. SOSTRIN:  Your Honor, can I get clarification.

7   You're granting the motion to supplement the notice plan so

8   that we can to do the reverse lookup?

9          THE COURT:  Yes.  Right.

10          MR. SOSTRIN:  Thank you.

11          THE COURT:  All right.  Thank you.

12          THE CLERK:  Status July 30th at 9:00 o'clock a.m..

13          MR. SOSTRIN:  Oh, and I'm sorry.  Tim Sostrin again.

14   I believe you said you would give T-Mobile 14 days to respond

15   to the, to the motion.

16          THE COURT:  Yes.

17          MR. SOSTRIN:  I just wanted to make sure that's --

18          THE COURT:  14 days to respond to the motion.  All

19   right.  Thank you.

20          THE CLERK:  Thank you everyone.

21      (End of proceedings.)

22

23

24

25

1                              CERTIFICATE

2              I HEREBY CERTIFY that the foregoing is a true,

3    correct and complete transcript of the proceedings had at the

4    hearing of the aforementioned cause on the day and date hereof.

5

6    /s/TRACEY D. McCULLOUGH                              June 7, 2024

7    Official Court Reporter                                  Date
     United States District Court
8    Northern District of Illinois
     Eastern Division
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25