IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>CLUB EXPLORIA, LLC,<br><br>    Defendant. | Case No. 1:19-cv-02504<br><br>Hon. Edmond E. Chang |

**DEFENDANT CLUB EXPLORIA LLC'S OPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Club Exploria, LLC ("Club Exploria") respectfully requests that this Court grant leave to file the attached Notice of Supplemental Authority in support of Club Exploria's Opposition to Plaintiff George Moore's ("Plaintiff") Motion for Summary Judgment, Dkt. No. 341. Plaintiff opposes Club Exploria's motion for leave. In support of this motion, Club Exploria states as follows:

1. On October 21, 2024, Plaintiff filed his Motion for Summary Judgment. *See* Dkt. No. 321.

2. On December 10, 2024, Club Exploria filed its Opposition to Plaintiff's Motion for Summary Judgment. *See* Dkt. No. 341.

3. On January 14, 2025, Plaintiff filed his Reply in Support of his Motion for Summary Judgment. *See* Dkt. No. 358.

4. On June 20, 2025, the Supreme Court issued an Opinion in the matter of *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, No. 23-1226, 2025 WL 1716136 (U.S. June 20, 2025). In that decision, Justice Kavanaugh held that "[t]he Hobbs Act does

1

not preclude district courts in enforcement proceedings from independently assessing whether an agency's interpretation of the relevant statute is correct." *Id.* at *4. Accordingly, "[t]he District Court is not bound by the Federal Communications Commission's ("FCC") interpretation of the TCPA." *Id.* at *13. A copy of this Opinion is attached hereto as Exhibit A.

5. In his Motion for Summary Judgment, Plaintiff argued that Club Exploria "failed to obtain **the requisite prior express written consent** for the calls [at issue]" (emphasis added). More specifically, Plaintiff argued that Club Exploria was not specifically named in the consent disclosure, which named only Helping Hands. To support this argument, Plaintiff cited the FCC's definition of "prior express written consent" set forth in 47 C.F.R. § 64.1200(f)(9), which requires "an agreement, in writing, bearing the signature of the persons called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice[.]" 47 C.F.R. § 64.1200(f)(9). However, in *McKesson*, the court ruled that "[t]he District Court is not bound by the Federal Communications Commission's ("FCC") interpretation of the TCPA," meaning this Court is not bound by the FCC's definition of "prior express written consent." As Plaintiff's entire claim is based on the FCC's interpretation of this definition, and that interpretation has since been thrown out under *McKesson*, Plaintiff's claim no longer holds merit.

6. Further, Club Exploria argues that the "prior express written consent" definition contained in the CFR exceeds the FCC's authority to implement the TCPA's prohibition on prerecorded calls made without the recipient's consent. As the Eleventh Circuit put it, "the TCPA requires only 'prior express consent'—not 'prior express consent' *plus*." *Ins. Mktg. Coalition Ltd. v. FCC*, 127 F.4th 303, 312 (11th Cir. 2025). Indeed, "§ 227(b)(2)'s grant of authority to 'implement' the TCPA gives the FCC only the authority to 'reasonably define' the TCPA's

consent provisions"—it is not a license to expand "prior express consent" beyond its ordinary meaning. *Id.* (citing *Bais Yaakov of Spring Valley v. FCC*, 852 F.3d 1078, 1082, n.1 (D.C. Cir. 2017) (Kavanaugh, J.)).

7. On June 23, 2025, counsel for Club Exploria conferred with Plaintiff's counsel regarding the motion. Plaintiff's counsel stated he intends to oppose Club Exploria's motion for leave to file a notice of supplemental authority.

For the reasons set forth herein, Club Exploria respectfully requests that this Court grant leave to submit the attached Notice of Supplemental Authority in further support of Club Exploria's Opposition to Plaintiff's Motion for Summary Judgment.

Dated: June 25, 2025   Respectfully submitted,

CLUB EXPLORIA, LLC

By: /s/ *Brittany A. Andres*
Eric J. Troutman (pro hac vice)
California Bar No. 229263
Puja J. Amin (pro hac vice)
California Bar No. 299547
Brittany Andres (pro hac vice)
California Bar No. 340856
Troutman Amin, LLP
400 Spectrum Center
Suite 1550
Irvine, CA 92618
Telephone: (949) 350-3663
troutman@troutmanamin.com
brittany@troutmanamin.com

Peter A. Silverman
Alexander A. Pabon
Smith, Gambrell & Russell, LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
psilverman@sgrlaw.com
apabon@sgrlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 25, 2025, she caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Brittany A. Andres*
Brittany A. Andres