IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:19-cv-02504 |
| v. | ) ) |
| CLUB EXPLORIA, LLC | ) Honorable Edmond Chang |
| Defendant. | ) ) ) ) |

**PLAINTIFF'S RESPONSE TO**
**SUPPLEMENTAL AUTHORITY**

Pursuant to the Court's order of June 27, 2025 (Doc. 371), Plaintiff George Moore respectfully submits the following response to Defendant's supplemental authority (Doc. 370):

Defendant cites *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, No. 23-1226, 2025 U.S. LEXIS 2385 (June 20, 2025) contending the case has "thrown out" the FCC's written consent rule. Doc. 370 at 2, citing 47 C.F.R. § 64.1200(f)(9).

Yet *McLaughlin* did not throw out any FCC rule, much less the written consent rule, which was not at issue, and never discussed in *McLaughlin*. *McLaughlin* merely held that while district courts are not *bound* by FCC interpretations of the Act, they must nevertheless "afford[] appropriate respect to the agency's interpretation" of the statute. *McLaughlin*, 2025 U.S. LEXIS 2385 at *13, citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 402 (2024).

Reaching well beyond that ruling, Defendant now argues for the first time in the five year history of this case that the FCC's written consent rule is invalid because it "expands" the statutory requirement of "prior express consent" for prerecorded calls "beyond its ordinary meaning." Doc. 370 at 3. This argument fails as the FCC did not expand the statutory definition; rather, its rule is consistent with the ordinary meaning.

Here, Congress expressly provided the FCC with discretion to "prescribe regulations to implement" the statute's restrictions on prerecorded calls without consent. 47 U.S.C. § 227(b)(2). Accordingly, even though the Court is not bound, it still may not set aside the written consent rule unless the agency failed to engage in "reasoned decisionmaking" within the boundaries of that delegated authority. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 396 (2024) (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42, 103 S. Ct. 2856, 2866 (1983) ("a reviewing court may not set aside an agency rule that is rational, based on consideration of the relevant factors, and within the scope of the authority delegated to the agency by the statute.")).

Defendant fails to explain how the written consent rule violates that standard when it is entirely consistent with the statutory requirement for "prior express consent." *Compare Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009) ("Express consent is consent that is clearly and unmistakably stated.") (quoting Black's Law Dictionary 323 (8th ed. 2004)) with 47 C.F.R. § 64.1200(f)(9) (written consent must "clearly authorize the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice[.]")

Similarly, the 1991 edition of black's law dictionary, when the TCPA was enacted, defined express consent as consent that is "directly given, either viva voce or <u>in writing</u>. It is positive, direct, unequivocal consent, requiring no inference or implication to supply its meaning." Black's Law Dictionary 305 (6th ed. 1991) (emphasis added). Rather than expand the definition, the FCC simply adopted the common meaning at time of the enactment. *See Envtl. Def. v. Duke Energy Corp.*, 549 U.S. 561, 576, 127 S. Ct. 1423, 1434 (2007) ("EPA's construction need do no more than fall within the limits of what is reasonable, as set by the Act's

2

common definition.")

In any event, the court need not decide whether the prior express written consent rule is invalid in this case because Plaintiff is entitled to summary judgment either way. As Plaintiff already set forth in his motion for summary judgment, <u>Defendant cannot "establish 'prior express consent' even in the absence of the FCC's written consent rule."</u> Doc. 321 at 8. To be sure, in response to Plaintiff's motion for summary judgment,

> "Defendant submits no records of consent whatsoever. Not a single document reflecting any person's agreement to receive a call of any kind, let alone a class member's agreement, and let alone an agreement to receive a call concerning Exploria. There are simply no documents or consent records of any kind."

Doc. 358 at 10. Thus,

> "Defendant fails to establish even base level "prior express consent" for prerecorded calls made to cellular telephone numbers. Accordingly, the Court need not even decide whether Exploria can established the heightened "prior express written consent" standard required for telemarketing/advertising calls. Despite years of discovery and litigation, Exploria has failed to show that anyone provided any level of consent to receive the calls at issue in this case. Its consent defense must fail."

*Id.* at 11.

For the reasons set forth above, *McLaughlin* is not dispositive on the claims at issue in Plaintiff's motion for summary judgment.

Respectfully Submitted,

s/ Timothy J. Sostrin
Keith J. Keogh
Timothy J. Sostrin
KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, IL 60603
312-726-1092
tsostrin@keoghlaw.com

*Attorneys for Plaintiff*

3