**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

GEORGE MOORE,

     Plaintiff,

v.

CLUB EXPLORIA, LLC,

     Defendant.

Case No.  1:19-cv-02504

Hon. Edmond E. Chang

**MOTION TO STAY CASE PENDING APPEAL**

Defendant Club Exploria, LLC hereby submits its Motion to Stay Case Pending Appeal.

## I.  INTRODUCTION AND RELEVANT BACKGROUND

This is a clear-cut case necessitating a stay, as the Seventh Circuit Court of Appeals will determine whether Plaintiff George Moore is required to decide this dispute in arbitration, rather than before this Court. *See Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (holding that filing a notice of appeal of an arbitration order requires the district court to stay proceedings pending that appeal).

On December 10, 2024, Club Exploria filed its Motion to Compel Arbitration (Dkt. No. 339). The Court issued an order denying the Motion to Compel Arbitration on September 26, 2025. Mem. Op. and Order at 6–10, Dkt. No. 376. Club Exploria filed its Notice of Appeal (Dkt. No. 377) on September 28, 2025, prior to filing this Motion to Stay Case Pending Appeal.

For the reasons set forth below, Club Exploria respectfully contends that this case must be stayed pending a decision by the Seventh Circuit Court of Appeals on the order denying Club Exploria's Motion to Compel Arbitration (Dkt. No. 376).

1

## II.     LEGAL STANDARD

Pursuant to the Federal Arbitration Act [hereinafter FAA], a party may appeal an order "denying a petition under section 4 of this title to order arbitration to proceed[.]" 9 U.S.C. § 16(a)(1)(B).

"The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). In the Seventh Circuit, an appeal of an order denying a motion to compel arbitration brings district court "proceedings to a halt[.]" *Bradford-Scott*, 128 F.3d 504, 506 (7th Cir. 1997); *see Lukis v. Whitepages Inc.*, 549 F. Supp. 3d 798, 802 (N.D. Ill. 2021) (quoting *Bradford-Scott*, 128 F.3d at 506 ("A notice of appeal under § 16(a) of the FAA 'divests the district court of the power to proceed with the aspects of the case that have been transferred to the court of appeals.'")).

## III.     ARGUMENT

In cases involving an appeal of an order denying arbitration pursuant to 9 U.S.C. § 16, the Court must stay the action pending the outcome of the appeal unless the opposing party affirmatively demonstrates that the appeal is frivolous. *Bradford-Scott*, 128 F.3d at 506 (holding that the notice of appeal under 9 U.S.C. § 16 divests the district court of jurisdiction over the case unless the appellee demonstrates that the appeal is frivolous); *see Marriott v. Opes Grp.*, No. 04-C-945, 2006 WL 452431, at *2 (E.D. Wis. Feb. 22, 2006) ("*Bradford-Scott* suggests that a notice of appeal brings proceedings to a halt unless an appeal is frivolous.").

Club Exploria has filed an appeal under 9 U.S.C. § 16 of Club Exploria's petition to have the case proceed in arbitration. The Court denied this petition and Club Exploria has timely appealed this denial. *See* Not. of Appeal, Dkt. No. 377; Mem. Op. and Order, Dkt. No. 376. Filing

the "notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals." *Bradford-Scott*, 128 F.3d at 506. Accordingly, the case must be stayed. *See id.*

*Lukis* demonstrates why a stay is warranted in this case. *Lukis*, 549 F. Supp. 3d at 802. In *Lukis*, the district court denied a motion to compel arbitration on the ground that the moving party exhibited a "lengthy and unjustified delay in moving to compel arbitration" while rejecting the contention that the threshold question of arbitration should be decided by an arbitrator. *Id.* While the court believed it had correctly denied the motion, the stay was warranted (and required) because the notice of appeal "divest[ed] the district court of the power to proceed with the aspects of the case that have been transferred to the court of appeals." *Id.* (citing *Bradford-Scott*, 128 F.3d at 506).

The Court denied Club-Exploria's Motion to Compel Arbitration on similar grounds to *Lukis*. *See* Mem. Op. and Order at 6, Dkt. No. 376. Although the Court construed Club-Exploria's Motion to Compel Arbitration as a Motion for Leave to Compel Arbitration, that does not change the fact that Club Exploria filed a petition to compel arbitration pursuant to 9 U.S.C. § 4, which permits appeal of that order pursuant to the FAA. *Oblix, Inc. v. Winiecki*, 374 F.3d 488, 490 (7th Cir. 2004) (citing *Behrens v. Pelletier,* 516 U.S. 299 (1996)) (hearing appeal under the FAA and explaining that "each order meeting the conditions for interlocutory appeal may be appealed separately"); *see e.g., In re Cummings Manookian, PLLC*, No. 24-5606, 2025 WL 1949983, at *3 (6th Cir. July 16, 2025) ("We thus agree with the district court that Appellants' motion was one to compel arbitration, the denial of which is immediately appealable. § 16(a)(1)."). Here, Club Exploria is permitted to appeal the order denying arbitration under 9 U.S.C. § 16, which warrants a stay under binding Seventh Circuit precedent in *Bradford-Scott*. Courts, including *Lukis*,

routinely stay actions in these cases *See Marriott*, 2006 WL 452431, at *2 (staying entire action following notice of appeal pursuant to 9 U.S.C. § 16). The Court must do the same here.

While the Court agreed with Plaintiff's contention that a previously filed appeal was frivolous in this case, that ruling has no effect or relation to this Motion to Stay Case Pending Appeal. Club Exploria's previous appeal was of its request for leave to amend its answer to add arbitration as an affirmative defense. *See* Not. of Appeal, Dkt. No. 262 While Club Exploria believed this was erroneous, the Court certified the appeal as frivolous finding that the order was not appealable under 9 U.S.C. § 16. *See* Not. of Docket Entry, Dkt. No. 271. Here, the order is clearly appealable under 9 U.S.C. § 16. *See Lukis*, 549 F. Supp. 3d at 802. There is no basis for certifying the appeal here as frivolous. *Marriott*, 2006 WL 452431, at *2 (requiring a moving party to affirmatively demonstrate that an appeal is frivolous).

At bottom, the case *must* be stayed pending a decision on Club Exploria's appeal of the denial of its Motion to Compel Arbitration.

## IV. CONCLUSION

Club Exploria respectfully requests that this Court grant its Motion to Stay Case and stay the action pending its appeal to the Seventh Circuit Court of Appeals.

Dated: September 29, 2025        Respectfully submitted,

CLUB EXPLORIA, LLC

By: /s/ *Brittany A. Andres*
    Eric J. Troutman (pro hac vice)
    California Bar No. 229263
    Puja J. Amin (pro hac vice)
    California Bar No. 299547
    Brittany Andres (pro hac vice)
    California Bar No. 340856
    Troutman Amin, LLP

400 Spectrum Center
Suite 1550
Irvine, CA 92618
Telephone: (949) 350-3663
troutman@troutmanamin.com
brittany@troutmanamin.com

Peter A. Silverman
Alexander A. Pabon
Smith, Gambrell & Russell, LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
psilverman@sgrlaw.com
apabon@sgrlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 29, 2025, she caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Brittany A. Andres*
Brittany A. Andres