## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

GEORGE MOORE,

      Plaintiff,

v.

CLUB EXPLORIA, LLC,

      Defendant.

Case No.  1:19-cv-02504

The Honorable Edmond E. Chang

## DEFENDANT CLUB EXPLORIA, LLC'S NOTICE OF APPEAL

Defendant Club Exploria, LLC appeals to the United States Court of Appeals for the Seventh Circuit from the final decision regarding arbitration (Dkt. No. 376) entered on September 29, 2025.

Dated: September 29, 2025

Respectfully submitted,

CLUB EXPLORIA, LLC

By: /s/ *Eric J. Troutman*
    Eric J. Troutman (pro hac vice)
    California Bar No. 229263
    Brittany Andres (pro hac vice)
    California Bar No. 340856
    Troutman Amin, LLP
    400 Spectrum Center
    Suite 1550
    Irvine, CA 92618
    Telephone: (949) 350-3663
    troutman@troutmanamin.com
    brittany@troutmanamin.com

1

Peter A. Silverman
Alexander A. Pabon
Smith, Gambrell & Russell, LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
psilverman@sgrlaw.com
apabon@sgrlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 29, 2025, she caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Brittany A. Andres*
Brittany A. Andres

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

GEORGE MOORE,

     Plaintiff,

v.

CLUB EXPLORIA, LLC,

     Defendant.

Case No. 1:19-cv-02504

## DOCKETING STATEMENT

## I. JURISDICTION OF THE DISTRICT COURT

The district court had federal question jurisdiction over the underlying action—a civil case pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and 28 U.S.C. § 1331.

## II. JURISDICTION OF THE COURT OF APPEALS

This appeal is taken from the final decision regarding arbitration of the U.S. District Court for the Northern District of Illinois entered on September 26, 2025 by the Honorable Edmond E. Chang. *See* Memorandum Opinion and Order, Dkt. No. 376. The United States Court of Appeals for the Seventh Circuit has jurisdiction to decide this case pursuant to 9 U.S.C. § 16(a)(1)(B) as the district court issued an order "denying a petition under section 4 of this title to order arbitration to proceed."

The Notice of Appeal was filed with the District Court on September 29, 2025.

Troutman Amin, LLP
*/s/ Eric J. Troutman*
Eric J. Troutman
*Attorney for Club Exploria, LLC*

1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:19-CV-02504 |
| v. | ) ) | Judge Edmond E. Chang |
| CLUB EXPLORIA, LLC, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

George Moore brings this class-action suit against Club Exploria, LLC, alleging violations of the Telephone Consumer Protection Act (usually called the TCPA), 47 U.S.C. §§ 227 *et seq.* R. 55, Am. Compl.[1] Moore now moves for summary judgment on behalf of himself and the class under Section 227(b). R. 319, Pl.'s Mot. Even viewing the evidence in Exploria's favor, no reasonable jury could find that Exploria's prerecorded calls to the class were permissible under the TCPA. So Moore's motion is granted in full.

## I. Background

In deciding a motion for summary judgment, the Court views the record in the light most favorable to the non-moving party (here, Exploria) and draws all

---

[1]Federal district courts have federal-question jurisdiction, 28 U.S.C. § 1331, for suits brought under the TCPA's private right of action. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). Citation to the docket is "R." followed by the entry number and, when necessary, the relevant page or paragraph number.

reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.,* 512 F.3d 903, 907 (7th Cir. 2008). Exploria is a vacation company that owns and operates several resort properties throughout the United States. R. 320, PSOF ¶ 1; R. 320-1, Exh. 1, Rogers Dep. at 10:18–11:8. One of those properties is the Summer Bay resort in Orlando, Florida, which was the subject of a marketing campaign run by Exploria in 2018. PSOF ¶¶ 1–3; Rogers Dep. at 11:11–12:10. To assist with the Summer Bay campaign, Exploria contracted with two telemarketing vendors—Yodel and Ga Investments, LLC (the parties call the latter "GaI")—in the spring of 2018 to place outbound calls on its behalf. PSOF ¶¶ 2–3, 14; R. 320-3, Exh. 3, Yodel Agreement; R. 320-4, Exh. 4, Yodel Insertion Order; R. 320-15, Exh. 15, GaI Insertion Order; R. 320-24, Exh. 24, GaI Agreement.

Before GaI began working on the Summer Bay campaign, it subcontracted with Acquis, LLC, to perform GaI's responsibilities under the Exploria contract. PSOF ¶ 20; R. 320-19, Exh. 19, Connolly Decl. ¶ 3. Exploria was aware of this subcontract and even entered into its own additional marketing contract with Acquis around this time; the Exploria-Acquis contract bore identical terms to the Exploria-GaI contract. PSOF ¶ 21; R. 320-20, Exh. 20, Acquis Agreement. Acquis then appointed a call center—Prospects DM—to perform its work under the Exploria contract. PSOF ¶ 28; Connolly Decl., Exh. B, Prospects Insertion Order at 1; R. 320-22, Exh. 22, Acquis Insertion Order. Exploria was aware of this arrangement; the insertion order between Exploria and Acquis explicitly references Prospects as the call center that would be performing the calls to generate the live transfers to Exploria's agents. *See*

2

Acquis Insertion Order at 1 (referring to the campaign as "Exploria Resorts Call Transfer at ProspectsDM call center"). The Prospects call center agents were to use the "approved telemarketing script" that was part of the contract between Exploria and Acquis. *See id.* (referencing the "script read ad message verbatim" which was approved by Exploria as the "Advertiser").

The calls placed by Yodel and Prospects for the Summer Bay campaign were the result of "leads"—phone numbers—that Yodel had purchased from third-party website operators. PSOF ¶ 40; R. 320-2, Exh. 2, Wood Dep. at 13:20–14:5, 22:19–24, 27:20–28:8; R. 320-31, Exh. 31, Grant Dep. at 70:11–71:4, 74:7–14, 75:22–76:12. The leads were generated through "opt-in sites" that allowed people to authorize certain organizations to call them with sales offers. *See* Rogers Dep. at 71:14–25. For the Summer Bay campaign, the authorization form on the opt-in sites did *not* list Club Exploria as the seller that may call, and instead listed alternative names that the vendors did business as. Rogers Dep. at 77:20–78:8; *see also* R. 320-5, Exh. 5 at 1 (Exploria requesting Yodel's telemarketers use a script that introduced themselves as a "Trip Advisor" from the "Helping Hands association"). The opt-in sites were not owned or operated by any entity that was involved in the campaign itself, and Exploria did not investigate whether the opt-in data that the vendors were using was potentially fabricated or deficient. PSOF ¶¶ 41, 43; Rogers Dep. at 72:1–75:8; 80:19–81:5; Wood Dep. at 70:10–71:7; Grant Dep. at 69:2–5.

As part of the agreements, the vendors were supposed to generate "live transfers," which meant that the vendors' agents would place calls to the phone numbers

obtained through leads and then play prerecorded prompts before transferring the call to Exploria. R. 335, Def.'s Resp. to PSOF ¶ 6; Yodel Insertion Order at 1; GaI Order at 1. Exploria gave scripts to the vendors to use during the calls, and the script offered a vacation package at a special rate in exchange for a cash payment. *See* Exh. 5 at 1; GaI Agreement at 1. Exploria hoped that once at the resort, customers would purchase a timeshare interest. R. 320-8, Exh. 8, Lizotte Dep. at 83:15–20. And as hoped, the Summer Bay calling campaign resulted in nearly $2 million in sales for Exploria. PSOF ¶¶ 54–55; Rogers Dep. at 65:16–66:14; R. 320-66, Exh. 66.

Moore received two calls from telemarketers on Exploria's behalf regarding the Summer Bay campaign. *See* PSOF ¶¶ 58–59; R. 320-67, Exh. 67, Woolfson Decl. ¶ 35. Moore later complained to Exploria by sending the company a demand letter in which he alleged a TCPA violation. *See* R. 320-44, Exh. 44 at 3. He then filed this class-action suit against Exploria, alleging that the two calls violated the TCPA and re-questing certification for a nationwide class of individuals that received prerecorded calls on their cell phones as part of the Summer Bay campaign. *See generally* Am. Compl.

In August 2023, the previously assigned judge certified a class of "[a]ll persons in the United States subscribing to a cellular telephone number that received a pre-recorded soundboard call promoting Club Exploria's Summer Bay Resort between March 1, 2018, and August 15, 2019, where the soundboard operator initiated a trans-fer of the call to Club Exploria." R. 225, Certification Order at 19. Moore—on behalf of himself and the class—now moves for summary judgment on his claim that

4

Exploria violated the TCPA when its vendors used prerecorded technology to make sales calls to cellular numbers without prior consent. *See generally* Pl.'s Mot.

## II. Legal Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## III. Analysis

## A. Arbitration

Before considering the merits of Moore's summary judgment motion, the Court must first decide Exploria's motion for leave to file a motion to compel arbitration. *See* R. 339, Def.'s Mot. Exploria asserts that 1,026 class members visited a website where they opted-in to receive messages with promotional offers and agreed to mandatory arbitration for any claims relating to telemarketing messages that they received as a result of their opt-in. *Id.* at 4–5. According to Exploria, these 1,026 class members are thus bound by a valid arbitration agreement that governs the current dispute. *Id.* at 1–2. Exploria's motion for leave to file an arbitration motion is denied because this issue has already been decided by the previously assigned judge and, even if it had not, the motion comes much too late in this litigation.

### 1. Law of the Case

Moore first argues that the previously assigned judge already held that Exploria waived its arbitration defense and the holding is thus law of the case. Indeed, Exploria had already requested leave to file a third amended answer raising an arbitration defense, and that request was denied. *See* R. 248, Def.'s Mot. (requesting leave to add an arbitration defense to Exploria's answer); R. 272 at 11:14–17 (hearing transcript denying Exploria's motion for leave). According to Moore, the prior decision constitutes law of the case as to Exploria's waiver of any arbitration defense, and so this Court should deny Exploria's request to file an arbitration motion. *See* R. 350, Pl.'s Resp. at 6–7.

6

The law-of-the-case doctrine applies where—as here—a "different member of the same court re-examines a prior ruling." *Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005). In those cases, the subsequent judge should not alter a previous ruling "merely because he has a different view of the law or the facts from the first judge." *Id.* (cleaned up).[2] Thus, courts apply a presumption that "earlier rulings will stand" when they touch on the same issue, absent new controlling law or clear error in the prior decision. *Id.* (cleaned up).

Exploria argues that the doctrine is inapplicable because Judge Leinenweber's statement was supposedly *dicta*. R. 352, Def.'s Reply at 6–7. It is true that statements touching on issues "not formally before the Court do not constitute binding determinations." *Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 533 (7th Cir. 1982) (citing *Quern v. Jordan,* 440 U.S. 332, 347 n.18 (1979)). But Exploria's earlier motion for leave to file a third amended answer asserting an arbitration defense and its current motion for leave to file a motion to compel arbitration are centered on precisely the same issue: whether the arbitration defense was waived. The prior judge's denial of Exploria's earlier motion explicitly relied on a determination that Exploria had waived any arbitration defense. *See* R. 272 at 11:14–17 ("It seems to me that, … it's too late, in my judgment, to raise arbitration. That was *clearly waived* by not bringing it up before now." (emphasis added)). And Exploria makes no showing of clear error or new

---

[2]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

controlling law warranting departure from the prior holding—it does not even attempt to address that standard in the briefing. So the law-of-the-case doctrine applies, and this Court presumes that the prior ruling on waiver will stand.

### 2. Waiver

Even if the law-of-the-case doctrine did not apply at all—and this Court was to consider the waiver argument afresh—Exploria's request to file an arbitration motion would fail because it did, in fact, waive the defense. Waiver of the right to arbitrate may be express or inferred, and inferred waiver is a fact-dependent inquiry. *See St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 587–588 (7th Cir. 1992). Exploria has not expressly waived its arbitration defense in this case, so the question is whether waiver may be inferred. A party implicitly waives its right to compel arbitration when, considering the totality of the circumstances, it "has acted inconsistently with the right to arbitrate." *Id.* at 588. Relevant facts to consider include whether the movant did "all it could reasonably have been expected to do" to detect the defense early, whether it participated in the litigation, whether there has been a substantial delay in its request, whether it participated in discovery, and whether the nonmovant was prejudiced by the delay. *See Kashkeesh v. Microsoft Corp.*, 679 F. Supp. 3d 731, 737 (N.D. Ill. 2023) (cleaned up). As an example, the Seventh Circuit has affirmed a waiver of the right to arbitrate where the defendant filed a motion for summary judgment, because that type of merits presentation meant that the defendant was "submitting the case to the district court for decision," which is inconsistent with the desire to arbitrate. *St. Mary's,* 969 F.2d at 589 (explaining

8

that summary judgment motions "preclude any arbitration … by virtue of waiver" (cleaned up)).

Just so here. This case was first filed in April 2019, R. 1, Compl., and the parties underwent two years of discovery before Exploria first moved for summary judgment in September 2021. R. 146, Def.'s Mot. for Summary Judgment. In that motion, Exploria advanced only an argument on vicarious liability; it did not mention an arbitration agreement. *See generally* Def.'s Mot. for Summary Judgment. The Court then denied Exploria's motion and certified the class in August 2023. *See* Certification Order. So Exploria, having submitted this case for a decision on the merits before ever raising arbitration and participating in years of discovery (including hiring its own expert witnesses), has acted inconsistently with the intent to arbitrate and thus waived the argument.[3]

Exploria argues that there was "no existing right" to arbitrate until after the class was certified and the notice period ended. Def.'s Reply at 12–14. But after the class was certified in August 2023, Exploria filed a flurry of motions the next month—including a motion to dismiss for lack of standing, R. 239, a motion to reopen

---

[3]Exploria argues that under Ninth Circuit precedent, Exploria's actions evidence only a lack of awareness of the right to arbitrate, and waiver requires knowledge. Def.'s Reply at 11 (citing *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023)). But this Court is bound by Seventh Circuit precedent instructing that it should "weigh heavily" whether a party did "all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration[.]" *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995). And although Exploria includes this precise language in its motion for leave, Def.'s Mot. at 17, it provides no information allowing this Court to determine that it did all it could do to detect a potential arbitration defense before its first mention of arbitration some four years after Moore's initial class-action complaint was filed.

discovery, R. 243, a motion to file a second amended answer, R. 241, and a motion to amend the Court's decision, R. 242. Despite all of those merits-related filings, Exploria still did not mention arbitration, and all of this was after the certification of the class. Exploria did not file its motion for leave to file an amended answer (with an arbitration defense) until October 2023. *See generally* Def.'s Mot. (filed Oct. 9, 2023). Both Exploria's pre-certification and *post*-certification litigation conduct thus are inconsistent with an intent to arbitrate. For these reasons, Exploria's motion for leave to file a motion to compel arbitration is denied.

## B. Evidence of Phone Calls

Moving on to Moore's summary judgment motion, the Court must first resolve a preliminary issue on the phone-call logs of Prospects and Yodel. Exploria argues that because Moore has not provided the call logs as evidence in the record, he has no proof that any of the calls actually occurred. R. 333, Def.'s Resp. at 9–11. Moore responds that multiple pieces of record evidence incorporated the call logs and, as a practical matter, he did not submit the actual call logs into the record because the files were too voluminous to be uploaded to the electronic-filing system and also could not be reviewed by this Court without specialized software. R. 358, Pl.'s Reply at 5–6. In particular, Moore argues that the call logs are admissible because they were authenticated through deposition testimony and are incorporated into Moore's expert report by Aaron Woolfson. *Id.* at 2–7; Woolfson Decl ¶ 22. Though Moore should have included the call logs directly in the record for simplicity's sake, this Court agrees

10

that the expert reports' incorporation of them and the deposition testimony authentication are sufficient foundations to consider the facts reflected in the call logs.

First, the expert reports from *both* parties' experts incorporated the call logs into their respective analyses. Federal Rule of Evidence 703 "allows experts to rely on inadmissible facts or data in forming an opinion so long as 'experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject.'" *Sansone v. Brennan*, 917 F.3d 975, 982 (7th Cir. 2019) (quoting Fed. R. Evid. 703). Here, plaintiff's expert Aaron Woolfson explicitly relied on the call logs from both vendors to support his opinion that 76,255 calls were placed to 66,682 unique cell-phone numbers by Prospects and Yodel on Exploria's behalf. Woolfson Decl. ¶¶ 3, 22 (naming the "*exploria_dialing*" file and "*travel exploria call logs*" file as the materials used to identify the calls at issue in this case); *see also id.* ¶¶ 30–56 (explaining how he identified the relevant calls from the two files); ¶ 56 (describing Woolfson's conclusions); R. 320-68, Exh. 68, Woolfson Rebuttal Report ¶ 7 (explaining that the "*exploria_dialing*" file was produced by Yodel and the "*travel exploria call logs*" file was produced by Prospects). Not surprisingly, Exploria's own expert, Jennifer Smith, testified that these logs are of the type reasonably relied on by experts in her field. *See* R. 195-23, Exh. EE, Smith Rep. ¶ 13 ("I have considered data and information from various sources, all of which are reasonably relied upon by experts in my field."), PDF p. 24 (listing the call logs she relied on by file name, which are the same listed in Woolfson's report). And Exploria does not argue that the call records do not meet the Rule 703 threshold for expert reliance—only that Moore has not

11

shown that the data sets reviewed by Woolfson "have anything to do with this case at all." Def.'s Resp. at 10. Given the experts' reliance on them—the experts of *both* sides—there is some artfulness in saying that the call records have nothing to do with this case. Based on the expert-report reliance on the call logs, there is more than sufficient foundation to consider the logs.[4]

On top of that, the deposition testimony from the Yodel and Prospects representatives also adequately laid a foundation for the call logs as business records. The Seventh Circuit—in other TCPA cases—has explained that call logs may be authenticated by a custodian as business records. *See Norman v. AllianceOne Receivables Mgmt., Inc.*, 637 F. App'x 214, 216 (7th Cir. 2015) (non-precedential disposition). The custodian need only be "familiar with the company's record keeping practices," and need not "have personally made the calls to [the recipient] to testify about the meaning of the records." *Id.* (first citing *Cocroft v. HSBC Bank USA, N.A.*, 796 F.3d 680, 686 (7th Cir. 2015); and then citing *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 775– 77 (7th Cir. 2006)). Indeed, "[w]hen it comes to testifying about business records, the

---

[4]Exploria also takes issue with Woolfson's methodology for identifying the calls that were transferred to Exploria's agents, arguing that Woolfson did not adequately explain his process. *See* Def.'s Resp. at 10. Rather than developing that argument in its 25-page response brief, Exploria filed a separate Rule 702 motion on the subject, which this Court declined to consider. R. 337, Def.'s Rule 702 Mot.; *see also* R. 349, Minute Entry (explaining the Court's decision to disregard the motion). In any case, Woolfson's same report was relied upon in the Court's class-certification decision in 2023, and Exploria did not attack his methods then. *See* Certification Order at 14 (relying on Woolfson's identification of the 66,682 cell-phone numbers to assess numerosity). So any Rule 702 challenge to Woolfson's methodology is forfeited at the summary judgment stage.

custodian need not be the individual who personally gathered" them. *Cocroft,* 796 F.3d at 686 (cleaned up).

Yodel's CEO, Kyle Wood, testified that he "overs[aw] the management teams that run [outbound telephone campaigns]," and that Yodel produced the logs containing around 20 million call records for the calls that Yodel made on behalf of Exploria. Wood Dep. at 9:7–15; 12:17–24; 55:20–56:7. He confirmed that the data—a dialer record table—came from Yodel's data center in Florida and is "an actual log [of calls] that comes from [the] dialer table." *Id.* at 56:8–10, 57:12–13. He walked through each column to confirm which data they contained and explain which parts of the call were captured by the table. *Id.* at 56:8–69:1. Similarly, Prospect's president and CEO, Joshua Grant Kidd, testified that he personally searched for the call records in the database, and that they were "a record of all the transfers on the Exploria campaign." Grant Dep. at 12:9–17:6, 22:14–17, 41:13–18. He confirmed that the logs reflected *only* the calls for the Exploria campaign, *id.* at 63:16–22, that they were "typical" for what he would see in the business, *id.* at 64:23–65:3, and that he retrieved the records either from a dialer or an Excel database, *id.* at 64:5–7.

As the above testimony clearly shows, Wood and Grant are familiar with their employers' record-keeping practices and laid a sufficient foundation to authenticate the logs as business records. And although Exploria blanketly argues that the call logs have not been authenticated as business records, Def.'s Resp. at 9, the company goes no further to challenge either of the custodians' ability to lay a foundation for the logs or the accuracy of the logs themselves. *See Ira Holtzman, C.P.A. v. Turza,*

13

728 F.3d 682, 685 (7th Cir. 2013) (explaining that there was no material dispute in a TCPA case where the company's representative detailed how the records were compiled and no competing evidence suggested that the records were inaccurate). Having established that Woolfson's expert testimony—or, alternatively, the records-custodian testimony—laid sufficient foundation for the call logs at issue in this case, this Court may consider them in determining whether Moore is entitled to summary judgment on the TCPA claim.

### C. TCPA

The TCPA bans prerecorded telemarketing and advertising phone calls to cellular numbers unless the recipient has given prior express written consent. 47 U.S.C. § 227(b); 47 C.F.R. § 64.1200(a)(2). The statute offers a private cause of action for aggrieved individuals to sue the alleged violator and "receive $500 in damages for each such violation." § 227(b)(3). Thus, to win summary judgment on his TCPA claim, Moore must show that Exploria initiated (1) a telemarketing or advertising call; (2) using a prerecorded voice; (3) to a cellular number. *See* § 64.1200(a)(2). Prior express consent is an affirmative defense; as such, the party raising the consent defense—here, Exploria—bears the burden of proof. *Blow v. Bijora, Inc.*. 855 F.3d 793, 803 (7th Cir. 2017). Moore argues that he has met each element of the Section 227(b) claim and is entitled to judgment as a matter of law; by contrast, Exploria argues that Moore fails on each element. *See* Pl.'s Mot. at 4; Def.'s Resp. at 3. As explained next, Moore has demonstrated—even giving Exploria the benefit of reasonable

inferences—that there is no genuine dispute as to any material fact on the elements of the class's TCPA claim, and no reasonable jury could find otherwise.

### 1. Telemarketing

To constitute a TCPA violation, the calls placed on Exploria's behalf must have "include[d] or introduce[d] an advertisement or constitute[d] telemarketing." § 64.1200(a)(2). Telemarketing is "the initiation of a telephone call … for the *purpose* of encouraging the purchase or rental of, or investment in, property, goods, or services." § 64.1200(f)(13) (emphasis added). Thus, whether a call constitutes telemarketing depends on the call's "context or purpose." *Legg v. PTZ Ins. Agency, Ltd.*, 2018 WL 3869970, at *2 (N.D. Ill. Aug. 15, 2018) (quoting *Golan v. Veritas Ent., LLC*, 788 F.3d 814, 820 (8th Cir. 2015)). Moore points to Exploria-provided scripts that advertise the Summer Bay resort, deposition testimony from Exploria's Vice President of Marketing, and the contracts with the vendors as proof that the calls were telemarketing. Pl.'s Mot. at 4–5. Exploria counters that the scripts were not necessarily used by the vendors, and even if they were, they do not actually offer a good or service for money. Def.'s Resp. at 11–12. Based on the record evidence, Moore has met his burden of showing that any reasonable jury must conclude that the calls made by Yodel and Exploria constituted telemarketing under the TCPA.

First, the contracts with Yodel and Prospects evidence the parties' understanding that the purpose of the call campaign was telemarketing. The relevant calls in this case are those placed by Yodel and Prospects on Exploria's behalf. *See* DSOF ¶¶ 3–4, 22 (explaining that Yodel and GaI/Acquis, which contracted with Prospects,

were retained by Exploria to provide live transfers); PSOF ¶¶ 3, 14, 20, 28 (same).
The Yodel Services Agreement and the Insertion Order identify Exploria as the "Advertiser" and state that the Advertiser is in the business of selling products. *See* Yodel
Agreement at 2; Yodel Insertion Order at 4. It further states that the Advertiser desires to engage Yodel—referred to as the "Call Center"—to "generate certain sales
leads." Yodel Agreement at 2. Similarly, the Acquis Services Agreement states that
Exploria is retaining Acquis to provide leads in the form of Live Transfer Calls. *See*
Acquis Agreement at 2.[5] The Acquis Insertion Order includes an "Approved Telemarketing Script" that offers the recipients of Prospects' calls a stay at the Exploria resort
in exchange for a $99 refundable room deposit which will be returned to the customer
as a $100 resort gift card "which can be used in [Exploria's] restaurants, bars, snack
and gift shops." Acquis Insertion Order, Exh. 1 at 3–4. The agreements and the script
are all aimed at executing one thing: telemarketing.

Second, Ranice Rogers, Exploria's director of national call centers at the time
of the campaign, testified that Exploria engaged Yodel and GaI/Acquis to "place outbound telemarketing calls regarding the Summer Bay property." Rogers Dep. at 9:19–
23; 12:4–10. Exploria's corporate counsel further confirmed that Exploria is "a real
estate timeshare developer" that "sell[s] real estate," and sends potential buyers to
the resorts while "hoping to sell them a timeshare interest." Lizotte Dep. at 8:11–

---

[5]Remember that Acquis appointed Prospects as the call center to perform its work
under the Exploria contract. *See infra* at 2; Acquis Insertion Order at 1 (titling the campaign
"Exploria Resorts Call Transfer at ProspectsDM call center").

9:13; 83:15–20. And to leave no room for doubt, Exploria's response to Moore's Rule 56.1 Statement explicitly states that it is "[u]ndisputed that Club Exploria retained vendors to place outbound telemarketing calls." R. 335, Def.'s Resp. to PSOF ¶ 2.

Thus, Moore has presented evidence that Exploria contracted with Yodel and Prospects to make the calls for the purpose of telemarketing—and with an absence of competing evidence to the contrary, no reasonable jury could find otherwise.

### 2. Prerecorded Technology

Next, Moore must show that every call to the class "us[ed] an artificial or pre-recorded voice." § 64.1200(a)(2). Moore argues that Exploria's contracts with the telemarketing vendors expressly required the use of prerecorded scripts using a soundboard system, and so "every single call began with a prerecorded voice via the soundboard process." Pl.'s Mot. at 5–6. Exploria seemingly concedes that the calls did utilize soundboard technology but argues that the issue of whether soundboard technology qualifies as a "prerecorded call" under the TCPA is a "hotly-contested legal issue." Def.'s Resp. at 12–13.

The TCPA and its implementing regulations do not define "prerecorded." Statutory interpretation begins with the plain language of the statute. The Court must "assume that the legislative purpose of the statute is expressed by the ordinary meaning of the words used." *United States. v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008) (internal quotation marks and alterations omitted) (quoting *United States v. Lock*, 466 F.3d 594, 598 (7th Cir. 2006)). The plain language of the statute should be conclusive unless there is clearly expressed congressional intent to the contrary. *Id*. The

17

statute's text merely prohibits any calls "using any … prerecorded voice." § 227(b)(1)(A). As another court in this District observed in a similar TCPA suit, "prerecorded" simply means "recorded in advance." *Bakov v. Consolidated World Travel, Inc.*, 2019 WL 6699188, at *3 (N.D. Ill. Dec. 9, 2019) (quoting *Prerecorded,* Merriam-Webster's Dictionary (2019)). And there is nothing within the statute itself to imply that Congress did not intend this meaning.

On the record evidence, the vendor testimony and Woolfson's expert report support the contention that every call from Prospects and Yodel used a "prerecorded voice." Wood testified that the calls placed by Yodel for Exploria were soundboard calls, which means an agent pressed buttons to play prerecorded messages. Wood Dep. at 14:24–15:5, 16:19–21. He explained that Yodel creates the prerecorded clips "[u]sing voice talents that [Yodel] hire[s]," and then Yodel agents press buttons to "progress through the script." *Id.* at 46:9–47:2. Similarly, Grant testified that he "definitely know[s] … that sound board was used and prerecorded messages were used" by Prospects for the Exploria campaign. Grant Dep. at 117:2–4. In his words, soundboard technology uses "prerecorded voice clips" that the live Prospects agents "press[ed] a recording through one way or another," in lieu of using their own voice in real time. *Id.* at 62:8–13. And the expert report bolsters this testimony with the call data. According to Woolfson, he could discern which call records used prerecorded messages; the Yodel call logs listed a "call disposition" reflecting which calls conveyed prerecorded messages, and the Prospects call logs only reflected calls that were transferred to Exploria after the soundboard process that Grant described. Woolfson Decl.

18

¶¶ 33–35. Woolfson's process to identify the calls to the class now at issue in this case thus only includes calls that contained prerecorded messages. *Id.* ¶ 36 (explaining that he identified 16,566,899 calls from the Yodel and Prospects call logs to 8,359,019 unique phone numbers), ¶ 38 (explaining that he compiled the list of 8,359,019 unique phone numbers to then identify which ones were cellular).

Exploria does not present competing evidence to suggest that any of the calls at issue actually did not feature a prerecorded voice. Given this, Moore has met his burden that the calls to the class placed by Yodel and Prospects were prerecorded; again, no reasonable jury could find otherwise.

### 3. Cellular Numbers

On the final element of his prima facie case, Moore must show that each of the 76,255 calls at issue in this case went to a cell-phone number. Moore presents Woolfson's data analysis of the call logs as evidence that each of the 66,682 numbers that received the 76,255 calls were assigned to a cell service. *See* Pl.'s Mot. at 6–7. Exploria responds by arguing that its expert, Ken Sponsler, "hotly contests" Woolfson's methodology on this point and the question is ultimately one for the jury. Def.'s Resp. at 13–14.

Woolfson's report explains that he identified the wireless status of the numbers from the call logs, which specifically allowed him to discern which wireless carrier the numbers were tied to. *See* Woolfson Decl. ¶ 32. He did so by sending the list of numbers to TelLingua, which "tagged each telephone number … with a label to in-dicate (a) whether the number isWireless, and (b) the host Operating Company

Number that the number was associated with on the date of the call record." *Id.* ¶ 38. Woolfson's call log analysis led him to conclude that "there were 76,255 calls to cellular numbers … The 76,255 telephone calls consisted of 66,682 unique cellular numbers that received one or more calls." *Id.* ¶ 51. And although Exploria's expert disputes the reliability of identifying the *assignees* of wireless phone numbers for the purpose of identifying a class, he does not dispute that Woolfson could have reliably identified whether a number was *wireless* or not. *See* R. 334-14, Exh. 14, Sponsler Rep. ¶¶ 148–168. In fact, Sponsler testified that he "can identify any point in time back to 2003 whether a number was wireless at any particular point in history," and that "a lot of companies do that, including [his] own." R. 320-69, Exh. 69, Sponsler Dep. at 109:12–16. So there is no genuine dispute that any of the calls went to a non-cellular number, and Moore has met his burden.

### 4. Consent

Exploria argues that each class member consented to be contacted because the vendors only called numbers collected from an online opt-in web form. *See* Def.'s Resp. at 14–15. Telemarketing calls using prerecorded voices to cellular numbers do not fall within the TCPA's prohibition if they were made with the consent of the called party. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(2). Consent requires a written agreement clearly authorizing an identified seller to deliver telemarketing communications using a prerecorded voice. § 64.1200(f)(9). Express consent is an affirmative defense, so Exploria bears the burden of proving that it had prior express written consent for the calls at issue. *See Blow*, 855 F.3d at 803.

It is undisputed that Exploria's vendors did not own or operate the opt-in sites from which they purchased the leads. Def.'s Resp. to PSOF ¶¶ 40–43. Exploria concedes that the online opt-in forms did not list Exploria's name on them—instead, it argues that it did not need to. Def.'s Resp. at 15. According to Exploria, Yodel and Prospects were the "sellers," and the opt-in sites identified alternative business names for Yodel and Prospects, so the form sufficiently identified a seller. *Id.* But the implementing regulation makes clear that *Exploria* itself—not its telemarketing vendors—is the seller.[6]

The FCC's regulation defines "seller" as the entity "on whose behalf a telephone call … is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." § 64.1200(f)(10). By contrast, "telemarketer" is defined as the "entity that initiates a telephone call" for the purpose of sales or

---

[6]In connection with this point, Exploria filed a notice of supplemental authority on a decision from the Eleventh Circuit, which vacated the one-to-one consent rule promulgated by the FCC in 2023. *See* R. 361, Def.'s Suppl. Auth.; *Ins. Mktg. Coalition Ltd. v. FCC*, 127 F.4th 303 (11th Cir. 2025). According to Exploria, the court's holding that consent under the TCPA need only be "'clearly and unmistakably' stated" means that the FCC's consent rule exceeds its authority to implement the TCPA. Def.'s Suppl. Auth. at 1 (quoting *Ins. Mktg. Coalition,* 127 F.4th at 314).

But the Eleventh Circuit's decision does not affect the more general rule that prior express written consent is required for prerecorded telemarketing calls, and consent must "clearly and unmistakably" state that the consumer is willing to receive calls from specific entities. *Id*. at 314 (listing cases finding consent where multiple entities were named in the form). In its holding, the court opined only on the one-to-one requirement and the logically-and-topically-related restrictions, both promulgated in 2023. *See id*. at 311–17. The one-to-one rule is not where Exploria's consent argument falters—it is the fact that there has been no showing that any class members consented to receive marketing calls on behalf of Exploria *specifically*.

21

investment. *Id*. § 64.1200(f)(12). If Exploria is correct that Yodel and Prospects are sellers making calls on (supposedly) their own behalf, then there would never be a telemarketer—and the definition would be meaningless. *See Berkos*, 543 F.3d at 396 ("We avoid interpreting a statute in a way that renders a word or phrase redundant or meaningless.").

Exploria has not offered evidence that would allow a reasonable jury to find that even a single class member opted in to a consent form that identified *Exploria* as the seller. The company argues that "it is not possible for Club Exploria to answer Plaintiff's motion without the specific consent records supporting each call," Def.'s Resp. at 14, but it was Exploria's—not Moore's—responsibility to identify and present the evidence needed to support its affirmative defense. That argument is more of a concession than it is a contention. Given the absence of testimony or documentary evidence to show that any class member actually agreed to be contacted by Exploria itself, no reasonable factfinder could conclude that the calls were made with consent.[7]

The same is true even in light of the Supreme Court's recent decision, *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation,* 606 U.S. 146 (2025), that courts are not bound by the FCC's interpretation of the TCPA. *Id*. at 155.

---

[7]Exploria also seems to argue that it is enough that its contracts with the vendors required them to comply with the TCPA and use opt-in data. Def.'s Resp. at 14. But as Judge Leinenweber explained in an earlier decision in this case, "Exploria negotiated a contract that requir[ed] the telemarketer to obey the TCPA, but also required the telemarketer to use a prerecorded voice for the telephone calls obtained from an opt-in registry that did not mention itself." Certification Order at 12. So the contracts' general prohibition against TCPA violations does not suffice as evidence of consent.

Exploria argues that *McLaughlin* "throw[s] out" the FCC's interpretation of "prior express written consent," which includes identification of the seller that may contact the call recipient. R. 370, Def.'s Second Suppl. Auth. at 2. But Exploria's reading of *McLaughlin* goes too far—the Supreme Court still instructed that district courts must "afford[] appropriate respect to the agency's interpretation." 606 U.S. at 155 (citing *Loper Bright Enters. v. Raimondo,* 603 U.S. 369, 402 (2024)). If this Court "independently determine[s]" that the FCC's interpretation of the consent requirement is "correct," then the interpretation is not thrown out at all. *Id.* at 157.

Section 227(b)(1)(B) clearly requires the "prior express consent of the called party." Exploria has already conceded that consent—at a minimum—must be "clearly and unmistakably stated." Def.'s Suppl. Auth. at 1; *see also* Def.'s Second Suppl. Auth. at 2 (reciting the Eleventh Circuit's case law holding that consent minimally must be clear and unmistakable). So the Court need not engage in any more statutory interpretation to determine whether the FCC's consent requirements run afoul of the TCPA's text—Exploria fails to provide any evidence that any class member "clearly and unmistakably" opted in to receive sales calls pertaining to *Exploria. See* Def.'s Resp. at 15 (arguing only that the forms naming the doing-business-as monikers of Yodel and Prospects sufficiently obtained consent even without mentioning Exploria).

### D. Vicarious Liability

Neither party disputes the fact that Exploria itself did not actually make the calls in question. Moore argues that Exploria is vicariously liable through the federal common law of agency for its vendors' violations of the TCPA. *See* Pl.'s Mot. at 8–15.

23

Before addressing the merits of Moore's vicarious-liability arguments, there is a preliminary issue: is vicarious liability permitted under Section 227(b)? The Supreme Court recently held, in *McLaughlin,* that a federal court "is not bound by the FCC's interpretation of the TCPA," and should instead "interpret the statute as courts traditionally do under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." 606 U.S. at 168The Supreme Court's instruction bears on this case because, previously, courts viewed the FCC's declaratory ruling in *Dish Network* as binding authority for the proposition that a seller may be vicariously liable under federal common law agency principles for a telemarketer's TCPA violation even if the seller did not itself "initiate" the call. *See, e.g.*, *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021) (citing *Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 (2013)). But under the Supreme Court's recent teaching in *McLaughlin,* this Court is not bound to apply *Dish Network* and must instead engage in its own analysis—taking the FCC's interpretation into consideration—to determine whether a seller may be vicariously liable for its telemarketers' Section 227(b) violations. *McLaughlin*, 606 U.S. at 168.

The Court starts "with the text of the statute to ascertain its plain meaning." *United States v. Melvin*, 948 F.3d 848, 851 (7th Cir. 2020) (cleaned up). The design of the statute may also assist with the determination of the law's plain meaning. *Berkos*, 543 F.3d at 396 (citing *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988)). Section 227(b) itself has no mention of vicarious liability. Faced with this silence, the Court "assume[s] that, when Congress creates a tort action, it legislates against a legal

background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules." *Meyer v. Holley,* 537 U.S. 280, 285 (2003) (collecting cases). Indeed, to "abrogate a common-law principle, the statute must speak directly to the question addressed by the common law." *United States v. Texas,* 507 U.S. 529, 534 (1993) (cleaned up). And "[n]othing in the language of Section 227(b) itself indicates that common-law agency principles are inapplicable." *Smith,* 30 F. Supp. 3d at 773–74. So this Court applies the assumption that Congress enacted Section 227(b) with the intention of incorporating longstanding vicarious liability principles.

This assumption squares with the purpose of the TCPA itself. "Congress intended for the TCPA to protect individuals from the annoyance and cost of receiving certain types of telemarketing calls without their prior consent," and "sellers are in the best position to monitor and police third-party telemarketers' compliance with the TCPA." *Smith,* 30 F. Supp. 3d at 774. Allowing sellers like Exploria to avoid liability for—and even profit from—the TCPA violations of their hired telemarketers would run afoul of this purpose. And Congress' grant of a private cause of action for statutory damages under Section 227(b)—that is, a minimum amount of damages for every violation—is yet more evidence that the TCPA was designed to deter offenders. *See* § 227(b)(3). These same principles are what led the FCC to hold that sellers may be vicariously liable under Section 227(b). *See Dish Network*, 28 FCC Rcd. at 6587–89. For this reason, "the vast majority of courts that have addressed the issue since the FCC's ruling" have similarly found that the FCC's determination squares with

25

the TCPA's text and purpose. *Smith,* 30 F. Supp. 3d at 774–75 (collecting cases addressing the issue).

Having determined that Exploria could be vicariously liable for Yodel's and Prospects' violations of Section 227(b), the Court turns next to Moore's agency arguments. Moore advances two theories: actual authority and ratification. Moore has presented conclusive evidence establishing that Yodel and Prospects acted with actual authority to make the calls violating the TCPA, and no reasonable jury could conclude otherwise.

### 1. Actual Authority

First, Moore argues that Exploria is liable for its vendors' actions under a theory of actual authority. Pl.'s Mot. at 9–12. Exploria responds that its contracts with the vendors "specifically forbade actions that would violate the law,"[8] and that in any case, the vendors did not have actual authority to violate the TCPA. *See* Def.'s Resp. at 16–22. But under federal common law,[9] actual authority may be either express or *implied. Moriarty v. Glueckert Funeral Home, Ltd.,* 155 F.3d 859, 866 (7th Cir. 1998).

---

[8]Exploria already filed for summary judgment on this point, and the previously assigned judge rejected its argument that it cannot be held vicariously liable for a vendor's TCPA violation merely because its contracts with vendors required them, on their face, to comply with the TCPA. *See* Certification Order at 8–12. Exploria does not argue that the decision was clearly wrong or that new controlling authority has come to light to strengthen its case that it cannot be liable where its contracts required compliance with the TCPA. *See Mendenhall,* 419 F.3d at 691. So this Court declines to re-examine the prior decision, particularly where Exploria does not argue that it should.

[9]Because this case arises under the TCPA, the Court applies the federal common law of agency, which generally comports with the Restatement of Agency. *See Moriarty v. Glueckert Funeral Home, Ltd.*, 155 F.3d 859, 865 n.15 (7th Cir. 1998).

To establish actual-authority liability, Moore must show that (1) Exploria and its vendors had a principal-agent relationship; (2) Exploria controlled or had the right to control the vendors; and (3) the vendors' conduct fell within the scope of its agency. *See Bilek*, 8 F.4th at 587. Moore has presented plentiful evidence to show that any reasonable jury would have to find that Yodel and Prospects had actual authority to conduct the telemarketing calls in this case.

First, Exploria and its vendors had an agency relationship. Agency arises when a principal manifests assent to an agent that the agent will act on the principal's behalf, subject to the principal's control. *Smith*, 30 F. Supp. 3d at 775 (citing Restatement (Third) of Agency § 1.01 (2006)). Moore presents dispositive evidence in the form of contracts and deposition testimony to establish that an agency relationship existed with both Yodel and Prospects.

Yodel and Exploria entered into a contract wherein "Yodel was hired to generate live transfers" for Exploria. Def.'s Resp. to PSOF ¶ 3; *see also* Yodel Insertion Order at 1–2. Exploria had the right to conduct performance reviews of Yodel's work, which Exploria tries to brush off by saying that the performance reviews were just an opportunity for them to "connect." Def.'s Resp. to PSOF ¶ 4; *see also* Yodel Agreement at 5. But Exploria—throughout the telemarketing campaign—asked for changes to the states that Yodel called into on its behalf and altered the day-to-day volume of calls; it expected the Yodel to "comply" with those changes. Rogers Dep. at 98:12– 99:19, 100:23–101:1. Yodel's agents were given a script that offered a vacation package from Exploria, and Exploria said that it was the script it would "like to have

27

used." Def.'s Resp. to PSOF ¶ 8; R. 320-7, Exh. 7 at 1. And Exploria "would make changes to the script throughout the campaign," with the expectation that Yodel would implement them. Rogers Dep. at 83:24–84:11. Thus, Moore has provided evidence showing that Yodel and Exploria had a principal-agent relationship in which Yodel conducted telemarketing calls on Exploria's behalf per the parties' contract, and Exploria regularly controlled Yodel's performance.

With regard to Prospects, Exploria and Acquis entered into an agreement under which Acquis was to provide live transfers, providing daily counts and invoices to Exploria at the end of every week. Acquis Agreement at 2. Under that agreement, Acquis was to use the Prospects Call Center to place calls with "the script read ad message verbatim as approved in writing by" Exploria. Acquis Insertion Order at 2. It is undisputed that Exploria knew that Prospects would be the entity actually placing the calls, and Exploria and Prospects' president, Joshua Grant, were looped into the same communications about the Summer Bay campaign. *See* Def.'s Resp. to PSOF ¶¶ 29, 31; Acquis Insertion Order at 1; R. 320-27, Exh. 27. So Exploria approved of Prospects' role as a subagent to perform Acquis' duties under its contract with Exploria. *See* Restatement (Third) of Agency § 3.15 ("A subagent is a person appointed by an agent to perform functions that the agent has consented to perform … An agent may appoint a subagent only if the agent has actual or apparent authority to do so."). Under the terms of that agency relationship, Exploria controlled the script that Prospects used and Exploria set the targeted demographics and regions that Prospects

could call. *See* Acquis Insertion Order. Moore has thus conclusively proved that there was a principal-agent relationship between Exploria and Prospects.

Exploria asserts that the vendors operated outside of Exploria's normal business and that they performed their duties using their own workforce, tools, and facilities. *See* DSOF ¶¶ 13, 14, 29, 36; Rogers Dep. at 10:18–19; Wood Dep. at 126:18–127:1; Grant Dep. at 23:23–25:15, 189:2–10. They were paid based on "success"—Exploria only paid for calls that were 60 seconds or more—rather than an hourly wage by Exploria. DSOF ¶¶ 20, 35; Yodel Insertion Order at 1–2; Acquis Insertion Order at 1. And the contracts themselves disclaim an agency relationship. Yodel Agreement at 9; Acquis Agreement at 2. These facts are more relevant to whether the telemarketers were *employees*—which no one contends—and they do not rise to the level of creating a genuine dispute over Exploria's agency relationships with Yodel and Prospects given the overwhelming strength of Moore's evidence of the principal-agent relationship. No reasonable jury could rely on the sparse facts offered by Exploria to undermine the evidence that Exploria was in a principal-agent relationship with Yodel and Prospects.

Next, Exploria exercised control over Yodel and Prospects during the campaign. "A hallmark of the principal/agent relationship is the principal's right to control the conduct of the agent." *Wisc. Cent. Ltd. v. TiEnergy, LLC*, 894 F.3d 851, 858 (7th Cir. 2018); *see also Smith*, 30 F. Supp. 3d at 776 (describing "the power to give interim instructions" as "the hallmark of an agency relationship"). In similar TCPA cases, other judges in this District have held that the principal exercised a significant

29

level of control where a seller required the telemarketer to use an approved script, exercised control over the call volume, and generally controlled how the calls would be placed. *See, e.g.*, *Thompson v. Sutherland Global Servs., Inc.*, 2019 WL 1470238, at *6–7 (N.D. Ill. Apr. 3, 2019).

In support of this point, Moore points to Rogers' testimony stating that Exploria expected all of its telemarketing vendors to comply with its directives throughout the campaign. Pl.'s Mot. at 11; Rogers Dep. at 83:24–84:11, 98:13–99:19, 100:23–101:1, 139:8–11. Indeed, as discussed above, Exploria controlled the script, volume, and the target demographics and states for both Yodel and Prospects during the campaign. Exploria also required weekly reports from the vendors and had the contractual right to conduct performance reviews. *See* Yodel Agreement at 5; Acquis Agreement at 2. Given the evidence, no reasonable jury could find that Exploria did not control Yodel and Prospects.

Exploria seems to argue that it could not have controlled Prospects because it did not have a contract with the company itself. Def.'s Resp. at 21–22. But the relevant inquiry is not necessarily whether the two entities had a contract with one another; it is whether the subagent was appointed by the agent "to perform functions assigned to the agent by the principal." *See Griffin v. Safeguard Props. Mgmt., LLC*, 2020 WL 6118572, at *3 (N.D. Ill. Oct. 16, 2020) (cleaned up). As discussed already, the agreement between Acquis and Exploria directly referenced Prospects. Acquis Insertion Order at 2. Exploria has also admitted that it knew Prospects was going to be the call center placing the calls. *See* Def.'s Resp. to PSOF ¶¶ 29, 31. Prospects

30

relied on Exploria's directions on when to make calls, which states to call into, and whom to target. R. 320-37, Exh. 37 (showing emails between Prospects and Acquis discussing the schedule of calls to run by Exploria), R. 320-38, Exh. 38 (showing emails from Exploria to Acquis about Exploria's holiday hours); Rogers Dep. at 37:17–38:23 (explaining that Exploria chose the locations and demographics to call with the "approved script"). Even when viewed in Exploria's favor, this is definitive evidence that Exploria controlled Prospects, even without a contractual provision explicitly establishing the control.

Exploria also asserts that Prospects impermissibly employed Teleskills, a call center in the Philippines, to conduct the calls. DSOF ¶ 23; Grant Dep. 145:12–15, 147:24–148:5, 187:19–188:9, 209:1–18. The sole basis for this assertion appears to be the testimony from Grant, the Prospects CEO, stating that Prospects outsourced its calls to Teleskills for the Exploria campaign. Grant Dep. at 54:2-57:1; 209:1–18 (agreeing that the parties are "relying on [Grant's] memory in order to support the position" that Teleskills was involved). Despite participating in years of discovery in this case, Exploria has offered no further evidence that Teleskills was involved, aside from this best-that-I-can-remember, speculative testimony. So this, weighed against the evidence provided by Moore to support that *Prospects*' agents placed the calls, is not enough to create a genuine issue of material fact.

Finally, the calls that Yodel and Prospects placed for the Summer Bay campaign were within the scope of their agency with Exploria. The agreements required the use of prerecorded technology, Exploria requested that the vendors use scripts

31

that marketed their property, and Exploria contracted with the vendors to buy leads from sites that did not list its name for consent (after having an opportunity to review the consent form for TCPA compliance). *See* Yodel Insertion Order at 1–3; Exh. 7; Acquis Insertion Order; Rogers Dep. at 71:14–73:15, 76:14–78:8. The previously assigned judge's prior decision on vicarious liability concluded the same. *See* Certification Order at 12. No reasonable jury could find that Yodel and Prospects acted outside the scope of their agency when they placed the calls for Exploria in violation of the TCPA.

In sum, Moore has presented ample evidence to establish that Yodel and Prospects had actual authority to place calls on Exploria's behalf, and that those calls violated Section 227(b) of the TCPA. Exploria has not created a genuine issue of fact to allow a reasonable jury to conclude that the vendors' actions were not authorized by Exploria. And because Moore need only show that Exploria was vicariously liable under just one common law theory of agency, the Court need not consider the separate ratification argument.

### E. Motion to Decertify the Class

Lastly, Exploria requests to decertify the class because Moore's allegations pertaining to Yodel and Prospects are supposedly "two entirely different cases." Def.'s Resp. at 25–26. Exploria asserts that the two cases would require separate trials for juries to evaluate different bodies of evidence pertaining to each telemarketing vendor. *Id.* at 25. But there is no genuine issue of fact on the TCPA violations or Exploria's vicarious liability, and Moore is seeking only statutory damages, so no trial is

32

needed. *See* Pl.'s Mot. at 15 (requesting $500 for each of the 71,538 prerecorded calls placed to the class members); § 227(b)(3)(B). So the basis of Exploria's decertification request is non-existent, and the request is denied.

## IV. Conclusion

Exploria's motion for leave to file a motion to compel arbitration, R. 339, is denied. Moore's motion for summary judgment on behalf of himself and the class, R. 319, is granted. The parties shall confer and file a status report proposing how to proceed with the entry of judgment of statutory damages for Moore and the class, and how to litigate attorneys' fees, expenses, and any incentive award. The parties also shall restart settlement negotiations given the entry of this decision. The parties shall file a joint status report by October 15, 2025.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 26, 2025

33

APPEAL,HARJANI,MIDP,PROTO

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.3) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:19-cv-02504
## Internal Use Only

Moore v. Club Exploria, LLC et al

Assigned to: Honorable Edmond E. Chang

Case in other court:  23-03215

Cause: 28:1331 Federal Question

Date Filed: 04/12/2019

Jury Demand: Both

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: Federal Question

### Plaintiff

**George Moore**
*on behalf of himself and others similarly
situated,*

represented by **Keith James Keogh**
Keogh Law, Ltd.
55 W. Monroe
Suite 3390
Chicago, IL 60603
(312) 726-1092
Fax: Active
Email: Keith@keoghlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Paronich**
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
Fax: Pro Hac Vice
Email: anthony@paronichlaw.com
*ATTORNEY TO BE NOTICED*

**Timothy J. Sostrin**
Keogh Law, LTD.
55 W. Monroe
Suite 3390
Chicago, IL 60603
312 726 1092
Fax: Not a member
Email: tsostrin@keoghlaw.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Club Exploria, LLC**

represented by **Cory William Eichhorn**
Holland & Knight LLP
701 Brickell Avenue
Suite 3300
Miami, FL 33131

(305) 374-8500
Fax: Pro Hac Vice
Email: cory.eichhorn@hklaw.com
*TERMINATED: 11/18/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Michael A. Grill**
Holland and Knight, LLP
131 South Dearborn
30th Floor
Chicago, IL 60603
312 578 6644
Fax: Not a member
Email: michael.grill@hklaw.com
*TERMINATED: 11/18/2020*
*LEAD ATTORNEY*

**Peter A. Silverman**
Smith, Gambrell & Russell, LLP
311 S Wacker Dr
Ste 3000
Chicago, IL 60606
312-264-1004
Fax: Active
Email: psilverman@sgrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Alberto Pabon**
Smith, Gambrell & Russell LLP
311 South Wacker Dr.
Suite 3000
Chicago, IL 60606
312-360-6412
Email: apabon@sgrlaw.com
*ATTORNEY TO BE NOTICED*

**Brittany A Andres**
Troutman Amin, LLP
400 Spectrum Center
Ste 1550
Irvine, CA 92618
949-350-5612
Email: brittany@troutmanamin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carrie Melissa Stickel**
Katten Muchin Rosenman Llp
525 W. Monroe St.
Chicago, IL 60661
(312) 902-5355
Fax: Not a member

Email: carrie.stickel@katten.com
*TERMINATED: 09/19/2023*

**Charles Allan Devore**
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
(312) 902-5478
Fax: Active
Email: charles.devore@kattenlaw.com
*TERMINATED: 09/19/2023*

**Eric J. Troutman**
Troutman Amin, LLP
400 Spectrum Center Drive
Ste 1550
Irvine, CA 92618
949-761-5021
Fax: 949-203-8689
Email: troutman@troutmanfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Puja J. Amin**
Troutman Amin, LLP
400 Spectrum Center Drive
1550
Irvine, CA 92618
949-412-5436
Email: amin@troutmanamin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammy Eason**
Holland & Knight LLP
150 N. Riverside Plaza
Suite 2700
Chicago, IL 60606
(312) 928-6028
Fax: Not a member
Email: tammy.eason@hklaw.com
*TERMINATED: 11/18/2020*

**Tori Lynn Guidry**
Troutman Amin, LLP
400 Spectrum Center Dr.
Suite 1550
Irvine, CA 92618
(985) 688-3307
Fax: Pro Hac Vice
Email: tori@troutmanamin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yodel Technologies, LLC**
*TERMINATED: 07/31/2019*
*doing business as*
Helping Hands Association
*TERMINATED: 07/31/2019*

represented by **Peter C. Morse**
The Morse Law Firm, LLC
1525 Meadowland Drive
Naperville, IL 60540
630-877-1299
Email: peter@pmorselaw.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**T-Mobile USA, Inc.**

represented by **Kelsey Louise Kingsbery**
Alston & Bird LLP
555 Fayetteville Street
Suite 600
Raleigh, NC 27601
(919) 862-2200
Fax: Not a member
Email: kelsey.kingsbery@alston.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/12/2019 | 1 | COMPLAINT filed by George Moore; Jury Demand. Filing fee $ 400, receipt number 0752-15712421.(Keogh, Keith) (Entered: 04/12/2019) |
| 04/12/2019 | 2 | CIVIL Cover Sheet (Keogh, Keith) (Entered: 04/12/2019) |
| 04/12/2019 | 3 | ATTORNEY Appearance for Plaintiff George Moore by Keith James Keogh (Keogh, Keith) (Entered: 04/12/2019) |
| 04/12/2019 | | CASE ASSIGNED to the Honorable John Z. Lee. Designated as Magistrate Judge the Honorable Sunil R. Harjani. Case assignment: Random assignment. (lma, ) (Entered: 04/12/2019) |
| 04/12/2019 | 4 | ATTORNEY Appearance for Plaintiff George Moore by Anthony Paronich (Paronich, Anthony) (Entered: 04/12/2019) |
| 04/15/2019 | 5 | NOTICE TO THE PARTIES - The Court is participating in the Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in this Notice which includes a link to the (MIDP) Standing Order and a Checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the following documents (Notice of Mandatory Initial Discovery and the Standing Order) on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served. (nsf, ) (Entered: 04/15/2019) |
| 04/16/2019 | | SUMMONS Issued as to Defendant Club Exploria, LLC (mc, ) (Entered: 04/16/2019) |

| 04/17/2019 | | SUMMONS Issued as to Defendant Yodel Technologies, LLC (mc, ) (Entered: 04/17/2019) |
|---|---|---|
| 04/19/2019 | 6 | MINUTE entry before the Honorable John Z. Lee: Initial status hearing set for 6/18/19 at 9:00 a.m. Judge Lee participates in the Mandatory Initial Discovery Pilot Project ("Project"). The Project applies to all cases filed on or after June 1, 2017, excluding the following: (1) cases exempted by Rule 26(a)(1)(B), (2) actions brought by a person in the custody of the United States, a state, or a state subdivision, regardless of whether an attorney is recruited, (3) actions under the Private Securities Litigation Reform Act, (4) patent cases governed by the Local Patent Rules, and (5) cases transferred for consolidated administration in the District by the Judicial Panel on Multidistrict Litigation ("Exempt Cases").For all cases to which the Project applies, Judge Lee requires (1) each attorney appearing on behalf of Plaintiff(s) to file a "Certification by Attorney Regarding Discovery Obligations Under Mandatory Initial Discovery Pilot Project" form within 28 days after the filing of the Complaint and (2) each attorney appearing on behalf of Defendant(s) to file the certification form with the Answer. The parties are directed to file a joint initial status report four business days prior to the initial status hearing. The certification form and initial status report requirements are set forth in Judge Lee's standing order regarding the "Mandatory Initial Discovery Pilot Project" available on the Courts website. For all Exempt Cases, the parties are directed to file a joint initial status report four business days prior to the initial status hearing in accordance with the standing order governing "Initial Status Report in Cases Exempt from the Mandatory Initial Discovery Pilot Project" also available on the Court's website. Mailed notice (ca, ) (Entered: 04/19/2019) |
| 04/22/2019 | 7 | CERTIFICATE By Attorney Regarding Discovery Obligations Under Mandatory Initial Discovery Pilot Project (Paronich, Anthony) (Entered: 04/22/2019) |
| 05/08/2019 | 8 | SUMMONS Returned Executed by George Moore as to Club Exploria, LLC on 4/25/2019, answer due 5/16/2019. (Keogh, Keith) (Entered: 05/08/2019) |
| 05/08/2019 | 9 | SUMMONS Returned Executed by George Moore as to Yodel Technologies, LLC on 4/25/2019, answer due 5/16/2019. (Keogh, Keith) (Entered: 05/08/2019) |
| 05/09/2019 | 10 | CERTIFICATE By Attorney Regarding Discovery Obligations Under Mandatory Initial Discovery Pilot Project (Keogh, Keith) (Entered: 05/09/2019) |
| 05/14/2019 | 11 | ATTORNEY Appearance for Defendant Yodel Technologies, LLC by Peter C. Morse (Morse, Peter) (Entered: 05/14/2019) |
| 05/14/2019 | 12 | MOTION by Defendant Yodel Technologies, LLC for extension of time to file answer (Morse, Peter) (Entered: 05/14/2019) |
| 05/14/2019 | 13 | NOTICE of Motion by Peter C. Morse for presentment of motion for extension of time to file answer 12 before Honorable John Z. Lee on 5/21/2019 at 09:00 AM. (Morse, Peter) (Entered: 05/14/2019) |
| 05/15/2019 | 14 | MINUTE entry before the Honorable John Z. Lee:Defendant Yodel Technologies, LLC's unopposed motion for extension of time 12 is granted. The answer or responsive pleading will be due by June 14, 2019. No appearance is required on the motion. Mailed notice (ca, ) (Entered: 05/15/2019) |
| 05/16/2019 | 15 | ATTORNEY Appearance for Defendant Club Exploria, LLC by Tammy Tabush (Tabush, Tammy) (Entered: 05/16/2019) |
| 05/16/2019 | 16 | ATTORNEY Appearance for Defendant Club Exploria, LLC by Michael A. Grill (Grill, Michael) (Entered: 05/16/2019) |

| 05/16/2019 | 17 | Certificate of Interested Persons and Corporate Disclosure STATEMENT by Club Exploria, LLC (Grill, Michael) (Entered: 05/16/2019) |
|---|---|---|
| 05/16/2019 | 18 | MOTION by Defendant Club Exploria, LLC for extension of time to file answer regarding complaint 1 *Unopposed* (Grill, Michael) (Entered: 05/16/2019) |
| 05/16/2019 | 19 | NOTICE of Motion by Michael A. Grill for presentment of motion for extension of time to file answer 18 before Honorable John Z. Lee on 5/21/2019 at 09:00 AM. (Grill, Michael) (Entered: 05/16/2019) |
| 05/17/2019 | 20 | MINUTE entry before the Honorable John Z. Lee: Defendant Club Exploria, LLC's motion for extension of time 18 is granted. Club Exploria's answer or other responsive pleading will be due on or before May 30, 2019. No appearance is required on the motion. Mailed notice (ca, ) (Entered: 05/17/2019) |
| 05/30/2019 | 21 | CERTIFICATE by Attorney Regarding Discovery Obligations Under Mandatory Initial Discovery Pilot Project (Grill, Michael) (Entered: 05/30/2019) |
| 05/30/2019 | 22 | ANSWER to Complaint by Club Exploria, LLC(Grill, Michael) (Entered: 05/30/2019) |
| 05/30/2019 | 23 | CERTIFICATE by Attorney Regarding Discovery Obligations Under Mandatory Initial Discovery Pilot Project (Tabush, Tammy) (Entered: 05/30/2019) |
| 06/10/2019 | 24 | ATTORNEY Appearance for Plaintiff George Moore by Timothy J. Sostrin (Sostrin, Timothy) (Entered: 06/10/2019) |
| 06/12/2019 | 25 | STATUS Report *[Joint Initial Status Report]* by Club Exploria, LLC (Grill, Michael) (Entered: 06/12/2019) |
| 06/13/2019 | 26 | ANSWER to Complaint *And Affirmative Defenses* by Yodel Technologies, LLC(Morse, Peter) (Entered: 06/13/2019) |
| 06/18/2019 | 27 | MINUTE entry before the Honorable John Z. Lee:Status hearing held on 6/18/19. Initial written discovery requests are to be served by 8/10/19; the deadline to amend the pleadings and join parties is 10/27/19. Fact discovery shall close on 3/7/20. Status hearing set for 10/16/19 at 9:00 a.m. Mailed notice (ca, ) (Entered: 06/18/2019) |
| 06/30/2019 | 28 | NOTICE of Service of Responses to Mandatory Initial Discovery (MIDP) , filed by Plaintiff George Moore. (Paronich, Anthony) (Entered: 06/30/2019) |
| 07/01/2019 | 29 | NOTICE of Service of Responses to Mandatory Initial Discovery (MIDP) , filed by Defendant Club Exploria, LLC. (Grill, Michael) (Entered: 07/01/2019) |
| 07/15/2019 | 30 | MOTION by Defendant Yodel Technologies, LLC for extension of time (Morse, Peter) (Entered: 07/15/2019) |
| 07/15/2019 | 31 | NOTICE by Yodel Technologies, LLC re MOTION by Defendant Yodel Technologies, LLC for extension of time 30 (Morse, Peter) (Entered: 07/15/2019) |
| 07/16/2019 | 32 | NOTICE of Motion by Peter C. Morse for presentment of extension of time 30 before Honorable John Z. Lee on 7/24/2019 at 09:00 AM. (Morse, Peter) (Entered: 07/16/2019) |
| 07/23/2019 | 33 | MINUTE entry before the Honorable John Z. Lee:Defendant's unopposed motion to extend the time to serve mandatory initial discovery until August 10, 2019 30 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 07/23/2019) |

| 07/30/2019 | 34 | STIPULATION of Dismissal *as to Yodel Technologies, LLC Only* (Paronich, Anthony) (Entered: 07/30/2019) |
| 07/31/2019 | 35 | MINUTE entry before the Honorable John Z. Lee: Pursuant to the stipulation of dismissal, Yodel Technologies, LLC is dismissed without prejudice. Mailed notice (ca, ) (Entered: 07/31/2019) |
| 08/12/2019 | 36 | MOTION by Defendant Club Exploria, LLC for protective order *Joint Motion for Entry of Agreed Confidentiality Order* (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Grill, Michael) (Entered: 08/12/2019) |
| 08/12/2019 | 37 | NOTICE of Motion by Michael A. Grill for presentment of motion for protective order 36 before Honorable John Z. Lee on 8/15/2019 at 09:00 AM. (Grill, Michael) (Entered: 08/12/2019) |
| 08/14/2019 | 38 | MINUTE entry before the Honorable John Z. Lee:Joint motion for entry of agreed confidentiality order 36 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 08/14/2019) |
| 08/14/2019 | 39 | AGREED Confidentiality Order Signed by the Honorable John Z. Lee on 8/14/19. Mailed notice(ca, ) (Entered: 08/14/2019) |
| 09/20/2019 | 40 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-16255960. (Eichhorn, Cory) (Entered: 09/20/2019) |
| 09/23/2019 | 41 | MINUTE entry before the Honorable John Z. Lee:Cory Eichhorn's motion for leave to appear pro hac vice 40 is granted.Mailed notice (ca, ) (Entered: 09/23/2019) |
| 10/16/2019 | 42 | MINUTE entry before the Honorable John Z. Lee:Status hearing held on 10/16/19. The parties report that they are proceeding with discovery. The deadline to amend the pleadings and join parties is extended until 11/26/19. Status hearing set for 2/12/20 at 9:00 a.m. Mailed notice (ca, ) (Entered: 10/17/2019) |
| 11/26/2019 | 43 | MOTION by Defendant Club Exploria, LLC for extension of time to amend *the Pleadings and Join Parties (Unopposed)* (Grill, Michael) (Entered: 11/26/2019) |
| 11/26/2019 | 44 | NOTICE of Motion by Michael A. Grill for presentment of motion for extension of time to amend 43 before Honorable John Z. Lee on 12/5/2019 at 09:00 AM. (Grill, Michael) (Entered: 11/26/2019) |
| 11/27/2019 | 45 | MINUTE entry before the Honorable John Z. Lee: Defendant Club Exploria, LLC's unopposed motion to extend the deadline to amend the pleadings and join parties 43 is granted. The deadline to amend the pleadings and join parties is extended until 12/10/2019. No appearance is required on the motion. Mailed notice (cn). (Entered: 11/27/2019) |
| 12/10/2019 | 46 | MOTION by Plaintiff George Moore for leave to file *Amended Complaint, Unopposed Motion* (Attachments: # 1 Exhibit 1, Proposed Amended Complaint) (Sostrin, Timothy) (Entered: 12/10/2019) |
| 12/10/2019 | 47 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for leave to file 46 before Honorable John Z. Lee on 12/19/2019 at 09:00 AM. (Sostrin, Timothy) (Entered: 12/10/2019) |
| 12/10/2019 | 48 | MOTION by Defendant Club Exploria, LLC for leave to file *Amended Affirmative Defenses, Unopposed Motion* (Attachments: # 1 Exhibit A, Proposed Amended Affirmative Defenses)(Grill, Michael) (Entered: 12/10/2019) |

| 12/10/2019 | 49 | NOTICE of Motion by Michael A. Grill for presentment of motion for leave to file 48 before Honorable John Z. Lee on 12/19/2019 at 09:00 AM. (Grill, Michael) (Entered: 12/10/2019) |
|---|---|---|
| 12/13/2019 | 50 | MOTION by Plaintiff George Moore to compel *Discovery from Defendant Club Exploria* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Sostrin, Timothy) (Entered: 12/13/2019) |
| 12/13/2019 | 51 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion to compel 50 before Honorable John Z. Lee on 12/19/2019 at 09:00 AM. (Sostrin, Timothy) (Entered: 12/13/2019) |
| 12/17/2019 | 52 | MINUTE entry before the Honorable John Z. Lee: By agreement of the parties, the motion to compel 50 set for 12/19/19 is reset to 1/9/20 at 9:00 a.m.Mailed notice (ca, ) (Entered: 12/17/2019) |
| 12/19/2019 | 53 | MINUTE entry before the Honorable John Z. Lee:Status hearing held on 12/19/19. Plaintiff's motion for leave to amend the complaint 46 is granted. Plaintiff's amended complaint should be filed today. Motion for leave to file amended affirmative defenses 48 is granted; the answer and amended affirmative defenses are due by 1/13/20. The motion to compel 50 and general discovery supervision is referred to Magistrate Judge Harjani. Judge Harjani may modify any discovery deadlines if appropriate.The status hearing set for 2/12/20 is reset to 3/3/20 at 9:00 a.m.Mailed notice (ca, ) (Entered: 12/19/2019) |
| 12/19/2019 | 54 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Sunil R. Harjani for the purpose of holding proceedings related to: General discovery supervision motion to compel 50 .(ca, )Mailed notice. (Entered: 12/19/2019) |
| 12/19/2019 | 55 | *First* AMENDED complaint by George Moore against Club Exploria, LLC (Sostrin, Timothy) (Entered: 12/19/2019) |
| 12/19/2019 | 56 | MINUTE entry before the Honorable Sunil R. Harjani: Initial status hearing set for 1/9/2020 at 9:15 a.m. in Courtroom 1858. Mailed notice (lxs, ) (Entered: 12/19/2019) |
| 01/02/2020 | 57 | MINUTE entry before the Honorable Sunil R. Harjani: Defendant's response to Plaintiff's Motion to Compel 50 is due 1/10/20. Status hearing set for 1/9/20 is stricken and reset to 1/16/20 at 9:30 am for ruling on the motion. Mailed notice (lxs, ) (Entered: 01/02/2020) |
| 01/10/2020 | 58 | MOTION by Defendant Club Exploria, LLC for extension of time to file response/reply *to Plaintiff's Motion to Compel* (Grill, Michael) (Entered: 01/10/2020) |
| 01/10/2020 | 59 | NOTICE of Motion by Michael A. Grill for presentment of motion for extension of time to file response/reply 58 before Honorable Sunil R. Harjani on 1/16/2020 at 09:30 AM. (Grill, Michael) (Entered: 01/10/2020) |
| 01/13/2020 | 60 | MINUTE entry before the Honorable Sunil R. Harjani: Defendant Club Exploria, LLC's unopposed motion for 3-day extension of time 58 is granted. Defendant Club Exploria, LLC's response to plaintiff's motion to compel is now due by 1/13/2020. Appearance on the motion is not required. Mailed notice (lxs, ) (Entered: 01/13/2020) |
| 01/13/2020 | 61 | STATUS Report *Joint Initial Status Report* by Club Exploria, LLC (Grill, Michael) (Entered: 01/13/2020) |

| 01/13/2020 | 62 | *Defendant Club Exploria's* ANSWER to amended complaint *and Amended Affirmative Defenses* by Club Exploria, LLC(Grill, Michael) (Entered: 01/13/2020) |
|---|---|---|
| 01/13/2020 | 63 | RESPONSE by Club Exploria, LLCin Opposition to MOTION by Plaintiff George Moore to compel *Discovery from Defendant Club Exploria* 50 (Attachments: # 1 Exhibit 1, # 2 Appendix A)(Grill, Michael) (Entered: 01/13/2020) |
| 01/15/2020 | 64 | SEALED REPLY by George Moore to MOTION by Plaintiff George Moore to compel *Discovery from Defendant Club Exploria* 50 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Sostrin, Timothy) (Entered: 01/15/2020) |
| 01/15/2020 | 65 | REPLY by Plaintiff George Moore to motion to compel 50 , *Public Redacted Version,* (Attachments: # 1 Placeholder for Sealed Exhibits)(Sostrin, Timothy) (Entered: 01/15/2020) |
| 01/15/2020 | 66 | MOTION by Plaintiff George Moore for leave to file *a non-redacted version of his Reply in Support of Motion to Compel [Dkt 65] Under Seal* (Sostrin, Timothy) (Entered: 01/15/2020) |
| 01/15/2020 | 67 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for leave to file 66 before Honorable Sunil R. Harjani on 1/21/2020 at 09:45 AM. (Sostrin, Timothy) (Entered: 01/15/2020) |
| 01/15/2020 | 68 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing set for 1/16/20 is reset to 1/23/20 at 9:15am in light of the filing today of Plaintiff's reply brief 66 on the motion to compel. Motion hearing 67 on 1/21/20 is also stricken. Mailed notice (lxs, ) (Entered: 01/15/2020) |
| 01/23/2020 | 69 | MINUTE entry before the Honorable Sunil R. Harjani: Status and motion hearing held. Status continued to 3/31/2020 at 9:15 a.m. For the reason stated in open court, Plaintiff's Motion to Compel 50 is granted in part and denied in part. Accordingly, by 2/14/2020, Defendant shall produce additional documents and serve its revised responses. The parties shall issue any remaining written discovery requests by 1/31/2020. Deposition notices shall be issued by 3/2/2020. A joint status report including the names of deponents and agreed-upon deposition dates for the months of March, April, and May is due by 3/16/2020. Fact discovery shall close on 5/29/2020. Mailed notice (lxs, ) (Entered: 01/23/2020) |
| 01/24/2020 | 70 | MINUTE entry before the Honorable Sunil R. Harjani: Plaintiff's Motion For Leave to File Under Seal Plaintiff's Reply in Support of his Motion to Compel Discovery 66 states only that Plaintiff's Reply in Support of his Motion to Compel Discovery cites to and attaches documents designated as confidential pursuant to the protective order. The designation of documents as confidential, alone, does not demonstrate good cause for filing under seal. Accordingly, by 1/31/2020, Plaintiff shall file a memorandum in support of its motion identifying the specific portions of the exhibits it seeks to protect, describing with particularity the information or category sought to be protected, and explaining with citation to authority why it believes the specific portions meet the applicable Seventh Circuit standards. To the extent Plaintiff seeks to file entire exhibits under seal, its memorandum shall explain why redactions would be insufficient to protect confidential information. Methodist Hosp., Inc. v. Sullivan, 91 F.3d 1026, 1032 (7th Cir. 1996) ("To say particular information is confidential is not to say that the entire document containing that information is confidential."). Mailed notice (lxs, ) (Entered: 01/24/2020) |

| 01/31/2020 | 71 | MEMORANDUM by George Moore in support of motion for leave to file 66 (Attachments: # 1 Exhibit A, Proposed Public Filing)(Sostrin, Timothy) (Entered: 01/31/2020) |
| --- | --- | --- |
| 03/02/2020 | 72 | MINUTE entry before the Honorable John Z. Lee:In light of the proceedings before the Magistrate Judge, the status hearing set for 3/3/20 is reset to 6/9/20 at 9:00 a.m.Mailed notice (ca, ) (Entered: 03/02/2020) |
| 03/16/2020 | 73 | STATUS Report *Joint, Concerning Deposition Scheduling* by George Moore (Sostrin, Timothy) (Entered: 03/16/2020) |
| 03/16/2020 | 74 | ORDER Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (td, ) (Entered: 03/17/2020) |
| 03/18/2020 | 75 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing set for 3/31/2020 is stricken and reset to 4/21/2020 at 09:15 AM.Mailed notice (lxs, ) (Entered: 03/18/2020) |
| 03/30/2020 | 76 | ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice. (docket2, ) (Entered: 03/31/2020) |
| 04/02/2020 | 77 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing previously set for 4/21/2020 is stricken and reset to 5/19/2020 at 09:15 AM.Mailed notice (lxs, ) (Entered: 04/02/2020) |
| 04/24/2020 | 78 | ORDER Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket5, ) (Entered: 04/27/2020) |
| 05/21/2020 | 79 | MINUTE entry before the Honorable Sunil R. Harjani: The parties are ordered to file a joint status report with an update on discovery, a proposed discovery schedule, and any settlement discussions by 6/5/20. Mailed notice (lxs, ) (Entered: 05/21/2020) |
| 05/26/2020 | 80 | ORDER ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket6, ) (Entered: 05/26/2020) |

| 05/29/2020 | 81 | MINUTE entry before the Honorable John Z. Lee:The status hearing set for 6/9/20 is stricken and will be reset by separate order.Mailed notice (ca, ) (Entered: 05/29/2020) |
|---|---|---|
| 06/05/2020 | 82 | STATUS Report *Joint Status Report* by Club Exploria, LLC (Tabush, Tammy) (Entered: 06/05/2020) |
| 06/08/2020 | 83 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing set for 8/5/2020 at 9:15 a.m. The parties are ordered to file a joint status report five days before the hearing with an update on discovery and settlement discussions. Per the parties' joint status report, and as a result of the difficulties conducting discovery in the current climate that the parties have identified, the fact discovery close date is set for October 14, 2020. Mailed notice (lxs, ) (Entered: 06/08/2020) |
| 06/08/2020 | 84 | MINUTE entry before the Honorable John Z. Lee: As requested by the parties, the face discovery deadline is extended to 10/14/20.The Court orders the parties to file a joint written status report by 9/9/20. The report, which shall be as concise as possible, shall set forth: (1) the current deadlines imposed by the Court and whether the matter has been referred to the Magistrate Judge in any fashion (e.g., for discovery supervision; for resolution of a motion; for settlement; etc.); (2) the progress of discovery, if discovery is ongoing; (3) the status of briefing on unresolved motions, if any; (4) whether the parties have engaged or are engaging in settlement discussions and the status of those discussions; (5) for cases without any future court dates, an agreed proposed schedule; (6) for cases that have future court dates and if the parties believe there is good cause to extend the current deadlines, a proposed amended schedule and the basis for the request; (7) a request for any agreed action that the Court can take without a hearing; (8) and whether the parties believe a telephonic hearing or in-person hearing is necessary within the next 60 days, and, if so, the issue(s) that warrants discussion and the parties' respective positions. Mailed notice (ca, ) (Entered: 06/08/2020) |
| 06/16/2020 | 85 | ENTERED IN ERROR - REFER TO NOTICE OF CORRECTION NO. 86 (lxs, ) Modified on 6/16/2020 (lxs, ). (Main Document 85 replaced on 6/16/2020) (lxs, ). (Entered: 06/16/2020) |
| 06/16/2020 | 86 | NOTICE of Correction regarding 85 . (lxs, ) (Entered: 06/16/2020) |
| 07/10/2020 | 87 | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk4, Docket) (Entered: 07/10/2020) |
| 07/31/2020 | 88 | STATUS Report *Joint Status Report* by Club Exploria, LLC (Tabush, Tammy) (Entered: 07/31/2020) |
| 08/03/2020 | 89 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing set for 8/5/20 is reset to 10/22/2020 at 9:15 a.m. The parties shall file a joint status report with an update on discovery and settlement discussions by 10/16/2020. The Court has reviewed the parties' most recent status report and notes that the parties are on track to meet the fact discovery close date of 10/14/20. Mailed notice (lxs, ) (Entered: 08/03/2020) |

| 08/14/2020 | 90 | NOTICE of Service of Supplemental Mandatory Initial Discovery Responses (MIDP) , filed by Defendant Club Exploria, LLC. (Tabush, Tammy) (Entered: 08/14/2020) |
| --- | --- | --- |
| 08/24/2020 | 91 | MOTION by Defendant Club Exploria, LLC for issuance of letters rogatory *To The Supreme Court of British Columbia, Canada For Prospects DM, Inc. and Joshua Grant* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Grill, Michael) (Entered: 08/24/2020) |
| 08/25/2020 | 92 | MINUTE entry before the Honorable Sunil R. Harjani: Defendants' motion for issuance of letters rogatory 91 is granted, without objection from Plaintiff. Defendant is directed to provide the proposed order, for this judge's signature, to its proposed order box. Mailed notice (lxs, ) (Entered: 08/25/2020) |
| 09/01/2020 | 93 | LETTERS of Rogatory issued as to The Supreme Court of British Columbia, Canada For Prospects DM, Inc. and Joshua Grant. (lxs, ) (Entered: 09/01/2020) |
| 09/09/2020 | 94 | STATUS Report *Joint* by Club Exploria, LLC (Attachments: # 1 Exhibit Exhibit A)(Grill, Michael) (Entered: 09/09/2020) |
| 09/10/2020 | 95 | MINUTE entry before the Honorable John Z. Lee: The Court has reviewed the status report. Because Magistrate Judge Harjani is overseeing discovery in this case, any request for an extension of the fact discovery deadline should be directed to him. The Court orders the parties to file a joint written status report by 11/10/20. The report, which shall be as concise as possible, shall set forth: (1) the current deadlines imposed by the Court and whether the matter has been referred to the Magistrate Judge in any fashion (e,g., for discovery supervision; for resolution of a motion; for settlement; etc.); (2) the progress of discovery, if discovery is ongoing; (3) the status of briefing on unresolved motions, if any; (4) whether the parties have engaged or are engaging in settlement discussions and the status of those discussions; (5) for cases without any future court dates, an agreed proposed schedule; (6) for cases that have future court dates and if the parties believe there is good cause to extend the current deadlines, a proposed amended schedule and the basis for the request; (7) a request for any agreed action that the Court can take without a hearing; (8) and whether the parties believe a telephonic hearing or in-person hearing is necessary within the next 60 days, and, if so, the issue(s) that warrants discussion and the parties' respective positions. Mailed notice (ca, ) (Entered: 09/10/2020) |
| 09/12/2020 | 96 | MOTION by Defendant Club Exploria, LLC for extension of time *(Agreed Motion to Extend Fact Discovery)* (Attachments: # 1 Exhibit)(Grill, Michael) (Entered: 09/12/2020) |
| 09/14/2020 | 97 | MINUTE entry before the Honorable Sunil R. Harjani: Agreed motion to extend fact discovery 96 is granted. For the reasons stated in the motion, including the fact that there are outstanding letters rogatory and an upcoming mediation, fact discovery is extended to December 14, 2020. Mailed notice (lxs, ) (Entered: 09/14/2020) |
| 10/16/2020 | 98 | STATUS Report *(Joint)* by George Moore (Sostrin, Timothy) (Entered: 10/16/2020) |
| 10/19/2020 | 99 | MINUTE entry before the Honorable John Z. Lee: The Court has reviewed the status report. The Court orders the parties to file a joint written status report by 12/18/20. The report, which shall be as concise as possible, shall set forth: (1) the current deadlines imposed by the Court and whether the matter has been referred to |

| | | |
|---|---|---|
| | | the Magistrate Judge in any fashion (e.g., for discovery supervision; for resolution of a motion; for settlement; etc.); (2) the progress of discovery, if discovery is ongoing; (3) the status of briefing on unresolved motions, if any; (4) whether the parties have engaged or are engaging in settlement discussions and the status of those discussions; (5) for cases without any future court dates, an agreed proposed schedule; (6) for cases that have future court dates and if the parties believe there is good cause to extend the current deadlines, a proposed amended schedule and the basis for the request; (7) a request for any agreed action that the Court can take without a hearing; (8) and whether the parties believe a telephonic hearing or in-person hearing is necessary within the next 60 days, and, if so, the issue(s) that warrants discussion and the parties' respective positions. Mailed notice (ca, ) (Entered: 10/19/2020) |
| 10/20/2020 | 100 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing previously set for 10/22/20 is stricken and reset to 12/22/2020 at 9:15 a.m. The Court has reviewed the parties' joint status report 98 . The parties report that they have scheduled a mediation with a JAMS mediator for 11/3/2020. The parties further report that they are continuing with discovery in the meantime and have taken and scheduled numerous depositions. Mailed notice (lxs, ) (Entered: 10/20/2020) |
| 11/04/2020 | 101 | ATTORNEY Appearance for Defendant Club Exploria, LLC by Charles Allan Devore (Devore, Charles) (Entered: 11/04/2020) |
| 11/04/2020 | 102 | ATTORNEY Appearance for Defendant Club Exploria, LLC by Carrie Melissa Stickel (Stickel, Carrie) (Entered: 11/04/2020) |
| 11/10/2020 | 103 | STATUS Report *JOINT STATUS REPORT* by Club Exploria, LLC (Grill, Michael) (Entered: 11/10/2020) |
| 11/11/2020 | 104 | MINUTE entry before the Honorable John Z. Lee: The Court orders the parties to file a joint written status report by 1/11/21. The report, which shall be as concise as possible, shall set forth: (1) the current deadlines imposed by the Court and whether the matter has been referred to the Magistrate Judge in any fashion (e.g., for discovery supervision; for resolution of a motion; for settlement; etc.); (2) the progress of discovery, if discovery is ongoing; (3) the status of briefing on unresolved motions, if any; (4) whether the parties have engaged or are engaging in settlement discussions and the status of those discussions; (5) for cases without any future court dates, an agreed proposed schedule; (6) for cases that have future court dates and if the parties believe there is good cause to extend the current deadlines, a proposed amended schedule and the basis for the request; (7) a request for any agreed action that the Court can take without a hearing; (8) and whether the parties believe a telephonic hearing or in-person hearing is necessary within the next 60 days, and, if so, the issue(s) that warrants discussion and the parties' respective positions. Mailed notice (ca, ) (Entered: 11/11/2020) |
| 11/12/2020 | 105 | MOTION by Defendant Club Exploria, LLC to withdraw *Holland & Knight*, MOTION by Defendant Club Exploria, LLC to substitute attorney *Katten* (Devore, Charles) (Entered: 11/12/2020) |
| 11/13/2020 | 106 | MINUTE entry before the Honorable John Z. Lee: Motion Hearing set for 11/18/20 at 8:45 a.m. In light of the COVID-19 pandemic and the related General Orders, the Court finds that it is necessary to conduct the status hearing via telephone conference. The call-in number is 888-273-3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with instructions on how to join the call. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court |

| | | |
|---|---|---|
| | | proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge-info.aspx? 4Qf5zc8loCI5U7rfMP9DHw==. Mailed notice (ca, ) (Entered: 11/13/2020) |
| 11/13/2020 | 107 | MOTION by Plaintiff George Moore for sanctions (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Declaration of George Moore)(Sostrin, Timothy) (Entered: 11/13/2020) |
| 11/17/2020 | 108 | MINUTE entry before the Honorable John Z. Lee: Motions [105 107 are referred to Magistrate Judge Harjani. No appearance is required on 11/18/20.Mailed notice (ca, ) (Entered: 11/17/2020) |
| 11/17/2020 | 109 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Sunil R. Harjani for the purpose of holding proceedings related to: motion for sanctions 107 and motion to withdraw 105 .(ca, )Mailed notice. (Entered: 11/17/2020) |
| 11/18/2020 | 110 | MINUTE entry before the Honorable Sunil R. Harjani: Defendants' unopposed motion to withdraw and substitute counsel 105 is granted. Plaintiff's motion for sanctions 107 shall be briefed as follows: response brief is due by 12/2/2020; reply brief is due by 12/9/2020. Mailed notice (lxs, ) (Entered: 11/18/2020) |
| 12/02/2020 | 111 | RESPONSE by Club Exploria, LLCin Opposition to MOTION by Plaintiff George Moore for sanctions 107 (Devore, Charles) (Entered: 12/02/2020) |
| 12/09/2020 | 112 | REPLY by Plaintiff George Moore to motion for sanctions 107 , response in opposition to motion 111 (Sostrin, Timothy) (Entered: 12/09/2020) |
| 12/11/2020 | 113 | MOTION by Plaintiff George Moore for extension of time to complete discovery *JOINT MOTION* (Sostrin, Timothy) (Entered: 12/11/2020) |
| 12/14/2020 | 114 | MINUTE entry before the Honorable Sunil R. Harjani: Joint motion to extend fact discovery 113 is granted. Fact discovery will close February 12, 2021. However, if the letters rogatory have not been resolved by then, the Court will close fact discovery except for the parties receipt of outstanding documents related to the letters rogatory. Thus, the parties are urged to complete any discovery remaining, except for the letters rogatory. Mailed notice (lxs, ) (Entered: 12/14/2020) |
| 12/17/2020 | 115 | STATUS Report , *Joint* by George Moore (Sostrin, Timothy) (Entered: 12/17/2020) |
| 12/18/2020 | 116 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing previously set for 12/22/2020 is stricken and reset to 2/24/2021 at 9:15 a.m. The Court has reviewed the parties' latest status report 115 . The parties state that they have exchanged written discovery and have taken numerous depositions but are waiting on documents in connection with letters rogatory. Mailed notice (lxs, ) (Entered: 12/18/2020) |
| 12/19/2020 | 117 | MINUTE entry before the Honorable John Z. Lee:The Court has reviewed the status report. Status hearing set for 2/22/21 at 8:45 a.m. In light of the COVID-19 pandemic and the related General Orders, the Court finds that it is necessary to conduct the status hearing via telephone conference. The call-in number is 888-273-3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with |

| | | |
|---|---|---|
| | | instructions on how to join the call. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge-info.aspx? 4Qf5zc8loCI5U7rfMP9DHw==Mailed notice (ca, ) (Entered: 12/19/2020) |
| 12/23/2020 | 118 | MINUTE entry before the Honorable Sunil R. Harjani: Minute entry no 116 is expanded to include the following: By 2/19/2021, the parties shall file a joint status report with updates on discovery and settlement discussions. Mailed notice (lxs, ) (Entered: 12/23/2020) |
| 01/05/2021 | 119 | MINUTE entry before the Honorable Sunil R. Harjani: Motion hearing on Plaintiff's motion for sanctions 107 is set for 1/6/21 at 2:30 p.m. by telephone. The Court has some questions to pose to counsel. The call-in number is (888) 684-8852 and the access code is 7354516. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Mailed notice (lxs, ) (Entered: 01/05/2021) |
| 01/06/2021 | 120 | MINUTE entry before the Honorable Sunil R. Harjani: Telephonic motion hearing held. Defendant shall file the status report requested during the hearing by 1/7/21. Mailed notice (lxs, ) (Entered: 01/07/2021) |
| 01/07/2021 | 121 | STATUS Report by Club Exploria, LLC (Attachments: # 1 Exhibit A)(Devore, Charles) (Entered: 01/07/2021) |
| 01/10/2021 | 122 | TRANSCRIPT OF PROCEEDINGS held on 01/06/2021 before the Honorable Sunil R. Harjani. Court Reporter Contact Information: Judith A. Walsh, CSR, RDR, F/CRR. Official Court Reporter. judith_walsh@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 2/1/2021. Redacted Transcript Deadline set for 2/10/2021. Release of Transcript Restriction set for 4/12/2021. (Walsh, Judy) (Entered: 01/10/2021) |
| 01/11/2021 | 123 | STATUS Report *[Joint Status Report]* by Club Exploria, LLC (Devore, Charles) (Entered: 01/11/2021) |
| 01/26/2021 | 124 | MINUTE entry before the Honorable Sunil R. Harjani: For the reasons stated in the Memorandum Opinion and Order entered this day, Plaintiff's Opposed Motion for Sanctions 107 is granted in part and denied in part. Club Exploria's counsel is ordered to pay for the attorneys' fees and costs incurred by Moore in bringing this motion. Enter Memorandum Opinion and Order. Mailed notice (lxs, ) (Entered: 01/26/2021) |
| 01/26/2021 | 125 | MEMORANDUM Opinion and Order Signed by the Honorable Sunil R. Harjani on 1/26/2021. Mailed notice(lxs, ) (Entered: 01/26/2021) |
| 02/11/2021 | 126 | MOTION by Defendant Club Exploria, LLC Joint Motion For Extension Of Fact Discovery (Devore, Charles) (Entered: 02/11/2021) |

| 02/12/2021 | 127 | MINUTE entry before the Honorable Sunil R. Harjani: For the reasons stated in the motion, and by agreement of the parties, the motion for extension of time 126 is granted. Fact discovery shall now close on 3/12/21. Mailed notice (lxs, ) (Entered: 02/12/2021) |
|---|---|---|
| 02/19/2021 | 128 | STATUS Report *(Joint Status Report)* by Club Exploria, LLC (Devore, Charles) (Entered: 02/19/2021) |
| 02/19/2021 | 129 | MINUTE entry before the Honorable John Z. Lee:The status hearing set for 2/22/21 is reset to 3/29/21 at 9:15 a.m. In light of the COVID-19 pandemic and the related General Orders, the Court finds that it is necessary to conduct the status hearing via telephone conference. The call-in number is 888-273-3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with instructions on how to join the call. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge-info.aspx? 4Qf5zc8loCI5U7rfMP9DHw==. Mailed notice (ca, ) (Entered: 02/19/2021) |
| 02/22/2021 | 130 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing previously set for 2/24/2021 is stricken and reset to 3/30/2021 at 9:15 a.m. By 3/25/2021, the parties shall file a joint status report with updates on discovery and any settlement discussions. The Court has reviewed the parties' latest status report 128 . The parties state that they are largely finished with fact discovery and hope to revisit settlement after the close of discovery. Mailed notice (lxs, ) (Entered: 02/22/2021) |
| 03/12/2021 | 131 | MOTION by Plaintiff George Moore for extension of time to complete discovery *Joint Motion* (Paronich, Anthony) (Entered: 03/12/2021) |
| 03/12/2021 | 132 | MINUTE entry before the Honorable Sunil R. Harjani: Plaintiff's joint motion to extend the fact discovery deadline 131 is granted, without objection, and for good cause shown based on the reasons stated in the motion. Fact discovery shall now close on May 31, 2021, however, only third-party fact discovery shall occur from now through the close date. The parties must seek leave of Court before they conduct any other discovery. (rbf, ) (Entered: 03/12/2021) |
| 03/25/2021 | 133 | STATUS Report *(Joint)* by George Moore (Sostrin, Timothy) (Entered: 03/25/2021) |
| 03/26/2021 | 134 | MINUTE entry before the Honorable John Z. Lee: In light of Magistrate Harjani's order of 3/12/21, the status hearing previously set for 3/29/21 is reset to 6/2/21 at 9:00 a.m. The status hearing will take place via telephone. The call-in number is 888-273-3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with instructions on how to join the call. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's |

| | | website, which can be found at: https://www.ilnd.uscourts.gov/judge-info.aspx?4Qf5zc8loCI5U7rfMP9DHw==. Mailed notice (gel, ) (Entered: 03/26/2021) |
|---|---|---|
| 03/29/2021 | 135 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing previously set for 3/30/2021 is stricken and reset to 6/8/2021 at 9:15 a.m. By 6/3/2021 the parties shall file a joint status report with updates on discovery and any settlement discussions. The Court has reviewed the parties' latest status report 133 . The parties state that they are conducting the remaining third-party discovery in the case, which is due by 5/31/2021. Mailed notice (lxs, ) (Entered: 03/29/2021) |
| 05/29/2021 | 136 | MOTION by Plaintiff George Moore for extension of time to complete discovery *(Joint)* (Attachments: # 1 Exhibit A - Order on Letters Rogatory)(Sostrin, Timothy) (Entered: 05/29/2021) |
| 05/31/2021 | 137 | MINUTE entry before the Honorable Sunil R. Harjani: For the reasons stated in the motion, the joint motion to extend third-party fact discovery 136 is granted. Third-party fact discovery shall now close on July 30, 2021. Mailed notice (lxs, ) (Entered: 05/31/2021) |
| 06/01/2021 | 138 | MINUTE entry before the Honorable John Z. Lee:In light of the proceedings before the Magistrate Judge, the status hearing previously set for 6/2/21 is stricken and reset to 8/4/21 at 9:00 a.m. Plaintiff's motion for extension to complete discovery 136 is referred to Magistrate Judge Harjani. The call-in number is 888-273-3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with instructions on how to join the call. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge-info.aspx?4Qf5zc8loCI5U7rfMP9DHw==. (ca, ) (Entered: 06/01/2021) |
| 06/01/2021 | 139 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Sunil R. Harjani for the purpose of holding proceedings related to: Plaintiff's motion for extension to complete discovery 136 .(ca, ) (Entered: 06/01/2021) |
| 06/02/2021 | 140 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing set for 6/8/21 is reset to 7/14/21 at 9:15 a.m. by telephone. Status report that was due 6/3/21 is now due 7/9/21. Regarding the 7/14/21 status hearing, members of the public and media will be able to call in to listen to this hearing but will be placed on mute. The call-in number is (888) 684-8852 and the access code is 7354516. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Mailed notice (lxs, ) (Entered: 06/02/2021) |
| 07/09/2021 | 141 | STATUS Report *[Joint Status Report]* by Club Exploria, LLC (Devore, Charles) (Entered: 07/09/2021) |
| 07/12/2021 | 142 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing previously set for 7/14/2021 is stricken and reset to 7/29/2021 at 9:15 a.m. By 7/26/2021 the parties shall file a joint status report with updates on any settlement discussions. The Court has reviewed the parties' joint status report 141 . The parties state that all fact discovery, including, third-party discovery, is complete. Plaintiff also |

| | | |
|---|---|---|
| | | indicates that he will need the opportunity to conduct expert discovery prior to his class certification motion. In the status report due on 7/26/2021, Defendant shall indicate whether it opposes Plaintiff's request for expert discovery. If not, the parties shall propose a schedule for expert discovery. The dial-in information for the 7/29/2021 status hearing remains the same 140 . Mailed notice (lxs, ) (Entered: 07/12/2021) |
| 07/26/2021 | 143 | STATUS Report *Joint Status Report* by Club Exploria, LLC (Devore, Charles) (Entered: 07/26/2021) |
| 07/28/2021 | 144 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing previously set for 7/29/2021 is stricken and reset to 10/6/2021 at 9:15 a.m. By 9/30/2021 the parties shall file a joint status report with updates on discovery and any settlement discussions. The Court has reviewed the parties' status report 143 . Defendant does not oppose Plaintiff's request for expert discovery prior to class certification briefing, but the parties disagree about the schedule for expert discovery. Having reviewed each party's proposal, the Court enters the following schedule for expert discovery: Plaintiff's expert disclosure(s) by 9/10/2021; Defendant's disclosure(s) by 10/18/2021; and Plaintiff's rebuttal report(s) by 12/2/2021. Mailed notice (lxs, ) (Entered: 07/28/2021) |
| 08/03/2021 | 145 | MINUTE entry before the Honorable John Z. Lee: In light of Magistrate Judge Harjani's order of 7/28/21, the telephonic status hearing set for 8/4/21 is reset to 10/15/21 at 9:00 a.m. The call-in number is 888-273-3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with instructions on how to join the call. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge-info.aspx? 4Qf5zc8loCI5U7rfMP9DHw==. (ca, ) (Entered: 08/03/2021) |
| 09/17/2021 | 146 | MOTION by Defendant Club Exploria, LLC for summary judgment (Devore, Charles) (Entered: 09/17/2021) |
| 09/17/2021 | 147 | MEMORANDUM by Club Exploria, LLC in support of motion for summary judgment 146 (Devore, Charles) (Entered: 09/17/2021) |
| 09/17/2021 | 148 | RULE 56.1 Statement by Club Exploria, LLC regarding motion for summary judgment 146 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23)(Devore, Charles) (Entered: 09/17/2021) |
| 09/17/2021 | 149 | SEALED DOCUMENT by Defendant Club Exploria, LLC *Sealed Memorandum of Law In Support of Motion for Summary Judgment* (Devore, Charles) (Entered: 09/17/2021) |
| 09/17/2021 | 150 | SEALED DOCUMENT by Defendant Club Exploria, LLC *Sealed Statement of Fact and Select Exhibits* (Attachments: # 1 Exhibit 3, # 2 Exhibit 4, # 3 Exhibit 5, # 4 Exhibit 7, # 5 Exhibit 10, # 6 Exhibit 11, # 7 Exhibit 12, # 8 Exhibit 13, # 9 |

| | | |
|---|---|---|
| | | Exhibit 14, # 10 Exhibit 15, # 11 Exhibit 17, # 12 Exhibit 19, # 13 Exhibit 20, # 14 Exhibit 22, # 15 Exhibit 23)(Devore, Charles) (Entered: 09/17/2021) |
| 09/17/2021 | 151 | MOTION by Defendant Club Exploria, LLC to seal *Memorandum of Law, Statement of Facts and Select Exhibits to Statement of Facts* (Attachments: # 1 Exhibit A)(Devore, Charles) (Entered: 09/17/2021) |
| 09/20/2021 | 152 | MINUTE entry before the Honorable John Z. Lee:Plaintiff's response to Defendant's motion for summary judgment 146 is due by 10/14/21; reply due by 10/28/21. (ca, ) (Entered: 09/20/2021) |
| 09/22/2021 | 153 | MINUTE entry before the Honorable John Z. Lee:Motion for leave to file under seal the memorandum in support of its motion for summary judgment and exhibits 3-5, 7, 10-17, 19-20 and 22-23 151 is granted. (ca, ) (Entered: 09/22/2021) |
| 09/30/2021 | 154 | STATUS Report *(Joint)* by George Moore (Sostrin, Timothy) (Entered: 09/30/2021) |
| 10/04/2021 | 155 | MINUTE entry before the Honorable Sunil R. Harjani: Status hearing set for 10/6/2021 is stricken and reset to 1/20/2022 at 9:15 a.m. By 1/13/2022 the parties shall file a joint status report with updates on expert discovery, further settlement discussions, and a statement indicating whether the parties are interested in a settlement conference. The Court has reviewed the latest Joint Status Report 154 . The parties are ordered to issue all expert deposition notices with agreed upon dates by 11/10/2021 and all expert depositions shall be completed by 1/31/2022. Mailed notice (ags) (Entered: 10/04/2021) |
| 10/05/2021 | 156 | MINUTE entry before the Honorable John Z. Lee:The Court has reviewed the status report. The Court orders the parties to file a joint written status report by 2/4/22 regarding expert discovery, settlement, and dispositive motion schedule. (ca, ) (Entered: 10/05/2021) |
| 10/13/2021 | 157 | MOTION by Plaintiff George Moore for extension of time *For Summary Judgment Briefing and Expert Disclosure (JOINT MOTION)* (Sostrin, Timothy) (Entered: 10/13/2021) |
| 10/13/2021 | 158 | MINUTE entry before the Honorable John Z. Lee:The status hearing set for 10/15/21 is reset to 10/19/21 at 9:00 a.m. The call-in number is 888-273-3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with instructions on how to join the call. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge-info.aspx?4Qf5zc8loCI5U7rfMP9DHw==. (ca, ) (Entered: 10/13/2021) |
| 10/13/2021 | 159 | MINUTE entry before the Honorable John Z. Lee:Motion for extension of time for the summary judgment briefing schedule 157 is granted. Plaintiff's response to the motion for summary judgment 146 is due on October 28, 2021; Defendant's response due November 22, 2021; Defendant's expert disclosure is due by October 25, 2021. The status hearing set for 10/19/21 is reset to 11/18/21 at 9:00 a.m., the dial in number remains the same. (ca, ) (Entered: 10/13/2021) |

| | | |
|---|---|---|
| 10/28/2021 | [160](#) | MOTION by Plaintiff George Moore for extension of time to file response/reply as to motion for summary judgment [146](#) , MOTION by Plaintiff George Moore for leave to file excess pages , *Unopposed Motion* (Sostrin, Timothy) (Entered: 10/28/2021) |
| 10/29/2021 | [161](#) | MINUTE entry before the Honorable John Z. Lee: Plaintiff's unopposed motion for extension of time and leave to file excess pages [160](#) is granted. Plaintiff to file a response to Defendant Club Exploria, LLC's motion for summary judgment [146](#) by 11/1/2021. Plaintiff is given up to 20 pages in his memorandum of law. Mailed notice. (ym, ) (Entered: 10/29/2021) |
| 11/01/2021 | [162](#) | MEMORANDUM by George Moore in Opposition to motion for summary judgment [146](#) *(Public, Redacted)* (Sostrin, Timothy) (Entered: 11/01/2021) |
| 11/01/2021 | [163](#) | RULE 56 Response to Defendants 56.1 Statement and Plaintiff's Additional 56.1 Statement Statement by George Moore regarding motion for summary judgment [146](#) ,*Redacted Public Filing,* (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2-6, # [3](#) Exhibit 7, # [4](#) Exhibit 8-17, # [5](#) Exhibit 18, # [6](#) Exhibit 19, # [7](#) Exhibit 20, # [8](#) Exhibit 21-37, # [9](#) Exhibit 39-60, # [10](#) Exhibit 61-86)(Sostrin, Timothy) (Entered: 11/01/2021) |
| 11/01/2021 | [164](#) | SEALED RESPONSE by George Moore to MOTION by Defendant Club Exploria, LLC for summary judgment [146](#) (Sostrin, Timothy) (Entered: 11/01/2021) |
| 11/01/2021 | [165](#) | SEALED RESPONSE by George Moore to Rule 56 statement,, [148](#) *and Additional 56.1 Statement of Facts* (Attachments: # [1](#) Exhibit 1-18, # [2](#) Exhibit 19-55, # [3](#) Exhibit 56-86)(Sostrin, Timothy) (Entered: 11/01/2021) |
| 11/01/2021 | [166](#) | MOTION by Plaintiff George Moore for leave to file *Under Seal Plaintiff's Response to Motion for Summary Judgment and Statement of Material Facts* (Sostrin, Timothy) (Entered: 11/01/2021) |
| 11/02/2021 | [167](#) | DIGITAL EXHIBITS submitted by George Moore regarding [163](#) <br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit.(lxk, ) (Entered: 11/02/2021) |
| 11/04/2021 | [169](#) | MINUTE entry before the Honorable John Z. Lee:Plaintiff's motion for leave to file under seal response to motion for summary judgment and statement of material facts [166](#) , is granted.Mailed notice (air, ) (Entered: 11/04/2021) |
| 11/18/2021 | [170](#) | MINUTE entry before the Honorable John Z. Lee: Status hearing held on 11/18/21. The parties are directed to file by 1/22/22 a joint status report updating the Court on discovery and proposing a briefing schedule on motions for class certification. (ca, ) (Entered: 11/19/2021) |
| 11/19/2021 | [171](#) | MOTION by Defendant Club Exploria, LLC for extension of time *to file Reply in support of its Motion for Summary Judgment and*, MOTION by Defendant Club Exploria, LLC for leave to file excess pages (Devore, Charles) (Entered: 11/19/2021) |
| 11/22/2021 | [172](#) | MINUTE entry before the Honorable John Z. Lee:Motion for extension of time to file their reply by November 24, 2021 [171](#) is granted. Motion for leave to file |

| | | excess pages 171 is granted. (ca, ) (Entered: 11/22/2021) |
|---|---|---|
| 11/24/2021 | 173 | REPLY by Defendant Club Exploria, LLC to motion for summary judgment 146 *[Reply in Support of Motion for Summary Judgment]* (Devore, Charles) (Entered: 11/24/2021) |
| 11/24/2021 | 174 | RESPONSE by Defendant Club Exploria, LLC to Rule 56 statement, 163 *[Response to Plaintiff's Response to Club Exploria's Statement of Material Facts and Statement of Additional Material Facts]* (Devore, Charles) (Entered: 11/24/2021) |
| 11/24/2021 | 175 | MOTION by Defendant Club Exploria, LLC to seal *[Unopposed Motion for Leave to File Under Seal]* (Attachments: # 1 Exhibit A)(Devore, Charles) (Entered: 11/24/2021) |
| 11/24/2021 | 176 | SEALED DOCUMENT by Defendant Club Exploria, LLC *[Sealed Response to Plaintiff's Response to Club Exploria's Statement of Material Facts and Statement of Additional Material Facts]* (Devore, Charles) (Entered: 11/24/2021) |
| 01/13/2022 | 177 | STATUS Report *Joint Status Report* by Club Exploria, LLC (Devore, Charles) (Entered: 01/13/2022) |
| 01/18/2022 | 178 | MINUTE entry before the Honorable Sunil R. Harjani: In light of the completion of fact and expert discovery, all matters relating to the referral having been concluded, the referral is closed. Mailed notice (lxs, ) (Entered: 01/18/2022) |
| 01/20/2022 | 179 | MINUTE entry before the Honorable John Z. Lee:Status hearing set for 1/26/22 at 9:15 a.m. The call-in number is 888-273-3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with instructions on how to join the call. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge-info.aspx?4Qf5zc8loCI5U7rfMP9DHw==. (ca, ) (Entered: 01/20/2022) |
| 01/21/2022 | 180 | STATUS Report *Joint Status Report* by George Moore (Sostrin, Timothy) (Entered: 01/21/2022) |
| 01/25/2022 | 181 | MINUTE entry before the Honorable John Z. Lee:The Court has reviewed the status report. The Court enters the following schedule. Plaintiff's motion for class certification and accompanying memorandum is due on 2/11/22; Defendant's response is due on 3/2/22; Plaintiff's reply is due on 3/25/22. The motion for class certification and motion for summary judgment are taken under advisement. The status hearing set for 1/26/22 is stricken. (ca, ) (Entered: 01/25/2022) |
| 02/04/2022 | 182 | STATUS Report *[Joint Status Report]* by Club Exploria, LLC (Devore, Charles) (Entered: 02/04/2022) |
| 02/04/2022 | 183 | MOTION by Defendant Club Exploria, LLC Joint Motion to Modify Scheduling Order (Devore, Charles) (Entered: 02/04/2022) |

| 02/04/2022 | 184 | NOTICE of Motion by Charles Allan Devore for presentment of motion for miscellaneous relief 183 before Honorable John Z. Lee on 2/10/2022 at 09:00 AM. (Devore, Charles) (Entered: 02/04/2022) |
|---|---|---|
| 02/09/2022 | 185 | MINUTE entry before the Honorable John Z. Lee:Motion to modify the scheduling order 183 is granted. Plaintiff's motion for Class Certification shall be due on February 25, 2022; Club Exploria's Response due on March 16, 2022; and Plaintiff's reply due on April 8, 2022. No appearance is required on the motion. (ca, ) (Entered: 02/09/2022) |
| 02/25/2022 | 186 | MOTION by Plaintiff George Moore to certify class *Plaintiff's Motion for Class Certification (Redacted)* (Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 3., # 4 Exhibit 4., # 5 Exhibit 5., # 6 Exhibit 6., # 7 Exhibit 7., # 8 Exhibit 8., # 9 Exhibit 9., # 10 Exhibit 10., # 11 Exhibit 11., # 12 Exhibit 12., # 13 Exhibit 13., # 14 Exhibit 14, # 15 Exhibit 15., # 16 Exhibit 16., # 17 Exhibit 17., # 18 Exhibit 18., # 19 Exhibit 19, # 20 Exhibit 20., # 21 Exhibit 21., # 22 Exhibit 22., # 23 Exhibit 23., # 24 Exhibit 24., # 25 Exhibit 25., # 26 Exhibit 26.)(Sostrin, Timothy) (Entered: 02/25/2022) |
| 02/25/2022 | 187 | MOTION by Plaintiff George Moore for leave to file *Plaintiff's Motion for Leave to File Under Seal Plaintiff's Motion for Class Certification* (Sostrin, Timothy) (Entered: 02/25/2022) |
| 02/25/2022 | 188 | SEALED MOTION by Plaintiff George Moore *Plaintiff's Motion for Class Certification (Unredacted)* (Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 3., # 4 Exhibit 4., # 5 Exhibit 5., # 6 Exhibit 6., # 7 Exhibit 7., # 8 Exhibit 8., # 9 Exhibit 9., # 10 Exhibit 10., # 11 Exhibit 11., # 12 Exhibit 12., # 13 Exhibit 13., # 14 Exhibit 14., # 15 Exhibit 16., # 16 Exhibit 16., # 17 Exhibit 18., # 18 Exhibit 19, # 19 Exhibit 20.)(Sostrin, Timothy) (Entered: 02/25/2022) |
| 03/03/2022 | 189 | MINUTE entry before the Honorable John Z. Lee:Motion for leave to file under seal Plaintiff's Motion for Class Certification 187 is granted. (ca, ) (Entered: 03/03/2022) |
| 03/15/2022 | 190 | MOTION by Defendant Club Exploria, LLC for leave to file excess pages (Devore, Charles) (Entered: 03/15/2022) |
| 03/16/2022 | 191 | MINUTE entry before the Honorable John Z. Lee:Motion for leave to file excess pages 190 is granted. (ca, ) (Entered: 03/16/2022) |
| 03/16/2022 | 192 | MOTION by Defendant Club Exploria, LLC to seal *(Defendant's Motion for Leave to File Under Seal)* (Attachments: # 1 Exhibit A)(Devore, Charles) (Entered: 03/16/2022) |
| 03/16/2022 | 193 | RESPONSE by Club Exploria, LLCin Opposition to MOTION by Plaintiff George Moore to certify class *Plaintiff's Motion for Class Certification (Redacted)* 186 (Attachments: # 1 Index of Exhibit, # 2 Exhibit A, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M, # 13 Exhibit N, # 14 Exhibit O, # 15 Exhibit P, # 16 Exhibit Q, # 17 Exhibit R, # 18 Exhibit S, # 19 Exhibit T, # 20 Exhibit U, # 21 Exhibit V, # 22 Exhibit W, # 23 Exhibit X, # 24 Exhibit Y, # 25 Exhibit Z, # 26 Exhibit AA, # 27 Exhibit BB, # 28 Exhibit CC, # 29 Exhibit DD, # 30 Exhibit EE, # 31 Exhibit FF, # 32 Exhibit HH, # 33 Exhibit II)(Devore, Charles) (Entered: 03/16/2022) |

| 03/16/2022 | 194 | EXHIBIT by Defendant Club Exploria, LLC *(Exhibit B)* regarding response in opposition to motion,,, 193 (Attachments: # 1 Exhibit C, # 2 Exhibit GG)(Devore, Charles) (Entered: 03/16/2022) |
|---|---|---|
| 03/16/2022 | 195 | SEALED RESPONSE *(Defendant's Opposition to Plaintiff's Motion for Class Certification 186 )* (Attachments: # 1 Exhibit E, # 2 Exhibit F, # 3 Exhibit G, # 4 Exhibit H, # 5 Exhibit I, # 6 Exhibit L, # 7 Exhibit M, # 8 Exhibit N, # 9 Exhibit O, # 10 Exhibit P, # 11 Exhibit Q, # 12 Exhibit R, # 13 Exhibit S, # 14 Exhibit T, # 15 Exhibit U, # 16 Exhibit V, # 17 Exhibit Y, # 18 Exhibit Z, # 19 Exhibit AA, # 20 Exhibit BB, # 21 Exhibit CC, # 22 Exhibit DD, # 23 Exhibit EE, # 24 Exhibit II) (Devore, Charles) (Entered: 03/16/2022) |
| 03/18/2022 | 196 | DIGITAL EXHIBITS submitted by Club Exploria, LLC regarding 193<br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (sxh, ) (Entered: 03/18/2022) |
| 04/06/2022 | 198 | MINUTE entry before the Honorable John Z. Lee:Motion for leave to file under seal 192 is granted, (ca, ) (Entered: 04/06/2022) |
| 04/06/2022 | 199 | MOTION by Plaintiff George Moore for extension of time *(Agreed Motion)*, MOTION by Plaintiff George Moore for leave to file excess pages *(Agreed Motion)* (Sostrin, Timothy) (Entered: 04/06/2022) |
| 04/07/2022 | 200 | MINUTE entry before the Honorable John Z. Lee:Motion for extension of time to file reply in support and to file excess pages 199 is granted.Plaintiff's reply memorandum in support of his motion for class certification is due by 4/18/22; the request to file five excess pages is granted. (ca, ) (Entered: 04/07/2022) |
| 04/18/2022 | 201 | REPLY by Plaintiff George Moore to motion to certify class,, 186 (Attachments: # 1 Exhibit 27, # 2 Exhibit 28, # 3 Exhibit 29, # 4 Exhibit 30, # 5 Exhibit 31, # 6 Exhibit 32, # 7 Exhibit 33, # 8 Exhibit 34, # 9 Declaration of George Moore) (Sostrin, Timothy) (Entered: 04/18/2022) |
| 04/18/2022 | 202 | MOTION by Plaintiff George Moore to seal *(unopposed)* (Sostrin, Timothy) (Entered: 04/18/2022) |
| 04/18/2022 | 203 | SEALED REPLY by George Moore to MOTION by Plaintiff George Moore to certify class *Plaintiff's Motion for Class Certification (Redacted)* 186 (Attachments: # 1 Exhibit 27, # 2 Exhibit 28, # 3 Exhibit 29, # 4 Exhibit 30, # 5 Exhibit 31, # 6 Exhibit 32, # 7 Exhibit 33, # 8 Exhibit 34)(Sostrin, Timothy) (Entered: 04/18/2022) |
| 04/21/2022 | 204 | MINUTE entry before the Honorable John Z. Lee:Motion for leave to file under seal the reply in support of the motion for class certification. 202 is granted. (ca, ) (Entered: 04/21/2022) |

| | | |
|---|---|---|
| 09/08/2022 | 205 | MINUTE entry before the Honorable John Z. Lee: In light of the forthcoming reassignment of this case to another district judge, the Court strikes without prejudice 146 188 in order to provide the receiving judge with time to become familiar with the case. Any movant whose pending motion is stricken under this order is granted leave to refile the motion twenty-eight (28) days after reassignment of the case or as specified by the receiving judge. (ca, ) (Entered: 09/08/2022) |
| 09/08/2022 | 206 | EXECUTIVE COMMITTEE ORDER: The Honorable John Z. Lee having been confirmed for a seat on the Court of Appeals for the Seventh Circuit, It is hereby ordered that the cases on the attached list are to be reassigned to the other judges of this Court as indicated, pursuant to Local Rule 40.1(f). Case reassigned to the Honorable Gary Feinerman for all further proceedings. Honorable John Z. Lee no longer assigned to the case. Signed by Honorable Rebecca R. Pallmeyer on 9/08/2022.(tg, ) (Entered: 09/09/2022) |
| 09/13/2022 | 207 | MINUTE entry before the Honorable Gary Feinerman:This case has been reassigned to Judge Feinerman. Status hearing set for 10/7/2022 at 9:30 a.m. By 9/30/2022, the parties shall file a joint status report using the form on Judge Feinerman's web page on this District's website. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) Modified on 9/15/2022 (jlj, ). (Entered: 09/13/2022) |
| 09/30/2022 | 208 | STATUS Report *Joint Status Report Upon Reassignment* by George Moore (Attachments: # 1 Appendix)(Sostrin, Timothy) (Entered: 09/30/2022) |
| 09/30/2022 | 209 | RESPONSE by Defendant Club Exploria, LLC *[Defendant's Opposition to Plaintiff's Motion for Class Certification]* (Attachments: # 1 Index of Exhibits) (Devore, Charles) (Entered: 09/30/2022) |
| 09/30/2022 | 210 | SEALED RESPONSE by Club Exploria, LLC to Response 209 (Attachments: # 1 Exhibit AA, # 2 Exhibit BB, # 3 Exhibit CC, # 4 Exhibit DD, # 5 Exhibit EE, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit II, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit Y, # 24 Exhibit Z)(Devore, Charles) (Entered: 09/30/2022) |
| 10/03/2022 | 211 | MINUTE entry before the Honorable Gary Feinerman: Defendant shall re-file its summary judgment motion 146 as a separate docket entry, and Plaintiff shall re-file his class certification motion 188 as a separate docket entry. There is no need to re-file any other paper previously filed in connection with those motions. The status hearing set for 10/7/2022 207 is stricken. Motion hearing set for 10/12/2022 at 10:15 a.m. The court will have questions on the pending summary judgment and class certification motions at the motion hearing. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute |

| | | |
|---|---|---|
| | | when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 10/03/2022) |
| 10/04/2022 | 212 | MOTION by Defendant Club Exploria, LLC for summary judgment (Devore, Charles) (Entered: 10/04/2022) |
| 10/05/2022 | 213 | SEALED MOTION by Plaintiff George Moore *Plaintiff's Motion for Class Certification* (Attachments: # 1 Exhibit 1., # 2 Exhibit 2., # 3 Exhibit 3., # 4 Exhibit 4., # 5 Exhibit 5., # 6 Exhibit 6., # 7 Exhibit 7., # 8 Exhibit 8., # 9 Exhibit 9., # 10 Exhibit 10., # 11 Exhibit 11., # 12 Exhibit 12., # 13 Exhibit 13., # 14 Exhibit 14., # 15 Exhibit 15., # 16 Exhibit 16., # 17 Exhibit 17., # 18 Exhibit 18., # 19 Exhibit 19., # 20 Exhibit 20., # 21 Exhibit 21., # 22 Exhibit 22., # 23 Exhibit 23., # 24 Exhibit 24., # 25 Exhibit 25., # 26 Exhibit 26.)(Sostrin, Timothy) (Entered: 10/05/2022) |
| 10/06/2022 | 214 | DIGITAL EXHIBIT submitted by Club Exploria, LLC regarding 210 , 209 <br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (rp, ) (Entered: 10/06/2022) |
| 10/12/2022 | 216 | MINUTE entry before the Honorable Gary Feinerman:Status hearing set for 12/7/2022 at 9:00 a.m. Motion hearing held. Defendant's motion for summary judgment 212 and Plaintiff's motion for class certification 213 are taken under advisement. Attorneys/Parties should appear for the 12/7/2022 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 10/13/2022) |
| 12/01/2022 | 217 | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 12/7/2022 216 is re-set for 1/24/2023 at 9:00 a.m. Attorneys/Parties should appear for the 1/24/2023 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry of future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 12/01/2022) |

| | | |
|---|---|---|
| 12/28/2022 | 218 | ORDER OF THE EXECUTIVE COMMITTEE. The Honorable Gary S. Feinerman will resign his Commission as a United States District Judge effective December 31, 2022. IT IS HEREBY ORDERED That the civil cases on the attached list are to be reassigned to the other judges of this Court as indicated, pursuant to Local Rule 40.1(f). IT IS ALSO ORDERED That any civil case that was assigned to the Honorable Gary S. Feinerman and may require further judicial action in the future, shall be reassigned by lot to a judge of this Court Case reassigned to the Honorable Harry D. Leinenweber for all further proceedings. Honorable Gary Feinerman no longer assigned to the case. Signed by Executive Committee on 12/28/22.(gcy, ) (Entered: 12/28/2022) |
| 12/29/2022 | 219 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/30/2022) |
| 01/10/2023 | 220 | MINUTE entry before the Honorable Harry D. Leinenweber: Status conference before Judge Feinerman is hereby vacated. Telephone Conference set for 2/9/23 at 9:00 a.m. Dial: 888-684-8852 or 215-446-0155, access code: 9582710#. Joint status report shall be filed by 2/1/23. Mailed notice (maf) (Entered: 01/10/2023) |
| 02/01/2023 | 221 | STATUS Report *(Joint)* by George Moore (Sostrin, Timothy) (Entered: 02/01/2023) |
| 02/09/2023 | 222 | MINUTE entry before the Honorable Harry D. Leinenweber:Telephonic status hearing held. The parties will e-file and provide the Court with a transcript of the previous oral argument. The Court will rule by mail regarding the pending matters. Mailed notice(maf) (Entered: 02/09/2023) |
| 02/13/2023 | 223 | Transcript of the October 12, 2022, Hearing before Judge Feinerman Pursuant to ECF No. 222 by George Moore (Sostrin, Timothy) (Entered: 02/13/2023) |
| 08/17/2023 | 224 | MINUTE entry before the Honorable Harry D. Leinenweber: For the reasons stated in the Court's 8/17/23, memorandum opinion and order, For the reasons stated herein, Defendant's Motion for Summary Judgment [Dkt. No. 112] is denied. The Court grants the Motion for Class Certification [Dkt. No. 113] and certifies a class as follows: All persons in the United States subscribing to a cellular telephone number that received a prerecorded soundboard call promoting Club Exploria's Summer Bay Resort between March 1, 2018, and August 15, 2019, where the soundboard operator initiated a transfer of the call to Club Exploria. Telephone Conference set for 9/6/23 at 9:00 a.m. Joint status report shall be filed by 8/30/23. Dial: 888-684-8852 or 215-446-0155, access code: 9582710#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court |

| | | |
|---|---|---|
| | | issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (maf) (Entered: 08/17/2023) |
| 08/17/2023 | 225 | MEMORANDUM Opinion and Order: Signed by the Honorable Harry D. Leinenweber on 8/17/2023: Mailed notice(maf) (Entered: 08/17/2023) |
| 08/30/2023 | 226 | MOTION by Defendant Club Exploria, LLC for extension of time *(Unopposed Motion for Extension of Time to File Joint Status Report and Hold Status Conference)*<br><br>(Devore, Charles) (Entered: 08/30/2023) |
| 08/31/2023 | 227 | MINUTE entry before the Honorable Harry D. Leinenweber: Joint motion for extension of time 226 is granted. Telephone Conference set for 9/6/23 is re-set to 10/5/23 at 9:15 a.m. Joint status report shall be filed by 9/26/23. Dial: 888-684-8852 or 215-446-0155, access code: 9582710#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (maf) (Entered: 08/31/2023) |
| 09/08/2023 | 228 | ATTORNEY Appearance for Defendant Club Exploria, LLC by Peter A. Silverman (Silverman, Peter) (Entered: 09/08/2023) |
| 09/08/2023 | 229 | MOTION by Defendant Club Exploria, LLC to substitute attorney<br><br>(Silverman, Peter) (Entered: 09/08/2023) |
| 09/11/2023 | 230 | ATTORNEY Appearance for Defendant Club Exploria, LLC by Alexander Alberto Pabon (Pabon, Alexander) (Entered: 09/11/2023) |
| 09/19/2023 | 231 | MINUTE entry before the Honorable Harry D. Leinenweber: Motion to substitute attorney 229 is granted. WHEREFORE, Defendant Club Exploria, LLC, respectfully requests that this Court accept the appearance of Peter A. Silverman and Alexander A. Pabon of Smith, Gambrell & Russell, LLP as counsel for Exploria, accept the withdrawal of Ms. Carrie Melissa Stickel and Mr. Charles Allan Devore as counsel for Exploria and provide such other relief deemed appropriate. Mailed notice(maf) (Entered: 09/19/2023) |
| 09/19/2023 | 232 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21107216.<br><br>(Guidry, Tori) (Entered: 09/19/2023) |
| 09/19/2023 | 233 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21107297.<br><br>(Amin, Puja) (Entered: 09/19/2023) |
| 09/19/2023 | 234 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21107649.<br><br>(Troutman, Eric) (Entered: 09/19/2023) |
| 09/20/2023 | 235 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21116033. |

| | | (Andres, Brittany) (Entered: 09/20/2023) |
|---|---|---|
| 09/20/2023 | 236 | ORDER: Pro hac vice motions are granted 232 , 233 , 234 . Signed by the Honorable Harry D. Leinenweber on 9/20/2023. Mailed notice (jh, ) (Entered: 09/22/2023) |
| 09/26/2023 | 237 | ORDER: Pro hac vice motions are granted 235 . Signed by the Honorable Harry D. Leinenweber on 9/26/2023. Mailed notice (jh, ) (Entered: 09/26/2023) |
| 09/26/2023 | 238 | STATUS Report *Joint Status Report* by George Moore<br><br>(Sostrin, Timothy) (Entered: 09/26/2023) |
| 09/27/2023 | 239 | MOTION by Defendant Club Exploria, LLC to dismiss for lack of jurisdiction *DEFENDANT'S 12(B)(1) MOTION TO DISMISS*<br><br>(Silverman, Peter) (Entered: 09/27/2023) |
| 09/27/2023 | 240 | MEMORANDUM by Club Exploria, LLC in support of motion to dismiss/lack of jurisdiction 239 *MEMORANDUM IN SUPPORT OF DEFENDANT CLUB EXPLORIA, LLC'S MOTION TO DISMISS* (Silverman, Peter) (Entered: 09/27/2023) |
| 09/27/2023 | 241 | MOTION by Defendant Club Exploria, LLC for leave to file *DEFENDANT CLUB EXPLORIA, LLC'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES*<br><br>(Silverman, Peter) (Entered: 09/27/2023) |
| 09/27/2023 | 242 | MOTION by Defendant Club Exploria, LLC to amend/correct *DEFENDANT CLUB EXPLORIA, LLC'S MOTION TO AMEND THE COURT'S AUGUST 17, 2023 ORDER*<br><br>(Silverman, Peter) (Entered: 09/27/2023) |
| 09/27/2023 | 243 | MOTION by Defendant Club Exploria, LLC for discovery *DEFENDANT CLUB EXPLORIA, LLC'S MOTION TO REOPEN DISCOVERY, OR, IN THE ALTERNATIVE, TO QUASH PLAINTIFF'S SUBPOENAS*<br><br>(Silverman, Peter) (Entered: 09/27/2023) |
| 09/28/2023 | 244 | MOTION by Defendant Club Exploria, LLC for leave to file *DEFENDANT CLUB EXPLORIA, LLC'S CORRECTED MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES*<br><br>(Silverman, Peter) (Entered: 09/28/2023) |
| 09/29/2023 | 245 | REQUEST for Clerk of Court to refund filing fee in the amount of $450.00, receipt no. (1) AILNDC-21115769, (2) AILNDC-21107565, and (3) AILNDC-21107485, (Andres, Brittany) (Entered: 09/29/2023) |
| 10/05/2023 | 246 | MINUTE entry before the Honorable Harry D. Leinenweber:Motions for leave to file [241, 244 ] are granted. Telephone Conference set for 10/5/23 is re-set to 10/19/23 at 9:15 a.m. Motions [239, 242, 243] will be heard at that time. Dial: 888-684-8852 or 215-446-0155, access code: 9582710#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, |

| | | |
|---|---|---|
| | | restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (maf) (maf, ) (Entered: 10/05/2023) |
| 10/06/2023 | 247 | *Amended* ANSWER to amended complaint *and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint* by Club Exploria, LLC(Silverman, Peter) (Entered: 10/06/2023) |
| 10/09/2023 | 248 | MOTION by Defendant Club Exploria, LLC for leave to file *Third Amended Answer And Affirmative Defense* <br><br> (Andres, Brittany) (Entered: 10/09/2023) |
| 10/10/2023 | 249 | RESPONSE by George Moorein Opposition to MOTION by Defendant Club Exploria, LLC for leave to file *Third Amended Answer And Affirmative Defense* <br><br> 248 (Sostrin, Timothy) (Entered: 10/10/2023) |
| 10/13/2023 | 250 | MOTION by Plaintiff George Moore to Approve Class Notice <br><br> (Attachments: # 1 Declaration of Timothy Sostrin, # 2 Exhibit 1 - Long Form Notice, # 3 Exhibit 2 - Summary Notice)(Sostrin, Timothy) (Entered: 10/13/2023) |
| 10/13/2023 | 251 | NOTICE by Club Exploria, LLC *Of Supplemental Authority In Support Of Its Motion To Dismiss 12(b)(1)* (Andres, Brittany) (Entered: 10/13/2023) |
| 10/17/2023 | 252 | RESPONSE by George Moorein Opposition to MOTION by Defendant Club Exploria, LLC to amend/correct *DEFENDANT CLUB EXPLORIA, LLC'S MOTION TO AMEND THE COURT'S AUGUST 17, 2023 ORDER* <br><br> 242 *Plaintiff's Response in Opposition to Defendant's Motion to Amend the Court's August 17, 2023 Order* (Sostrin, Timothy) (Entered: 10/17/2023) |
| 10/17/2023 | 253 | RESPONSE by George Moorein Opposition to MOTION by Defendant Club Exploria, LLC to dismiss for lack of jurisdiction *DEFENDANT'S 12(B)(1) MOTION TO DISMISS* <br><br> 239 *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss* (Sostrin, Timothy) (Entered: 10/17/2023) |
| 10/17/2023 | 254 | RESPONSE by George Moorein Opposition to MOTION by Defendant Club Exploria, LLC for discovery *DEFENDANT CLUB EXPLORIA, LLC'S MOTION TO REOPEN DISCOVERY, OR, IN THE ALTERNATIVE, TO QUASH PLAINTIFF'S SUBPOENAS* <br><br> 243 *Plaintiff's Response in Opposition to Defendant's Motion for Leave to Reopen Discovery* (Sostrin, Timothy) (Entered: 10/17/2023) |
| 10/19/2023 | 255 | MINUTE entry before the Honorable Harry D. Leinenweber: Telephonic conference and ruling on motion hearing held. For reasons stated on the record, the Court: denies Motion to Reopen Discovery 243 ; denies Motion to Amend 242 ; denies Motion to for Leave to File Third Amended Answer to Add Arbitration Defense 248 ; and issued Defendant two weeks to respond to Motion for Class Notification 250 (response due 11/2/23; reply due 11/9/23) and to reply to Motion to Dismiss for Lack of Jurisdiction 239 (reply due 11/2/23). Telephone conference/ruling is set for 11/30/23 at 9:30 a.m. Dial: 888-684-8852 or 215-446-0155, access code: 9582710#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and |

| | | |
|---|---|---|
| | | rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (maf) (Entered: 10/19/2023) |
| 10/20/2023 | 256 | ANSWER to amended complaint *DEFENDANT CLUB EXPLORIA'S CORRECTED AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT* by Club Exploria, LLC(Silverman, Peter) (Entered: 10/20/2023) |
| 10/27/2023 | 257 | Motion For Leave by Club Exploria, LLC *To Withdraw Without Prejudice It's Motion To Dismiss 12(b)(1)* (Andres, Brittany) (Entered: 10/27/2023) |
| 10/30/2023 | 258 | RESPONSE by George Moorein Opposition to MOTION by Defendant Club Exploria, LLC to dismiss for lack of jurisdiction *DEFENDANT'S 12(B)(1) MOTION TO DISMISS*<br><br>239 *Plaintiff's Response in Opposition to Defendant's Motion for Leave to Withdraw its Motion to Dismiss* (Sostrin, Timothy) (Entered: 10/30/2023) |
| 11/02/2023 | 259 | RESPONSE by Club Exploria, LLC to MOTION by Plaintiff George Moore to Approve Class Notice<br><br>250 (Attachments: # 1 Exhibit Long Form Notice, # 2 Exhibit Short Form Notice) (Andres, Brittany) (Entered: 11/02/2023) |
| 11/07/2023 | 260 | REPLY by Plaintiff George Moore to motion for miscellaneous relief 250 *Plaintiff's Reply in Support of Motion to Approve Class Notice* (Sostrin, Timothy) (Entered: 11/07/2023) |
| 11/15/2023 | 261 | RESPONSE by Club Exploria, LLCin Opposition to MOTION by Plaintiff George Moore to Approve Class Notice<br><br>250 (Andres, Brittany) (Entered: 11/15/2023) |
| 11/16/2023 | 262 | NOTICE of appeal by Club Exploria, LLC regarding orders 255 Filing fee $ 505, receipt number AILNDC-21340750. Receipt number: n (Andres, Brittany) (Entered: 11/16/2023) |
| 11/17/2023 | 263 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 262 . (jh, ) (Entered: 11/17/2023) |
| 11/17/2023 | 264 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 262 . Notified counsel. (jh, ) (Entered: 11/17/2023) |
| 11/17/2023 | 265 | MOTION by Plaintiff George Moore to Certify Appeal as Frivolous<br><br>(Sostrin, Timothy) (Entered: 11/17/2023) |
| 11/17/2023 | 266 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for miscellaneous relief 265 before Honorable Harry D. Leinenweber on 11/21/2023 at 09:30 AM. (Sostrin, Timothy) (Entered: 11/17/2023) |
| 11/17/2023 | 267 | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 262 ; USCA Case No. 23-3215. (jh, ) (Entered: 11/17/2023) |
| 11/17/2023 | 268 | MINUTE entry before the Honorable Harry D. Leinenweber: MOTION by Plaintiff George Moore to Certify Appeal as Frivolous 265 noticed for 11/21/23 at 9:30 a.m. will be heard via Telephone Conference set for 11/21/23 at 9:15 a.m. Dial: 888-684-8852 or 215-446-0155, access code: 9582710#. Persons granted |

| | | |
|---|---|---|
| | | remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice(maf) (Entered: 11/17/2023) |
| 11/20/2023 | 269 | RESPONSE by Club Exploria, LLCin Opposition to MOTION by Plaintiff George Moore to Certify Appeal as Frivolous<br><br>265 (Troutman, Eric) (Entered: 11/20/2023) |
| 11/20/2023 | 270 | REPLY by George Moore to response in opposition to motion 261 *Reply to "further opposition" to motion to approve class notice* (Sostrin, Timothy) (Entered: 11/20/2023) |
| 11/21/2023 | 271 | MINUTE entry before the Honorable Harry D. Leinenweber: Telephonic ruling on motion hearing held. MOTION by Plaintiff George Moore to Certify Appeal as Frivolous 265 is granted. Telephone Conference set for 11/30/23 at 9:30 a.m. to stand. Dial: 888-684-8852 or 215-446-0155, access code: 9582710#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice(maf) (Entered: 11/21/2023) |
| 11/30/2023 | 275 | MINUTE entry before the Honorable Harry D. Leinenweber: Telephonic conference held. The Court grants Defendant's request to compel supplemental discovery 257 but otherwise continues Defendant's Motion to Dismiss 239 . Defendant's reply to Plaintiff's Response 258 is due 12/7/23. Telephone Conference set for 12/19/23, stated on the record, is re-set to 1/30/24 at 9:15 a.m. Dial: 888-684-8852 or 215-446-0155, access code: 9582710#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Plaintiff's motion to approve class notice 250 is entered and continued to 1/30/24 at 9:15 a.m. The parties will confer as to the form of the notice Mailed notice (maf) (Entered: 12/19/2023) |
| 12/07/2023 | 🔒 272 | TRANSCRIPT OF PROCEEDINGS held on 10/19/2023 before the Honorable Harry D. Leinenweber. Order Number: 47432. Court Reporter Contact Information: Judith A. Walsh, CSR, RDR, F/CRR, judith_walsh@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction by placing an order at www.ilnd.uscourts.gov. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 12/28/2023. Redacted Transcript Deadline set for 1/8/2024. Release of Transcript Restriction set for 3/6/2024. (Walsh, Judy) (Entered: |

| | | 12/07/2023) |
|---|---|---|
| 12/07/2023 | 273 | REPLY by Defendant Club Exploria, LLC *DEFENDANT CLUB EXPLORIA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS 12(b)(1)* (Troutman, Eric) (Entered: 12/07/2023) |
| 12/07/2023 | 274 | DECLARATION of Eric J. Troutman regarding reply 273 *DECLARATION OF ERIC J. TROUTMAN IN SUPPORT OF DEFENDANT CLUB EXPLORIA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS 12(b)(1)* (Troutman, Eric) (Entered: 12/07/2023) |
| 12/20/2023 | 276 | MINUTE entry before the Honorable Harry D. Leinenweber:For the reasons stated in the Court's 12/20/23 memorandum opinion and order, Defendant's Motion to Dismiss (Dkt. No. 239) is denied. The Court grants the Motion to Approve Class Notice (Dkt. No. 250). Telephone Conference set for 1/30/24 at 9:15 a.m. to stand. Dial: 8886848852 or 2154460155, access code: 9582710#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice(maf) (Entered: 12/20/2023) |
| 12/20/2023 | 277 | MEMORANDUM Opinion and Order: For the reasons stated herein, Defendant's Motion to Dismiss (Dkt. No. 239) is denied. The Court grants the Motion to Approve Class Notice (Dkt. No. 250). Signed by the Honorable Harry D. Leinenweber on 12/20/2023: Mailed notice (maf) (Entered: 12/20/2023) |
| 12/22/2023 | 278 | MOTION by Plaintiff George Moore to order Verizon's Production of Subscriber Information

(Attachments: # 1 Declaration of Tami Ware, # 2 Text of Proposed Order)(Sostrin, Timothy) (Entered: 12/22/2023) |
| 12/28/2023 | 279 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |
| 01/02/2024 | 280 | MINUTE entry before the Honorable Harry D. Leinenweber:MOTION by Plaintiff George Moore to order Verizon's Production of Subscriber Information 278 will be heard via telephone conference set for 1/4/24 at 9:00 a.m. Dial: 888-684-8852 or 215-446-0155, access code: 9582710#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, |

| | | |
|---|---|---|
| | | restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (maf) (Entered: 01/02/2024) |
| 01/04/2024 | 281 | MINUTE entry before the Honorable Harry D. Leinenweber: Telephonic ruling on motion hearing held. MOTION by Plaintiff to order Verizon's Production of Subscriber Information is granted 278 . Telephone Conference set for 1/30/24 is vacated. Telephonic conference is set for 2/13/24 at 9:00 a.m. Dial: 888-684-8852 or 215-446-0155, access code: 9582710#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (maf) (Entered: 01/08/2024) |
| 02/09/2024 | 282 | Statement by Club Exploria, LLC *Report on Status of Obtaining Class Member Information from Wireless Carriers* (Andres, Brittany) (Entered: 02/09/2024) |
| 02/13/2024 | 🔒 283 | TRANSCRIPT OF PROCEEDINGS held on 11/30/23 before the Honorable Harry D. Leinenweber. Order Number: 47457. Court Reporter Contact Information: Patrick Mullen, (312) 435-5565, patrick_mullen@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 3/5/2024. Redacted Transcript Deadline set for 3/15/2024. Release of Transcript Restriction set for 5/13/2024. (Mullen, Patrick) (Entered: 02/13/2024) |
| 02/13/2024 | 284 | MINUTE entry before the Honorable Harry D. Leinenweber: Telephone Conference held and continued to 4/17/24 at 9:00 a.m. Dial: 888-684-8852 or 215-446-0155, access code: 9582710#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (maf) (Entered: 02/13/2024) |
| 03/07/2024 | 285 | MOTION by Plaintiff George Moore for order *on AT&T's Production of Subscriber Information* (Attachments: # 1 Declaration of Tamica Williamson, # 2 Text of Proposed Order) (Sostrin, Timothy) (Entered: 03/07/2024) |
| 03/07/2024 | 286 | MINUTE entry before the Honorable Harry D. Leinenweber: The Court has reviewed Plaintiff's Motion for Order Directing AT&T To Produce Subscriber Information. The motion is GRANTED 285 . AT&T shall produce the subscriber information requested in Plaintiff's subpoena, including as to subscribers in California. Mailed notice (maf) (Entered: 03/07/2024) |
| 04/11/2024 | 287 | MINUTE entry before the Honorable Harry D. Leinenweber: Telephone Conference set for 4/17/24 is re-set to 5/30/24 at 9:15 a.m. Dial: 888-684-8852 or |

| | | |
|---|---|---|
| | | 215-446-0155, access code: 9582710#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (maf) (Entered: 04/11/2024) |
| 05/17/2024 | 288 | MOTION by Plaintiff George Moore to compel *T-Mobile's Compliance with Subpoena*<br><br>(Attachments: # 1 Exhibit 1 - Subpoena and Objections, # 2 Exhibit 2 - T-Mobile Transparency Report)(Sostrin, Timothy) (Entered: 05/17/2024) |
| 05/17/2024 | 289 | MOTION by Plaintiff George Moore to Approve Supplementation of Notice Plan<br><br>(Attachments: # 1 Declaration of Scott Fenwick)(Sostrin, Timothy) (Entered: 05/17/2024) |
| 05/29/2024 | 290 | RESPONSE by Club Exploria, LLCin Opposition to MOTION by Plaintiff George Moore to Approve Supplementation of Notice Plan<br><br>289 (Attachments: # 1 Supplemental Expert Report of Ken Sponsler)(Andres, Brittany) (Entered: 05/29/2024) |
| 05/29/2024 | 291 | Motion for Decertification by Club Exploria, LLC (Attachments: # 1 Declaration of Brittany Andres in support of Motion for Decertification)(Andres, Brittany) (Entered: 05/29/2024) |
| 05/30/2024 | 296 | MINUTE entry before the Honorable Edmond E. Chang: On review of the Plaintiff's motion 289 to approve supplementation of notice plan, and on review of the defense response, R. 290, and the docket, including R. 293-1, there was no docket entry posted with the results of the 05/30/2024 status hearing, see R. 287 (setting 05/30/2024 telephone hearing). The hearing was indeed held, as demonstrated by the transcript of the hearing, R. 293-1. This entry serves as the summary of the hearing: the previously assigned judge granted the motion 289 to approve supplementation with T-Mobile subscribers. The Court also set a briefing schedule on the defense motion 291 5/30 to decertify, calling for a response by 06/20/2024. No reply deadline was set. Another entry will address the decertification motion, R. 291. Emailed notice (cn). (Entered: 07/01/2024) |
| 06/13/2024 | 292 | EXECUTIVE COMMITTEE ORDER: The following list of civil cases were assigned to the Honorable Harry D. Leinenweber and require further judicial action; therefore It is hereby ordered that the civil cases listed below be reassigned to the judges of this Court as assigned below, pursuant to Local Rule 40.1(f). Case reassigned to the Honorable Edmond E. Chang for all further proceedings. Signed by Executive Committee on 06/13/2024. (jxm, ) (Entered: 06/14/2024) |
| 06/19/2024 | 293 | RESPONSE by Plaintiff George Moore to other 291 *Motion for Decertification* (Attachments: # 1 Exhibit 1 - Hearing Transcript)(Sostrin, Timothy) (Entered: 06/19/2024) |
| 06/28/2024 | 294 | ATTORNEY Appearance for Respondent T-Mobile USA, Inc. by Kelsey Louise Kingsbery (Kingsbery, Kelsey) (Entered: 06/28/2024) |
| 06/28/2024 | 295 | STIPULATION regarding motion to compel 288 *and Proposed Order Resolving the Motion* (Attachments: # 1 Exhibit 1 - Proposed Order)(Sostrin, Timothy) (Entered: 06/28/2024) |

| | | |
|---|---|---|
| 07/01/2024 | 297 | MINUTE entry before the Honorable Edmond E. Chang: On review of the defense motion 291 to decertify and the Plaintiff's response, it does appear that the previously assigned judge in effect denied the decertification motion by granting, on 05/30/2024, the Plaintiff's motion 289 to supplement the notice plan. More importantly, it does not appear that the class definition was being altered in any way, so there is no basis for decertification; only the notice plan was supplemented with the same class definition in place. The defense may file a reply on the decertification motion by 07/08/2024. The parties shall file a joint status report by 07/10/2024 on the status of the case, including the timeline on notice and whether the prior judge set a date for the fairness hearing. ****If not already issued, the class notice should not be issued with a fairness hearing date without first checking with the courtroom deputy of the now-assigned judge.**** To track the case only (no appearance is required, the case will not be called), a tracking status hearing is set for 07/19/2024 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (cn). (Entered: 07/01/2024) |
| 07/01/2024 | 298 | ORDER signed by the Honorable Edmond E. Chang. The Plaintiff's motion 288 to compel response from subpoena respondent T-Mobile is terminated pursuant to the agreement of the Plaintiff and T-Mobile and upon entry of this Order. Emailed notice (cn). (Entered: 07/01/2024) |
| 07/08/2024 | 299 | REPLY by Club Exploria, LLC to Response 293 *in Support of Motion for Decertification* (Andres, Brittany) (Entered: 07/08/2024) |
| 07/10/2024 | 300 | STATUS Report *(Joint)* by George Moore<br><br>(Sostrin, Timothy) (Entered: 07/10/2024) |
| 07/12/2024 | 301 | MINUTE entry before the Honorable Edmond E. Chang: (1.) On review of the motion 291 for decertification, R. 291, the response, R. 293, and the reply, R. 299, the motion is denied. Although the defense labels (in its reply brief) the issue as one of ascertainability, it is not. The identification of additional class members who received the targeted pre-recorded calls (or more precisely, subscribed to the number that received them) is a matter of obtaining more phone records, not a flaw in the class definition. Sometimes the litigation over the propriety of class certification will happen to yield a complete class-membership list; sometimes it will not. There is no identified order on the record in which the previously assigned judge cabined the membership identification to those identified during the certification litigation. So the motion is denied. (2.) On review of the status report, R. 300 , the Court sets a provisional deadline of 08/23/2024 to issue the class notice. But a video status hearing is set for 08/07/2024 at 10 a.m. to ensure that the notice plan is on track. In advance of that video status hearing, the parties shall file a written status report on 08/05/2024, proposing the next steps of the litigation. Mailed notice (ags) (Entered: 07/12/2024) |

| 07/22/2024 | 302 | MINUTE entry before the Honorable Edmond E. Chang: For the 08/07/2024 video status hearing, members of the public and media will be able to call-in to listen to this hearing. The call-in number is (650) 479-3207 and the access code 2313 066 7422##. Counsel of record will receive an email before the start of the video hearing with instructions to join the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (mw, ) (Entered: 07/22/2024) |
|---|---|---|
| 07/29/2024 | 303 | TRANSCRIPT OF PROCEEDINGS held on 5/30/2024 before the Honorable Harry D Leinenweber. Order Number: 48991. Court Reporter Contact Information: TRACEY D. McCULLOUGH, 312-435-5570, tracey_mccullough@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/19/2024. Redacted Transcript Deadline set for 8/29/2024. Release of Transcript Restriction set for 10/28/2024. (Mccullough, Tracey) (Entered: 07/29/2024) |
| 08/05/2024 | 304 | STATUS Report *(joint)* by George Moore<br><br>(Sostrin, Timothy) (Entered: 08/05/2024) |
| 08/07/2024 | 305 | MINUTE entry before the Honorable Edmond E. Chang: Video status hearing held on 08/07/2024. (1.) The Plaintiff reported that around 60 to 70 percent (less than the 74 percent mentioned by the defense in the status report, R. 304) of the class-member addresses have been identified so far based on carrier information only and without the reverse-lookup process, which is ongoing. The Court extended the opt-out period to 45 days after issuance of the notice, which is still set for 08/23/2024, at least for now. The parties shall file a written status report by 08/14/2024 that includes at least the following: (A) a description of the procedures that the administrator is using in the reverse-lookup process; (B) the number of addresses obtained so far; and (C) the percentage of the addresses that are U.S. mail-only, with no email address. (2.) The Plaintiff's summary judgment motion (which will be across-the-board, not on partial issues) is due on 10/07/2024; Defendant's response is due on 11/04/2024; and the Plaintiff's reply is due on 11/25/2024. (3.) The parties shall promptly engage in good-faith settlement discussions. The Plaintiff shall make a written settlement demand by 08/21/2024, explaining in detail the basis for liability, itemizing damages, and making a good-faith demand that takes into account the risks of litigation, the time and expense of litigation. The Defendant shall respond by 09/09/2024, explaining in detail the basis for the offer and the Defendant's financial condition, and also taking into account the risks and costs of litigation. The Plaintiff's written reply is due by 09/16/2024. On 09/16/2024, the Plaintiff shall email the parties' settlement correspondence to the Court's proposed order email box. (4.) Video status hearing set for 08/15/2024 at 12:15 p.m. To avoid potential wasted costs, the Plaintiff shall |

| | | |
|---|---|---|
| | | not cause the printing of any notice until after the 08/15/2024 status hearing. Counsel of record will receive an email before the start of the video hearing with instructions to join the hearing. For the 08/15/2024 video status hearing, members of the public and media will be able to call-in to listen to this hearing. The call-in number is (650) 479-3207 and the access code 23064115117##. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (cn). (Entered: 08/07/2024) |
| 08/14/2024 | 306 | STATUS Report *(joint)* by George Moore <br><br> (Sostrin, Timothy) (Entered: 08/14/2024) |
| 08/15/2024 | 307 | MINUTE entry before the Honorable Edmond E. Chang: On review of the status report, R. 306, the notice plan will result in sufficient coverage of the class and is the best that can be reasonably accomplished at this point. The notice plan may proceed as previously set. The summary judgment briefing and settlement-exchange schedules are set. R. 305. The status hearing of 08/15/2024 is vacated. Instead, the parties shall file as status report by 08/30/2024, confirming that notices have been sent. To track the case only (no appearance is required, the case will not be called), a tracking status hearing is set for 09/06/2024 at 8:30 a.m. Emailed notice (mw, ) (Entered: 08/15/2024) |
| 08/30/2024 | 308 | STATUS Report *(joint)* by George Moore <br><br> (Sostrin, Timothy) (Entered: 08/30/2024) |
| 09/03/2024 | 309 | MINUTE entry before the Honorable Edmond E. Chang: On review of the status report, R. 308, the class notices were sent on 08/23/2024 (the report has a typo as to the year, 2023). The settlement-correspondence exchange and briefing schedules are in place. The tracking status hearing of 09/06/2024 is reset to 09/27/2024 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Instead, the Court will review the settlement correspondence after it is emailed on 09/16/2024. Mailed notice. (jcc,) (Entered: 09/03/2024) |
| 09/09/2024 | 311 | Motion to Remove Docket Entry by Club Exploria, LLC (Troutman, Eric) (Entered: 09/09/2024) |
| 09/10/2024 | 312 | MINUTE entry before the Honorable Edmond E. Chang: On review of the docket, R. 310 and R. 310 -1 are settlement communications. The Clerk's Office shall immediately seal the entirety of R. 310 , including R. 310 -1. Mailed notice. (kp, ) (Entered: 09/10/2024) |
| 09/26/2024 | 313 | MINUTE entry before the Honorable Edmond E. Chang: On review of the settlement correspondence, there is no reasonable prospect for productive negotiations at this point. The briefing schedule on the Plaintiff's summary judgment motion is in place. The tracking status hearing of 09/27/2024 is reset to 12/20/2024 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 09/26/2024) |
| 09/30/2024 | 314 | MOTION by Plaintiff George Moore for extension of time to file *Unopposed Motion for Extension of Time to File Motion for Summary Judgment* <br><br> (Sostrin, Timothy) (Entered: 09/30/2024) |

| 09/30/2024 | 315 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for extension of time to file 314 before Honorable Edmond E. Chang on 10/3/2024 at 08:30 AM. (Sostrin, Timothy) (Entered: 09/30/2024) |
|---|---|---|
| 10/01/2024 | 316 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiff's unopposed extension motion to file the summary judgment motion 314 is granted to 10/21/2024. The Defendant's response is due on 11/19/2024; and the Plaintiff's reply is due on 12/09/2024. The tracking status hearing of 12/20/2024 is reset to 01/10/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 10/01/2024) |
| 10/18/2024 | 317 | MANDATE of USCA dated 10/18/2024 regarding notice of appeal 262 ;USCA No.23-3215 ; No record to be returned. (jcc, ) (Entered: 10/18/2024) |
| 10/18/2024 | 318 | CERTIFIED copy of order dated 9/26/2024 from the 7th Circuit regarding notice of appeal 262 ; Appellate case no. : 23-3215. IT IS ORDERED that this appeal is DISMISSED for lack of jurisdiction. (jcc, ) (Entered: 10/18/2024) |
| 10/21/2024 | 319 | SEALED MOTION by Plaintiff George Moore *for Summary Judgment* (Sostrin, Timothy) (Entered: 10/21/2024) |
| 10/21/2024 | 320 | SEALED DOCUMENT by Plaintiff George Moore *Local Rule 56.1 Statement* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Exhibit 63, # 64 Exhibit 64, # 65 Exhibit 65, # 66 Exhibit 66, # 67 Exhibit 67, # 68 Exhibit 68, # 69 Exhibit 69)(Sostrin, Timothy) (Entered: 10/21/2024) |
| 10/21/2024 | 321 | MOTION by Plaintiff George Moore for summary judgment *public, redacted version*<br><br>(Sostrin, Timothy) (Entered: 10/21/2024) |
| 10/21/2024 | 322 | RULE 56 Local Rule 56.1(d) Statement by George Moore regarding motion for summary judgment 321 *public, redacted version* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 |

| | | Exhibit 63, # [64](#) Exhibit 64, # [65](#) Exhibit 65, # [66](#) Exhibit 66, # [67](#) Exhibit 67, # [68](#) Exhibit 68, # [69](#) Exhibit 69)(Sostrin, Timothy) (Entered: 10/21/2024) |
|---|---|---|
| 10/21/2024 | [323](#) | MOTION by Plaintiff George Moore to seal document sealed document,,,,, [320](#) , SEALED MOTION by Plaintiff George Moore *for Summary Judgment* [319](#)<br><br>(Sostrin, Timothy) (Entered: 10/21/2024) |
| 10/25/2024 | [324](#) | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiff's motion [323](#) to file sealed version summary judgment motion and 56.1 Statement is granted, but the Plaintiff must file the public redacted versions by 11/04/2024. Emailed notice (mw, ) (Entered: 10/25/2024) |
| 11/14/2024 | [325](#) | MOTION by Defendant Club Exploria, LLC for extension of time to file response/reply *regarding Plaintiff's Motion for Summary Judgment (Joint Motion)*<br><br>(Andres, Brittany) (Entered: 11/14/2024) |
| 11/14/2024 | [326](#) | NOTICE of Motion by Brittany A Andres for presentment of motion for extension of time to file response/reply [325](#) before Honorable Edmond E. Chang on 11/18/2024 at 08:30 AM. (Andres, Brittany) (Entered: 11/14/2024) |
| 11/15/2024 | [327](#) | MINUTE entry before the Honorable Edmond E. Chang: The Defendant's unopposed extension motion to file the response to the Plaintiff's summary judgment motion [325](#) is granted to 12/10/2024. The Plaintiff's reply is due by 01/07/2025. The tracking status hearing of 01/10/2025 is reset to 02/07/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). The public redacted motion [321](#) is terminated in light of the sealed version of the motion, R. 319. Emailed notice (mw, ) (Entered: 11/15/2024) |
| 12/02/2024 | [328](#) | MOTION by Defendant Club Exploria, LLC for leave to file excess pages *in Opposition to Plaintiff's Motion for Summary Judgment*<br><br>(Andres, Brittany) (Entered: 12/02/2024) |
| 12/03/2024 | [329](#) | MINUTE entry before the Honorable Edmond E. Chang: Defendant Club Exploria's opposed motion for leave to file response brief to Plaintiff's motion for summary judgment in excess of 15 pages, but not more than 25 pages, [328](#) is granted. Emailed notice (mw, ) (Entered: 12/03/2024) |
| 12/05/2024 | [330](#) | MOTION to Leave to Extend Defendant Club Exploria LLC's Limit of Undisputed Facts in Opposition to Plaintiff's Motion for Summary Judgment by Club Exploria, LLC (Andres, Brittany) (Entered: 12/05/2024) |
| 12/10/2024 | [331](#) | MINUTE entry before the Honorable Edmond E. Chang: The Defendant's unopposed expansion motion on the 56.1 statement of additional material facts [330](#) is granted: the defense may set forth 45 paragraphs. Emailed notice (mw, ) (Entered: 12/10/2024) |
| 12/10/2024 | [332](#) | MOTION by Defendant Club Exploria, LLC for leave to file *Defendant Club Exploria, LLC's Opposition to Plaintiff's Motion for Summary Judgment, Local Rule 56.1 Statement, Responses to Plaintiff's Local Rule 56.1 Statement, and Objections to Plaintiff's Evidence Under Seal*<br><br>(Andres, Brittany) (Entered: 12/10/2024) |

| 12/10/2024 | 333 | SEALED RESPONSE by Club Exploria, LLC to SEALED MOTION by Plaintiff George Moore *for Summary Judgment* 319 (Attachments: # 1 Declaration of Ranice Rogers)(Andres, Brittany) (Entered: 12/10/2024) |
|---|---|---|
| 12/10/2024 | 334 | SEALED DOCUMENT by Defendant Club Exploria, LLC *Local Rule 56.1 Statement* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18)(Andres, Brittany) (Entered: 12/10/2024) |
| 12/10/2024 | 335 | SEALED RESPONSE by Club Exploria, LLC to sealed document,,,,, 320 *Club Exploria, LLC's Responses to Plaintiff's Local Rule 56.1 Statement* (Andres, Brittany) (Entered: 12/10/2024) |
| 12/10/2024 | 336 | SEALED DOCUMENT by Defendant Club Exploria, LLC *Club Exploria, LLC's Objections to Plaintiff's Evidence in support of Plaintiff's Motion for Summary Judgment* (Andres, Brittany) (Entered: 12/10/2024) |
| 12/10/2024 | 337 | Daubert Motion by Club Exploria, LLC *to Exclude Report of Plaintiff's Expert Aaron Woolfson* (Andres, Brittany) (Entered: 12/10/2024) |
| 12/10/2024 | 338 | MOTION by Defendant Club Exploria, LLC for leave to file *Exhibit A of Declaration of Ken Sponsler in support of Defendant Club Exploria, LLC's Motion to Compel Arbitration Under Seal*<br><br>(Andres, Brittany) (Entered: 12/10/2024) |
| 12/10/2024 | 339 | MOTION by Defendant Club Exploria, LLC to compel *Arbitration*<br><br>(Attachments: # 1 Declaration of Daniel Barsky)(Andres, Brittany) (Entered: 12/10/2024) |
| 12/10/2024 | 340 | SEALED DOCUMENT by Defendant Club Exploria, LLC *Declaration of Ken Sponsler in support of Defendant Club Exploria, LLC's Motion to Compel Arbitration* (Andres, Brittany) (Entered: 12/10/2024) |
| 12/10/2024 | 341 | RESPONSE by Club Exploria, LLCin Opposition to SEALED MOTION by Plaintiff George Moore *for Summary Judgment* 319 (Attachments: # 1 Declaration of Ranice Rogers)(Andres, Brittany) (Entered: 12/10/2024) |
| 12/10/2024 | 342 | Local Rule 56.1 Statement of Material Facts STATEMENT by Club Exploria, LLC *in support of Opposition to Plaintiff George Moore's Motion for Summary Judgment* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18)(Andres, Brittany) (Entered: 12/10/2024) |
| 12/10/2024 | 343 | RESPONSE by Defendant Club Exploria, LLC to sealed document,,,,, 320 *Responses to Plaintiff's Local Rule 56.1 Statement* (Andres, Brittany) (Entered: 12/10/2024) |
| 12/10/2024 | 344 | Objections by Club Exploria, LLC *to Plaintiff's Evidence in support of Plaintiff's Motion for Summary Judgment* (Andres, Brittany) (Entered: 12/10/2024) |
| 12/11/2024 | 345 | MINUTE entry before the Honorable Edmond E. Chang: The Defendant filed various entries that require discussion: (1) the "Objections to Plaintiff's Evidence," R. 336, which appears to be related to but is not part of the Local Rule 56.1 |

| | | |
|---|---|---|
| | | response; (2) the standalone Rule 702 motion, R. 337; and (3) the motion to compel a subset of the class to arbitration, R. 339, apparently based on 2018 conduct. The video status hearing is set for 2:00 p.m. on 12/16/2024. Members of the public and media will be able to call-in to listen to this hearing. The call-in number is (650) 479-3207 and the access code 2301 519 9791##. Counsel of record will receive an email before the start of the hearing with instructions to join the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (mw, ) (Entered: 12/11/2024) |
| 12/12/2024 | 346 | MOTION by Defendant Club Exploria, LLC to continue *Hearing Date* (Andres, Brittany) (Entered: 12/12/2024) |
| 12/13/2024 | 347 | MINUTE entry before the Honorable Edmond E. Chang: Defendant's unopposed motion to extend hearing date 346 is granted. Video motion hearing set for 12/16/2024 is reset to 12/18/2024 at 11:00 a.m. Members of the public and media will be able to call-in to listen to this hearing. The call-in number is (650) 479-3207 and the access code 2301 519 9791##. Counsel of record will receive an email before the start of the hearing with instructions to join the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (mw, ) (Entered: 12/13/2024) |
| 12/17/2024 | 348 | OBJECTIONS by George Moore to sealed document 336 , MOTION by Defendant Club Exploria, LLC to compel *Arbitration* 339 , sealed response 333 , other 337 , sealed document 340 (Sostrin, Timothy) (Entered: 12/17/2024) |
| 12/18/2024 | 349 | MINUTE entry before the Honorable Edmond E. Chang:Video conference held. (1.) As explained during the hearing, the Defendant's "objection" to summary judgment evidence, R. 336, is deemed to be inoperative. Local Rule 56.1(e)(2) does not authorize the filing of this 40-page, free-standing document to pose objections to evidence. The filing does not even track the paragraph numbering of the 56.1 Statements, which at least would have allowed a slim chance of reviewability. And Local Rule 56.1(e)(2) requires evidentiary argument to be in the response (or reply) brief. The filing will not be considered. (2.) The same goes for the Defendant's Rule 702 motion as to the Plaintiff's expert Aaron Woolfson, R. 337. The Court set a summary judgment briefing schedule, and allowed the defense to file (over the Plaintiff's objection) a 25-page response brief. The defense gave itself 11 more pages by filing a separate Rule 702 brief. This filing too shall not be considered. Nor will the briefing schedule be further adjusted given the delays occasioned by the defense in this case (that is not to say all of the delay was caused by current defense counsel, the Defendant is on its third set of lawyers). (3.) On the Defendant's motion to compel arbitration as to subset of the class, R. 339, the Court converts it to a motion for leave to file an arbitration motion. The filing came out of the blue, after discovery closed, after class-certification litigation (in which the proffered arbitration clause would be a basis to deny in part certification), and two months after the close of the opt-out period during the |

| | | |
|---|---|---|
| | | briefing of summary judgment. The Plaintiff shall file a supplemental response solely on the issue of whether the arbitration defense has been waived by 12/20/2024. The Defendant's reply (again, solely on the issue of waiver) is due by 01/02/2025. The tracking status hearing of 02/07/2025 remains in place. Mailed notice (air, ) (Entered: 12/18/2024) |
| 12/20/2024 | 350 | RESPONSE by George Moore in Opposition to MOTION by Defendant Club Exploria, LLC to compel *Arbitration* <br><br> 339 (Attachments: # 1 Exhibit 1 - Email Correspondence, # 2 Exhibit 2 - Continuing Correspondence)(Sostrin, Timothy) (Entered: 12/20/2024) |
| 12/27/2024 | 351 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/27/2024: Mailed notice. (tg, ) (Entered: 12/27/2024) |
| 01/02/2025 | 352 | REPLY by Defendant Club Exploria, LLC to response in opposition to motion, 350 *in support of its Motion for Leave to File a Motion to Compel Arbitration* (Andres, Brittany) (Entered: 01/02/2025) |
| 01/06/2025 | 353 | MOTION by Plaintiff George Moore for extension of time to file response/reply *Plaintiff's Unopposed Motion for Extension of Time to File Reply on Motion for Summary Judgment* <br><br> (Sostrin, Timothy) (Entered: 01/06/2025) |
| 01/06/2025 | 354 | NOTICE of Motion by Timothy J. Sostrin for presentment of motion for extension of time to file response/reply 353 before Honorable Edmond E. Chang on 1/9/2025 at 08:30 AM. (Sostrin, Timothy) (Entered: 01/06/2025) |
| 01/08/2025 | 355 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiff's unopposed extension motion to file reply on the summary judgment motion 353 is granted to 01/14/2025. Emailed notice (mw, ) (Entered: 01/08/2025) |
| 01/14/2025 | 356 | MOTION by Plaintiff George Moore for leave to file excess pages *for reply memorandum on Motion for Summary Judgment* <br><br> (Sostrin, Timothy) (Entered: 01/14/2025) |
| 01/14/2025 | 357 | MOTION by Plaintiff George Moore to seal document *Reply Memorandum (Doc. 358) and 56.1(c) Statement (Doc. 359)* <br><br> (Sostrin, Timothy) (Entered: 01/14/2025) |
| 01/14/2025 | 358 | SEALED REPLY by George Moore to SEALED MOTION by Plaintiff George Moore *for Summary Judgment* 319 (Sostrin, Timothy) (Entered: 01/14/2025) |

| | | |
|---|---|---|
| 01/14/2025 | 359 | SEALED DOCUMENT by Plaintiff George Moore *Local Rule 56.1(c) Statement* (Attachments: # 1 Declaration of Timothy Sostrin)(Sostrin, Timothy) (Entered: 01/14/2025) |
| 01/15/2025 | 360 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiff's motion to file reply and 56.1 statement under seal 357 is granted provisionally. The Court will again review the propriety of sealing when evaluating the underlying motion. The Plaintiff's unopposed page-expansion motion 356 is granted to 20 pages for the reply. Emailed notice (mw, ) (Entered: 01/15/2025) |
| 01/31/2025 | 361 | Notice of Supplemental Authority in support of its Opposition to Plaintiff's Motion for Summary Judgment by Club Exploria, LLC (Attachments: # 1 Exhibit A) (Andres, Brittany) (Entered: 01/31/2025) |
| 02/03/2025 | 362 | MINUTE entry before the Honorable Edmond E. Chang: The defense filed a notice of supplemental authority, R. 361, without prior permission from the Court. For any future proposed supplemental authority, the defense (and the Plaintiff for that matter) must file a motion to do so first, explaining good cause. This time around, the notice is accepted. The Plaintiff may file a response to the supplemental authority, limited to three pages, by 02/12/2025. Emailed notice (mw, ) (Entered: 02/03/2025) |
| 02/06/2025 | 363 | MINUTE entry before the Honorable Edmond E. Chang: (1.) The defense motion 339 for leave to file motion to compel arbitration is under advisement, as is the Plaintiff's motion 319 for summary judgment. The tracking status hearing of 02/07/2025 is reset to 04/11/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). (2.) To clean up the docket: the defense motion 332 to file summary judgment materials under seal is granted provisionally. The Court will again review the propriety of sealing when evaluating the underlying motion. The same grant and caveat apply to the defense motion 338 to file arbitration-related materials under seal, which is thus granted. Emailed notice (mw, ) (Entered: 02/06/2025) |
| 02/12/2025 | 364 | RESPONSE by Plaintiff George Moore to other 361 *response to notice of supplemental authority* (Sostrin, Timothy) (Entered: 02/12/2025) |
| 04/02/2025 | 365 | MOTION by Defendant Club Exploria, LLC for leave to file *Supplemental Authority in support of its Opposition to Plaintiff's Motion for Summary Judgment* (Attachments: # 1 Notice of Filing of Supplemental Authority, # 2 Exhibit A) (Andres, Brittany) (Entered: 04/02/2025) |
| 04/07/2025 | 366 | MINUTE entry before the Honorable Edmond E. Chang: The defense motion to cite supplemental authority 365 is denied. This is precisely the king of fact-bound, non-controlling-precedent that need not be presented after briefing has been closed. Emailed notice (mw, ) (Entered: 04/07/2025) |
| 04/10/2025 | 367 | MINUTE entry before the Honorable Edmond E. Chang: The pending motions (the defense motion 339 for leave to move to compel arbitration and the Plaintiff's motion 319 for summary judgment) are under advisement. The tracking status hearing of 04/11/2025 is reset to 05/23/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 04/10/2025) |
| 05/22/2025 | 368 | MINUTE entry before the Honorable Edmond E. Chang: The defense motion 339 for leave to move to compel arbitration and the Plaintiff's motion 319 for summary judgment remain under advisement. The tracking status hearing of 05/23/2025 is |

| | | reset to 07/11/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 05/22/2025) |
|---|---|---|
| 06/25/2025 | 369 | NOTICE by Club Exploria, LLC *of Supplemental Authority in Support of its Opposition to Plaintiff's Motion for Summary Judgment* (Attachments: # 1 Exhibit A)(Andres, Brittany) (Entered: 06/25/2025) |
| 06/25/2025 | 370 | MOTION by Defendant Club Exploria, LLC for leave to file *Supplemental Authority in support of its Opposition to Plaintiff's Motion for Summary Judgment* (Andres, Brittany) (Entered: 06/25/2025) |
| 06/27/2025 | 371 | MINUTE entry before the Honorable Edmond E. Chang: On the defense motion to file supplemental authority, the motion 370 is granted over the Plaintiff's objection given the relevance of the case. The Plaintiff may (but need not) file a response, by 07/07/2025, to the supplemental authority. The response is limited to three pages. The tracking status hearing of 07/11/2025 is reset to 08/08/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 06/27/2025) |
| 07/07/2025 | 372 | RESPONSE by Plaintiff George Moore to notice of filing 369 *response to supplemental authority* (Sostrin, Timothy) (Entered: 07/07/2025) |
| 08/07/2025 | 373 | MINUTE entry before the Honorable Edmond E. Chang: The defense motion 339 for leave to move to compel arbitration, as well as the Plaintiff's motion 319 for summary judgment and supplemental briefing, remain under advisement. The tracking status hearing of 08/08/2025 is reset to 09/05/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 08/07/2025) |
| 09/04/2025 | 374 | MINUTE entry before the Honorable Edmond E. Chang: The defense motion 339 for leave to move to compel arbitration and the Plaintiff's motion 319 for summary judgment and supplemental briefing remain under advisement. The tracking status hearing of 09/05/2025 is reset to 09/26/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 09/04/2025) |
| 09/24/2025 | 375 | MINUTE entry before the Honorable Edmond E. Chang: The defense motion 339 for leave to move to compel arbitration and the Plaintiff's motion 319 for summary judgment and supplemental briefing remain under advisement. The tracking status hearing of 09/26/2025 is reset to 10/10/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 09/24/2025) |
| 09/26/2025 | 376 | MEMORANDUM Opinion and Order signed by the Honorable Edmond E. Chang. For the reasons stated in the Opinion, Defendant Exploria's motion for leave to file a motion to compel arbitration, R. 339, is denied. Plaintiff Moore's motion for summary judgment on behalf of himself and the class, R. 319, is granted. The parties shall confer and file a status report proposing how to proceed with the entry of judgment of statutory damages for the Plaintiff and the class, and how to litigate attorneys' fees, expenses, and any incentive award. The parties also shall restart settlement negotiations given the entry of this decision. The parties shall file a joint status report by 10/15/2025. The tracking status hearing of 10/10/2025 is reset to 10/24/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 09/26/2025) |
| 09/29/2025 | 377 | NOTICE of appeal by Club Exploria, LLC regarding orders 376 Filing fee $ 605, receipt number AILNDC-24129289. Receipt number: n (Attachments: # 1 |

| | | | Supplement Docketing Statement of Order Denying Motion to Compel Arbitration)(Troutman, Eric) (Entered: 09/29/2025) |
|---|---|---|---|
| 09/29/2025 | | 378 | MOTION by Defendant Club Exploria, LLC to stay *Case Pending Appeal*<br><br>(Attachments: # 1 Text of Proposed Order)(Andres, Brittany) (Entered: 09/29/2025) |
| 09/30/2025 | | 379 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal, 377 (emc, ) (Entered: 09/30/2025) |