**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE MOORE on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) | Case No. 1:19-cv-02504 |
| v. | ) ) | |
| CLUB EXPLORIA, LLC | ) ) | Honorable Edmond Chang |
| Defendant. | ) ) ) | |

**PLAINTIFF'S RESPONSE TO MOTION TO STAY CASE PENDING APPEAL**

Plaintiff George Moore respectfully submits the following response in opposition to Defendant's Motion to Stay Case Pending Appeal (Doc. 265):

### I. <u>Introduction</u>

The Court should deny Defendant's motion to stay this case pending appeal because once again Defendant's appeal is frivolous. This is the second time Defendant has attempted to delay these proceedings through frivolous interlocutory appeals concerning purported arbitration rights Defendant does not have and, in any event, obviously waived years ago.

To make matters worse, Defendant's arbitration argument neither concerns Plaintiff himself nor 99% of the class. *See* Doc. 339 (moving to compel arbitration against only 1,026 out of 66,682 class members). It makes no sense to stay this six-year-old litigation on a meritless appeal of an issue that has no impact whatsoever on 99% of the class. The Court should certify the appeal as frivolous, deny the motion stay, and allow this case to proceed to judgment.

### II. <u>This Court May Certify the Appeal as Frivolous and Continue with the Case</u>

Defendant concedes a stay of these proceedings would be inappropriate if the Court finds the appeal to be frivolous. Doc. 378 – Motion to Stay at 2, citing *Bradford-Scott Data Corp. v.*

*Physician Computer Network*, 128 F.3d 504, 506 (7th Cir. 1997). Defendant's concession is no surprise as this rule is well-established even for appeals pursuant to the federal arbitration act ("FAA"). *See Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1922 (2023) ("Appellate courts can . . . authorize the district court's retention of a case when an appeal [under the FAA] is certified as frivolous") (quoting *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 629 (2009)); *see also Bradford-Scott Data Corp.*, 128 F.3d at 506 ("Either the court of appeals or the district court may declare that the appeal [under the FAA] is frivolous, and if it is the district court may carry on with the case.") (citing *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989)).

Following this rule, this Court found Defendant's first appeal under the FAA to be frivolous two years ago because the waiver was clear given the case was four years old before Defendant ever raised arbitration. *See Exhibit 1 – 11/21/23 Hearing Tr.* at 7:17- 8:2.

Likewise, although the Seventh Circuit ultimately dismissed Exploria's first appeal on jurisdictional grounds, before doing so it clearly signaled it would <u>summarily affirm</u> this Court's finding of waiver if jurisdiction existed. On March 6, 2024, the Circuit Court ordered Exploria to explain why this Court's finding of waiver should not be summarily affirmed given that court "review[s] a district court's determination that a party has waived its right to compel arbitration 'with deference'" and, in this case, "the district court, after years of litigation, determined that defendant waived arbitrability by not raising it earlier." App. Doc. 15 at 2.

The Court should not depart from its previous holding or ignore the Seventh Circuit's guidance. Defendant's attempt to delay this case through an interlocutory appeal regarding the waiver of its non-existent arbitration rights remains entirely frivolous.

### III. <u>Procedural and Factual Background</u>

Moore filed this action on April 12, 2019. Doc. 1. Exploria answered the complaint on

May 30, 2019, asserting fourteen affirmative defenses but saying nothing about arbitration. Doc. 22. Moore filed an amended class action complaint on December 19, 2019 (Doc. 55), and Exploria filed its first amended answer on January 13, 2020 (Doc. 62). This time, Exploria asserted fifteen affirmative defenses, but none of them mentioned arbitration. *Id.*

Over the next two years, the Parties exchanged written discovery, subpoenaed records from numerous third parties, including through letters rogatory proceedings in Canada that Exploria itself initiated, conducted depositions, hired experts and exchanged expert reports, deposed those experts, and filed various motions. See Docket, generally. Exploria also fired its initial set of attorneys from Holland & Knight and hired new attorneys from Katten Munich to represent it on November 12, 2020. Doc. 105. All discovery closed on January 21, 2022. Doc. 180. Exploria agreed that "no discovery remains to be taken." Doc. 208 at 3. At no point during this course of litigation did Exploria express an intent to seek discovery regarding arbitration or attempt to enforce purported arbitration rights.

Exploria did not identify any purported arbitration agreements or produce any evidence of arbitration during this extensive discovery process.

On September 9, 2021, Exploria moved for summary judgment. Doc. 146. Moore moved for class certification on February 25, 2022. Doc. 186. At no point in its briefing on either motion did Exploria mention arbitration. *Id.* After two judicial reassignments and hearings on both motions, the Court entered an order on August 17, 2023 denying Exploria's motion for summary judgment and granting Moore's motion for class certification. Doc. 225. In that order, the Court not only certified the class over Exploria's objection, it rejected Exploria's arguments on the merits as to both vicarious liability and consent. *Id.* at 15.

Having suffered these unfavorable rulings, Exploria fired its second set of attorneys and

3

hired a third set of attorneys to represent it on September 9, 2023. Doc. 229.  On September 27, 2023, Exploria filed a flurry of motions seeking to redo the litigation, including moving to dismiss for lack of Article III standing (Doc. 240), to reopen discovery (Doc. 243), to "amend" the District Court's summary judgment ruling (Doc. 242), and for leave to file a second amended answer, which presented various affirmative defenses presenting purely legal questions (Doc. 241).  None of these motions said anything about arbitration and Exploria's proposed second amended answer also did not reference arbitration. *Id.*

Finally, on October 10, 2023, more than four years after this case was filed, and two months after the Court certified the class, Exploria moved for leave to file a third amended answer, which vaguely listed arbitration as an affirmative defense for the very first time in this litigation. Doc. 248.  Moore filed an opposition to this motion, contending, among other things, that amendment would be futile because Exploria had waived any arbitration rights and had not produced any discovery relating to arbitration. Doc. 249.  This Court agreed, finding Exploria had waived any right to arbitrate the dispute. Doc. 272 at 11:14–17 ("It seems to me that, … it's too late, in my judgment, to raise arbitration. That was *clearly waived* by not bringing it up before now." (emphasis added))

On November 17, 2023, Exploria filed a notice of appeal of the order denying its motion for leave to file the third amended answer, referring to the order as a "final decision regarding arbitration." Doc. 262.

On November 21, 2023, the Court declined to stay proceedings pending the appeal, finding Exploria's appeal to be frivolous because "this case is four years old" and "no arbitration agreement had ever been mentioned or come up with prior to this." Doc. 271; Exhibit 1 at 7:17 – 8:2.  Accordingly, proceedings in this action continued during the appeal.

On March 6, 2024, the Circuit Court ordered Exploria to explain why this Court's finding of waiver should not be summarily affirmed given that court "review[s] a district court's determination that a party has waived its right to compel arbitration 'with deference'" and, in this case, "the district court, after years of litigation, determined that defendant waived arbitrability by not raising it earlier." App. Doc. 15 at 2.

On September 26, 2024, the Seventh Circuit dismissed Defendant's appeal for lack of jurisdiction, finding this court's denial of leave to amend was a non-appealable interlocutory order. App. Doc. 19 at 2 ("In short, appellant must wait until the entry of a final judgment on the merits to seek appellate review of the district court's interlocutory ruling.")

On December 10, 2024, Defendant filed motion to compel arbitration, which the Court converted to a motion for leave to file. Doc. 349.  In its motion, Exploria contends without submitting admissible evidence,[1] that 1,026 out of 66,682 class members entered into an arbitration agreement at the website www.sampleandsavings.com, which is allegedly owned by Fluent. Doc. 339.

---

[1]     Defendant attached a previously undisclosed expert report, which, beyond being undisclosed, merely states that each Yodel lead record for the 1,026 class members lists the URL samplesandsavings.com.  It does not provide any evidence of where that URL came from or that the class members actually visited that website.  Likewise, Defendant attached a declaration of a previously undisclosed witness, Daniel Barksy, general Counsel for Fluent, who beyond being undisclosed, critically fails to state that any class member actually visited the website and fails to provide any evidence of the same.  Accordingly, there is no evidence that any class member actually visited that website, let alone agreed to arbitrate this dispute with Exploria.
         Notably, Fluent admitted in a 2023 SEC filing that its websites are so frequently used for fraudulent purposes, whereby bad actors use "bots or other fraudulent means to complete online forms with false or fictitious information," that the continued risk of fraud posed a material risk to its business. Fluent 10-K (2023) at p. 9, available at /https://www.sec.gov/Archives/edgar/data/1460329/000143774924013760/fluentars.pdf
         Additionally, Fluent itself had to pay the state of New York $3.7 million for fraudulently using consumer data (https://ag.ny.gov/sites/default/files/fluent_aod_-_final_-_fully_signed.pdf) and the FTC separately ordered Fluent to delete all consumer data it collected before 2023. U.S. v. Fluent, LLC, 9:23-81045 (S.D. Fla.), at Doc. 6 -1
https://www.ftc.gov/system/files/ftc_gov/pdf/6-FluentRenewedMotionAndAttachment_0.pdf

For the first time in the history of this litigation, that motion sets forth the terms of the an alleged arbitration agreement. *Id.* at 4-5.  In other words, it was not until a year and a half  after class certification and its summary judgment loss that Exploria produced any "evidence" to support its claimed arbitration rights.  *See ft.1. supra.*  Remarkably, Exploria is not a party to the alleged arbitration agreement and *did not even attempt to argue that it is a third-party beneficiary*. *See* Doc. 339 *generally*.  Although the merits of the arbitration motion is not before the Court as it denied Exploria leave to file based on its waiver, it must be stated that Exploria's motion to compel arbitration had no chance of success on the merits, even if it were not so clearly waived.

On September 26, 2025, this Court denied Exploria leave to file its motion to compel arbitration, holding once again that Exploria in fact, waived its purported arbitration rights. Doc. 376 at 8-10.

### IV. Exploria's Appeal is Frivolous

"An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Upchurch v. O'Brien*, 111 F.4th 805, 813 (7th Cir. 2024) (quoting *Brotherhood of Locomotive Eng'rs & Trainmen v. Union Pac. R.R. Co.*, 905 F.3d 537, 544 (7th Cir. 2018)).

In this case, the result is obvious.  Indeed, this Court has already (1) held that Exploria "clearly waived" its purported arbitration rights (Doc. 272 at 11:14-17); (2) held that Exploria's first attempt to appeal that finding of waiver was "frivolous" because "this case is four years old" and "no arbitration agreement had ever been mentioned or come up with prior to this" (Doc. 271); and (3) confirmed yet again that Exploria waived its arbitration rights when it denied Exploria's motion to for leave to file a motion to compel (Doc. 376 at 8) ("Even if the law-of-

the-case doctrine did not apply at all—and this Court was to consider the waiver argument afresh—Exploria's request to file an arbitration motion would fail because it did, in fact, waive the defense"). In addition, when the Seventh Circuit considered Exploria's first appeal, it clearly signaled that it would summarily affirm this Court's finding of waiver if jurisdiction existed. App. Doc. 15 at 2.

This is now the fourth time the issue of Exploria's waiver has been presented to the Court and in each of the three prior occasions, the Court has easily found waiver in accordance with Seventh Circuit Precedent. The Seventh Circuit has affirmed a district court's finding of waiver both where the defendant filed a motion for summary judgment and then raised arbitration only after it lost (*St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 587–588 (7th Cir. 1992)) and where the defendant never raised arbitration in its opposition to class certification and then moved to compel after the class was certified (*Smith v. GC Servs. Ltd. P'ship*, 907 F.3d 495, 501 (7th Cir. 2018)). In this case, Exploria did both. It never raised arbitration until after the Court denied its motion for summary judgment and rejected Exploria's arguments against class certification. Exploria's waiver is obvious and its appeal is frivolous on its face.

Exploria argues that *Lukis v. Whitepages Inc.*, 549 F.Supp. 3d 798 (N.D. Ill. 2021) supports its request for a stay here. It does not. In *Lukis*, the parties argued whether the arbitration agreement had delegated the question of waiver to the arbitrator. *Id.* at 803. The court found the parties did not make that delegation and then denied the motion to compel because the defendant waived its arbitration rights. *Id.* The court ultimately declined to find an appeal of that ruling to be frivolous because the *delegation question* was a "complex," not because waiver was a close question. *Id.* As the court held,

> "Although the court believes that it correctly denied Whitepages's motion to compel arbitration of Lukis's claim, it hesitates to say that the result was 'obvious' or that Whitepages's views were 'wholly without merit.' Specifically, <u>while it was straightforwardly plain that Whitepages waived its right to arbitrate Lukis's claim through its lengthy and unjustified delay in moving to compel arbitration, the threshold question—whether the parties may or did delegate to the arbitrator the issue of waiver through litigation conduct—was complex</u>, even if the answer was ultimately clear under the FAA and relevant precedents." *Id.*

Notably, Exploria quotes portions of this paragraph but conveniently leaves out the court's reasoning, which plainly distinguishes it from this case given there is no delegation question here. All we have here is a straightforwardly plan waiver.

Exploria has argued that it could not have waived arbitration because it could not move to compel arbitration against absent class members until after the class was certified. Yet even if that were the law (it's not[2]), Exploria did not seek to compel arbitration until a year and a half after the Court certified the class. That filing, made on December 10, 2024, was the first time in the entire history of the case that Exploria actually identified an alleged arbitration agreement and the first time that it produced any documents concerning arbitration. At that point, discovery had been closed for nearly three years and the witnesses were never disclosed. Even if Exploria had not waived the arbitration issue, the Court would necessarily have to exclude the "evidence" that Exploria provides three years too late to support it. Fed. R. Civ. P. 26(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.")

Now that Exploria has identified an alleged arbitration agreement, it is plain to see why

---

[2] *See e.g., Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 473 (9th Cir. 2023) (rejecting the same argument made by Exploria here and finding waiver of arbitration rights as to absent class members based on pre-certification conduct); *Burnett v. N.A. of Realtors, Realtors, Realogy Holdings Corp.*, 615 F. Supp. 3d 948, 957 (W.D. Mo. 2022) (same), *affirmed* 75 F.4th 975 (8th Cir. 2023).

Exploria never before sought to enforce it or produce any discovery of alleged arbitration rights - Exploria obviously does not have any. Exploria is not a party to the alleged arbitration agreement and it does even attempt to claim to be a third party beneficiary. Moreover, it submits no evidence that any class member agreed to it. Even if its waiver and discovery violations were not so abundantly clear, Exploria's attempt to compel arbitration would fail on the merits. And all of this for a motion has no application to 99% of the class.

From the start, this entire arbitration sideshow has been a blatant attempt to delay proceedings through frivolous appeals under the FAA. The Court should once again find Exploria's appeal to be frivolous and decline to stay proceedings.

Respectfully Submitted,

s/ Timothy J. Sostrin
Keith J. Keogh
Timothy J. Sostrin
KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, IL 60603
312-726-1092
tsostrin@keoghlaw.com

*Attorneys for Plaintiff*