# EXHIBIT 1

```
 1                   IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
 2                            EASTERN DIVISION

 3
     GEORGE MOORE, on behalf of    )
 4   himself and others similarly  )
     situated,                     )
 5                                 )
                     Plaintiff,    )
 6                                 )   No. 19 C 2504
                 vs.               )   Chicago, Illinois
 7                                 )   November 21, 2023
     CLUB EXPLORIA, LLC,           )   9:15 a.m.
 8                                 )
                     Defendant.    )
 9

10                       TRANSCRIPT OF PROCEEDINGS

11           BEFORE THE HONORABLE HARRY D. LEINENWEBER

12   APPEARANCES:

13   For the Plaintiff:         KEOGH LAW, LTD.
                                55 West Monroe
14                              Suite 3390
                                Chicago, Illinois 60603
15                              BY:  MR. TIMOTHY J. SOSTRIN

16   For the Defendant:         TROUTMAN AMIN, LLP
                                400 Spectrum Center
17                              Suite 1550
                                Irvine, California 92618
18                              BY:  MS. BRITTANY A. ANDRES
                                     MR. ERIC J. TROUTMAN
19

20

21

22

23   Official Court Reporter:   JENNIFER COSTALES, CRR, RMR, CRC
                                219 S. Dearborn St., Room 1928
24                              Chicago, Illinois 60604
                                (312) 435-5895
25                              jenny.uscra@yahoo.com
```

```
              1        (Proceedings via teleconference)
              2        THE COURTROOM DEPUTY:  19 C 2504, Moore versus Club
              3  Exploria, recall.
              4        MR. SOSTRIN:  Good morning, Your Honor.  Tim Sostrin
09:24:13      5  on behalf of the plaintiffs.
              6        THE COURT:  Anybody for the defendant?
              7        MS. ANDRES:  Good morning, Your Honor.  This is
              8  Brittany Andres for the defendant.
              9        THE COURT:  Okay.  As I understand the motion is
09:24:34     10  seeking to have the appeal declared frivolous, from my point
             11  of view, is that right?
             12        MR. SOSTRIN:  Yes, Your Honor.  This is Tim Sostrin
             13  for the plaintiff.  That is the relief we're requesting in the
             14  motion.  And I can speak to the motion if you'd like.
09:24:51     15        THE COURT:  It's my understanding -- let me ask this,
             16  let me ask the defendant, what precisely are you appealing?
             17        MS. ANDRES:  Good morning, Your Honor.  We are
             18  appealing the Court order that denied Club Exploria's right to
             19  add the arbitration defense in the answer.
09:25:11     20        THE COURT:  In other words, an appeal?  You wish
             21  to --
             22        MS. ANDRES:  Correct.
             23        THE COURT:  -- appeal the Court's denial of your
             24  motion to compel arbitration?
09:25:25     25        MS. ANDRES:  The motion to compel, Your Honor?  I'm
```

1  sorry, I'm a little bit confused.
2              THE COURT: Well, I'm trying to figure out what
3  exactly is being appealed.
4              What is the plaintiff's view? Let's hear from Mr. --
5  do you pronounce it Keogh, or how do you pronounce your name,
6  sir?
7              MR. SOSTRIN: Keogh Law is the firm. I'm
8  Mr. Sostrin.
9              THE COURT: Okay. Do you want to tell me, it's your
10 motion, so why don't you present it.
11             MR. SOSTRIN: Yeah, sure, Your Honor. So what they
12 are appealing to address the question is the Court's denial of
13 their motion for leave to file a third amended answer.
14             And so let me start by quoting the Seventh Circuit.
15 "An order denying a motion to amend a pleading is not
16 immediately appealable. A party must wait until final
17 judgment in the case to appeal the order." That's *Agretti v*
18 *ANR Freight Systems*.
19             So the defendant is attempting to appeal a
20 non-appealable order. Clearly it's an interlocutory order.
21 There is no basis to appeal it at this stage of the case, and
22 it must wait until final judgment to appeal. That's why we've
23 asked the Court to certify the appeal as frivolous.
24             The defendant argues that the Federal Arbitration Act
25 allows for the appeal. But there is no provision of the

09:27:05

1 Federal Arbitration Act that applies.

2 To remind the Court, at the outset, there is no
3 purported arbitration agreement in the record.  Defendant did
4 not move to compel arbitration, and it hasn't even identified
5 a purported arbitration agreement.  It has merely sought to
6 amend its answer, which basically does nothing more than
7 suggest that it now might like the idea of arbitration after
8 it's lost on the merits.

09:27:28

9 So the defendant points to Section 16(a)(3) of the
10 Federal Arbitration Act, which allows for appeals of a final
11 decision with respect to arbitration.  But the Supreme Court
12 has clearly articulated what Section 16(a)(3) means, and it
13 means, quote, "A decision that --" sorry, a decision that,
14 quote, "ends the litigation on the merits and leaves nothing

09:27:51

15 more for the court to do but execute the judgment."

16 That is not the case here.  All we have is an order
17 denying a motion to amend the pleading.  The Court has the
18 authority to deem this appeal frivolous so that we're not --
19 and continue with the case so that we're not delayed while the

09:28:11

20 Seventh Circuit rejects the appeal.

21 THE COURT:  Response.

22 MR. TROUTMAN:  Good morning, Your Honor.  This is
23 Eric Troutman for the defense.  Apologies for joining a bit
24 late here.

09:28:26

25 So the federal law highly favors arbitration, Your

1 Honor. And the FAA creates a unilateral path where any denial
2 of arbitration, any denial is subject to immediate
3 interlocutory appeal.
4     And, of course, that specific provision overrides any
5 law that looks at general appealability of interlocutory
6 orders like an amendment to a pleading.
7     Here in this case we brought forth an effort to amend
8 the answer to add arbitration claims that exist for unnamed
9 class members under the FAA. Your Honor denied that ruling.
10 We believe, of course, that that was erroneous. We don't ask
11 for reconsideration of that at this time.
12     And because that constitutes the last word, the final
13 decision on arbitrability of claims from the newly added class
14 members, obviously there is a right to appeal that. If there
15 is no right to appeal that, then that could mean only one of
16 two things: One, that order was not final, meaning that we
17 could even now bring a motion to compel arbitration on behalf
18 of the unnamed class members, which Your Honor would surely
19 deny because we've already been denied the right to bring the
20 issue up in the case, which does not seem to me to be what
21 Your Honor would want, what the Court needs, what the rules
22 require.
23     But if that is what plaintiff's counsel believes must
24 happen and given the tenor of their argument a moment ago,
25 perhaps that is what they want us to do, then we'd be happy to

|   |   |
|---|---|
|  | 1 do that. But our belief is that that is unnecessary, that |
|  | 2 Your Honor has already made his final determination on that |
|  | 3 issue, and that as a result, this is an appealable order. |
|  | 4      Second, the only other alternative is that plaintiff |
| 09:30:13 | 5 is arguing that somehow there is a loophole here in that one |
|  | 6 cannot actually seek an interlocutory appeal of a ruling |
|  | 7 denying arbitration, which again this certainly was. And, |
|  | 8 again, nothing in the statutes, in any case law or in the |
|  | 9 policy that heavily favors arbitration would lead to that |
| 09:30:33 | 10 conclusion. |
|  | 11      We submit to Your Honor this is not a frivolous |
|  | 12 appeal both procedurally, again, there is clearly a path |
|  | 13 forward procedurally, nor is it frivolous from a merits |
|  | 14 standpoint. Although we respect Your Honor's ruling, we |
| 09:30:49 | 15 intend to argue to the Seventh Circuit Court of Appeal that |
|  | 16 actions taken before class members are added following a |
|  | 17 certification of a class cannot constitute waiver of an |
|  | 18 appeal. |
|  | 19      So both from a procedural standpoint and a |
| 09:31:03 | 20 substantive standpoint, the appeal is well-founded. That's |
|  | 21 not to say we're going to win, of course. We make no |
|  | 22 prediction on the subject. But to say that this appeal lacks |
|  | 23 any argument of support or merit whatsoever to be deemed |
|  | 24 frivolous, we believe that would be a premature ruling to say |
| 09:31:22 | 25 the least. |

```
1   do that.  But our belief is that that is unnecessary, that
2   Your Honor has already made his final determination on that
3   issue, and that as a result, this is an appealable order.
4            Second, the only other alternative is that plaintiff
5   is arguing that somehow there is a loophole here in that one
6   cannot actually seek an interlocutory appeal of a ruling
7   denying arbitration, which again this certainly was.  And,
8   again, nothing in the statutes, in any case law or in the
9   policy that heavily favors arbitration would lead to that
10  conclusion.
11           We submit to Your Honor this is not a frivolous
12  appeal both procedurally, again, there is clearly a path
13  forward procedurally, nor is it frivolous from a merits
14  standpoint.  Although we respect Your Honor's ruling, we
15  intend to argue to the Seventh Circuit Court of Appeal that
16  actions taken before class members are added following a
17  certification of a class cannot constitute waiver of an
18  appeal.
19           So both from a procedural standpoint and a
20  substantive standpoint, the appeal is well-founded.  That's
21  not to say we're going to win, of course.  We make no
22  prediction on the subject.  But to say that this appeal lacks
23  any argument of support or merit whatsoever to be deemed
24  frivolous, we believe that would be a premature ruling to say
25  the least.
```

|  |  |
|---|---|
| | 1    And, finally, I think I should add the plaintiff |
| | 2 cites to no authority, none whatsoever that creates a |
| | 3 procedure authorizing the plaintiff to move forward with a |
| | 4 motion of this type asking for a ruling of meritless or |
| 09:31:39 | 5 frivolity at the very, very threshold of an appellate |
| | 6 proceeding.  That's quite presumptuous of the plaintiff in our |
| | 7 view. |
| | 8    And although certainly the appellate court could make |
| | 9 such a ruling or this Court on a motion perhaps to enforce |
| 09:31:51 | 10 some portion of the stay that's not impacted by the appeal |
| | 11 might be able to make such a ruling, but just a blanket |
| | 12 determination that nothing need be stayed and that there is no |
| | 13 jurisdictional loss at this stage, that's an extraordinary |
| | 14 remedy that the plaintiff is seeking.  I don't see any |
| 09:32:07 | 15 authority in their papers authorizing them to make it.  And |
| | 16 for those reasons, it should be denied. |
| | 17    THE COURT:  Anything further?  If not, I'm going to |
| | 18 grant the motion.  It seems to me that, if nothing else, the |
| | 19 reasons for denying the motion to amend the answer, among |
| 09:32:27 | 20 others, was the fact that this case is four years old, and to |
| | 21 come up at the last second, which no arbitration agreement had |
| | 22 ever been mentioned or come up with prior to this, so that |
| | 23 it's just highly unlikely that the Court would ever have |
| | 24 granted it, unless it had been done four years ago.  So |
| 09:32:55 | 25 anyway, the Court believes that the case should proceed.  And, |

8

1 accordingly, the motion is granted and an appeal is determined
2 by this Court as frivolous.
3              Do you need a further status?  When would you
4 suggest?
5              MR. SOSTRIN:  Your Honor, just to let you know -- and
6 this is Tim Sostrin for the plaintiff -- we, I believe, are
7 set to appear before you on November 30th on plaintiff's
8 motion to approve class notice.
9              THE COURT:  All right.  Well, I'll strike that.
10             MR. SOSTRIN:  I don't know if you want to --
11             THE COURT:  Proceed on the 30th then, all right.
12             MR. SOSTRIN:  Okay.  Thank you, Judge.
13             THE COURT:  Thank you.
14             MS. ANDRES:  Thank you.
15             MR. TROUTMAN:  Thank you, Your Honor.
16         (Proceedings concluded)
17                       C E R T I F I C A T E
18         I, Jennifer S. Costales, do hereby certify that the
   foregoing is a complete, true, and accurate transcript of the
19 proceedings had in the above-entitled case before the
   Honorable HARRY D. LEINENWEBER, one of the judges of said
20 Court, at Chicago, Illinois, on November 21, 2023.
21                       /s/ Jennifer Costales, CRR, RMR, CRC
                          Official Court Reporter
22                        United States District Court
                          Northern District of Illinois
23                        Eastern Division
24
25

Timestamps: 09:33:13, 09:33:31, 09:33:41