IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>CLUB EXPLORIA, LLC,<br><br>    Defendant. | Case No. 1:19-cv-02504<br><br>Hon. Edmond E. Chang |

**DEFENDANT CLUB EXPLORIA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY CASE PENDING APPEAL**

Defendant Club Exploria, LLC [hereinafter Club Exploria] respectfully submits its Reply in Support of its Motion to Stay Case Pending Appeal (Dkt. No. 265).

**I.    INTRODUCTION**

This case should already be stayed pending the appeal of Club Exploria's motion to compel arbitration. "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)). To suggest otherwise, Plaintiff attempts to argue that Club Exploria's appeal is frivolous—a contention which is false and entirely incorrect.

While it is true that the Court previously deemed an appeal by Club Exploria to be frivolous, the jurisdictional problems that led to dismissal of that appeal do not apply to this one. This Court made the determination that the prior appeal was frivolous only after the Seventh Circuit Court of Appeal declined to issue a briefing schedule on an appeal after its review of the short record. That is not the case here, as the Seventh Circuit has issued a briefing schedule. This Court and the Seventh Circuit previously agreed that Club Exploria simply *could* not appeal the

1

denial of a motion for leave to file an amended answer because it was not an appealable order. However, Club Exploria is now appealing the denial of its motion to compel arbitration, which is an appealable order. 9 U.S.C. § 16(a)(1). Accordingly, unlike in the prior appeal, there is no question that the Seventh Circuit has appellate jurisdiction.

And Club Exploria's arguments on the merits of the waiver issue are not remotely frivolous. Indeed, there are substantial arguments that a defendant cannot waive its right to arbitrate vis-à-vis absent class members before a class is certified and notice and opt-out period has concluded. Until that time, "the unnamed putative class members are not yet before the court," and the court thus lacks jurisdiction to entertain a motion to compel arbitration as to those class members. *In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015). No binding precedent forecloses those arguments. Indeed, the Seventh Circuit has determined in other contexts that where a "[c]ourt did not have the power to grant a certain motion, [the defendant] could not have been required to submit that motion to prevent waiver." *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). That is precisely Club Exploria's argument. Even if the Court disagrees, the Seventh Circuit has made clear that "[f]rivolous is not synonymous with merely unsuccessful or unlikely to succeed." *Mitchell v. Durham Enters., Inc.*, 99 F.4th 978, 989 (2024) (citation modified). Club Exploria's arguments are not so utterly devoid of merit that its appeal can be deemed frivolous.

Club Exploria respectfully submits that the proper course of action here is for the Court to grant its Motion to Stay Case Pending Appeal and enter an order confirming that this case is indeed stayed.

## II. RELEVANT BACKGROUND

### A. Following the Court's Granting of Certification, Club Exploria Immediately Moved to Arbitrate as to the Putative Class.

On August 17, 2023, the Court granted Plaintiff's motion for class certification. Dkt. No. 224.

On October 9, 2023, less than two months later, Club Exploria filed a motion for leave to file an amended answer. Dkt. No. 248. In its motion, it sought to add arbitration as an affirmative defense as to all putative class members (not as to Plaintiff himself). Mot. for Leave at 4–6, Dkt. No. 248. On October 19, 2025, the Court issued an order denying Club Exploria's motion for leave to file an amended answer. Order Denying Mot. for Leave to File Third Am. Answer, Dkt. No. 255.

On November 16, 2023, Club Exploria timely appealed the order denying its motion for leave to file an amended answer. Not. of Appeal, Dkt. No. 262. The Seventh Circuit Court of Appeals dismissed Club Exploria's appeal on September 26, 2024. Order, *Moore v. Club Exploria, LLC*, No. 23-3215 (7th Cir. 2024), Doc. 19.

After the appeal of the order denying Club Exploria's request for leave to amend its answer was dismissed, Club Exploria immediately began work on putting together a motion to compel arbitration. It put together the motion and filed it less than three months after the appeal was dismissed. *See* Dkt. No. 339.

Club Exploria filed its Motion to Compel Arbitration on December 10, 2024. Dkt. No. 339. In doing so, it warned the Court that it intends to file additional motions to compel arbitration pending the outcome of that motion, but did not want to burden the Court with unnecessary filings.

*See* Mot. to Compel Arb. At 2, Dkt. No. 339. Subsequently, the Court "convert[ed] it to a motion for leave to file an arbitration motion." Order, Dkt. No. 349.

Club Exploria respectfully contends that it has the right to assert arbitration, not only as to the 1,026 class members at issue in the Motion to Compel Arbitration, but as to seventy-one percent of the individual recipients of the 71,538 calls at issue.[1]

### B. The Court Found Club Exploria's Previous Appeal Frivolous After the Seventh Circuit Declined to Order a Briefing Schedule on the Appeal and Suggested That It Lacked Appellate Jurisdiction.

The basis for the present appeal is entirely different from the basis for the appeal this Court deemed frivolous. In the previous appeal, Club Exploria contended that the Court's order denying its motion for leave to amend its answer (and add arbitration as a defense) was an order denying it the opportunity to arbitrate. Amended Docketing Statement at 1, *Club Exploria*, No. 23-3215 (7th Cir. 2024), Doc. 6. On November 21, 2023, shortly after filing the appeal, the Seventh Circuit Court of Appeals issued an order for Club Exploria to brief how it could have jurisdiction over the order. Order, *Club Exploria*, No. 23-3215 (7th Cir. 2024), Doc. 2. In sum, the Seventh Circuit immediately cast doubt over whether the order was appealable and declined to set a briefing schedule on the actual appeal. *See id.*

After the Seventh Circuit cast doubt on the propriety of the appeal, Plaintiff brought a motion to certify Club Exploria's appeal as frivolous. Dkt. No. 265. The Court certified the appeal as frivolous, finding that, in light of the Seventh Circuit's implication that it did not have jurisdiction over the order, the case should not be stayed pending the appeal. Order Certifying

---

[1] Although Plaintiff moved for summary judgment as to 71,538 calls, the Court granted summary judgment as to 76,255 calls. *See* Memorandum Op. and Order, at 19–21, Dkt. No. 376.

Appeal as Frivolous, Dkt. No. 271. In certifying the appeal as frivolous, the Court determined that it had not been deprived of jurisdiction over the case. *See id.*

C. **The Seventh Circuit Court of Appeals Ordered That Club Exploria Must Appeal a Decision on the Motion to Compel Arbitration at the Proper Time and Has Now Set a Briefing Schedule on the Current Appeal.**

For the previous appeal, Club Exploria filed its Jurisdictional Memorandum with the Seventh Circuit Court of Appeals on December 11, 2023. Appellant's Jurisdictional Memorandum, *Club Exploria*, No. 23-3215 (7th Cir. 2024), Doc. 12. It contended that "requiring further proceedings [with this Court] is not consistent with practical considerations, common sense, or the purpose of the [Federal Arbitration Act]…." Appellant's Jurisdictional Memorandum at 13, *Club Exploria*, No. 23-3215 (7th Cir. 2024), Doc. 12. Subsequently, the Seventh Circuit raised the issue of whether it should "summarily affirm" the Court's ruling that Club Exploria had waived its right to arbitrate but did not mention Club Exploria's rights as to the putative class. Order at 2, *Club Exploria*, No. 23-3215 (7th Cir. 2024), Doc. 15. Put more directly, the Seventh Circuit did not specify whether it was considering "summarily affirm[ing]" Club Exploria's motion as to Plaintiff or as to the certified class. *See* Order at 2, *Club Exploria*, No. 23-3215 (7th Cir. 2024), Doc. 15.

For the present appeal, Club Exploria filed its Notice of Appeal of the denial of its motion to compel arbitration on September 30, 2025. *See* Not. of Appeal, Dkt. No. 380. On October 2, 2025, after reviewing the short form record, the Seventh Circuit Court of Appeals set the following briefing schedule on the appeal: (1) Club Exploria's brief due on November 20, 2025; (2) Plaintiff's brief due December 22, 2025; and (3) Club Exploria's reply brief due on January

5

12, 2026. *See* ORDER: Circuit Rule 33 – Briefing, *Moore v. Club Exploria, LLC*, No. 25-2721 (7th Cir. Oct. 2, 2025), Doc. 3.

### III. ARGUMENT

#### A. Club Exploria's Appeal Divests This Court of Jurisdiction and Requires a Stay.

##### 1. Binding Seventh Circuit Precedent Stays This Case.

Plaintiff fundamentally misconstrues *Lukis v. Whitepages Inc.*, 549 F. Supp. 3d 798 (N.D. Ill. 2021). The court in *Lukis* did not deny a stay because of the delegation issue—it expressly granted the motion to stay under § 16(a) of the Federal Arbitration Act holding that a notice of appeal from the denial of a motion to compel arbitration "divests the district court of the power to proceed with the aspects of the case that have been transferred to the court of appeals." *Lukis*, 549 F. Supp. 3d, at 802. The only exception to this rule is if the district court finds the appeal *frivolous*. *Id*. An appeal is frivolous only when the result is "obvious" or the appellant's arguments are "wholly without merit." *Lukis*, 549 F. Supp. 3d at 803 (quoting *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997)). This Court, in *Lukis*, itself concluded that the defendant's appeal was *not* frivolous—even though it found waiver "straightforwardly plain"—because the delegation issue presented a "complex" threshold question, and thus the appeal was not "wholly without merit." *Id*.

Plaintiff's argument fails because it confuses *why* the appeal in *Lukis* was not frivolous with *how* the stay rule operates. The stay rule is categorical under *Bradford-Scott*: once a party files a non-frivolous appeal from the denial of arbitration, the district court loses jurisdiction and must stay proceedings. The complexity of the delegation issue in *Lukis* merely demonstrated one example of why an appeal was not frivolous—it was not a prerequisite for a stay. Here, the same

6

principle applies. Club Exploria's appeal raises legitimate, non-frivolous issues under the FAA and relevant precedent, and therefore the Court must stay proceedings.

Plaintiff's focus on the passage of time is overstated. Pl.'s Opp, Dkt. No. 383, at 8. There is no fixed period after which a party automatically waives its right to arbitration. Instead, courts look to whether the moving party "did all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." *Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775, 789 (N.D. Ill. 2021) (citation modified). Indeed, the Seventh Circuit refused to waive arbitration in a similar case where the defendant "waited 18 months after the controversy arose to seek arbitration." *Dickinson v. Heinold Sec., Inc.*, 661 F.2d 638, 641 (7th Cir. 1981).

Club Exploria did not withhold or delay production of arbitration materials; rather, it previously sought to compel arbitration but was not permitted to do so. Club Exploria previously sought to assert arbitration as an affirmative defense through a motion for leave to amend its answer, filed on October 9, 2023, less than two months after the Court granted Plaintiff's motion for class certification. *See* Dkt. No. 248. The Court denied that request on October 19, 2023. *See* Dkt. No. 255. Club Exploria then promptly appealed that order, *see* Dkt. No. 262, and after the appeal was dismissed in September 2024, immediately began preparing a motion to compel arbitration. *See* Dkt. No. 339. The motion was filed on December 10, 2024—less than three months after the dismissal of the appeal. There was no "lengthy and unjustified delay" of the sort that would constitute waiver. *Lukis*, 549 F. Supp. 3d at 789. The passage of time in this litigation does not alter the fact that the motion was made at the first available opportunity. Similarly, Rule 26(c)(1) does not apply because Club Exploria did not withhold arbitration evidence; it attempted to raise arbitration long ago by moving for leave to amend its answer, but the Court denied that

7

request. *See* Dkt. Nos. 248, 255. After the Seventh Circuit dismissed Club Exploria's appeal, it promptly filed its Motion to Compel Arbitration less than three months later, *see* Dkt. No. 339, demonstrating that the timing of its disclosures was justified.

Plaintiff's suggestion that arbitration "has no application to 99% of the class" has no bearing on whether the appeal is frivolous or whether this Court is divested of jurisdiction. In any event, Plaintiff's suggestion is false. Pl.'s Opp, Dkt. No. 383, at 9. The evidence shows that 50,630 of the 71,538 calls at issue—seventy-one percent—involve individuals who expressly consented to arbitration. Geller-Stoff Decl. ¶ 8. Even assuming, arguendo, that the Court were to find waiver as to the named Plaintiff, as *Lukis* makes clear, waiver does *not* extend to the putative class members. We know this because when the *Lukis* defendant argued that the "class definition fails because it does not exclude individuals who have agreed to arbitrate their claims against [the defendant,]" the Court did not dismiss this argument and instead said that the defendant may "reassert [this]… argument[] in [its] opposition to class certification." *Id*. at 796. In other words, the Court has recognized waiver against the individual Plaintiff, but not the putative class members. Plaintiff's arguments regarding delay, discovery, and waiver are meritless. And Exploria's motion to compel arbitration—raising substantial questions under the FAA and Seventh Circuit precedent—is plainly not frivolous.

### 2. As the Court of Appeals Has Now Set a Briefing Schedule Based on the Notice of Appeal, There is No Basis to Proceed With the Entry of Judgment.

The Court issued an order for the parties to proceed with briefing the issue of how to proceed with the entry of judgment. *See* Dkt. No. 382. Prior to that order, Club Exploria submitted

its appeal pursuant to 9 U.S.C. § 16(a)(1)(B) after an order that both granted summary judgment and denied arbitration. *See* Memorandum Op. and Order, Dkt. No. 376.

After the Court issued its order for the parties to proceed with briefing the issue of entering judgment, the Seventh Circuit Court of Appeals set a briefing schedule on the appeal. *See* ORDER: Circuit Rule 33 – Briefing, *Moore v. Club Exploria, LLC*, No. 25-2721 (7th Cir. Oct. 2, 2025), Doc. 3. Accordingly, the case is stayed pursuant to binding case law in this circuit. *See Coinbase*, 599 U.S. at 741 (quoting *Bradford-Scott*, 128 F.3d at 506) ("[W]hen a party appeals the denial of a motion to compel arbitration, whether 'the litigation may go forward in the district court is precisely what the court of appeals must decide.'").

### B. Club Exploria's Appeal is a Matter of Right and Not Frivolous, Regardless of Whether This Court Disagrees on the Merits.

#### 1. Plaintiff's Opposition Mischaracterizes the Prior Ruling by the Court of Appeals.

Plaintiff contends that the Seventh Circuit "clearly signaled it would <u>summarily affirm</u> this Court's finding of waiver if jurisdiction existed." Opp'n at 2, Dkt. No. 383. The Seventh Circuit Court of Appeals did no such thing as to the ***finding of waiver***. It merely suggested that it might consider affirming this Court's ruling denying the motion for leave to file a third amended answer if it did indeed have jurisdiction to decide that issue. While it briefly mentioned that it "reviews a district court's determination that a party has waived its right to compel arbitration 'with deference,'" it did not suggest that it would summarily decide that issue. Order, *Club Exploria*, No. 23-3215 (7th Cir. 2024), Doc. 15. Nor did it mention that in its order dismissing the appeal. *Id.* Nor has it issued an order questioning whether it should summarily affirm the finding of waiver. In fact, it has done precisely the opposite by setting a briefing schedule for the appeal. *See* ORDER:

9

Circuit Rule 33 – Briefing, *Moore v. Club Exploria, LLC*, No. 25-2721 (7th Cir. Oct. 2, 2025), Doc. 3.

Crucially, while this Court determined that Club Exploria waived arbitrability by not raising it earlier "after years of litigation," the absent class members were not yet before the Court during those years of litigation. Club Exploria did not have the right to assert arbitrability as a defense as to putative class members until the class was certified. *See Fischer v. Instant Checkmate LLC*, No. 19 C 4892, 2022 WL 971479, at *9 (N.D. Ill. Mar. 31, 2022) (holding that the defendant "could, if it wishes, move to compel arbitration as to those individuals after class certification without fear that its litigation conduct will have waived its rights those arbitration agreements").

Here, Club Exploria *could* not have moved to compel arbitration as to putative class members until after the Court granted certification and the notice and opt-out period ended. Club Exploria accordingly moved to compel arbitration just two months after the end of the notice period. To the extent any earlier action was required, Club Exploria also attempted to raise the defense of arbitration less than two months after the Court granted certification. So Club Exploria's position is that it should be well within its rights to arbitrate its claims as to class members. Club Exploria understands that this Court disagrees. Club Exploria, however, firmly believes that the Seventh Circuit Court of Appeals will rule differently. At a minimum, Club Exploria's arguments are not so entirely meritless that they can be dismissed as frivolous.

Plaintiff's reliance on a ruling where the Seventh Circuit found waiver as to the Plaintiff in a non-class action is unavailing. *See* Opp'n at 7 (citing *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 587–588 (7th Cir. 1992)). This is not the binding "Seventh Circuit [p]recedent" that Plaintiff's Opposition suggests as to **class members** as opposed to Plaintiff. *See* Opp'n at 7; *Lukis*, 535 F. Supp. 3d at 791. Nor is Plaintiff's reliance on *Smith v.*

10

*GC Services Limited Partnership*, 907 F.3d 495, 501 (7th Cir. 2018), a case in which the defendant sought to assert arbitration as to the named plaintiff rather than putative class members, remotely well placed. Quite simply, Club Exploria did not have the right to assert arbitration as to class members until after the class was certified and the class members were properly before the Court. *See Lukis*, 535 F. Supp. 3d at 791.

### 2. The Issue of Arbitration Applies to the Majority of the Class—Not Just a Few Members as Plaintiff Suggests.

While Plaintiff complains that Club Exploria's motion to compel arbitration applied to only a small subset of class members, the percentage of the class that agreed to arbitrate should not impact any finding of frivolity. It has little to do with whether Club Exploria's appeal of this Court's finding of waiver is frivolous. The Court should therefore disregard Plaintiff's arguments on this issue. *See Lukis*, 535 F. Supp. 3d at 791.

In any event, this is not an issue of only 1,026 out of 66,682 class members as Plaintiff suggests. *See* Opp'n. Rather, Club Exploria has arbitration agreements to seventy-one percent of class members. Dec. of Darlene Geller-Stoff ¶ 8. It thus asserts that it has the right to assert arbitration as to 50,630 class members out of 66,682. *See id*. However, doing so will require filing several additional motions to compel arbitration. *See id.*

Club Exploria is loathe to waste this Court's resources by presenting it with unnecessary filings. Accordingly, as this Court had already implied that it believed Club Exploria waived arbitration, Club Exploria filed a single motion to compel arbitration to ask this court whether it would allow it to assert its arbitration rights. In doing so, Club Exploria reserved its rights to file additional motions to compel arbitration. The Court properly converted Club Exploria's motion to

11

compel arbitration into a motion for leave to compel arbitration, to decide the threshold issue of whether Club Exploria had waived arbitration.

## IV. CONCLUSION

Club Exploria respectfully requests that the Court enter an order confirming that this case is indeed stayed.

Dated: October 17, 2025

Respectfully submitted,

CLUB EXPLORIA, LLC

By: /s/ *Brittany A. Andres*
    Eric J. Troutman (pro hac vice)
    California Bar No. 229263
    Puja J. Amin (pro hac vice)
    California Bar No. 299547
    Brittany Andres (pro hac vice)
    California Bar No. 340856
    Troutman Amin, LLP
    400 Spectrum Center
    Suite 1550
    Irvine, CA 92618
    Telephone: (949) 350-3663
    troutman@troutmanamin.com
    brittany@troutmanamin.com

    Peter A. Silverman
    Alexander A. Pabon
    Smith, Gambrell & Russell, LLP
    311 S. Wacker Drive, Suite 3000
    Chicago, IL 60606
    psilverman@sgrlaw.com
    apabon@sgrlaw.com

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on October 17, 2025, she caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                /s/ *Brittany A. Andres*
                Brittany A. Andres