IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE MOORE, | |
| Plaintiff, | Case No. 1:19-cv-02504 |
| v. | Hon. Edmond E. Chang |
| CLUB EXPLORIA, LLC, | |
| Defendant. | |

**DECLARATION OF DARLENE GELLER-STOFF IN SUPPORT OF
DEFENDANT CLUB EXPLORIA, LLC'S REPLY IN SUPPORT OF MOTION TO STAY**

I, Darlene Geller-Stoff, declare:

1. I am over the age of eighteen (18) years. I submit this declaration in support of Defendant Club Exploria, LLC's [hereinafter Club Exploria]. The matters set forth below are based upon my personal knowledge and, if called to testify as a witness, I could and would competently testify thereto.

2. I am the Vice President at CompliancePoint Litigation Support Services [hereinafter CPLSS], located in Duluth, Georgia.

3. CPLSS and I have been retained to provide expert consulting and expert witness services by law firms across the nation in numerous Telephone Consumer Protection Act litigation matters including fax, Do Not Call, Automatic Telephone Dialing Systems, Florida Telephone Solicitation Act automated system rules, wireless identification and historical wireless subscriber/user identification, SMS/text, as well as post call/text/fax data analyses. These cases have spanned business-to-business, business-to-consumer, debt collection, informational, and other consumer contact programs. Our team of data analysts have analyzed hundreds of millions of rows of data including result codes, agent, and system notations, call recordings, consent

1

forms, and even stored images of contracts, among others. I have performed comprehensive analysis of results, audited CDRs and other types of data and documentation related to calls, text, and consumer leads for many organizations.

4. A total of 71,538 calls were placed to the class. Court Order, ECF No. 376, at 33.

5. I am familiar with the data used in Plaintiff's Motion for Summary Judgment (Dkt. No. 319) in which he moved for summary judgment as to 71,538 calls.

6. My team and I analyzed the lead and prospect records to identify the source website for each record. We then grouped the individual records to whom those 71,538 calls were made by each source website. These consent records were obtained via individuals inputting their information on various websites. After an individual input their information on those websites, they accepted a disclosure which bound them to specific terms of use. In total, 129 different websites were visited.

7. We analyzed the individual websites visited by each individual and used archive.org to determine what terms of use agreements the user would have seen on the date of their visit to the website. In doing so, we looked at the click through agreement for each website that each individual visited. We also analyzed the corresponding terms of use agreement on each of those website, looking at whether an arbitration agreement was contained within those terms of uses.

8. In our analysis of those terms of use agreements, we found that, out of 71,538 calls to the putative class, 50,630 of those calls were made to individuals who agreed to terms of use agreements that included arbitration agreements. Thus, approximately seventy-one percent of the calls in question are subject to arbitration agreements.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on this 16th day of October 2025 in Roswell, Georgia.

*Darlene Geller-Stoff*
Darlene Geller-Stoff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 17, 2025, she caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Brittany A. Andres*
Brittany A. Andres