**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE MOORE on behalf of himself and others similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-02504 |
| v. | ) | |
| | ) | |
| CLUB EXPLORIA, LLC | ) | Honorable Edmond Chang |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO STRIKE
DECLARATION OF DARLENE GELLER-STOFF**

Plaintiff George Moore moves to strike the declaration of Darlene Geller-Stoff (Doc. 386-1), which Defendant Club Exploria, LLC attached to its reply memorandum in support of its motion stay.  In support of this motion, Plaintiff states:

**1.**      To support its argument that it did not waive arbitration rights, Defendant has now attached an unsigned[1] declaration to a reply memorandum from an undisclosed witness Defendant could have and should have disclosed years ago. In doing so, Defendant only confirms its obvious waiver.

**2.**      Discovery closed in this case almost four years ago, on January 21, 2022. Doc. 180.

**3.**      Defendant did not disclose Darlene Geller-Stoff as a fact witness or expert witness during that discovery period or at any point after it ended.  Thus, the first time Plaintiff learned that Geller-Stoff had anything to say about this case was when Exploria attached the declaration to its reply in support of its motion to stay this case pending appeal.

---

[1] The document purports to set forth a DocuSign signature, but opening the document in a pdf viewer shows that the signature is invalid for numerous reasons, including that the signer's identify has not been verified.

**4.**     Geller-Stoff claims to have reviewed lead records that have been in Defendant's possession throughout the litigation.

**5.**     Based solely on a review of those lead records, she claims further without any personal knowledge that approximately 50,000 class members entered into arbitration agreements at 129 different websites.

**6.**     Geller-Stoff clearly has no personal knowledge about what occurred on 129 different third-party websites.  Putting this foundational issue aside, the Court should strike this declaration for at least two reasons.

**7.**     First, the declaration is unsigned as explained above.  Accordingly, the statements set forth in the document are not evidence – they were not attested to under penalty of perjury or otherwise.

**8.**     Second, given Defendant's failure to disclose Geller-Stoff as a witness, the federal rules of civil procedure precludes Defendant's use of Geller-Stoff as a witness in support of its motion. Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness  . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.")   "The exclusion of nondisclosed evidence [under Rule 26(a)] is automatic and mandatory under Rule 37(c)(1) unless nondisclosure was justified or harmless." *Karum Holdings LLC v. Lowe's Companies, Inc.*, 895 F.3d 944, 951 (7th Cir. 2018) (citations omitted).

**9.**     Defendant has no justification for its failure to disclose.  The lead records on which Geller-Stoff bases her assertions have been in Defendant's possession throughout the litigation.  Nor is the failure to disclose harmless.  Defendant's failure to comply with Rule 26 means that Plaintiff was "prevented from responding with expert disclosures or other information

of its own" relating to  these issues, and it was prevented from deposing Geller-Stoff about them.

*Behland v. Midwest Generation EME, LLC*, No. 06 C 6862, 2008 WL 11516689 at *2 (N.D. Ill.

Jan. 15, 2008) (Kennelly, J.) (excluding expert opinions that were not disclosed pursuant to Rule

26 "or arguments premised upon that information").

**10.**     This case is six years old and the Court has already entered summary judgment

for the class.  Defendant's attempt to undue that through previously undisclosed evidence risks

substantial additional costs and delays on an issue that Defendant has already waived. *See Meeks*

*v. Murphy Auto Group, Inc*., 2010 U.S. Dist. LEXIS 132693, at *20 (M.D. Fla. Dec. 15, 2010)

("[A]s [the expert's] opinions were not revealed until after Defendant filed its motion for

summary judgment, Defendant is clearly prejudiced by the late disclosure.").

WHEREFORE, Plaintiff respectfully requests that the Court strike the declaration of

Geller-Stoff  (Doc. 386-1).


Respectfully Submitted,

s/ Timothy J. Sostrin
Keith J. Keogh
Timothy J. Sostrin
KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, IL 60603
312-726-1092
tsostrin@keoghlaw.com

*Attorneys for Plaintiff*