IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>CLUB EXPLORIA, LLC,<br><br>    Defendant. | Case No. 1:19-cv-02504<br><br>Hon. Edmond E. Chang |

## DEFENDANT CLUB EXPLORIA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendant Club Exploria, LLC (hereinafter "Club Exploria") submits its Opposition to Plaintiff's Motion to Strike Declaration of Darlene Geller-Stoff ("Declaration") (Dkt. No. 387).

1. The Court does not need to rely on the Declaration to grant Club Exploria's stay motion, so it can and should grant Club Exploria's motion without considering the Declaration and deny Plaintiff's motion to strike the Declaration as moot. Club Exploria submitted the declaration solely to respond to Plaintiff's incorrect assertion regarding the number of class members who agreed to arbitrate their claims. As Club Exploria explained, however, the number of class members who agreed to arbitrate has no bearing on whether Club Exploria's appeal of the denial of its motion to compel arbitration as to 1,026 class members is frivolous (it is not) or whether this Court is divested of jurisdiction (it is). *See* Dkt. No. 386 at 8, 11. The Court should therefore grant Club Exploria's motion and deny the motion to strike as moot. *See, e.g.*, *Ludwig v. United States*, 512 F. Supp. 3d 877–78 (N.D. Ill. 2021) (denying motion to strike as moot because the challenged declaration was not necessary to the court's decision); *Ferenzi v. City of Chi.*, 2018 WL 1561728, at *6 (N.D. Ill. Mar. 30, 2018) (same).

1

2. In any event, this Court's Case Procedures state that motions to strike "are strongly disfavored," and Plaintiff has not shown that striking the Declaration is warranted.

3. Plaintiff cites no authority in support of his claim that the Declaration is "unsigned." Dkt. No. 387, at ¶ 1. Ms. Geller-Stoff electronically signed the declaration under penalty of perjury in full compliance with 28 U.S.C. § 1746, and "electronic signatures are valid under Illinois law." *In re Marquardt*, 561 B.R. 715, 723 (Bankr. C.D. Ill. 2016).

4. Plaintiff invokes Rule 37(c) because Ms. Geller-Stoff was not previously disclosed as a witness, but that rule permits disclosure after the close of discovery when it is "substantially justified." *Gutierrez v. Kerry*, 2015 WL 13779443, at *3–4 (S.D. Tex. Mar. 18, 2015). Club Exploria has worked diligently to identify which members of the class signed arbitration agreements—a task that was made more difficult because class membership was not fixed until after class certification, and because the class definition was further modified after discovery closed and after expert reports were due. Club Exploria therefore moved to compel arbitration as to 1,026 class members for whom it had identified binding arbitration agreements, while noting that it anticipated moving to compel arbitration as to additional class members pending the outcome of its motion. Dkt. No. 339 at 2 n.1; Dkt. No. 352 at 2 n.2. Club Exploria intended to secure a declaration from its already-disclosed expert, Ken Sponsler of CompliancePoint Litigation Support Services ("CPLSS"), but Mr. Sponsler was unavailable. Club Exploria therefore submitted a declaration of Ms. Geller-Stoff, also of CPLSS, who had reviewed the same underlying materials and worked directly with Mr. Sponsler in preparing the analysis. Club Exploria's disclosure of Ms. Geller-Stoff is substantially justified, and Plaintiffs face no unfair surprise.

For these reasons, Plaintiff's motion to strike the Declaration should be denied.

Dated: October 29, 2025

Respectfully submitted,

CLUB EXPLORIA, LLC

By: /s/ *Brittany A. Andres*
    Eric J. Troutman (pro hac vice)
    California Bar No. 229263
    Puja J. Amin (pro hac vice)
    California Bar No. 299547
    Brittany Andres (pro hac vice)
    California Bar No. 340856
    Troutman Amin, LLP
    400 Spectrum Center
    Suite 1550
    Irvine, CA 92618
    Telephone: (949) 350-3663
    troutman@troutmanamin.com
    brittany@troutmanamin.com

    Peter A. Silverman
    Alexander A. Pabon
    Smith, Gambrell & Russell, LLP
    311 S. Wacker Drive, Suite 3000
    Chicago, IL 60606
    psilverman@sgrlaw.com
    apabon@sgrlaw.com

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on October 29, 2025, she caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    /s/ *Brittany A. Andres*
    Brittany A. Andres