# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE MOORE, | |
| Plaintiff, | Case No. 1:19-cv-02504 |
| v. | Hon. Edmond E. Chang |
| CLUB EXPORIA, LLC, | |
| Defendants | |

**DEFENDANT CLUB EXPLORIA, LLC'S**
**NOTICE OF MANDATORY STAY PENDING APPEAL**

Defendant Club Exploria, LLC ("Club Exploria") hereby files this notice concerning the mandatory stay of all litigation in this Court, including the entry of judgment against Club Exploria, pending the Seventh Circuit's resolution of its appeal. As Club Exploria explained in its motion to stay and reply to the same, Dkts. 378, 386, this case is currently stayed pursuant to binding case law. Club Exploria's filing of its notice of appeal "confer[red] jurisdiction on the court of appeals and divest[ed] the district court of control over those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)). The only exception to this rule is if the district court certifies that the appeal is frivolous. *Id.* at 745; *see, e.g.*, *Lukis v. Whitepages Inc.*, 549 F. Supp. 3d 798, 802–03 (N.D. Ill. 2021).

This Court has *not* certified that Club Exploria's appeal is frivolous, and it plainly is not. *See* Dkt. 386; Dkt. 395. Nor has the Seventh Circuit given any indication that it views the appeal as frivolous. On the contrary, the Seventh Circuit entered a briefing schedule, Club Exploria filed its opening brief on November 20, Plaintiff's brief is due today, Club Exploria will file a reply brief thereafter, and the appeal will be scheduled for oral argument in due course. Consequently,

this Court presently lacks jurisdiction over the case, and litigation in this Court is accordingly stayed by operation of law pending the Seventh Circuit's resolution of the appeal.

Notwithstanding the mandatory stay in effect, on December 19, Plaintiff filed a motion seeking entry of judgment. Because jurisdiction over this case currently lies in the Court of Appeals and not in this Court, the filing was improper and the Court lacks the power to rule on it. Accordingly, Club Exploria submits it has no obligation to respond to Plaintiff's motion at this time and that doing so would also be inappropriate. *See, e.g.*, *United States v. Trump*, 706 F. Supp. 3d 91, 93 (2023) (where pending appeal divested district court of jurisdiction, the "appeal automatically stays any further proceedings that would move this case toward trial or impose additional burdens of litigation on Defendant") (citing *Coinbase*, 599 U.S. at 741). Moreover, the Seventh Circuit's resolution of the arbitration waiver issue on appeal will affect the propriety of entering judgment as well as the form of the judgment.

Indeed, the issues of entering judgment and the form of the judgment may require this Court to take evidence and testimony in addition to evaluating how the law should apply in these circumstances. *See*, *e.g.*, *Holtzman v. Turza*, 828 F.3d 606, 608 (7th Cir. 2016). In this case, because the names and addresses of the individuals who may have been contacted were not known to the parties, Plaintiff used a "reverse look up" process for purposes of providing initial notice, and accurately identifying individuals who may be entitled to an award of statutory damages will not be straightforward (as the prior notice does necessarily align with those who may be entitled to judgment). Moreover, Plaintiff (and possibly others) entered into settlements that may at a minimum create offsets or otherwise extinguish their claims. And the astronomical aggregated damages Plaintiff seeks would be grossly and unconstitutionally disproportionate to the gravity of

Club Exploria's purported violations of the TCPA and the actual harm (if any) suffered by class members.

For all of these reasons, Club Exploria intends to abide by the mandatory stay currently in place and wait for the Seventh Circuit's decision before litigating further in this Court. To clarify any potential ambiguity about the status of the case, Club Exploria thus requests that the Court strike the improper motion seeking entry of judgment.

In the meantime, Club Exploria intends to continue its good-faith efforts to resolve this matter. On December 10, the Chief Executive Officer and Chief Financial Officer of Club Exploria and Club Exploria's counsel met for approximately 6 hours of mediation with Plaintiff's counsel before Judge James Epstein (Ret.) of JAMS. In the days and weeks leading up to the mediation, Club Exploria provided Plaintiff's counsel and their financial expert with extensive financial information. Club Exploria also provided access to Club Exploria's Chief Financial Officer and the Company's outside financial restructuring counsel to facilitate the parties' discussions. Although the case did not resolve at the mediation, Club Exploria remains committed to continuing its good-faith efforts to reach a mutually agreeable resolution so that meaningful relief to the class can be provided.

\* \* \*

Because Club Exploria believes it would be inappropriate to respond to Plaintiff's motion for entry of judgment at this time considering the mandatory stay currently in place, Club Exploria does not intend to respond to it until the Seventh Circuit has issued its mandate, and has requested that the motion be stricken. To the extent this Court intends to proceed despite the mandatory stay, Club Exploria respectfully requests the Court provide notice and an opportunity for Club Exploria to seek relief from the Seventh Circuit.

Dated: December 22, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Livia M. Kiser*
　　　　　　　　　　　　　　　　　　　　　Livia M. Kiser
　　　　　　　　　　　　　　　　　　　　　Ill. Bar No. 6275283
　　　　　　　　　　　　　　　　　　　　　**King & Spalding LLP**
　　　　　　　　　　　　　　　　　　　　　110 North Wacker Drive
　　　　　　　　　　　　　　　　　　　　　Suite 3800
　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　　(312) 995-6333
　　　　　　　　　　　　　　　　　　　　　lkiser@kslaw.com

　　　　　　　　　　　　　　　　　　　　　Michael D. Roth
　　　　　　　　　　　　　　　　　　　　　Cal. Bar No. 217464
　　　　　　　　　　　　　　　　　　　　　**King & Spalding LLP**
　　　　　　　　　　　　　　　　　　　　　633 West Fifth Street
　　　　　　　　　　　　　　　　　　　　　Suite 1600
　　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　　　　　　(213) 443-4355
　　　　　　　　　　　　　　　　　　　　　mroth@kslaw.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　*Club Exploria, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2025, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

                                                                */s/ Livia M. Kiser*