# Exhibit A

No. 25-2721

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

————————

GEORGE MOORE,
*Plaintiff-Appellee*,

v.

CLUB EXPLORIA, LLC,
*Defendant-Appellant*.

————————

On Appeal from the United States District Court for the Northern
District of Illinois, No. 1:19-cv-02504, Hon. Edmond E. Chang

————————

## REPLY BRIEF
## FOR DEFENDANT-APPELLANT

————————

Livia M. Kiser
KING & SPALDING LLP
110 North Wacker Drive
Suite 3800
Chicago, IL 60606
(312) 995-6333

Michael D. Roth
KING & SPALDING LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
(213) 443-4355

Paul Alessio Mezzina
 *Counsel of Record*
Amy R. Upshaw
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-05500
pmezzina@kslaw.com

Martha Banner Banks
KING & SPALDING LLP
1180 Peachtree Street NE
Suite 1600
Atlanta, GA 30309
(404) 572-4600

*Counsel for Defendant-Appellant Club Exploria, LLC*

January 12, 2026

# TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................ii

INTRODUCTION .............................................................................................1

ARGUMENT .....................................................................................................4

I.   Moore does not dispute that he bears the heavy burden of
     establishing that Club Exploria waived its arbitration
     rights ....................................................................................................4

II.  Club Exploria did not waive its arbitration rights before
     class certification.................................................................................7

III. Club Exploria did not waive its arbitration rights after
     class certification...............................................................................16

CONCLUSION .................................................................................................21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Cases

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997) ................................................................................. 8

*Bank v. Truck Ins. Exch.,*
51 F.3d 736 (7th Cir. 1995) ..................................................................... 5

*Brickstructures, Inc. v. Coaster Dynamix, Inc.,*
952 F.3d 887 (7th Cir. 2020) ................................................................... 6

*Burnett v. Nat'l Ass'n of Realtors,*
615 F. Supp. 3d 948 (W.D. Mo. 2022) ............................................ 11, 14

*Burnett v. Nat'l Ass'n of Realtors,*
75 F.4th 975 (8th Cir. 2023) ................................................................. 14

*Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.,*
50 F.3d 388 (7th Cir. 1995) ..................................................................... 9

*Chen-Oster v. Goldman, Sachs & Co.,*
449 F. Supp. 3d 216 (S.D.N.Y. 2020) .................................................... 17

*Conde v. Open Door Mktg., LLC,*
2017 WL 5172271 (N.D. Cal. Nov. 8, 2017) ......................................... 10

*Ernst & Young LLP v. Baker O'Neal Holdings, Inc.,*
304 F.3d 753 (7th Cir. 2002) ................................................................... 6

*Gutierrez v. Wells Fargo Bank, NA,*
889 F.3d 1230 (11th Cir. 2018) ................................................... 2, 7, 11

*H&T Fair Hills, Ltd. v. All. Pipeline L.P.,*
76 F.4th 1093 (8th Cir. 2023) ...................................................... 2, 7, 14

*Halim v. Great Gatsby's Auction Gallery, Inc.,*
516 F.3d 557 (7th Cir. 2008) ................................................................... 6

*Hill v. Xerox Business Services, LLC,*
59 F.4th 457 (9th Cir. 2023) ................................................................. 15

*In re Checking Acct. Overdraft Litig.*,
    2016 WL 6082035 (S.D. Fla. Oct. 17, 2016) ........................................ 11

*In re Cox Enters., Inc. Set-top*
    *Cable Television Box Antitrust Litig.*,
    790 F.3d 1112 (10th Cir. 2015) ..................................................... 11, 12

*In re Titanium Dioxide Antitrust Litig.*,
    962 F. Supp. 2d 840 (D. Md. 2013) .................................................. 17

*Johnson v. Zerbst*,
    304 U.S. 458 (1938) ......................................................................... 8

*Jokich v. Rush Univ. Med. Ctr.*,
    42 F.4th 626 (7th Cir. 2022) ........................................................... 1

*Kawasaki Heavy Indus., Ltd.*
    *v. Bombardier Recreational Prods., Inc.*,
    660 F.3d 988 (7th Cir. 2011) ........................................................ 19

*Lawrence v. NYC Med. Prac., P.C.*,
    2023 WL 4706126 (S.D.N.Y. July 21, 2023) ................................... 11

*Mora v. Harley-Davidson Credit Corp.*,
    2012 WL 1189769 (E.D. Cal. Apr. 9, 2012) .................................... 17

*Morgan v. Sundance, Inc.*,
    596 U.S. 411 (2022) .................................................................... 1, 12

*Nat'l Found. for Cancer Rsch. v. A.G. Edwards & Sons, Inc.*,
    821 F.2d 772 (D.C. Cir. 1987) ........................................................ 13

*Odell v. CVS Pharm., Inc.*,
    2023 WL 8527440 (N.D. Ill. Dec. 9, 2023) .................................. 4, 17

*Sharif v. Wellness Int'l Network, Ltd.*,
    376 F.3d 720 (7th Cir. 2004) ......................................................... 19

*Smith v. GC Servs. Ltd. P'ship*,
    907 F.3d 495 (7th Cir. 2018) ........................................................... 9

*Speerly v. Gen. Motors, LLC,*
    143 F.4th 306 (6th Cir. 2025) ........................................................ 2, 7

*Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.,*
    376 F.3d 664 (7th Cir. 2004) ................................................ 1, 9, 10, 16

*St. Mary's Med. Ctr. of Evansville, Inc.*
    *v. Disco Aluminum Prods. Co.,*
    969 F.2d 585 (7th Cir. 1992) ............................................................. 5, 9

*U.S. Bank Nat'l Ass'n*
    *ex rel. CWCapital Asset Mgmt. LLC*
    *v. Vill. at Lakeridge, LLC,*
    583 U.S. 387 (2018) ................................................................................ 6

*United States v. Olano,*
    507 U.S. 725 (1993) ........................................................................... 1, 8

*Valli v. Avis Budget Grp. Inc.,*
    --- F.4th ---, 2025 WL 3638356 (3d Cir. 2025) .................. 13, 14, 15, 16

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011) ......................................................................... 4, 17

## Statutes

28 U.S.C. § 2072(b) ...................................................................................... 8

## INTRODUCTION

Moore appears to argue that a defendant in a putative class action must invoke the possibility of arbitration against non-party class members at the earliest possible moment or else lose that arbitration right forever. That is not the law. Such a notice requirement is not necessary to avoid waiver of any other contract rights. Nor is it the rule that applies to arbitration rights. A litigant waives contract rights like the right to arbitrate not by forfeiture, but only by "the intentional relinquishment or abandonment of" that right. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). To give rise to waiver, a party's conduct must be "inconsistent with any intention other than to waive the right." *Jokich v. Rush Univ. Med. Ctr.*, 42 F.4th 626, 636 (7th Cir. 2022) (quotation marks omitted); *see also Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664, 679 (7th Cir. 2004) (a party waives contractual rights only when it "conducts itself in a manner which is wholly inconsistent with" the right, "thereby indicating its intent to abandon the contractual right" (quotation marks omitted)).

Club Exploria's litigation conduct here was not "inconsistent with any intention other than to waive the right" to arbitrate with the 1,026 class members at issue, who did not become parties to the litigation until *after* class certification, notice, and opt-out. Rather, Club Exploria's conduct appropriately reflected its intention to resolve non-arbitrable claims in court and arbitrable claims in arbitration.

As multiple courts of appeal have recognized, a defendant need not (and in fact cannot) move to compel arbitration against absent putative class members before they become parties to the litigation. *See Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1238 (11th Cir. 2018); *accord H&T Fair Hills, Ltd. v. All. Pipeline L.P.*, 76 F.4th 1093, 1100 (8th Cir. 2023); *Speerly v. Gen. Motors, LLC*, 143 F.4th 306, 335–36 (6th Cir. 2025). Unable to dispute this, Moore insists that Club Exploria nonetheless had an obligation to provide advance notice of its intent to arbitrate with these absent class members in the event they ever became parties. But such advance notice is not required where, as here, the defendant does not act in a way that is inconsistent with its arbitration rights.

Moore spends much of his brief discussing waiver cases that, unlike this one, involved delayed efforts to compel arbitration against a named

plaintiff or against all or virtually all of the unnamed class members. But in those cases, an earlier motion to compel arbitration could have meaningfully altered the course of the litigation or forestalled it altogether. Here, by contrast, Moore and a substantial portion of unnamed class members are *not* subject to arbitration. Club Exploria thus would have taken all the pre-certification actions that Moore claims amount to waiver (filing motions, participating in discovery, and opposing class certification) regardless of its intent to arbitrate with a small subset of the class. As a result, these actions are not inconsistent with an intent to arbitrate, and no waiver occurred.

Nor can there be any serious dispute that Club Exploria pursued its arbitration rights with diligence after class certification. Club Exploria sought to amend its answer to add arbitration as a defense shortly after the class was certified, immediately appealed the district court's refusal to allow the amendment, and vigorously litigated the appeal until it was dismissed for lack of jurisdiction almost a year later. And shortly after the opt-out period closed, Club Exploria filed its motion to compel arbitration.

Moore's only argument in response is to insist that Club Exploria should have filed its motion to compel before these class members received notice and an opportunity to opt out. But that would have been premature, as due process dictates that absent class members are not subject to the court's authority until they have received notice and chosen not to opt out. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 363 (2011); *see, e.g., Odell v. CVS Pharm., Inc.*, 2023 WL 8527440, at *3 (N.D. Ill. Dec. 9, 2023). In any event, Club Exploria provided notice of its arbitration rights promptly after the class was certified and engaged in diligent efforts to assert those rights in the district court and on appeal.

In short, Club Exploria never took any action that was inconsistent with its intent to exercise the arbitration rights at issue in this appeal. This Court should reverse the district court's order and remand for consideration of Club Exploria's motion to compel arbitration.

## ARGUMENT

### I. Moore does not dispute that he bears the heavy burden of establishing that Club Exploria waived its arbitration rights.

This Court has instructed that "parties asserting waiver bear a 'heavy burden' and courts should not 'lightly infer' waiver." *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585,

590 (7th Cir. 1992). This aligns with waiver principles that apply to ordinary contract rights. Illinois law, for example, "requires that an alleged waiver … be *clearly* inferable from the circumstances." *Bank v. Truck Ins. Exch.*, 51 F.3d 736, 739 (7th Cir. 1995) (emphasis in original). Moore does not dispute this standard. *See* Opening Br. 18–20; *see generally* Response Br.

Nor does Moore dispute that the district court misapplied the standard. The district court held that Club Exploria had waived arbitration "by not bringing it up before" class certification, without finding that Club Exploria had taken any action that was clearly inconsistent with its arbitration rights. SA-7 (quoting A-158). And the district court imposed on Club Exploria the burden of demonstrating that it had made the "earliest feasible determination" to pursue arbitration. SA-9 n.3; Opening Br. 19. That was error. It was Moore's burden to show that Club Exploria acted in a manner clearly inconsistent with the arbitration rights at issue here. Absent such proof, assertions that Club Exploria could have "brought up" arbitration earlier are irrelevant and do not establish waiver.

Instead of addressing this legal error, Moore asks this Court to give the decision below "deference." Response Br. 15 (quoting *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887, 891 (7th Cir. 2020)). But as his own cited case law makes clear, deference is warranted only when the arbitration ruling involves disputed *factual* findings that "require [the district court] to do things like 'marshal and weigh evidence' and 'make credibility judgments.'" *Brickstructures*, 952 F.3d at 891 (quoting *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 583 U.S. 387, 396 (2018)). The district court made no such findings here. Instead, it assessed the "*legal* question[] of whether a party's conduct amount[ed] to waiver," which this Court "review[s] *de novo*." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561–62 (7th Cir. 2008) (emphasis added); *see also Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 756 (7th Cir. 2002) ("[T]he legal question of whether the conduct amounts to waiver is reviewed *de novo*.").

Because the district court failed to engage in the appropriate analysis and improperly shifted the burden to Club Exploria, reversal is appropriate.

## II.  Club Exploria did not waive its arbitration rights before class certification.

Moore complains that Club Exploria raised arbitration only "after it lost" on class certification. Response Br. 21; *see id.* at 20. But he does not dispute the fundamental point that "a motion to compel *cannot* be granted against unnamed class members before certification." *Id.* at 21 (emphasis added). Nor could he—unnamed class members' nonparty status means that the court cannot compel arbitration against them prior to certification, as multiple courts of appeal have recognized. *See* Opening Br. 20–22 (citing *Gutierrez*, 889 F.3d at 1238; *H&T Fair Hills*, 76 F.4th at 1100; and *Speerly*, 143 F.4th at 335–36).

Despite recognizing that Club Exploria could not have compelled arbitration against absent class members prior to certification, Moore nonetheless claims that Club Exploria was required to "give reasonably prompt record notice that it intend[ed] to invoke arbitration as to some portion of the putative class" so the parties could "litigate certification, discovery, and merits issues with the arbitration contingency in mind." Response Br. 21–22. Moore cites no authority to support this supposed rule. *See id.* And it is contrary to Supreme Court precedent and the waiver doctrine. Imposing restrictions on Club Exploria's arbitration

rights merely because Moore filed a putative class action would conflict with the Supreme Court's instruction that "Rule 23's requirements must be interpreted in keeping with … the Rules Enabling Act, which instructs that rules of procedure 'shall not abridge, enlarge or modify any substantive right.'" *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (quoting 28 U.S.C. § 2072(b)). And requiring Club Exploria to affirmatively act to keep its rights would impose a forfeiture—not a waiver—regime on arbitration rights.

As the Supreme Court has observed, "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *Olano*, 507 U.S. at 733 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Moore conflates the two concepts. By arguing that Club Exploria was required to provide "prompt" pre-certification notice of its intent to arbitrate or risk waiving its rights, Response Br. 22, Moore asks this Court to import a forfeiture rule that it has never before adopted.

Under the law of waiver, an entity waives its rights only when it expressly relinquishes those rights or acts in a way "wholly inconsistent"

with them. *Sphere Drake Ins.*, 376 F.3d at 679. Tellingly, Moore never explains how the course of this litigation would have been different had Club Exploria provided earlier notice of its intent to compel arbitration as to a subset of unnamed class members. That is because it would *not* have made a difference. Club Exploria moved to compel arbitration as to 1,026 class members. *See* A-177. But there was never any question that Club Exploria would litigate this action in court with Moore, along with thousands of other class members who have no arbitration agreements. This inevitability underscores why the pre-certification "litigation conduct" that Moore claims amounts to waiver under this Court's case law (*e.g.*, participating in discovery, filing motions, and opposing class certification, *see* Response Br. 16–21) is not inconsistent with an intent to arbitrate against a subset of the class of which Moore is not a part. Moore relies on waiver decisions by this Court that address efforts to compel arbitration against the *named plaintiff*. Response Br. 18–19 (citing *Smith v. GC Servs. Ltd. P'ship*, 907 F.3d 495, 497–500 (7th Cir. 2018)); *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 389 (7th Cir. 1995); *St. Mary's Med. Ctr.*, 969 F.2d at 589). Those cases are not instructive here, where Moore and a substantial portion of the

class did *not* agree to arbitration, so Club Exploria would have actively litigated their claims in the district court regardless of whether it intended to compel arbitration against the 1,026 class members at issue.

As a result, Club Exploria's actions are not "wholly inconsistent" with an intent to arbitrate with these class members and do not give rise to waiver. *Sphere Drake Ins.*, 376 F.3d at 679. As one court put it, when "the actions taken by [a defendant]—including ... motions filed and discovery sought—would have occurred regardless of whether arbitration was compelled or not, as there is a substantive, pending case with [other] individuals who are not subject to an arbitration agreement," that defendant "has not taken actions inconsistent with its right to compel arbitration." *Conde v. Open Door Mktg., LLC*, 2017 WL 5172271, at *7 (N.D. Cal. Nov. 8, 2017). Another court similarly reasoned that where "[d]efendants seek to compel arbitration only as to a narrow subset of the class[,] ... the many motions, filings, discovery exchanged, and appearances would have occurred regardless of the size of the class and the absence of individuals who would have been in the class but for their agreement to arbitrate, which further militates against a finding of

waiver." *Lawrence v. NYC Med. Prac., P.C.*, 2023 WL 4706126, at *16 (S.D.N.Y. July 21, 2023) (quotation marks omitted).

The out-of-circuit decisions Moore relies on, *see* Response Br. 23–27, are even further afield. Unlike this proceeding, most of those cases involved defendants who waited until after class certification to invoke arbitration against all (or virtually all) class members, such that compelling arbitration would have fundamentally altered the course of the litigation. *See In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 790 F.3d 1112, 1116–17 (10th Cir. 2015); *In re Checking Acct. Overdraft Litig.*, 2016 WL 6082035, at *1–2 (S.D. Fla. Oct. 17, 2016), *vacated & remanded sub. nom. Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230 (11th Cir. 2018); *Burnett v. Nat'l Ass'n of Realtors*, 615 F. Supp. 3d 948, 953–54, 957 (W.D. Mo. 2022).

That distinction matters and undercuts any claim of waiver here. In Moore's cited cases, providing earlier notice of arbitration rights "would likely have had the effect of precluding a class action," allowing "the parties and the [c]ourt … to avoid motions to dismiss, years of discovery and depositions, the use of experts, and even class certification." *Checking Acct. Overdraft Litig.*, 2016 WL 6082035, at *5;

11

*see id.* at *3, *6 ("[T]he parties and this Court devoted enormous amounts of time and resources to cases, which were litigated in every way as major class actions," and "[i]f the Court now ordered arbitration for the class, all of the time and effort of the parties, counsel, this Court, and the Eleventh Circuit that has been devoted to this case will have been almost entirely wasted," because "the vast bulk of litigation activity would not have occurred if only the modest claims of Plaintiffs were at stake."). As the Tenth Circuit explained in *Cox*, by seeking arbitration with 87% of the class members, the defendant was "essentially asking for a redo of the Rule 23 analysis based on information it knowingly withheld from the district court," since the existence of arbitration agreements covering such a large percentage of the class would have been a "material factor in the Rule 23 analysis" and "would have fundamentally changed the course of the litigation." 790 F.3d at 1118–19.[1]

---

[1] In addition, the Tenth Circuit in *Cox* erroneously held that "waiver in the context of ... arbitration contracts" is not "limited to the narrow sense of waiver typically used in the criminal-law context, where a waiver is an intentional relinquishment or abandonment of a known right." 790 F.3d at 1119 (quotation marks omitted). The Supreme Court subsequently rejected this approach and held that in "the arbitration context," as elsewhere, waiver "is the intentional relinquishment or abandonment of a known right." *Morgan*, 596 U.S. at 417 (quotation marks omitted).

None of that is true here. In this case, Moore and a substantial portion of class members are *not* subject to arbitration agreements, and Club Exploria could *not* have avoided years of litigation or prevented class certification by giving notice of its intent to compel arbitration sooner than it did. This distinction counsels against finding waiver—as Moore's own case law indicates. *See Valli v. Avis Budget Grp. Inc.*, --- F.4th ---, 2025 WL 3638356, at *11 (3d Cir. 2025) ("Where both arbitrable and non-arbitrable claims are present, courts 'might hesitate to infer' waiver from [litigation] efforts that might also 'be relevant to the non-arbitrable claims.'" (quoting *Nat'l Found. for Cancer Rsch. v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 775 (D.C. Cir. 1987))).

Worse still for Moore, several of his cited cases are district court decisions that were later rejected or superseded by appellate authority. Moore leans heavily on the Southern District of Florida's waiver holding in *Checking Account Overdraft Litigation*, which was vacated and remanded by the Eleventh Circuit in *Gutierrez. See* Response Br. 13, 24–25. Moore also relies on the Western District of Missouri's waiver holding in *Burnett*, *see id.* at 13, 25, but the Eighth Circuit affirmed that decision on other grounds while assuming arguendo that the defendant "did not

waive its right to compel arbitration." *Burnett v. Nat'l Ass'n of Realtors*, 75 F.4th 975, 981 (8th Cir. 2023) (quoting 615 F. Supp. 3d at 957). And the Eighth Circuit subsequently clarified that a defendant "d[oes] not act inconsistently with its right to arbitrate" by waiting until "after the class [is] certified" to move to compel arbitration, given that "a motion to compel arbitration prior to class certification would have been a motion to bind parties who were not yet part of the case." *H&T Fair Hills*, 76 F.4th at 1100.

Moore also relies on the Third Circuit's recent decision in *Valli v. Avis Budget Group Inc.*, but that case cuts in Club Exploria's favor, not Moore's. *Valli* reaffirmed that the "futility" exception to waiver "excuses the failure to file a formal motion to compel as to unnamed class members prior to certification because a district court lacks jurisdiction to rule on such a motion," and it ultimately concluded that the defendant had *not* waived its arbitration rights against such class members. 2025 WL 3638356, at *8; *see id.* at *12.

Moore nonetheless argues that under *Valli*, a defendant seeking to preserve its arbitration rights against absent class members must "give clear, reasonably prompt record notice of its intent to exercise its

14

arbitration right." Response Br. 26–27 (quoting *Valli*, 2025 WL 3638356, at *9). But this requirement is not absolute, as the Third Circuit recognized: "[A]dvance notice of an intent to arbitrate might not be called for where a party has not otherwise acted inconsistently with that intent" because "[t]o impose such a requirement would run the risk of conflating the doctrine of forfeiture … with waiver." *Valli*, 2025 WL 3638356, at *9 n.16. That is the situation presented here. Because Club Exploria's pre-certification conduct was not inconsistent with an intent to seek arbitration as to a subset of the class, *see supra* pp. 7–11, even under the Third Circuit's reasoning, Club Exploria had no obligation to give advance notice of its intent to arbitrate.

Moore falls back on the Ninth Circuit's decision in *Hill v. Xerox Business Services, LLC*, 59 F.4th 457 (9th Cir. 2023). Response Br. 25, 27–28. But as Club Exploria has explained, the waiver rule articulated by that case does not help him, either. *See* Opening Br. 27–29. Moore does not engage with this reality, apart from claiming that Club Exploria, like the defendant in *Hill*, "sought to litigate the merits of the class members' claims." Response Br. 27. But the evidence he cites to support that claim does not actually support it. He quotes snippets from Club Exploria's

15

memorandum in opposition to class certification acknowledging that Club Exploria sought discovery about class members' consent to receive calls. But seeking discovery to litigate a defense that applies broadly to the many class members in this action who did *not* agree to arbitration is not "wholly inconsistent" with an intent to arbitrate the claims of a subset who did agree to arbitrate. *Sphere Drake Ins.*, 376 F.3d at 679 (quotation marks omitted); *see, e.g., Valli*, 2025 WL 3638356, at *11 (courts should "hesitate to infer waiver from [litigation] efforts that might also be relevant to the non-arbitrable claims" (quotation marks omitted)).

In sum, none of Moore's arguments on appeal establish that Club Exploria waived its arbitration rights as to unnamed class members before class certification.

## III.  Club Exploria did not waive its arbitration rights after class certification.

The district court erred in concluding that Club Exploria's post-certification litigation conduct was inconsistent with its right to arbitrate. *See* Opening Br. 29–36. Moore devotes just two pages to defending the district court's decision, and his arguments ignore the undisputed facts and binding precedent.

16

Moore first suggests that Club Exploria waived its arbitration rights because it "waited a *year and [a] half* after the Court granted class certification to file a motion to compel arbitration." Response Br. 32. But because due process requires that absent class members be granted notice and an opportunity to opt out, *see Dukes*, 564 U.S. at 363, "[t]here is no right to compel arbitration against putative class members until class certification has been granted *and the notice and opt-out period[s] are complete*." *Odell*, 2023 WL 8527440, at \*3 (emphasis added); *see also Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 235 (S.D.N.Y. 2020) (defendant "moved to compel arbitration at the earliest practical time" when it did so after "[t]he deadline to opt-out of the class"); *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 846, 853 (D. Md. 2013) (defendants "could not have waived their rights to enforce the [arbitration] clauses at issue until the class composition was final," meaning after "the expiration of the class opt-out period, when the parties to th[e] action would be known"); *Mora v. Harley-Davidson Credit Corp.*, 2012 WL 1189769, at \*15 (E.D. Cal. Apr. 9, 2012) (similar), *report and recommendation adopted*, 2012 WL 3245518 (E.D. Cal. Aug. 7, 2012). Club Exploria moved to compel arbitration just two months after the opt-

out period concluded. In other words, Club Exploria moved to compel arbitration as soon as doing so was proper.

Moreover, as Moore acknowledges, Club Exploria invoked arbitration less than eight weeks after class certification by seeking "leave to amend its answer to add the possibility of an arbitration defense." Response Br. 32. Moore contends that Club Exploria "did *nothing else* to pursue arbitration" after the court denied it leave to amend the answer. *Id*. But that is false. Club Exploria immediately attempted to appeal the district court's decision and vigorously litigated that appeal, which was ultimately dismissed for lack of jurisdiction. *See* Supp. A-124 (Dkt. 262). Club Exploria also took action in the district court, opposing Moore's motion to certify the appeal as frivolous and arguing that the district court proceedings should be stayed. *See* Dkt. 269. But because the district court rejected that argument, the litigation proceeded. *See* A-154. At that point, there was nothing more Club Exploria could do to preserve its arbitration rights: It had exhausted its options in the district court, and the interlocutory appeal remained pending before this Court until September 2024, when the Court dismissed the appeal for lack of jurisdiction without reaching the merits.

*See* A-174–75. Club Exploria moved to compel arbitration in the district court just nine weeks after the opt-out period ended and less than three months after this Court dismissed the appeal. *See* A-176. That conduct is not waiver. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (rejecting arguments that defendant waived its arbitration rights "by waiting 18 months" to move to compel arbitration).

Moore also complains that "[Club] Exploria continued to litigate the class members [sic] claims, including by filing a motion to dismiss arguing that *the class member's* [sic] lacked article III standing" and by seeking to "reopen discovery." Response Br. 32–33. But as this Court has explained, "an appropriate motion to dismiss (or an argument against jurisdiction as the case may be) stymies a plaintiff's attempt at judicial relief and is consistent with the intent to arbitrate." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 998 (7th Cir. 2011); *see also* Opening Br. 32. Moore cites no case holding otherwise. Nor does he cite any caselaw indicating that a motion to reopen discovery waives a party's right to arbitrate against a subset of the class members. Club Exploria filed that motion because Moore improperly issued subpoenas to wireless carriers long after discovery had

closed, and doing so was not inconsistent with Club Exploria's intent to arbitrate. Club Exploria sought merely to protect against one-sided discovery that would unfairly prejudice its ability to defend against the claims of class members who had *not* agreed to arbitration. *See* Opening Br. 33–34.

None of Moore's arguments about Club Exploria's post-certification actions hold water. Based on the undisputed facts and timeline, this Court should hold as a matter of law that no waiver occurred after the district court certified the class.

## CONCLUSION

For the reasons set forth above, the district court erred in concluding that Club Exploria waived its arbitration rights. This Court should reverse the order below and remand the case for consideration of Club Exploria's motion to compel arbitration.

Respectfully submitted,

*/s/ Paul Alessio Mezzina*

Livia M. Kiser
KING & SPALDING LLP
110 North Wacker Drive
Suite 3800
Chicago, IL 60606
(312) 995-6333

Michael D. Roth
KING & SPALDING LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
(213) 443-4355

Paul Alessio Mezzina
 *Counsel of Record*
Amy R. Upshaw
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-05500
pmezzina@kslaw.com

Martha Banner Banks
KING & SPALDING LLP
1180 Peachtree Street NE
Suite 1600
Atlanta, GA 30309
(404) 572-4600

*Counsel for Defendant-Appellant Club Exploria, LLC*

January 12, 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) and Circuit Rule 32(c) because it contains 4,100 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word for Office 365 ProPlus in Century Schoolbook 14-point font, a proportionally spaced typeface.

Date: January 12, 2026

*/s/ Paul Alessio Mezzina*
Paul Alessio Mezzina

*Counsel for Defendant-Appellant
Club Exploria, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, a copy of the foregoing document was filed with the Court through the CM/ECF system, which provides electronic service of the filing to all counsel of record who have registered for CM/ECF notifications in this matter.

*/s/ Paul Alessio Mezzina*
Paul Alessio Mezzina

*Counsel for Defendant-Appellant
Club Exploria, LLC*