IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 1:19-cv-02504 |
| v. ) ) | |
| CLUB EXPLORIA, LLC, ) ) | Hon. Edmond E. Chang |
| Defendant. ) ) ) | |

## MOTION TO SUPPLEMENT RECORD ON APPEAL

Pursuant to Fed. R. App. P. 10(e) and Circuit Rule 10(b), Plaintiff George Moore moves to supplement the record on appeal.[1] In support hereof, Plaintiff states:

1. Plaintiff moves to supplement the record on appeal with one of Defendant Club Exploria LLC's filings in this court (Doc. 386), which rebuts the primary argument Exploria recently made to the Seventh Circuit in its reply brief and flatly contradicts the representations Exploria made therein.

2. A party may supplement the record on appeal when documents that are "material to either party" are omitted in the record. Fed. R. App. P. 10(e)(2). Likewise, if there is a dispute about "whether the record truly discloses what occurred in the district court," that dispute must be settled by the court and the record conformed accordingly. Fed. R. App. P. 10(e)(1). Either way, the Seventh Circuit requires the motion to supplement the record to be first filed in the district court. Circuit Rule 10(b).

---

[1] On January 15, 2026, Plaintiff's counsel asked counsel for Exploria whether it had any objection to the relief sought in this motion and counsel did not respond. Accordingly, Plaintiff does not know whether Exploria intends to oppose the motion.

3.      Exploria's filing in this Court contradicts its arguments in its appellate reply brief. In this Court, Exploria contends that "the Issue of Arbitration Applies to the Majority of the Class—Not Just a Few Members as Plaintiff Suggests." Doc. 386 at 11.  Specifically, Exploria contends that "Club Exploria has arbitration agreements to *seventy-one percent* of class members. It thus asserts that it has the right to assert arbitration as to 50,630 class members out of 66,682."[2] *Id.* (emphasis added).  And to leave no doubt, Exploria expressly stated in this Court that "it *intends to file additional motions to compel arbitration*" as to those class members. *Id.* at 3 (emphasis added).

4.      Yet, in an attempt to distinguish case law raised by Mr. Moore,[3] Exploria's reply brief contradicts these representations. Unlike in this Court where it states it intends to seek arbitration against the vast majority of the class, it argues in its reply before the Seventh Circuit that only a small number (1,026 class members) are subject to arbitration in order to justify its lack of diligence. *See* Doc. 407-1 at 15-19 (Reply Br. at 9-13).

5.      Moreover, it argues the course of litigation would not have really changed if Exploria had raised arbitration earlier because *most of the class is unaffected* and it would have had to litigate all their claims anyway. *See e.g., id.* at 15-16 ("Those cases are not instructive here, where Moore and a substantial portion of the class did not agree to arbitration, so Club Exploria would have actively litigated their claims in the district court regardless of whether it intended to

---

[2] Plaintiff disagrees with this contention for numerous reasons, not least that Exploria has never provided evidence of any such arbitrations, let alone timely provided.

[3] Three federal circuit courts have expressly rejected the argument that Exploria makes on appeal, holding that a party waives arbitration against absent class members when it does not act consistently with the right to arbitrate before class certification. *See Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 471-78 (9th Cir. 2023); *In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 790 F.3d 1112, 1120 (10th Cir. 2015); *Valli v. Avis Budget Grp. Inc.*, 2025 U.S. App. LEXIS 32806, * 13 (3rd Cir. Dec. 16, 2025).

compel arbitration against the 1,026 class members at issue."); *id.* at 17 ("Unlike this proceeding, most of those cases involved defendants who waited until after class certification to invoke arbitration against all (or virtually all) class members, such that compelling arbitration would have fundamentally altered the course of the litigation."); *id.* at 19 ("In this case, Moore and a substantial portion of class members are not subject to arbitration agreements, and Club Exploria could not have avoided years of litigation or prevented class certification by giving notice of its intent to compel arbitration sooner than it did.")

6. These contentions are flatly contradicted by its representations to this Court that it intends to seek arbitration against the vast majority of the class.

7. Clearly Exploria is talking out of both sides of its mouth and making up facts to suit whatever argument it deems will benefit itself at the moment. Its filing in this Court should be part of the record on appeal so that the Seventh Circuit can properly assess Exploria's arguments on appeal with a clearer picture of the proceedings in this Court.

WHEREFORE, Plaintiff requests this Court to supplement the record on appeal with Doc. 386 and a copy of the Court's order on this motion.[4]

                                        Respectfully Submitted,

                                        Plaintiff George Moore

                                        By:    s/ Timothy J. Sostrin
                                                  Timothy J. Sostrin
                                                  Keith J. Keogh
                                                  KEOGH LAW, LTD.
                                                  55 W. Monroe, Ste. 3390
                                                  Chicago, IL 60603
                                                  312-726-1092

---

[4] See Circuit Rule 10(b) ("That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.")

tsostrin@keoghlaw.com

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Attorneys for Plaintiff and the class.*

4