IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE MOORE,<br><br>  Plaintiff,<br><br>v.<br><br>CLUB EXPLORIA, LLC,<br><br>  Defendant. | Case No. 1:19-cv-02504<br><br>Hon. Edmond E. Chang |

**DEFENDANT CLUB EXPLORIA, LLC'S OPPOSITION TO
PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD**

The Court should deny Plaintiff's motion to supplement the record on appeal, Dkt. 408. As set forth below, the Federal Rules of Appellate Procedure and binding Seventh Circuit case law make clear that materials that were not before this Court at the time of the order appealed from cannot become part of the record on appeal. Moreover, Plaintiff's accusation that Club Exploria's reply in support of its stay motion "contradicts the representations [Club] Exploria made" in its appeal briefs, Mot. 1, is meritless, and this dispute could have been avoided if Plaintiff had simply complied with this Court's meet-and-confer requirements. His failure to do so means the Court should summarily deny the motion in any event, but the motion also fails on the merits.

**I.  LEGAL STANDARD**

The "record on appeal" consists of the materials before the district court when it rendered its decision: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). Rule 10(e) allows for correction or modification of the record only in limited circumstances. *See* Fed. R. App. P. 10(e). Under that Rule, documents "omitted from … the record

by error or accident" may be added to "a supplemental record" if they are "material to either party." Fed. R. App. P. 10(e)(2).

"The purpose of Rule 10(e) is to ensure that the record on appeal accurately reflects the proceedings in the trial court (thereby allowing [the court of appeals] to review the decision that the trial court made in light of the information that was *actually before it*)." *United States v. Elizalde-Adame*, 262 F.3d 637, 641 (7th Cir. 2001) (emphasis added); *see also Shasteen v. Saver*, 252 F.3d 929, 934 n.2 (7th Cir. 2001) (Rule 10(e) "ensure[s] that the court on appeal has a complete record of the proceedings *leading to the ruling appealed from*" (emphasis added)). Accordingly, "Rule 10(e) does not allow a party to add materials to the record on appeal which were not before the district court" when it made its ruling. *Elizalde-Adame*, 262 F.3d at 640. In other words, when materials "were neither relied upon by the district court nor relevant to its decisions [appealed from,] they cannot be added to the record pursuant to Rule 10(e)." *United States v. Banks*, 405 F.3d 559, 567 (7th Cir. 2005).

## II. ARGUMENT

Plaintiff's attempt to supplement the record on appeal should be rejected. Plaintiff asks this Court to supplement the appellate record with Dkt. 386, Club Exploria's October 17, 2025 reply in support of its motion to stay this case pending appeal. *See* Mot. 2–3. But that filing was not "before the district court" when it ruled on Club Exploria's motion to compel arbitration. *Elizalde-Adame*, 262 F.3d at 640. Rather, the stay reply *post-dated* by three weeks this Court's order denying Club Exploria's motion to compel arbitration. *Compare* Dkt. 376 at 33 (order denying motion to compel arbitration dated September 26, 2025), *with* Dkt. 386 at 12 (reply dated October 17, 2025). Accordingly, it was left out of the record on appeal not "by error or accident," Fed. R. App. P. 10(e)(2), but because it did not exist at the time the appeal was taken. Because Club

2

Exploria's stay reply was not among the materials that this Court considered when denying the motion to compel arbitration, it "cannot be added to the record pursuant to Rule 10(e)." *Banks*, 405 F.3d at 567; *see also Elizalde-Adame*, 262 F.3d at 640; *Shasteen*, 252 F.3d at 934 n.2.

In any event, Plaintiff is wrong that the statements in Club Exploria's reply about additional class members who are potentially subject to arbitration agreements are "material" under Rule 10(e) because they "contradict" Club Exploria's arguments on appeal. Mot. 1–2. The appeal concerns *only* the 1,026 class members who were the subject of Club Exploria's motion to compel arbitration. *See* Dkt. 339 at 1 (motion seeking to compel arbitration as to "1,026 class members"); Dkt. 376 at 6 (the Court's order denying that motion after concluding that Club Exploria waived its right to compel arbitration against those "1,026 class members"); Dkt. 377 (Club Exploria's notice of appeal from that order). The appeal thus involves only a small subset of the class, just as Club Exploria has argued in the Seventh Circuit. *See* Dkt. 395-1 at 7, 12 (Club Exploria's opening brief on appeal referring to the "1,026 class members" at issue in its motion to compel arbitration). Club Exploria has not moved to compel arbitration against any other class members at this time, and Plaintiff himself is not subject to arbitration, which calls into question his ability to represent anyone who may be.

As Plaintiff points out, Club Exploria's reply in support of its stay motion noted that a substantial number of class members may potentially be subject to arbitration agreements. Dkt. 386 at 11. But Club Exploria has not sought to compel arbitration against those additional class members.[1] Accordingly, whether Club Exploria has waived arbitration as to those additional class members is not at issue in the pending appeal. To be clear, if Club Exploria were to move to compel arbitration as to additional class members in the future, Club Exploria agrees that Plaintiff

---

[1] Club Exploria's motion to compel arbitration against the 1,026 class members reserved the right to file additional motions to compel arbitration. *See* Dkt. 339 at 2 n.1

would be free to raise his waiver arguments in response to such a motion. But Plaintiff's contention that Club Exploria has waived arbitration as to the broader group of class members referenced in the stay reply has no bearing on the distinct issue of whether Club Exploria waived arbitration as to the 1,026 class members at issue in the appeal.

Had Plaintiff's counsel complied with this Court's meet-and-confer procedures, Club Exploria would have clarified these points, and Plaintiff could have spared himself, Club Exploria, and the Court the time and expense incurred in filing, opposing, and considering this unnecessary and meritless motion. The Court requires that "[b]efore filing a motion, the movant's counsel … **must** ask opposing counsel … whether there is an objection to the motion, and the motion must state that the conferral occurred, or if not, why not."[2] Plaintiff claims to have complied with this requirement by "ask[ing Club] Exploria whether it had any objection to the relief sought in [the] motion" on "January 15, 2026"—the very same day Plaintiff filed his motion. Dkt. 408 at 1 n.1. This motion is not time-sensitive. By rushing to file the motion before Club Exploria's counsel had an opportunity to respond, Plaintiff deprived Club Exploria of the opportunity to explain its position and resolve this dispute informally. Plaintiff's failure to comply with the spirit of this Court's meet-and-confer procedures further confirms that his motion should be denied.

### III. CONCLUSION

For all these reasons, the Court should deny Plaintiff's motion to supplement the record on appeal.

Dated: January 20, 2026

Respectfully submitted,

*s/ Livia M. Kiser*
Livia M. Kiser
KING & SPALDING LLP
110 North Wacker Drive

---

[2] Judge Edmond E. Chang, *Case Procedures: Motion Practice*, https://www.ilnd.uscourts.gov/judge_display.php?LastName=Chang (last accessed Jan. 19, 2026).

Suite 3800
Chicago, IL 60606
(312) 995-6333
lkiser@kslaw.com

Michael D. Roth
Rachel Ali-Brown (*pro hac vice*)
KING & SPALDING LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
(213) 443-4355
mroth@kslaw.com
rali-brown@kslaw.com

*Counsel for Defendant Club Exploria, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 20, 2026, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

*s/ Livia M. Kiser*
Livia M. Kiser
