**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE MOORE on behalf of himself and others similarly situated, | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-02504 |
| v. | ) | |
| CLUB EXPLORIA, LLC, | ) | Hon. Edmond E. Chang |
| Defendant. | ) | |

**MOTION FOR ENTRY OF PARTIAL JUDGMENT**

Pursuant to the Court's order of October 23, 2025 (Doc. 389) and Fed. R. Civ. P. 54(b), Plaintiff moves for entry of the partial judgment attached hereto as Exhibit 1.

**I. Legal and Procedural Background**

Plaintiff brought a two-count complaint against Exploria for violating the Telephone Consumer Protection Act (TCPA). Doc. 55 – Amended Complaint.[1] On February 25, 2022, Plaintiff moved for class certification with respect to Count Two only, leaving Count One as an individual claim. Doc. 186; Doc. 221 at ¶ 3.

On August 17, 2023, the Court granted Plaintiff's motion and certified the class, defined as follows:

> "All persons in the United States subscribing to a cellular telephone number that received a prerecorded soundboard call promoting Club Exploria's Summer Bay Resort between March 1, 2018, and August 15, 2019, where the soundboard operator initiated a transfer of the call to Club Exploria."

Doc. 225 at 19.

[1] Count One's individual claim concerns violations of the TCPA's do-not-call registry provisions (47 U.S.C. § 227(c)) and Count Two's class claim concerns violations of the separate prerecorded call provisions (47 U.S.C. § 227(b)). Doc. 55 at 11-12.

On August 23, 2024, the Notice administrator delivered notice of the Court's certification order to the class. *Doc. 308.* The Court approved that notice as the best notice practicable. *Doc. 307.* The opt-out period has expired, no class member requested exclusion, and the class is therefore closed. The Court-approved dissemination of notice provided class members a full and fair opportunity to exclude themselves or otherwise participate, satisfying due process for purposes of entry of a classwide judgment.

On September 26, 2025, the Court denied Defendant's motion for leave to file a motion to compel arbitration and granted Plaintiff's motion for summary judgment in favor of the class on Count Two. Doc. 376. On September 30, 2025, Defendant filed a notice of appeal of the order denying arbitration (Doc. 377) and moved to stay proceedings pending its appeal (Doc. 388).

On October 23, 2025, the Court set a briefing schedule for Plaintiff to file and the parties to brief a motion for entry of judgment. Doc. 389. On December 19, 2025, Plaintiff filed a motion for entry of partial judgment as ordered. Doc. 402. On March 12, 2026, before Defendant had filed a response to the motion for entry of partial judgment, the Court granted Defendant's motion to stay pending the appeal, and terminated the motion for entry of partial without prejudice to re-filing once the appeal was resolved.

On August 18, 2026, the Seventh Circuit affirmed this Court's ruling denying arbitration. App. Doc. 45. Accordingly, Plaintiff now re-files motion for entry of partial judgment. The Parties have stipulated (Doc. 427)to the following briefing schedule on the motion:

> Defendant will have up to and including September 28, 2026 to file a responsive brief of up to twenty (20) pages;
>
> Plaintiff will have up to and including October 19, 2026 to file a reply brief of up to twenty (20) pages.

**II. Entry of Judgment**

Rule 54(b) authorizes entry of final judgment as to fewer than all claims where the Court expressly determines that there is no just reason for delay. This Court's summary judgment order fully resolves Count Two as to both liability and the amount of statutory damages owed to the certified class, leaving nothing further for adjudication on Count Two except post-judgment administration.[2]

Plaintiff requests the Court enter the partial judgment attached hereto as *Exhibit 1* in favor of the Plaintiff class and against Defendant Club Exploria, LLC on Count Two in the amount of $35,769,000. *See* Fed. R. Civ. P. 54(b). Plaintiff notes that this is the amount requested in Plaintiff's motion for summary judgment and imposes the $500 statutory damages amount (see 47 U.S.C. § 227(b)(3)) for each of the 71,538[3] violative calls placed to the class. Doc. 321 at 15 (request for damages in Plaintiff's Motion for Summary Judgment); *see also* Doc. 376 at 33 (Court's summary judgment order citing this request).

"For monetary damages, the TCPA sets a floor of $500 for each" call. *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146, 149 (2025) (citing 47 U.S.C. § 227(b)(3). Accordingly, Courts routinely enter judgment in the amount of $500 per call upon a finding of liability in a TCPA class action. *See* e.g., *Perez v. Rash Curtis & Assocs.*, 2020 U.S. Dist. LEXIS 68161, *23 N.D. Cal. (Apr. 17 2020) (entering $267,349,000 TCPA judgment against a debt

[2] Count One, by contrast, remains an individual claim and is factually and legally distinct from the class claim adjudicated on Count Two.

[3] The Court's summary judgment ruling references 76,255 calls at times (*see e.g. Doc. 376* at 19). It appears the Court took that figure from Mr. Woolfson's initial report before he removed certain duplicate calls. Doc. 322-67. However, Mr. Woolfson had corrected that figure to 71,538 in his rebuttal report after removing the duplicates and Plaintiff's motion for summary judgment cites the corrected figure. Doc. 322-68 at ¶ 6-11. Exploria has agreed in correspondence to counsel that any judgment should be based on the corrected figure of 71,538.

collector at $500 per call); *Hinman v. M and M Rental Center Inc*., 596 F. Supp. 2d 1152, 1163 (N.D. Ill. 2009) (awarding $500 per violation for a total of $3,862,500 based on 7,725 violations); *G.M. Sign, Inc v.Group C Communications*, 2011 U.S. Dist. LEXIS 2929, * 7 (N.D. Ill. 2011) (awarding "$500 for each of Group C's 37,932 TCPA violations (*i.e.*, $18,966,000).") Plaintiff seeks entry of judgment solely for the statutory minimum damages amount of $500 per violative call under 47 U.S.C. § 227(b)(3), and does not seek any enhancement or trebling of damages at this time.

**III. Requests for Attorney's Fees, Expenses, and Incentive Awards**

Under the federal rule of civil procedure, any requests attorney's fees, expenses, and incentive awards must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2). In addition, notice of such a request must be disseminated to the class in a reasonable manner. Fed. R. Civ. P. 23(h).

Accordingly, the attached proposed judgment sets forth deadlines for filing any motion for attorney's fees, expenses and incentive awards within 14 days after entry of judgment and a motion to approve a notice plan within 28 days after entry of the judgment.

WHEREFORE, for the reasons set forth below, Plaintiff respectfully requests the Court enter the final judgment attached hereto as Exhibit 1.

Respectfully Submitted,

Plaintiff George Moore

By: s/ Timothy J. Sostrin
Keith J. Keogh
Timothy J. Sostrin
KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, IL 60603

312-726-1092
tsostrin@keoghlaw.com

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff and the class.*