# EXHIBIT 1

# EMERGENCY ORDER OF PROTECTION

| | |
|---|---|
| COURT PH. | (630) 407-8700 |
| COURT | EIGHTEENTH JUDICIAL CIRCUIT |
| COUNTY | DuPage STATE OF ILLINOIS |
| CASE NO. | 2020OP000304 REF CASE |

FILED

MAR 31 2020 10: 44 AM

Chris Kachiroubas

CLERK OF THE EIGHTEENTH JUDICIAL CIRCUIT DUPAGE COUNTY, ILLINOIS

**PETITIONER**

KATHLEEN (First) ROSE (Middle) MCNAMARA (51) (Last)

Petitioner's ☒ Address/ ☐ Alternative Address

500 N. GARY AVENUE (Street/PO Box) CAROL STREAM (City) IL (State) 60188 (Zip)

☐ Petitioner

And/or on behalf of other protected person(s)

☐ Child(ren) as noted in Remedies 1, Part C of this order

☐ Dependent ______________________ (name)

**Dependent/High Risk Adult names appear on attachment page.**

☒ High Risk Adult JENNIFER ANN MOORE (65) (name)

**RESPONDENT**

GEORGE (First) E (Middle) MOORE (57) (Last)

Relationship to Petitioner SE PR CS

Respondent's Address

Home 906 CHATHAM DRIVE (Street/PO Box) CAROL STREAM (City) IL (State) 60188 (Zip)

Work (Street/PO Box) (City) IL (State) (Zip)

Work Hours :

RESPONDENT IDENTIFIERS

| SEX | RACE | DOB | HT. | WT. |
|---|---|---|---|---|
| M | WHITE | XX/XX/1962 | 6'0" | 160 |

| EYES | HAIR | SOCIAL SECURITY # |
|---|---|---|
| BROWN | BROWN | |

| DRIVER'S LIC. # | STATE | License Plate # |
|---|---|---|
| XXXXX2221 | IL | IL |

**Caution Indicators:**

☐ (A) Considered armed and/or dangerous

☐ (S) Suicidal

☐ (Y) Considered armed, dangerous and suicidal

Distinguishing Features (scars, marks, tattoos, martial arts): UNKNOWN

## THE COURT FINDS:

That it has jurisdiction over the Petitioner and subject matter and the Respondent will be provided with reasonable notice and an opportunity to be heard within the time required by Illinois law.

**THE COURT ORDERS:** ( Additional findings are set forth herein)

☒ That Respondent is prohibited from further acts/threats of abuse on protected persons. (See **R01**)

☒ That Respondent is ordered to stay away from Petitioner and/or other protected persons. (See **R03**)

☐ The Circuit Clerk is directed to send within 24 hours Daycare/School Notice(s). (See **R05-c**)

The terms of this Order shall be effective until 04/21/2020 (Date) 05:00 PM (Time)

A hearing on the entry of a Plenary/Interim Order of Protection is set for: 04/21/2020 (Date) at 09:00 AM (Time am/pm)

at the DuPage County Courthouse, 505 N. County Farm Road, Wheaton, Illinois in Courtroom: 4016

***A PLENARY (FINAL) ORDER OF PROTECTION MAY BE ENTERED AGAINST YOU BY DEFAULT IF YOU FAIL TO APPEAR***

***AT SUCH HEARING.***

**Additional Dependents:**

| Full Name | Age | State of Residence | Relationship to Petitioner |
|---|---|---|---|
| JENNIFER ANN MOORE | 65 | IL | CLIENT (HRA) |
| J Z | | VA | SISTER TO CLIEN () |

# NOTICES CONCERNING THIS EMERGENCY ORDER OF PROTECTION

## WARNING TO RESPONDENT

Violating this Order of Protection is punishable by imprisonment or fine or both, and can cause your bond to be revoked, result in a contempt of court citation against you, or the filing of a criminal charge.

This protection order is enforceable, even without registration, in all 50 states, the District of Columbia, tribal lands, and the U.S. Territories pursuant to the Violence Against Women Act ( 18 U.S.C. § 2265). Violating this order of protection may subject you to federal charges and punishment. 18 U.S.C. §§ 2261-2262.

Only the court can change this order. The Petitioner cannot give you legal permission to change this order. If you go near the Petitioner, even with the Petitioner's consent, you may be arrested. Unless the court modifies/dismisses this order, you can be arrested for violating this Emergency Order of Protection . You act at your own risk if you disregard this WARNING.

You have been served with notice that the Petitioner has filed for a Plenary or Interim Order of Protection (effective for up to two years), and have been provided with a date on which you must appear in court if you wish to contest entry of the order. If you fail to appear, an Order of Protection may be issued in your absence.

---

## NOTICE TO PETITIONER

You cannot change the terms of this order by your words or actions. If the Court has ordered no contact or exclusive possession of the residence, only the Court can allow the Respondent to contact you or return to the residence. If you and the Respondent want to resume your relationship , you **must** ask the Court to modify or dismiss this Order of Protection.

If you wish to ask the court for an Interim or Plenary (Final) Order of Protection (effective for up to two years), you must appear in court on the date set for a hearing.

Case No. 2020OP000304
Ref. Case ____________

### NOTICE TO ALL LAW ENFORCEMENT AGENCIES AND OFFICERS

This Order of Protection is enforceable, even without registration, in all 50 states, the District of Columbia, tribal lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U. S. C. § 2265), provided notice of this Emergency Order of Protection has been provided to the Respondent. Violating this Order of Protection may subject the Respondent to state and/or federal charges and punishment. 18 U. S. C. §§ 2261-2262.

## NOTICE TO RESPONDENT

Any knowing violation of an order of protection forbidding physical abuse, neglect, exploitation, harassment, intimidation, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when a protected person is present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor and a second or subsequent violation is a Class 4 felony. The granting of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding legal custody or physical care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Stalking is a Class 4 felony for a first offense and a Class 3 felony for a subsequent offense. Any willful violation of any order is contempt of court. Any violation may result in fine or imprisonment.

## FINDINGS [Jurisdiction]

The Court, having reviewed the verified petition and having examined the petitioner under oath or affirmation, finds that:

1. Good cause exists for granting the remedy or remedies requested without prior service of process or notice because:
   A. ☒ The harm that Remedies 1, 3, 5, 8, 9, 11, 14, 15, and 17 are intended to prevent would be likely to occur if the Respondent were given prior notice, or greater notice than was actually given, of the Petitioner's efforts to obtain judicial relief.
   B. ☐ For Remedy 2, the immediate danger of further abuse of Petitioner by Respondent, if Petitioner chooses or had chosen to remain in the residence or household while Respondent was given any prior notice or greater notice than was actually given or to Petitioner's efforts to obtain judicial relief, outweighs the hardships to Respondent of an Emergency Order granting Petitioner exclusive possession of the residence or household.
   C. ☒ For Remedy 10, improper disposition of the personal property would likely occur if the Respondent were given any prior notice, or greater notice than was actually given, of the Petitioner's efforts to obtain judicial relief, or Petitioner has an immediate and pressing need for the possession of that property. (750 ILCS 60/217 (a) (3) (iii)).
2. Petitioner has disclosed the following address.

| 500 N. GARY AVENUE | CAROL STREAM | IL | 60188 |
|---|---|---|---|
| (Street /PO Box) | (City) | (State) | (Zip Code) |

3. ☒ The persons protected by this Order are:

   ☒ Petitioner

   ☐ Minor child(ren) who are so identified in Remedies, Part C of this order.

   ☒ Other protected parties listed on page 1 of this order.

4. ☒ The court has jurisdiction over the minor child(ren) and/or other protected persons. (750 ILCS 60/208)

Case No. 2020OP000304
Ref. Case ______________

## RELATIONSHIP CODE

The Petitioner/ Abused Person stands in relationship to the Respondents (check **all** that apply):

| X | RELATIONSHIP | X | RELATIONSHIP | X | RELATIONSHIP |
|---|---|---|---|---|---|
| ☒ | Spouse **(SE)** | ☐ | Parent **(PA)** | ☐ | Grandparent **(GP)** |
| ☐ | Ex (former) Spouse **(XS)** | ☐ | Sibling (brother/sister) **(SB)** | ☐ | In-Law **(IL)** |
| ☐ | Boyfriend/Girlfriend (Dating Relationship) **(BG)** | ☐ | Step-child **(SC)** | ☐ | Person with Disability **(PD)** |
| ☐ | Child in common (parties not married) **(CC)** | ☐ | Step-sibling **(SS)** | ☒ | Person responsible for High Risk Adult **(PR)** |
| ☒ | Shared / common dwelling **(CS)** | ☐ | Step-parent **(SP)** | ☐ | Personal Assistant or Caregiver to Person with Disability **(PC)** |
| ☐ | Child **(CH)** | ☐ | Grandchild **(GC)** | ☐ | Other Related by Blood or Marriage **(OF)** |

## FINDINGS [General]

The Court, having reviewed the verified petition and having examined the petitioner under oath or affirmation, finds that:

☒ Venue is proper (750 ILCS 60/209)

☒ The Respondent has abused the Petitioner and/or the child(ren) so identified on Part C of this order and/or the protected person(s) listed on page 1 of this order (750 ILCS 60/214 (a)).

☒ The abused person(s) is/are unable to bring this Petition on his/her own behalf due to age, health, disability, or inaccessibility (750 ILCS 60/214 (a)).

☐ The Petition has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

☐ An Order of Protection has previously been entered in the instant proceeding or in another proceeding in which any party, or a child of any party, or both, has/have been designated as either a respondent or a protected person (750 ILCS 60/223.1).

**IT IS ORDERED** the following remedies that are checked apply in this case.

## PART A. REMEDIES INVOLVING PERSONAL PROTECTION

☒ 1. **(R01) (Police Enforced)** With respect to all protected persons, Respondent is prohibited from committing the following acts of abuse or threats of abuse (check all that apply):

☒ Harassment, interference with personal liberty, physical abuse, or stalking.

☐ Intimidation of a dependent.

☒ Willful deprivation.

☒ Neglect.

☒ Exploitation.

☒ 2. **(R03) (Police Enforced) Stay Away**

☒ a. Residence

☒ Respondent is ordered to stay at least 1000 feet away from residence of the petitioner and/or protected person(s) located at 471 BLOSSOM TREE ROAD, CULPEPPER, VA, 22701

Case No. 2020OP000304
Ref. Case ______________

______________________________________________; or

☐ Respondent is prohibited from remaining or entering while petitioner and/or protected person(s) are present at their residence currently located at ______________________________

**"Stay Away" means for the Respondent to refrain from both physical and non-physical contact with the petitioner whether direct, indirect (including, but not limited to, telephone calls, mail, email, faxes, and written notes), or through third parties who may or may not know about the Order of Protection.**

☒ b. Respondent is prohibited from entering or remaining while petitioner and/or protected person(s) is/are present at:

☐ Their place of employment at ______________________________

☐ Their school, located at ______________________________

☐ Respondent is prohibited from attending this school.

☐ Respondent is ordered to accept a transfer, change of placement or change of program, specifically ______________________________

☐ Respondent is subject to the following restrictions within the school, specifically ______________________________

☒ Any of the following specified places where petitioner and/or protected person(s) are present:
CDH IN WINFIELD

☐ c. If Respondent is a minor, the Court orders that the parents, guardian or legal custodian take the following actions to ensure compliance with this Order, specifically ______________________________

☐ 3. **(R14) (Police Enforced)** Respondent is prohibited from entering or remaining in the residence or household while under the influence of drugs or alcohol and constituting a threat to the safety or well-being of Petitioner or Petitioner's children.

## PART B. REMEDIES INVOLVING PROPERTY

☐ 1. **(R02) (Police Enforced)** Petitioner is granted exclusive possession of, and Respondent is prohibited from entering or remaining present at the residence/ household located at:

| (Street/ P.O. Box) | (City) | (State) | (Zip Code) |
|---|---|---|---|
| | | | |

☐ Petitioner has a right to occupancy and Respondent has no such right or,

☐ Petitioner and Respondent both have right to occupancy, but the balance of hardship favors temporary possession by Petitioner, the court have considered the factors set forth in 750 ILCS 60/214 (c) (2).

☒ 2. **(R10)** (Court Enforced) **Personal Property**

☒ a. Petitioner is granted possession of the following personal property: JEWELRY, EYE GLASSES, PHOTOS, PERSONAL/FAMILY ITEMS & MEDS, SUPPLIES,RECORD

☒ b. If the Respondent has possession of the property listed in 2a above, the Respondent shall promptly make it available to the petitioner.

With respect to 2a and 2b above, the Court finds as follows:

☒ The Petitioner, but not the Respondent, owns the property, or

☒ The parties own the property jointly, and sharing it would risk abuse or is impracticable and the balance of hardships favors temporary possession by Petitioner, and/or

☐ Petitioner claims property as marital property, and a proceeding has been filed under the Illinois Marriage and

Dissolution of Marriage Act ("IMDMA")

☐ c. Respondent is given his/her ☐ clothing ☐ personal adornments ☐ medicine

☐ other personal property, namely ____________

☒ 3. **(R10) (Police Enforced)** Personal property shall be transferred

☒ at the residence, or

☐ at ____________ (Street) ____________ (City) ____________ (State) ____________ (Zip)

That the transfer of personal property shall take place in the presence of:

☒ law enforcement, or ☐ an agreed-upon third party, namely ____________

☐ Respondent ☐ Petitioner shall have the right to enter the residence to retrieve the property but only in the presence of law enforcement or the designated third party.

Time and date of transfer: AT THE CONVENIENCE OF LAW ENFORCEMENT
(This transfer does not affect title to property 750 ILCS 60/21-4(b)(2))

☒ 4. **(R11)** (Court Enforced) Respondent is prohibited from taking, transferring, concealing, encumbering, damaging, or otherwise disposing of the following real or personal property:
JEWELRY, EYE GLASSES, PHOTOS, PERSONAL/FAMILY ITEMS & MEDS, SUPPLIES,RECORD
except as explicitly authorized by the Court because:

☒ Petitioner, but not Respondent, owns the property, or

☒ The parties own the property jointly, and the balance of hardships favors granting this remedy, and/or

☐ Petitioner claims the property as marital property and a proceeding has been filed under the IMDMA.

☒ 5. **(R11)** (Court Enforced) Respondent is prohibited from using financial or other resources of an aged member of the family or household for the profit or advantage of Respondent or any other person.

☐ 6. **(R11.5)** (Court Enforced) That the petitioner is granted the exclusive care, custody, or control of any animal owned, possessed, leased, kept, or held by either the petitioner or the respondent or a minor child residing in the residence or household of either the petitioner or the respondent and order the respondent to stay away from the animal and forbid the respondent from taking, transferring, encumbering, concealing, harming or otherwise disposing of the animal.

## PART C. REMEDIES INVOLVING CHILDREN

The minor child(ren) of the parties is/are:

| Full Name | Age | State of Residence | Relationship to Petitioner | Included as Protected Party |
|---|---|---|---|---|
| | | | | ☐ |

☐ 1. That the primary caretaker of the minor child(ren) is ☐ Petitioner ☐ Respondent

☐ Other Person ____________
(Name and Address)

☐ 2. **(R05) (Police Enforced)** Petitioner is granted the physical care and possession of the minor child(ren) of the parties, and

☐ a. Respondent is ordered to return the minor children to the physical care of:

☐ Petitioner

☐ Other ____________
(Name and Address)

On ____________ at ____________ am/ pm in the presence of ____________
____________

Case No. 2020OP000304

Ref. Case ______________

☐ b. Respondent is further ordered not to remove the minor child child(ren) from the physical care of the Petitioner, school/ school grounds, or babysitter/ daycare provider, or other person *in loco parentis* 750 ILCS 60/214(B)(5).

☐ c. The Circuit Clerk shall, within 24 hours of the issuance of this Order, send written notice of the Order to any protected child's day care or school to the following: (list child's name and the name and address for each child's school/day care).

______________________________________________

______________________________________________

☐ If this box is checked, the petitioner shall provide the information to the clerk by a separate written notice which the clerk shall impound to prevent further abuse.

☐ 3. **(R07)** (Court Enforced) **Visitation of the minor child(ren)**

☐ a. Visitation is ☐ **denied/** ☐ **restricted** because the Respondent has or is likely to:

☐ Abuse or endanger the minor child(ren) during visitation.

☐ Use visitation as an opportunity to abuse of harass Petitioner, Petitioner's family, or household members.

☐ Improperly conceal or detain the minor child(ren).

☐ Act in manner that is not in the best interest of the minor child(ren).

☐ b. Visitation is **reserved** until further order of court, or ☐ until ______________________

☐ c. Visitation is **granted** as follows: **(Check all that apply)**

☐ Every ______________ from ______________ to ______________

☐ Each Weekend from ______________ ______________ to ______________ ______________

☐ Alternating weekend from ______________ ______________ to ______________ ______________

☐ Other ______________________________________________

Major holidays shall be divided as follows: ______________________________

______________________________________________

☐ d. The Court, finding it necessary to protect Petitioner or other protected parties from further abuse, prohibits Respondent from going to Petitioner's residence to meet the minor child(ren) for visitation.

☐ e. Visitation Transportation

☐ Each parent shall provide transportation one-way for visitation, or

☐ ______________________________ shall provide all transportation for visitation, or

☐ Other arrangements ______________________________

☐ f. Visitation shall take place at ______________________________
(Street Address / City)

☐ g. Visitation is to be supervised by ______________________________ who is approved to supervise visitation and who has filed an affidavit accepting responsibility and acknowledging accountability to the Court.

☐ h. Respondent shall return the child(ren) to Petitioner or Petitioner's designated person immediately at the end of visitation.

## Notice to Respondent

The Petitioner may, by law, deny Respondent access to the minor child(ren) if, when Respondent arrives for visitation, Respondent is under the influence of drugs or alcohol and constitutes a threat to the safety and well-being of Petitioner's minor child(ren) or is behaving in a violent or abusive manner. (750 ILCS 60/214(b) (7))

☐ 4. **(R08)** **(Police Enforced)** Respondent is ordered not to conceal the minor child(ren) within the State or remove the child(ren) from the State of Illinois

☐ 5. **(R09)** Respondent is ordered to appear at the ______________________________________ in courtroom ______________, on ______________ at ______________ am/pm

☐ Alone / ☐ With the minor children:

☐ To prevent abuse, neglect, removal or concealment of the child,

☐ To return the child to the custody or care of the Petitioner, or

☐ To permit a court-ordered interview or examination of the child or Respondent.

☐ 6. **(R15)** (Court Enforced) Respondent is denied access to and is prohibited from inspecting, obtaining, or attempting to inspect or obtain school or any other records of the minor child(ren) in the care of the Petitioner because:

☐ The order of protection prohibits Respondent having contact with the minor child(ren) **or**

☐ Petitioner's Actual address is omitted due to the risk of further abuse, **or**

☐ It is necessary prevent abuse or wrongful removal or concealment of the minor child(ren).

## PART D. MISCELLANEOUS REMEDIES

**FIREARMS**

☐ 1. **(R14.5)** **(Police Enforced)** The Court has examined the Petitioner and any other witnesses under oath, has examined the petition and other relevant evidence on the issue of whether Respondent has threatened or is likely to use a firearm(s) illegally against Petitioner, and finds that there is a danger of the illegal use of firearms.

The Court finds that the Respondent:

☐ Has appeared personally in court

☐ Failed to appear personally after having received actual notice.

2. Respondent is ordered to turn over any and all firearms, including the following:

______________________________________________________________
______________________________________________________________
______________________________________________________________
______________________________________________________________
______________________________________________________________

3. Respondent shall turn over the above-listed firearm(s) to:

☐ The ______________ County Sheriff's Office on or before ______________ for safekeeping, to be returned to the Respondent on ______________ Period not to exceed two years unless otherwise prohibited under federal law. (18 U.S. C. §§ 922(d) and (g)(8), and 922(d) and (g)(9)).

☐ The ______________ Police Department on or before ______________ for safekeeping, to be returned to the Respondent on ______________ Period not to exceed two years unless otherwise prohibited under federal law. (18 U.S. C. §§ 922(d) and (g)(8), and 922(d) and (g)(9)).

4. The Circuit Clerk will notify:

☐ The ______________________________ County Sheriff's Office

☐ The ______________________________ Police Department of this provision, and such law enforcement agency shall take possession of said firearm(s) for safekeeping in accordance with the provisions of this Order.

Case No. 2020OP000304
Ref. Case ______________

☐ **(R18)** The Circuit Clerk shall serve this order on the following wireless telephone provider(s) to transfer all financial responsibilities and the right to use the phone number(s) listed below to the petitioner.

| Name of the wireless service provider | Name of the account holder on the plan | US State in which the phone is registered | Billing telephone number of the account holder | The telephone number to be transferred |
|---|---|---|---|---|
| | | | | |

☒ **(R17)** Respondent is further ordered and enjoined as follows:

JOANNE ZIEGLER, SISTER OF JENNIFER ANN MOORE, RESIDING IN VA, IS HEREBY INCLUDED AS A PROTECTED PARTY FOR PURPOSES OF THIS ORDER OF PROTECTION.

## PART E. RULINGS PURSUANT TO 750 ILCS 60/221 (A) (2) and (b) (2)

The relief request in paragraph(s) R13 of the Petition is/are

☐ **Denied** ☒ **Reserved**

because the balance of hardships does not support the granting of the remedy, and the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to the Petitioner from the denial of the remedy, or because

**THE EMERGENCY ORDER WAS ISSUED ON:**

Date 03/31/2020
Time 10:44 AM am/ pm

JUDGE MAUREEN DUNSING
TRAN#: IPO245894010442488849

Case No. 2020OP000304

Ref. Case ______________

I hereby certify that this is a true and correct copy of the original order on file with the court.

CIRCUIT COURT CLERK · SEAL OF THE STATE OF ILLINOIS · AUG. 26TH 1818 · DUPAGE COUNTY, ILLINOIS

Chris Kachiroubas

Clerk Of Circuit Court of
DuPage County, Illinois

(Seal of the Clerk of Circuit Court)

Date: 03/31/2020

## NOTICE TO RESPONDENT

You may petition the court, in accordance with Section 224 of the Act to re-open the order, if you did not receive actual prior notice of the hearing in accordance with Section 211 of the Act, alleging that you have a meritorious defense to the order or that the order, or any of its remedies, was not authorized by the act.

cc: ☐ Petitioner ☐ Respondent(via Sheriff) ☐ Counsel of Record ☐ Sheriff ☐ Advocate ☐ Jail
☐ States Attorney

## DEFINITION OF TERMS USED IN THIS PETITION

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty or willful deprivation but does not include reasonable direction of a minor child(ren) by a parent or person *in loco parentis.*

2. **Domestic Violence:** "Domestic Violence" means abuse as defined in paragraph one.

3. **Exploitation:** "Exploitation" means the illegal, including tortuous, use of a high risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

4 . **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren, foster children, children under a guardianship, adopted children, children in the process of being adopted, and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or allegedly share a blood relationship through a child, persons who have or have had a dating or engagement relationship, and persons with disabilities and their personal assistants. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.If the respondent was previously a family or household member of the child mentioned above prior to the termination of their parental rights with respect to the child, the child is still considered part of the respondent's family or household.

5 . **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to the petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause

emotional distress:

a. creating a disturbance at petitioner's place of employment or school;

b. repeatedly telephoning petitioner's place of employment, home, or residence;

c. repeatedly following petitioner about in a public place or places;

d. repeatedly keeping petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by petitioner or by peering in petitioner's windows;

e. repeatedly threatening to improperly remove a child of petitioner's from the jurisdiction, improperly concealing that child from petitioner or making a single such threat following an actual or attempted improper removal or concealment;

f. improperly concealing a minor child from petitioner, repeatedly threatening to improperly remove a minor child of petitioner from the jurisdiction or from the physical care of petitioner, repeatedly threatening to conceal a minor child from petitioner, or making a single such threat following an actual or attempted improper removal , or concealment unless respondent was fleeing an incident or pattern of domestic violence; or

g. threatening physical force, confinement or restraint on one or more occasions.

6. **Interference with Personal Liberty:** "Interference with Personal Liberty " means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which he or she has a right to abstain or to refrain from conduct in which he or she has a right to engage.

7. **Intimidation of a Dependent:** "Intimidation" means subjecting a person who is dependent because of age, health or disability to participation in, or the witnessing of: physical force against another or physical confinement or restraint of another which constitutes physical abuse as herein defined, regardless of whether the abused person is a family or household member.

8. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:

a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse;

b. the repeated, careless imposition of unreasonable confinement;

c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance;

d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or

e. the failure to protect a high-risk adult with disabilities from health and safety hazards.

9. **Physical Abuse:** "Physical Abuse" includes sexual abuse and means any of the following:

a. knowing or reckless use of physical force, confinement, or restraint; or

b. knowing, repeated and unnecessary sleep deprivation; or

c. knowing or reckless conduct which creates an immediate risk of physical harm.

10. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and;

a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement of restraint and the

threat is directed towards that person of a family member of that person; or

b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or

c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or restraint.

11 . **Willful Deprivation:** "Willful Deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.