# EXHIBIT 2

**Case #** 2020OP000304
Ref. Case ______

# CIRCUIT COURT OF ILLINOIS
# EIGHTEENTH JUDICIAL CIRCUIT
# DUPAGE COUNTY, ILLINOIS

☒ Independent
☐ Criminal
☐ Juvenile
☐ Other Civil Proceeding

FILED
MAR 31 2020 10: 25 AM
Chris Kachiroubas
CLERK OF THE
EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

| First | Middle | Last | Age |
|---|---|---|---|
| KATHLEEN | ROSE | MCNAMARA | 51 |

**Petitioner's Name** (Person desiring protection)

I am filing on behalf of: ☐ myself and/or ☐ minor child(ren) ☐ dependent ☒ high risk adult (as listed below):

| First | Middle | Last | Age |
|---|---|---|---|
| JENNIFER | ANN | MOORE | 65 |

**VS**

| First | Middle | Last |
|---|---|---|
| GEORGE | E | MOORE (57) |

**Respondent's Name** (Person you desire protection from)

## VERIFIED PETITION FOR ORDER OF PROTECTION

I request an Order of Protection against GEORGE E MOORE (57)
(Name of Respondent)

☒ I am requesting an Emergency Order of Protection.

☒ I did not give the Respondent notice that I am seeking protection because I fear that giving notice would result in further abuse or because the abuse is likely to recur before I return to court. Good cause exists for granting the remedy or remedies requested without prior service of process or notice.

## PETITIONER INFORMATION

The Petitioner's address for the purpose of service of notice is:

| (Street/ P. O. Box) | (City) | (State) | (Zip) |
|---|---|---|---|
| 500 N. GARY AVENUE | CAROL STREAM | IL | 60188 |

Persons to be included in the Order of Protection, in addition to the Petitioner, are:

| Full Name | Age | State of Residence | Relationship to Petitioner |
|---|---|---|---|
| JENNIFER ANN MOORE | 65 | IL | CLIENT |

## RESPONDENT INFORMATION

**Date of Birth** XX/XX/1962 (mm/dd/yyyy) ☐ Unknown **Social Security Number** ______
**Weight** 160 **Height** 6 **ft.** 0 **in. Hair Color** BROWN **Eye Color** BROWN **Race** WHITE
**Sex** ☒ Male ☐ Female **Driver License#** XXXXX2221 **State** IL **License Plate#** ______ **State** IL

**Respondent's Current Address**

| (Street/ P. O. Box) | (City) | (State) | (Zip) |
|---|---|---|---|
| 906 CHATHAM DRIVE | CAROL STREAM | IL | 60188 |

**Respondent's Work Address**

| (Street/ P. O. Box) | (City) | (State) | (Zip) |
|---|---|---|---|
| | | IL | |

**Work Hours:** ______

**Distinguishing Features** (scars, marks, tattoos, etc.) UNKNOWN


Request received on 2/25/26, 3:31 PM Document supplied on 02/25/2026 15:36:55 # 4792146/170431492633

Case No. 2020OP000304

Ref. Case ______________

## RELATIONSHIP CODE

The **Petitioner / Abused Person** stands in the following **relationship** to the **respondent**: (check **all** that apply)

| X | RELATIONSHIP | X | RELATIONSHIP | X | RELATIONSHIP |
|---|---|---|---|---|---|
| ☒ | Spouse **(SE)** | ☐ | Parent **(PA)** | ☐ | Grandparent **(GP)** |
| ☐ | Ex (former) Spouse **(XS)** | ☐ | Sibling (brother/sister) **(SB)** | ☐ | In-Law **(IL)** |
| ☐ | Boyfriend/Girlfriend (Dating Relationship) **(BG)** | ☐ | Step-child **(SC)** | ☐ | Person with Disability **(PD)** |
| ☐ | Child in common (parties not married) **(CC)** | ☐ | Step-sibling **(SS)** | ☒ | Person responsible for High Risk Adult **(PR)** |
| ☒ | Shared / common dwelling **(CS)** | ☐ | Step-parent **(SP)** | ☐ | Personal Assistant or Caregiver to Person with Disability **(PC)** |
| ☐ | Child **(CH)** | ☐ | Grandchild **(GC)** | ☐ | Other Related by Blood or Marriage **(OF)** |

## BACKGROUND INFORMATION

1. Is there or has there ever been an Order of Protection in any state and county naming you as the Petitioner or Respondent?

☐ Yes ☒ No If **yes**, please provide the following information for each Order of Protection:

| Name of Petitioner | Name of Respondent | State/County | Case Number | Date of Expiration (mm/dd/yyyy) |
|---|---|---|---|---|
| | | | | |

2. Has a child/dependent/high risk adult of either party been designated as either a Respondent or protected person in any other Order of Protection, Custody or Guardianship proceeding? ☐ Yes ☒ No If **yes**, please provide the following information for each order:

| Name of Petitioner | Name of Respondent | State/County | Case Number | Date of Expiration (mm/dd/yyyy) |
|---|---|---|---|---|
| | | | | |

3. Are there now, or have there ever been, any civil, criminal, or divorce proceedings involving you, one of the protected persons and/or the Respondent? ☐ Yes ☒ No ☐ None Known If **yes**,please list all pending cases below:

a. Type of Case ______
State/County ______
Who is involved in this case?

Result ______________
Case # (if known) ______ Date ______
☐ Petitioner ☐ Respondent ☐ Other

4. Venue is appropriate in this county because:

☒ The Petitioner resides here.

☒ The Respondent resides here.

☒ The abuse occurred here.

☐ The Petitioner is here temporarily to avoid abuse.

5. I am requesting an Order of Protection because the Respondent did the following things on the dates and times indicated below. (BE SPECIFIC) (Include the relevant history of abuse, the effect the abuse had on you, and the date and place that each incident occurred. Attach additional pages, if necessary) Tab to next paragraph if additional lines needed.

| Date(s) | Description of Incident(s) |
|---|---|
| 03/27/2020 | Jennifer Moore relayed the following information to me: I called 911 on Thursday, 3/27/20, because I needed to get away from my abusive husband. I have Stage 4 Colon Cancer and he is my caregiver. He does not allow me to make calls to my family. On Thursday, he would not allow me to eat.He is over medicating me and he dropped me, on purpose, 4 times, that day. I have bruising on my body which I believe was caused by his physical abuse. I have many, many skin tears on my body. They are very painful. He took my phone from me. I waited until he turned his back and I grabbed my phone to call 911. I am afraid of him. He has attempted to get to my hospital room several times since I've been admitted to CDH. I feel he will continue to try and harass and abuse me without this Order of Protection. |
| | Throughout our marriage, my husband, George, has been verbally and physically abusive. He has hit me many times. I am afraid of him. I am very sick now and I need to be left in peace, and in safety, away from his abuse. Please help me. I am asking for protection and for COMPASSION FOR ME AS I AM DYING. I WANT ONLY TO DIE IN PEACE AND TO BE SURROUNDED BY THE FEW ITEMS IN THE HOUSE THAT BRING ME COMFORT. I WANT TO HAVE ACCESS TO MY IRA AND OTHER FINANCIAL PAPER WORK SO I MAY PREPARE FOR MY DEATH. |
| | I, Kathleen McNamara, am a social worker at Carol Stream Police Dept and Jennifer Moore asked me to file this petition on her behalf because she is too ill to come to the court house at this time. Jennifer's siblings are living in Virginia and Florida and are on their way to come get Jennifer and take care of her. |

## REMEDIES SECTION

(750 ILCS 60/214)

## PURSUANT TO THE ILLINOIS DOMESTIC VIOLENCE ACT ("THE ACT"), THE PETITIONER SEEKS THE FOLLOWING REMEDIES:

## PART A. REMEDIES INVOLVING PERSONAL PROTECTION

☒ 1. **(R01)** With respect to all protected persons, that the Respondent be prohibited from committing the following acts of abuse or threats of abuse (check all that apply)

- ☒ Harassment, interference with personal liberty, physical abuse, or stalking.
- ☐ Intimidation of a dependent.
- ☒ Willful deprivation.
- ☒ Neglect
- ☒ Exploitation

☒ 2. **(R03) (Police Enforced) Stay Away**

☒ a. Residence

☒ Respondent is ordered to stay at least 1000 feet away from residence of the petitioner and/or protected person(s) located at 471 BLOSSOM TREE ROAD, CULPEPPER, VA, 22701
______________________________; or

☐ Respondent is prohibited from remaining or entering while petitioner and/or protected person(s) are present at their residence currently located at ______________________________

**"Stay Away" means for the Respondent to refrain from both physical and non-physical contact with the petitioner whether direct, indirect (including, but not limited to, telephone calls, mail, email, faxes, and written notes), or through third parties who may or may not know about the Order of Protection.**

☒ b. Respondent is prohibited from entering or remaining while petitioner and/or protected person(s) is/are present at:

☐ Their place of employment at ______________________________

☐ Their school, located at ______________________________

☐ Respondent is prohibited from attending this school.

☐ Respondent is ordered to accept a transfer, change of placement or change of program, specifically ______________________________

☐ Respondent is subject to the following restrictions within the school, specifically ______________________________

☒ Any of the following specified places where petitioner and/or protected person(s) are present:
CDH IN WINFIELD

☐ c. If Respondent is a minor, the Court orders that the parents, guardian or legal custodian take the following actions to ensure compliance with this Order, specifically ______________________________

☐ 3. **(R14)** That the Respondent be prohibited from entering or remaining in the residence or household while under the influence of drugs or alcohol and constituting a threat to the safety or well being of Petitioner or Petitioner's child(ren)

## PART B. REMEDIES INVOLVING PROPERTY

(These remedies do not affect title to property (750 ILCS 60/214(b)(2))

☐ 1. **(R02)** That the Petitioner be granted exclusive possession of, and Respondent be prohibited from entering or remaining present at the residence / household located at:

| (Street) | (City) | (State) | (Zip) |
|---|---|---|---|

(Check One)

☐ Petitioner has a right to occupancy and Respondent has no such right or,

☐ Petitioner and Respondent both have right to occupancy, but the balance of hardships favors Petitioner's occupancy over Respondent's.

☒ 2. **(R10)** That with respect to personal property, possession should be awarded as follows:

☒ a. Petitioner be granted the following personal property:
JEWELRY, EYE GLASSES, PHOTOS, PERSONAL/FAMILY ITEMS & MEDS, SUPPLIES,RECORD

☒ b. That the Respondent be ordered to promptly make available to the Petitioner the following property over which the Respondent has possession or control:
MOM'S 100 BIRTHDAY CARDS, CHINA CABINET CONTENTS, FINANCIAL DOCUMENTS, RAV 4 2017

(Check as applies)

☒ The Petitioner, but not the Respondent, owns the property, or

☒ The property is jointly owned by the parties, and sharing it would risk abuse or is impracticable and the balance of hardships favors temporary possession by Petitioner, and/or

☐ Petitioner claims property as marital property, and a proceeding has been filed under the Illinois Marriage and Dissolution of Marriage Act ("IMDMA")

☐ c. That the Respondent be given his/her ☐ clothing ☐ personal adornments ☐ medicine

☐ Other personal property, namely, ______________________________

☒ 3. **(R10)** That personal property be transferred:

☒ at the residence, or

Case No. 2020OP000304
Ref. Case ____________

☐ at ______________________ ______________ ______________ ____________
(Street) (City) (State) (Zip)

That the transfer of personal property take place in the presence of:

☒ law enforcement, or ☐ an agreed-upon third party namely _

☐ Respondent ☐ Petitioner have the right to enter the residence to retrieve the property but only in the presence of law enforcement or the designated third party.

Time and date of transfer: ____________________________________________

☒ 4. **(R11)** That the Respondent be prohibited from taking, transferring, encumbering, concealing, damaging, or otherwise disposing of the following real and/or personal property:

JEWELRY, EYE GLASSES, PHOTOS, PERSONAL/FAMILY ITEMS & MEDS, SUPPLIES,RECORD

(Check as applies)

☒ Petitioner, but not Respondent, owns the property, or

☒ The Parties own the property jointly, and the balance of hardships favors granting this remedy, and/or

☐ Petitioner claims property as marital property and a proceeding has been filed under the IMDMA.

☒ 5. **(R11)** That the Respondent be prohibited from using financial or other resources of an aged member of the family or household for the profit or advantage of Respondent or any other person.

☐ 6. **(R11.5)** That the petitioner is granted the exclusive care, custody, or control of any animal owned, possessed, leased, kept, or held by either the petitioner or the respondent or a minor child residing in the residence or household of either the petitioner or the respondent and order the respondent to stay away from the animal and forbid the respondent from taking, transferring, encumbering, concealing, harming or otherwise disposing of the animal.

## PART C. REMEDIES INVOLVING CHILDREN

List the full name, age, and the state of residence of all children **not listed on page 1 of this petition** whose custody and/or visitation may be affected by the issuance of an order of protection against the respondent. Any prior Orders of Protection, Custody or Guardianship proceedings affecting the child should be listed in the Background Information in this petition.

| Full Name | Age | State of Residence | Relationship to Petitioner |
|---|---|---|---|
| | | | |

☐ 1. That the primary caretaker of the minor child(ren) is ☐ Petitioner ☐ Respondent

☐ Other Person ____________________________________________
(Name and Address)

☐ 2. **(R05)** The Petitioner be granted the physical care and possession of the minor child(ren) of the parties, and that:

☐ a. Respondent be ordered to return the minor child(ren) to the physical care of:

☐ Petitioner

☐ Other ____________________________________________
(Name and Address)

on ______________ at ______________ in the presence of ______________

☐ b. Respondent be ordered not to remove the minor child(ren) from the physical care of the Petitioner, school/ school grounds, or babysitter/daycare provider.

Case No. 2020OP000304

Ref. Case ____________

☐ c. Within 24 hours of the issuance of the Order, the Circuit Clerk is directed to send written notice of the Order to any protected child's day care or school, specifically to the following:

______________________________________________________________

______________________________________________________________

(Provide child(ren) name, then Name and Address for each child's school/day care)

☐ 3. **(R06)** That the Court award Petitioner temporary custody of the minor child(ren) of the parties.

**(Please note, temporary custody is not available as a remedy in an emergency order of protection).**

☐ a. The child(ren) were born prior to or during the course of the marriage between the parties;

☐ b. The parties are unmarried; the child(ren) are child(ren) in common of the parties; and there

☐ **has** ☐ **has not** been a legal determination of parentage.

☐ c. If neither of the above applies, please explain here: ______________________________

______________________________________________________________

☐ 4. **(R07) (Visitation)** That the Court provide for visitation as follows:

☐ a. **Deny** ☐ **Restrict** visitation because the Respondent has or is likely to:

☐ Abuse or endanger the minor child(ren) during visitation.

☐ Use visitation as an opportunity to abuse or harass Petitioner, Petitioner's family, or household members.

☐ Improperly conceal or detain the minor child(ren).

☐ Act in a manner that is not in the best interest of the minor child(ren).

☐ b. **Reserve** visitation until further hearing.

☐ c. Allow the Respondent to have visitation with the minor child(ren):

☐ Every ____________ from ____________ to ____________

☐ Each weekend from ____________ ____________ to ____________ ____________

☐ Every other weekend from ____________ ____________ to ____________ ____________

☐ Other ______________________________________________

☐ Holiday ____________ from ____________ to ____________

☐ d. Due to the necessity of protecting Petitioner from further abuse, that Respondent be prohibited from going to the Petitioner's residence to meet the minor child(ren) for visitation.

☐ e. That the Respondent be ordered to pick up and return the child(ren) for visitation at:

____________________ ____________ ________ ______

(Street) (City) (State) (Zip)

☐ f. That visitation take place at ______________________________________

(Street)

____________________ ____________ ________

(City) (State) (Zip)

and that transportation be provided by ______________________________

☐ g. That visitation be supervised by ______________________________

who has filed or will file an affidavit accepting responsibility and acknowledging accountability to the Court.

☐ h. Further, that the Court order the Respondent to return the child(ren) to Petitioner or Petitioner's designated person immediately at the end of visitation.

☐ i. That the Respondent be allowed visitation that the Court finds to be in the best interests of the child(ren).

☐ 5. **(R08)** That the Respondent be ordered not to conceal the minor child(ren) within the State or remove the child(ren) from the State of Illinois.

☐ 6. **(R09)** That the Respondent be ordered to appear in Court ☐ Alone ☐ With minor child(ren)
- ☐ To prevent abuse, neglect, removal or concealment of the child,
- ☐ To return the child to the custody or care of the Petitioner, or
- ☐ To permit a court-ordered interview or examination of the child(ren) or Respondent.

☐ 7. **(R15)** That the Respondent be denied access to and be prohibited from inspecting, obtaining, or attempting to inspect or obtain school or any other records of the minor child(ren) in the care of the Petitioner because:
- ☐ Petitioner is requesting that the Order of Protection prohibit Respondent from having contact with the minor child(ren), or
- ☐ Petitioner's actual address is omitted due to the risk of further abuse, or
- ☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor child(ren).

## PART D. FIREARMS

**(Respondent must be present in court or have had actual notice of these proceedings before a turnover of firearms can be ordered.)**

☐ 1. **(R14.5)** That the Respondent be ordered to turn over any and all firearms in his/her possession to a law enforcement agency because:

**Respondent**
- ☐ has used or threatened to use firearms against me, and/or
- ☐ is likely to use firearms illegally against me.

**Further, Respondent**
- ☐ possesses firearms
- ☐ has a history of violence
- ☐ has a history of possession/use of firearms.
- ☐ carries firearms on his/her person in a vehicle.
  (Make and model of vehicle) ______________________
- ☐ may be a threat to the safety of the public or police officer when encountered.
- ☐ is, or has been known to be suicidal.

☐ 2. The Respondent has the following firearms (describe each):

| Description | Location |
|---|---|
| | |
| | |
| | |

Case No. 2020OP000304

Ref. Case ____________

## PART E. ECONOMIC REMEDIES

**(Economic remedies are not available at the Emergency hearing.)**

☐ 1. **(R12)** That the Court order payment of support.

☐ a. Petitioner requests that Respondent be ordered to pay temporary child support.

☐ b. Petitioner requests that Respondent be ordered to pay temporary support to the Petitioner.

☐ c. Respondent is ☐ unemployed ☐ employed by

____________________ at ____________ ____________ ____________ ____________

(Employer) (Street Address) (City) (State) Zip)

and has an approximate take-home pay of $ ____________ ☐ weekly ☐ bi-weekly

☐ ____________ / ____________ of the month ☐ monthly

☒ 2. **(R13)** That the Respondent be ordered to pay Petitioner for losses suffered as a direct result of abuse, neglect, or exploitation, including:

☒ Medical expenses $ ____________ if known

☐ Lost earnings $ ____________ if known

☒ Repair/replacement of property damaged or taken $ ____________ if known

☐ Reasonable attorneys' fees $ ____________ if known

☒ Moving and other travel expenses $ ____________ if known

☐ Reasonable expenses for housing other than a domestic violence shelter/meals $ ____________ if known

☐ Expenses for search and recovery of child(ren) $ ____________ if known

☐ Other ____________________ $ ____________ if known

**If you desire payment for any of the above, bring documentation (receipts etc) to the hearing.**

☐ 3. **(R16)** That Respondent be ordered to reimburse a shelter providing temporary housing or counseling to Petitioner

## PART F. MISCELLANEOUS REMEDIES

☐ 1. **(R04)** That the Respondent be ordered to undergo and successfully complete counseling. **(If you desire the Respondent to undergo counseling, you should check this box, but this remedy is not available at the Emergency hearing.)**

☐ 2. **(R18)** Petitioner requests that the Court order the following wireless telephone provider(s) to transfer the financial responsibility and the right to continue to use the telephone number(s) listed below to the Petitioner.

| Name of the wireless service provider | Name of the account holder on the plan | US State in which the phone is registered | Billing telephone number of the account holder | The telephone number to be transferred |
|---|---|---|---|---|
| | | | | |

☒ 3. **(R17)** That the Respondent be further ordered and enjoined as follows:

____________________________________________

**WHEREFORE,** Petitioner moves the Court to grant the relief requested in this petition.

Case No. 2020OP000304
Ref. Case ____________

## VERIFICATION

Under the penalties of perjury as provided by law pursuant to section 1-109 of the code of civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true.

____________________
Signature of Petitioner

**Attorney for Petitioner**
Name: KATHLEEN MCNAMARA
Attorney Number: ____________
Attorney for: ____________
Address: 500 N. GARY AVENUE
City/State/Zip: CAROL STREAM IL 60188
Telephone Number: ____________ Fax: ____________ ARDC: ____________

## DEFINITION OF TERMS USED IN THIS PETITION

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty or willful deprivation but does not include reasonable direction of a minor child(ren) by a parent or person in loco parentis.

2. **Domestic Violence:** "Domestic Violence" means abuse as defined in paragraph one.

3. **Exploitation:** "Exploitation" means the illegal, including tortuous, use of a high risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

4 . **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren, foster children, children under a guardianship, adopted children, children in the process of being adopted, and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or allegedly share a blood relationship through a child, persons who have or have had a dating or engagement relationship, and persons with disabilities and their personal assistants. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.If the respondent was previously a family or household member of the child mentioned above prior to the termination of their parental rights with respect to the child, the child is still considered part of the respondent's family or household.

5 . **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to the petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:

a. creating a disturbance at petitioner's place of employment or school;

b. repeatedly telephoning petitioner's place of employment, home, or residence;

c. repeatedly following petitioner about in a public place or places;

d. repeatedly keeping petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by petitioner or by peering in petitioner's windows;

e. repeatedly threatening to improperly remove a child of petitioner's from the jurisdiction, improperly concealing that child from petitioner or making a single such threat following an actual or attempted improper removal or concealment;

f. improperly concealing a minor child from petitioner, repeatedly threatening to improperly remove a minor child of petitioner from the jurisdiction or from the physical care of petitioner, repeatedly threatening to conceal a minor child from

petitioner, or making a single such threat following an actual or attempted improper removal , or concealment unless respondent was fleeing an incident or pattern of domestic violence; or

g. threatening physical force, confinement or restraint on one or more occasions.

6. **Interference with Personal Liberty:** "Interference with Personal Liberty " means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which he or she has a right to abstain or to refrain from conduct in which he or she has a right to engage.

7. **Intimidation of a Dependent:** "Intimidation" means subjecting a person who is dependent because of age, health or disability to participation in, or the witnessing of: physical force against another or physical confinement or restraint of another which constitutes physical abuse as herein defined, regardless of whether the abused person is a family of household member.

8. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:

a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse;

b. the repeated, careless imposition of unreasonable confinement;

c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance;

d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or

e. the failure to protect a high-risk adult with disabilities from health and safety hazards.

9. **Physical Abuse:** "Physical Abuse" includes sexual abuse and means any of the following:

a. knowing or reckless use of physical force, confinement, or restraint; or

b. knowing, repeated and unnecessary sleep deprivation; or

c. knowing or reckless conduct which creates an immediate risk of physical harm.

10. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and;

a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement of restraint and the threat is directed towards that person of a family member of that person; or

b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or

c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or restraint.

Case No. 2020OP000304

Ref. Case _____________

11 . **Willful Deprivation:** "Willful Deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.