**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GEORGE MOORE,<br><br>Plaintiff,<br><br>v.<br><br>CLUB EXPLORIA, LLC,<br><br>Defendant. | Case No. 1:19-cv-02504<br><br>Hon. Edmond E. Chang |

**DEFENDANT CLUB EXPLORIA'S OPPOSED MOTION FOR ORAL ARGUMENT ON PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL JUDGMENT**

Defendant Club Exploria, LLC ("Club Exploria") respectfully moves this Court for oral argument on Plaintiff George Moore's Motion for Entry of Partial Judgment (Dkt. 428) and Club Exploria's Response in Opposition (Dkt. 434). Pursuant to this Court's case procedures, undersigned counsel conferred with Plaintiff's counsel regarding this request on September 29, 2026. Plaintiff does not agree to oral argument and opposes this motion.

Oral argument is warranted for at least three reasons.

***First***, the factual record underlying Moore's motion is unusually complex and contested. Moore asks this Court to enter judgment on behalf of a class whose members have never been reliably identified, against a factual backdrop involving competing expert analyses of call data for over 66,000 phone numbers. *See* Dkt. 434 at 8–16. The Court would benefit from the ability to question the parties about this record in real time rather than parsing it solely from the briefs.

***Second***, the legal issues are substantial and, in many respects, novel. Most class actions settle rather than proceed to a contested damages judgment. This case is more unusual still, because the Court must resolve threshold questions about class-member identification and Article III standing before it can reach the damages question at all. *See* Dkt. 434 at 8–16. Oral argument would allow the Court to test the parties' positions on these issues and to focus the discussion on the questions it finds most important.

***Third***, the stakes are significant. Moore is asking the Court to enter a judgment of more than $35 million. Club Exploria has submitted a sealed declaration explaining what a judgment of that magnitude would mean for the company. *See* Dkt. 434-7 (Sealed Declaration); *see also* Dkt. 434 at 16–20 (discussing constitutional limits on statutory damages). A decision of this consequence deserves the fullest possible airing.

In sum, the complexity of the record, the novelty of the legal issues, and the magnitude of the proposed judgment make this an appropriate case for oral argument. Club Exploria respectfully requests that the Court set this matter for hearing at its earliest convenience.

Dated: September 30, 2026

Respectfully submitted,

*/s/ Livia M. Kiser*
Livia M. Kiser
Ill. Bar No. 6275283
**King & Spalding LLP**
110 North Wacker Drive
Suite 3800
Chicago, IL 60606
(312) 995-6333
lkiser@kslaw.com

Michael D. Roth (*pro hac vice*)
**King & Spalding LLP**
633 West Fifth Street
Suite 1600

Los Angeles, CA 90071
(213) 443-4355
mroth@kslaw.com

*Attorneys for Defendant*
*Club Exploria, LLC*