**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

GEORGE MOORE,

Plaintiff,

v.

CLUB EXPLORIA, LLC,

Defendant.

Case No. 1:19-cv-02504

Hon. Edmond E. Chang

**DEFENDANT CLUB EXPLORIA, LLC'S CONDITIONALLY UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO MOORE'S MOTION FOR ENTRY OF PARTIAL JUDGMENT**

Defendant Club Exploria, LLC respectfully moves for leave to file a surreply in support of its opposition to the motion for entry of partial judgment filed by Plaintiff George Moore. Pursuant to this Court's case procedures and October 27, 2026 Minute Entry, Dkt. 447, Defendant met and conferred with Plaintiff's counsel on Wednesday, October 28, 2026. During that meet-and-confer, Plaintiff indicated he would not oppose the motion for leave if the Court allows him to file a sur-surreply not to exceed 5 pages within two business days of the filing of this motion. Otherwise, Plaintiff opposes.

This surreply is necessary to address new arguments raised in reply and to respond to Moore's request that the Court strike the Declaration of Douglas Kidder, Dkt. 434-4, which Club Exploria attached to its Response to Moore's Motion for Entry of Partial Judgment, Dkt. 434. Allowing Club Exploria to file its proposed surreply, which is attached to this motion as Exhibit A, is appropriate to give Club Exploria an opportunity to be heard on these new arguments, correct the record, and avoid prejudice to Club Exploria resulting from an inability to respond.

The decision whether to grant a surreply is within the Court's discretion. *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014). A surreply is appropriate when a party raises a new argument for the first time in reply. *Id.* This is because "[w]hen an issue is raised for the first time on reply, the adverse party typically has no opportunity to respond and the record on that issue therefore is developed insufficiently for consideration." *Aircraft Gear Corp. v. Marsh*, 2004 WL 2222262, at *2 (N.D. Ill. Sept. 30, 2004). Thus, allowing the responding party to file a surreply "provides the court with the information necessary to make an informed decision." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005).

Moore's reply brief contains new arguments that he had every opportunity to make in his opening brief in support of entry of partial judgment. And Moore was on notice that Club Exploria intended to vigorously oppose the motion for entry of partial judgment—the parties met and conferred on Moore's motion and stipulated that Club Exploria would be allowed to submit a twenty-page response. Dkt. 427 at 1. Instead, Moore filed a four-page opening memorandum nearly identical to his prior submission, saving nearly all his substantive arguments until Club Exploria could no longer respond. Dkt. 428. "A party cannot make conclusory and underdeveloped arguments in its opening brief and then deign to support and develop those arguments in his or her reply brief." *Johnson v. Root*, 812 F. Supp. 2d 914, 924 (N.D. Ill. 2011). Indeed, "delaying the presentation or development of an argument until the reply brief in order either to get the last word or to develop the argument in the first place is not only unfair to one's opponent—it is a form of 'sandbagging' … [and] it is unfair to the court." *Stout Risius Ross, Inc. v. People Care Holdings, Inc.*, 2016 WL 4593824, at *1 (N.D. Ill. Sept. 2, 2016) (citation omitted).

Club Exploria is also entitled to respond to Moore's request that the Kidder declaration be stricken. Dkt. 441 at 4-5. That request should have been brought as a separate motion after a meet-and-confer between the parties, as the Federal Rules and local rules contemplate. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Haider v. Kellogg*, 2008 WL 4450316, at *7 (N.D. Ill. Sept. 30, 2008) (declining to consider request to strike affidavit because Haider included that request "in his response to defendants' motion for summary judgment" and "failed to make his request to the court by motion"). Doing so would have allowed Club Exploria to respond and allowed the Court to consider the arguments of both parties.

Accordingly, Club Exploria seeks leave to file a brief surreply to address Moore's new substantive arguments and his request that the Kidder declaration be stricken. Club Exploria's proposed surreply, which is attached hereto as Exhibit A, is less than five pages and is submitted solely to aid the decision of the Court.

Dated: October 28, 2026

Respectfully submitted,

*<u>/s/ Livia M. Kiser</u>*

Livia M. Kiser
Ill. Bar No. 6275283
**King & Spalding LLP**
110 North Wacker Drive
Suite 3800
Chicago, IL 60606
(312) 995-6333
lkiser@kslaw.com

Michael D. Roth
**King & Spalding LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
(213) 443-4355
mroth@kslaw.com

*Attorneys for Defendant*
*Club Exploria, LLC*