# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

GEORGE MOORE,

Plaintiff,

v.

CLUB EXPLORIA, LLC,

Defendant.

Case No. 1:19-cv-02504

Hon. Edmond E. Chang

**DEFENDANT CLUB EXPLORIA, LLC'S SURREPLY IN OPPOSITION TO MOORE'S MOTION FOR ENTRY OF PARTIAL JUDGMENT**

## ARGUMENT

Defendant Club Exploria, LLC ("Club Exploria") files this surreply to address new arguments made by Moore in his reply. *See* Dkt. 441 ("Reply"). Plaintiff does not oppose the filing of this surreply if the Court allows him to file a sur-surreply not to exceed 5 pages within two business days of the filing of this motion. Otherwise, Plaintiff opposes.

Moore makes two new arguments in his reply to attempt to support the entry of judgment. Neither has merit.

**I.** Moore asks this Court to strike the declaration of Douglas Kidder, which examines whether Moore's data can reliably identify the class or show facts necessary to establish Article III standing elements. Dkt. 434 ("Opp."); Dkt. 434-4 ("Kidder Decl."). According to Moore, this declaration is untimely because Club Exploria failed to disclose the expert before the close of discovery on January 18, 2022. Reply at 4; Dkt. 178.

Not so. Plaintiff's improper motion to strike embedded in his reply rests entirely on a false premise: namely, that Club Exploria should be required to have anticipated *during* the discovery period the need to disclose an expert necessary to evaluate information submitted by third party carriers *after* the close of the discovery period.

But even without the Kidder declaration, all of Club Exploria's arguments remain the same: Moore has failed to show who class members are and which class members have Article III standing.

The request for exclusion is substantively and procedurally improper. As an initial matter, a request to exclude evidence is a request for relief, and it must be made by motion. Fed. R. Civ. P. 7(b)(1); *Haider v. Kellogg*, 2008 WL 4450316, at *7 (N.D. Ill. Sept. 30, 2008) (declining to consider request to strike affidavit because Haider included that request "in his response to defendants' motion for summary judgment" and "failed to make his request to the court by

motion”). Moore did not file a motion to exclude the Kidder declaration, nor did he follow meet-and-confer requirements that attach to motions. *See* N.D. Ill. L.R. 37.2; Judge Chang’s Case Procedures, *Motion Practice*, tinyurl.com/yp5zmdy8. As Moore points out, Reply at 4, this Court has explained that motions to strike are “strongly disfavored”—“if a party believes that the other side’s brief contains inaccurate facts … , then the complaining party should so argue in the … reply brief.” Judge Chang’s Case Procedures, *Motions to Strike Strongly Disfavored*, https://tinyurl.com/536t25w7. Contrary to Moore’s reading, the Court is not approving of motions to strike embedded in other briefs—the Court is instructing the parties to address the other side’s positions *on the merits* rather than asking the Court to strike the underlying factual support. That is not what Moore has done here. At no point in his reply brief does he explain why the Kidder declaration is inaccurate or unreliable (and it is not). For this reason alone, the request may be denied.

Moreover, the declaration is timely. Kidder analyzes data that did not exist at the close of discovery: the subscriber information Moore obtained through carrier subpoenas in 2023 and reverse look-ups in 2024. Opp. at 5-6; Kidder Decl. ¶¶ 8, 15, 17. Kidder also addresses a question that arises only now that Moore seeks judgment—namely, whether Moore’s list of phone numbers can support a judgment under governing authority. *See* Dkt. 301 at 1 (in denying Club Exploria’s motion to decertify the class, recognizing that class information was incomplete). And even when an expert report is actually untimely (unlike here) it is justified when it analyzes brand new data. *Cf. In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372-73 (5th Cir. 2016) (holding that untimely expert report should not be stricken because it was based on information produced after the expert disclosure deadline); *Joseph v. Joseph*, 2018 WL 11432989, at *2 (S.D. Ohio July 31, 2018) (similar).

Even if the Court were to find the disclosure untimely, however, Rule 37(c)(1) permits other measures "instead of" exclusion, especially where any prejudice can be cured by seeking more time to respond. Fed. R. Civ. P. 37(c)(1); *see also Saldaña v. County of Cook*, 2022 WL 2967422, at *4 (N.D. Ill. July 27, 2022) (declining to strike where there was no prejudice and "even if there were any prejudice or surprise by the late disclosure, it could have been cured" by "mov[ing] for an extension … to accommodate any additional time [party] asserted was necessary to prepare"). Here, Moore had three weeks between Club Exploria's opposition and his reply to seek more time to respond to the declaration if he needed it. He did not—instead, he remained silent. That's Moore's "prerogative, but it does not obviate the existence of less drastic ways to cure" prejudice. *Saldaña*, 2022 WL 2967422, at *4. This case raises weighty questions about the Court's constitutional power to enter judgment on unidentified (and likely uninjured) absent class members' claims. To answer those questions, the Court should have a fulsome record.

Regardless of how the Court rules on the Kidder declaration, however, all of Club Exploria's arguments remain. It is Moore who bears the burden of demonstrating standing and establishing that entry of judgment is warranted. *TransUnion*, 594 U.S. 413, 431 (2021) (standing); *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (entry of partial judgment); *Fleming v. Cent. Cheese Co.*, 164 F.2d 294, 298 (7th Cir. 1947) ("The plaintiff [bears] the burden of proving a case entitling it to judgment."). The Kidder declaration highlights the enormous gaps in the record that make it impossible for Moore to meet that burden. But those gaps exist regardless of whether the Kidder declaration is considered or not. Tellingly, Moore never argues that the evidence does establish who the class members are and that they received unwanted calls. He just says that issue should be sorted out later after judgment is entered. Reply at 4 ("[D]etermining which individuals may receive payment is an issue of claims administration, not

a prerequisite to entry of judgment."). So even if the Court declines to consider the declaration, Moore's tacit concessions mean that judgment still cannot be entered.

**II.** Moore argues that *Physicians Healthsource, Inc. v. A-S Medication Solutions*, 950 F.3d 959 (7th Cir. 2020), supports entering judgment before determining who class members are, whether those individuals were injured, and whether their injuries can be redressed. Reply at 5-8. This argument ignores the sea change that occurred when the Supreme Court issued *TransUnion LLC v. Ramirez*, decided the year after *Physicians*, which fundamentally changed the standing analysis required for class members in two key respects. *First*, the Supreme Court abrogated the Seventh Circuit's prior precedent by explaining that *every* class member—not just the named plaintiff—needs to have Article III standing to obtain judgment. *TransUnion*, 594 U.S. at 417-18, 442 (reversing class judgment because "6,332 class members … d[id] not have standing"). *Second*, the Supreme Court clarified that every class member must have suffered a concrete injury *in addition to* a violation of law. *TransUnion*, 594 U.S. at 426 ("Article III standing requires a concrete injury even in the context of a statutory violation." (quotation omitted)). A court cannot leave these jurisdictional issues for some post-judgment claims process.

On the first issue, the Supreme Court held that a plaintiff must establish for each class member the Article III elements of concrete injury, traceability, and redressability *before* judgment on that class member's claim can be entered. *Id.* at 431. That holding changed the law in several circuits, including this one. Before *TransUnion*, the Seventh Circuit had held that only "the named [class] representatives" must establish subject-matter and personal jurisdiction, while "the unnamed class members are not required to do so." *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020). *Physicians*'s conclusion that standing issues could be resolved after entering judgment reflects that pre-*TransUnion* understanding. But after *TransUnion*, it is clear that Moore must

establish standing for each class member *before* judgment is entered. He cannot do so on the present record.

On the second issue, the Supreme Court in *TransUnion* further clarified that establishing a violation of law alone is insufficient to show Article III injury, even if such violations are capable of giving rise to injury under some circumstances. 594 U.S. at 426. Consistent with that principle, the Seventh Circuit—in an opinion by then-Judge Barrett—has explained that "a technical violation of" the TCPA is not enough to establish Article III injury. *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 462 (7th Cir. 2020). The relevant question is whether an individual received "*unwanted*" calls or texts, which "can constitute a concrete injury-in-fact for Article III purposes" because (and thus only to the extent that) they are "irritating intrusions." *Id.* at 463 (emphasis added). Plaintiff's argument that a TCPA violation alone is enough to confer standing, even if the call recipient was happy to receive the call or even if the class member was a mere subscriber who never knew that the call occurred, defies the Supreme Court's repeated instruction that each plaintiff must have suffered a concrete injury to be entitled to judgment. Entry of judgment should therefore be denied.

## CONCLUSION

Club Exploria respectfully requests that the Court deny Moore's request to strike the Kidder declaration and deny the motion for entry of judgment. Club Exploria further suggests that oral argument would assist the Court in considering these important constitutional issues.

Dated: October 28, 2026

Respectfully submitted,

*/s/ Livia M. Kiser*

Livia M. Kiser
Ill. Bar No. 6275283
**King & Spalding LLP**
110 North Wacker Drive
Suite 3800

Chicago, IL 60606
(312) 995-6333
lkiser@kslaw.com

Michael D. Roth
**King & Spalding LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
(213) 443-4355
mroth@kslaw.com

*Attorneys for Defendant*
*Club Exploria, LLC*