**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE MOORE on behalf of himself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CLUB EXPLORIA, LLC<br><br>Defendant. | : | Case No. 1:19-cv-02504<br><br>Hon. Edmond E. Chang |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SUR-REPLY

Plaintiff George Moore responds to Defendant Club Exploria, LLC's sur-reply. Although Plaintiff does not believe additional briefing was warranted, Plaintiff nonetheless agreed to Exploria's request to eliminate any possibility that Exploria might argue on appeal that it was denied a full and fair opportunity to be heard in this litigation, which has been pending since 2019. As explained below, Exploria's sur-reply provides no justification for its untimely submission of an undisclosed expert declaration and identifies no conflict between the Seventh Circuit's controlling decision in *Physicians Healthsource, Inc. v. A-S Medication Solutions, LLC*, 950 F.3d 959 (7th Cir. 2020), and *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). Instead, Exploria merely repackages arguments already considered and rejected, further delaying entry of judgment in a case that has been pending for more than seven years. The sur-reply only confirms that judgment should be entered without further delay.

### I. Kidder's Declaration Should be Stricken

As explained in Moore's reply, he followed this Court's standing order, which requires parties to not file a separate motion to strike in order to avoid unnecessary briefing. Regardless,

now Exploria has filed its sur-reply addressing the issue, it is an academic distinction and should be moot since the Court now has full briefing.

To that end, Exploria argues it could not have anticipated the need for the Kidder declaration during discovery, but admits Exploria had already obtained the data Kidder analyzes nearly three years ago. See Sur-reply at 2 ("Kidder analyzes . . . the subscriber information Moore obtained through carrier subpoenas in 2023 and reverse look-ups in 2024.") This was confirmed in counsel's e-mail in the conferral relating to its sur-reply.

Thus, the information underlying Kidder's declaration is not new. Exploria acknowledges that the declaration analyzes subscriber information obtained in 2023 and reverse-lookup information obtained in 2024. Sur-reply at 2. Exploria also raised issues concerning that information in its prior challenges to class notice and class certification. See ECF No. 282 (filed February 9, 2024); ECF No. 290 (filed May 29, 2024); ECF No. 291 (filed May 29, 2024). Exploria therefore had ample opportunity to seek leave to present expert testimony concerning these issues well before Plaintiff moved for entry of judgment. Instead, Exploria waited until its opposition to judgment to introduce Kidder's opinions without prior disclosure or leave of Court.[1]

If Exploria were diligent, it would have sought leave to submit an expert report, whether Kidder or someone else, three years ago, which if granted would have given Plaintiff and opportunity to depose Kidder and obtain any counter-expert. Instead, it made the strategic decision to focus on arbitration. Now that it lost the arbitration issue, it again chose litigation by

[1] Tellingly, Plaintiff requested Exploria advise when someone on its behalf first contacted Kidder to get the facts relating to any purported diligence, but Exploria refused to answer. *See Exhibit 1*. Whether Exploria recently contacted Kidder, after having the data for years and making similar arguments relating to the data back in 2024, or whether it contacted him months or years ago, Exploria did not act diligently either way as it has had ample time to seek leave from this Court rather than ambush Plaintiff with a new undisclosed expert in its response.

ambush and amazingly critiques Plaintiff for not seeking other relief in the 3 weeks he had to reply to their undisclosed experts when they have had the data for 3 years. Putting aside the disingenuousness of this position, Exploria's argument that Plaintiff should have taken some action, flips the burden. As explained in the reply, 37(c) bars undisclosed witnesses or information unless harmless or justified. *See* Reply at 5 (Collecting cases). It is Exploria's burden to show its surprise expert report was harmless or justified and it never did so by seeking leave, in its response, or in its sur-reply. Yet even with a sur-reply, Exploria offers no explanation for its failure to seek leave years ago to submit the Kidder or any other expert report relating to the data it possessed since 2023 and 2024.

The prejudice to Plaintiff is substantial. As the Seventh Circuit explained, "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)). In determining whether nondisclosure is justified or harmless, courts consider prejudice or surprise, the ability to cure the prejudice, disruption to the proceedings, and bad faith or willfulness. *Id.* at 857. Each consideration favors exclusion here. Exploria possessed the underlying information for years, repeatedly litigated issues concerning that information, and nevertheless failed to disclose Kidder or seek leave to introduce his expert opinions. Plaintiff has never had an opportunity to depose Kidder, test his methodology, examine his assumptions, or obtain responsive expert testimony. Curing that prejudice would require reopening discovery and further delaying judgment in litigation pending since 2019. Exploria cannot establish harmlessness merely by pointing out that Plaintiff had an opportunity to challenge the declaration in his reply. The opportunity to object to undisclosed expert testimony is not a

substitute for the opportunity to conduct discovery concerning it. Thus, the Court is well within its discretion to exclude the report from evidence as Exploria's failure to disclose or seek leave is neither harmless nor justified.

In addition, the Kidder declaration is not relevant to the entry of judgment in any event. Kidder's declaration is about the reliability of name and address data obtained from telephone carriers and during the reverse look up process. Yet Seventh Circuit authority is clear – determining which specific individuals may receive payment is an issue of distribution of damages, not a prerequisite to entry of judgment. *Physicians*, 950 F.3d at 969 ("once the district court held that AMS violated the TCPA when it sent each of those faxes, the plaintiffs had established everything they needed to for the court to enter judgment; there was neither any need for further fact finding, nor any delay in the entry of judgment.")

**II. Ramirez Did not Abrogate Physicians**

In its sur-reply, Exploria cursorily argues *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) abrogated *Physicians*, but otherwise rehashes the same argument it made in its response. This not some new case that upended current case law. Exploria cites no case supporting its theory that *Physicians* is no longer good law even though *TransUnion* is over five years old; nor could it as the opinions do not conflict.

To be sure, *TransUnion LLC* reversed a portion of a class judgment entered in favor of certain persons who lacked Article III standing, but this Court has already found that the class members have Article III standing (Doc. 277 at 7 (denying motion to dismiss claims of class members on Article III standing grounds) and every court of appeals in the country has found that the receipt of a robocall satisfies Article III standing unlike the Fair Credit Reporting Act violation

in *TransUnion LLC* where the portion of the class were not impacted by the violation at all. Thus, *TransUnion LLC* does not preclude the entry of judgment.

Even after obtaining an additional opportunity to brief these issues, Exploria identifies no basis to reconsider the Court's prior standing ruling. Nor does it explain why Article III requires an individualized inquiry into whether each subscriber subjectively experienced the calls as intrusive or unwanted. The Fourth Circuit rejected precisely that approach in *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 653–54 (4th Cir. 2019) and the Seventh Circuit has held that subjective experiences are irrelevant to the standing inquiry. *See Patterson v. Howe*, 96 F.4th 992, 1000 (7th Cir. 2024). Exploria likewise fails to meaningfully address the authority recognizing that a subscriber suffers a concrete injury even when another person answers or uses the telephone. *See Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986, 990 (9th Cir. 2023); *Krakauer*, 925 F.3d at 647. Exploria's renewed standing objections provide no justification for delaying judgment or requiring a prejudgment inquiry into thousands of individual class members' experiences.

Exploria's sur-reply confirms that judgment is appropriate now, without further delay.

Respectfully submitted,

By: s/ Timothy J. Sostrin

Keith J. Keogh
Timothy J. Sostrin
KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, IL 60603
(312) 726-1092 (office)
(312) 726.1093 (fax)
TSostrin@KeoghLaw.com
*Attorneys for Plaintiff*