# EXHIBIT 1

**From:** Liv Kiser
**To:** Keith J. Keogh
**Cc:** anthony; Michael Roth; Timothy J. Sostrin; Tom Spiegler; Ian Roberson; Paige Tenkhoff
**Subject:** RE: Club Exploria stipulation confidential subject to protective order
**Date:** Wednesday, October 28, 2026 1:39:10 PM
**Attachments:** image001.png

---

I'm sorry, I honestly do not see why that is relevant to whether you will or will not agree to our sur-reply. We do not dispute that Mr. Kidder's opinions were not disclosed during the expert discovery period for reasons we identify in our papers.

Please just let us know your position on the sur-reply. Thank you.

---

**From:** Keith J. Keogh <keith@keoghlaw.com>
**Sent:** Wednesday, October 28, 2026 1:13 PM
**To:** Liv Kiser <LKiser@KSLAW.com>
**Cc:** anthony <anthony@paronichlaw.com>; Michael Roth <mroth@kslaw.com>; Timothy J. Sostrin <Tsostrin@Keoghlaw.com>; Tom Spiegler <TSpiegler@KSLAW.com>; Ian Roberson <IRoberson@kslaw.com>; Paige Tenkhoff <PTenkhoff@KSLAW.com>
**Subject:** RE: Club Exploria stipulation confidential subject to protective order

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

We still need to know when Mr. Kidder was first contacted as you didn't answer that and its not in his report when he was contacted on behalf of Exploria.

KEOGH LAW
Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403(Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
Keith@KeoghLaw.com
www.KeoghLaw.com

PRIVILEGED COMMUNICATION

This e-mail and any attachments may contain confidential material or other matters protected by the attorney- client privilege. Unless you are the addressee (or authorized by the addressee to receive this e-mail for the addressee) you may not copy, use or distribute it. If you received this e-mail in error, please contact the sender.

---

**From:** Liv Kiser <LKiser@KSLAW.com>
**Sent:** Wednesday, October 28, 2026 10:43 AM
**To:** Keith J. Keogh <keith@keoghlaw.com>
**Cc:** anthony <anthony@paronichlaw.com>; Michael Roth <mroth@kslaw.com>; Timothy J. Sostrin <Tsostrin@Keoghlaw.com>; Tom Spiegler <TSpiegler@KSLAW.com>; Ian Roberson <IRoberson@kslaw.com>; Paige Tenkhoff <PTenkhoff@KSLAW.com>
**Subject:** RE: Club Exploria stipulation confidential subject to protective order

Ok. I address all three of your questions below, even though these answers are indeed found in our papers:

1. As to the motion to strike embedded in your reply, here is what Judge Chang said (which you also reference in your papers): As Moore points out, Reply at 4, this Court has explained that motions to strike are "strongly disfavored"—"if a party believes that the other side's brief contains inaccurate facts … , then the complaining party should so argue in the … reply brief." Judge Chang's Case Procedures, *Motions to Strike Strongly Disfavored*, https://tinyurl.com/536t25w7.

2. As to the information considered by Kidder, Kidder analyzes data that did not exist at the close of discovery: the subscriber information Moore obtained through carrier subpoenas in 2023 and reverse look-ups in 2024. Opp. at 5-6; Kidder Decl. ¶¶ 8, 15, 17.

3. As to standing, among other things, the point there is that the Kidder declaration highlights the enormous gaps in the record that make it impossible for Moore to meet the burden of establishing standing for each class member. But those gaps exist regardless of whether the Kidder declaration is considered or not.